**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Aparna Yenamandra, P.C. (*pro hac vice* pending)
Ross J. Fiedler (*pro hac vice* pending)
Zachary R. Manning (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| RITE AID COPORATION, *et al.*, | Case No. 23-18993 (MBK) |
| Debtors.[1] | (Joint Administration Requested) |

### DEBTORS' MOTION FOR
### ENTRY OF AN ORDER (I) AUTHORIZING AND
### APPROVING PROCEDURES TO REJECT OR ASSUME EXECUTORY
### CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (this "Motion"):[2]

---

[1]    The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

[2]    A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to
(Continued)

## Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "<u>Order</u>"):  (a) authorizing and approving procedures (as described herein,

the "<u>Contract Procedures</u>") for rejecting, assuming, or assuming and assigning executory contracts

and unexpired leases (each a "<u>Contract</u>" and, collectively, the "<u>Contracts</u>"); and (b) granting

related relief.

2.      The Debtors also request authority, but not direction, to remove or abandon

personal property of the Debtors, including, without limitation, equipment, fixtures, furniture, and

other personal property that may be located on, or have been installed in, leased premises that are

subject to a rejected Contract after the effective date of any proposed rejection.

## Jurisdiction and Venue

3.      The United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of

Reference to the Bankruptcy Court Under Title 11, entered July 23, 1984, and amended on

September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a

final order in connection with this Motion to the extent that it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments in connection herewith

consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are sections 105(a), 363, 365, and 554 of

title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), rules 2002, 6004, 6006, and 6007 of

---

the Debtors' chapter 11 cases, is set forth in the *Declaration of Jeffrey Stein in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>"), filed contemporaneously herewith.  Capitalized terms used but not defined in this motion have the meanings ascribed to them in the First Day Declaration.

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 6004-1, 6007-1

and 9013-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District

of New Jersey (the "Local Rules").

## Background

6.     The Debtors, together with their non-Debtor affiliates (collectively, "Rite Aid" or

the "Company"), are on the front lines of delivering healthcare services and retail products to

millions of Americans daily.  Founded in 1962 with a single discount drugstore in Scranton,

Pennsylvania, Rite Aid—and its over 45,000 employees—meet the fundamental consumer need

for pharmacy services across the country through two divisions.  On the retail side, Rite Aid

employs more than 6,100 pharmacists and operates more than 2,100 retail pharmacy locations in

17 states.  Through Elixir, the Company manages pharmacy benefits for more than one million

members via accredited mail and specialty pharmacies, prescription discount programs, and an

industry-leading claim adjudication platform.  Headquartered in Philadelphia, Pennsylvania, Rite

Aid Corporation is publicly held with its common stock trading on the New York Stock Exchange

under the trading symbol, "RAD."

7.     On October 15, 2023 (the "Petition Date"), each Debtor filed a voluntary petition

for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and

managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.  Concurrent with the filing of this Motion, the Debtors filed a motion requesting

procedural consolidation and joint administration of these chapter 11 cases.  No request for the

appointment of a trustee or examiner has been made in these chapter 11 cases, and no official

committees have been appointed or designated.

## The Debtors' Executory Contracts and Unexpired Leases

8.      The Debtors are party to thousands of Contracts, which include agreements with vendors for the supply of goods and services and other contracts related to the Debtors' business, and leases with respect to real and personal property, many of which may be considered nonresidential real property leases subject to section 365(d)(4) of the Bankruptcy Code.  During the pendency of these chapter 11 cases, the Debtors may, on a consensual or non-consensual basis, seek to assume, assume and assign, or reject the Contracts.

9.      The Debtors are in the process of evaluating all of their Contracts to determine whether such Contracts should be (a) rejected as unfavorable to the Debtors or no longer beneficial for business operations, or (b) assumed or assumed and assigned, as they are favorable or otherwise valuable to the Debtors' estates, including those Contracts to be assumed as amended through consensual negotiations with the relevant counterparties.  Absent the relief requested in this Motion, the Debtors would be required to file separate motions to reject or assume individual Contracts, resulting in substantial costs to, and administrative burdens on, the Debtors' estates— not to mention the attendant burden on the Court's docket.  To that end, and for the reasons discussed further herein, the Debtors hereby request approval of the assumption and rejection procedures contemplated hereby to minimize such costs and burdens.

## The Proposed Rejection Procedures

10.      The Debtors seek entry of the Order authorizing and approving the following procedures with respect to rejection of the Contracts (the "Rejection Procedures"):

a.      ***Rejection Notice***.  The Debtors, upon not less than three business days' advance notice to counsel to the Ad Hoc Secured Noteholder Group, absent exigent circumstances that require shorter notice in the Debtors' reasonable discretion, shall file a notice substantially in the form attached to the Order as Exhibit 1 (the "Rejection Notice") indicating the Debtors' intent to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things:  (i) the Contract

or Contracts to be rejected; (ii) the names and addresses of the counterparties to such Contract(s) (each a "Rejection Counterparty"); (iii) the proposed effective date of the rejection for each such Contract (each a "Rejection Date"); (iv) if any such Contract is a lease, the personal property to be abandoned (the "Abandoned Property"), if any, and, if practicable, an estimate of the book value of such property; and (v) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on the Rejection Notice shall be limited to no more than 100, and the Rejection Counterparties shall be listed in alphabetical order.

b.  ***Service of the Rejection Notice***. No later than two business days after filing, or as soon as reasonably practicable thereafter, the Debtors will cause the Rejection Notice to be served (i) by overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and their counsel, if known) and all parties who may have any interest in any Abandoned Property (if known), and (ii) by first class mail, email, or fax upon: (a) the office of the United States Trustee for the District of New Jersey; (b) the Debtors' 50 largest unsecured creditors (on a consolidated basis); (c) the agents under the Prepetition Credit Facilities and counsel thereto; (d) the DIP Agents and counsel thereto; (e) counsel to the Ad Hoc Secured Noteholder Group; (f) the indenture trustee to the Senior Secured Notes; (g) the indenture trustee to the Senior Unsecured Notes; (h) the United States Attorney's Office for the District of New Jersey; (i) the Internal Revenue Service; (j) the U.S. Securities and Exchange Commission; (k) the attorneys general in the states where the Debtors conduct their business operations; (l) the parties affected by the Rejection Notice at the notice party provided in the applicable Contract (and by email upon such Rejection Counterparty's counsel, if known); and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Service Parties").

c.  ***Objection Procedures***. Parties objecting to a proposed rejection must file and serve a written objection[3] so that such objection is filed with the Court and is ***actually received*** by the following parties (collectively, the "Objection Service Parties") no later than seven days after the date the Debtors serve the applicable Rejection Notice (the "Rejection Objection Deadline"): (a) the Debtors, Rite Aid Corporation, 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Aparna Yenamandra, P.C., Ross J. Fiedler, and Zachary R. Manning; (c) proposed co-counsel to the

---

[3]  An objection to the rejection of any particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Felice R. Yudkin, and Seth Van Aalten; (d) counsel to the Ad Hoc Secured Noteholder Group, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10014, Attn: Andrew N. Rosenberg, Brian S. Hermann, and Christopher Hopkins; (e) counsel to the Ad Hoc Secured Noteholder Group, Fox Rothschild LLP, 49 Market Street, Morristown, New Jersey 07960, Attn: Howard A. Cohen (hcohen@foxrothschild.com); Joseph J. DiPasquale (jdipasquale@foxrothschild.com) and Michael R. Herz (mherz@foxrothschild.com); (f) counsel to the DIP Agents, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola (jventola@choate.com); Jonathan D. Marshall (jmarshall@choate.com); and Mark D. Silva (msilva@choate.com) and Greenberg Traurig, LLP, 500 Campus Drive, Suite 400, Florham Park, New Jersey 07932, Attn: Alan J. Brody (brodya@gtlaw.com) and Oscar N. Pinkas (pinkaso@gtlaw.com) (g) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, suite 2100, Newark, New Jersey 07102, Attn: Lauren Bielskie (lauren.bielskie@usdoj.gov); and (h) counsel to the official committee of unsecured creditors (if any) appointed in these chapter 11 cases (collectively, the "Objection Service Parties").

d.  ***No Objection Timely Filed***.  If no objection to the rejection of any Contract is timely filed, each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agree; *provided* that the Rejection Date for a rejection of a lease of nonresidential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises; *provided*, *further*, that the Rejection Date for a rejection of a lease of nonresidential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e.  ***Unresolved Timely Objections***.  If an objection to the rejection of any Contract(s) listed in the applicable Rejection Notice is timely filed and properly served as specified above and not withdrawn or consensually resolved, the Debtors shall file a notice for a hearing to be held on not less than five days' notice to the applicable Rejection Counterparty to consider the objection for the Contract(s) to which such objection relates.  If such objection is overruled or withdrawn, such Contract(s) shall be rejected as of (i) the applicable Rejection Date set forth in the Rejection Notice, (ii) such

other date as the Debtors and the applicable Rejection Counterparty agree, or (iii) such other date as the Court may so order.

f.      ***No Application of Security Deposits***.  If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not setoff, recoup, or otherwise use such monies without further order of the Court, unless the Debtors and the applicable Rejection Counterparty to such Contract(s) otherwise agree.

g.      ***Abandoned Property***.  The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract.  If the Debtors decide to abandon any personal property, the Debtors shall generally describe the abandoned personal property in the Rejection Notice.  Absent a timely objection, the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  For the avoidance of doubt, any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

h.      ***Proofs of Claim***.  Claims arising out of the rejection of Contracts, if any, must be filed in accordance with the Plan on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) thirty days after the later of (A) if no objection is timely filed, the Rejection Objection Deadline, and (B) if an objection is timely filed, the date that all such filed objections have either been overruled or withdrawn.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

i.      ***Removal from the Rejection Notice***.  The Debtors reserve the right to remove any Contract from the schedule to a Rejection Notice at any time prior to the Rejection Date.

## The Proposed Assumption Procedures

11.     The Debtors seek entry of the Order authorizing and approving the following

assumption procedures with respect to assumption of the Contracts (the "Assumption Procedures"

and together with the Rejection Procedures, collectively, the "Contract Procedures"):

   a.     ***Assumption Notice***.  The Debtors, upon not less than three business days'
          advance notice to counsel to the Ad Hoc Secured Noteholder Group, absent
          exigent circumstances that require shorter notice in the Debtors' reasonable
          discretion, shall file a notice substantially in the form attached to the Order
          as Exhibit 2 (the "Assumption Notice") indicating the Debtors' intent to
          assume or assume and assign a Contract or Contracts pursuant to section
          365 of the Bankruptcy Code, which shall set forth, among other things:
          (i) the Contract or Contracts to be assumed or assumed and assigned;
          (ii) the names and addresses of the counterparties to such Contract(s) (each
          an "Assumption Counterparty"); (iii) the identity of the proposed assignee
          of such Contracts (the "Assignee"), if applicable; (iv) the proposed effective
          date of the assumption for each such Contract (the "Assumption Date");
          (v) the proposed cure amount, if any, for each such Contract;
          (vi) a description of any material amendments to the Contract made outside
          of the ordinary course of business; and (vii) the deadlines and procedures
          for filing objections to the Assumption Notice (as set forth below).  The
          Assumption Notice may list multiple Contracts; *provided* that the number
          of counterparties to Contracts listed on the Assumption Notice shall be
          limited to no more than 100, and the Assumption Counterparties shall be
          listed in alphabetical order.

   b.     ***Service of the Assumption Notice and Evidence of Adequate Assurance***.
          No later than two business days after filing, or as soon as reasonably
          practicable thereafter, the Debtors will cause the Assumption Notice to be
          served  (i) by overnight delivery service upon the Assumption
          Counterparties affected by the Assumption Notice and each Assignee, if
          applicable, at the address set forth in the notice provision of the applicable
          Contract (and their counsel, if known) and (ii) by first class mail, email, or
          fax upon the Service Parties.[4]  To the extent the Debtors seek to assume and
          assign a lease of non-residential real property, the Debtors will cause
          evidence of adequate assurance of future performance to be served with the
          Assumption Notice by overnight delivery service upon the Contract
          counterparties affected by the Assumption Notice at the address set forth in
          the notice provision of the applicable Contract (and their counsel, if known,

---

[4]     The Debtors shall serve a counterparty to a Contract to be assumed under the Contract Procedures with evidence
        of adequate assurance upon such counterparty's written request to the Debtors' proposed counsel.

by electronic mail).

c.    ***Objection Procedures***.    Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract must file and serve a written objection[5] so that such objection is filed with the Court and ***actually received*** by the Objection Service Parties no later than seven days after the date the Debtors serve the relevant Assumption Notice (the "Assumption Objection Deadline").

d.    ***No Objection***.    If no objection to the assumption or assumption and assignment of any Contract is timely filed, each Contract shall be assumed or assumed and assigned as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the Assumption Counterparties agree and the proposed cure amount shall be binding on all counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes; *provided* that the Assumption Date for a lease of nonresidential real property shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice.

e.    ***Unresolved Timely Objections***.    If an objection to the assumption or assumption and assignment of any Contract(s) is timely filed and properly served as specified above and not withdrawn or consensually resolved, the Debtors shall file a notice for a hearing to be held on not less than five days' notice to the applicable Assumption Counterparty to consider the objection for the Contract(s) to which such objection relates.    The Debtors may adjourn the hearing to a later date from time to time upon filing an amended notice of hearing.    If such objection is overruled or withdrawn, such Contract(s) shall be assumed or assumed and assigned as of the Assumption Date set forth in the Assumption Notice or such other date as the Debtors and the counterparty or counterparties to such Contract(s) agree.

f.    ***Modifications of Assumption Notice***.    The Debtors reserve the right to remove any Contract from an Assumption Notice at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

12.    In addition, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Debtors request that the assignment of any Contract pursuant to the Assumption Procedures: (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights), and (ii) any and all claims

---

[5]    An objection to the assumption of any particular Contract listed on the Assumption Notice shall not constitute an objection to the assumption of any other Contract listed on such Assumption Notice.

(as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guarantees of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s) (but only in connection with the assignment by the Debtor to the Assignee)), *provided* that any such assignment shall not be free and clear of any accrued but unbilled or not due rent and charges under a lease of non-residential real property, including adjustments, reconciliations, and indemnity obligations, liability for which shall be assumed or assumed and assigned by the Debtors or the applicable Assignee, as agreed by and among the Debtors and the applicable Assignee; and (b) constitutes a legal, valid, and effective transfer of such Contract(s) and vests the applicable Assignee with all rights, titles, and interests to the applicable Contract(s).[6] For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

**Basis for Relief**

**I.      The Contract Procedures Are in the Best Interests of the Debtors' Estates.**

13.      Given the large number of Contracts to which the Debtors are a party, establishing the Contract Procedures will streamline the administration of these chapter 11 cases and enhance the efficiency of the reorganization process by eliminating substantial legal expenses that would otherwise be incurred if multiple hearings were held on separate motions with respect to every

---

[6]    Certain of the Contracts may contain provisions that restrict, prohibit, condition, or limit the assumption and/or assignment of such Contract.  The Debtors reserve the right to argue that such clauses are unenforceable as anti-assignment or *ipso facto* clauses under section 365 of the Bankruptcy Code.

Contract that the Debtors seek to assume or reject. The Contract Procedures are reasonable and fair to Contract counterparties because they afford parties in interest the opportunity to be heard with respect to the rejection, assumption, or assumption and assignment of the Contracts (and any amendments to Contracts or abandonment of property related thereto).

14.    Courts in this circuit often enter orders approving similar relief as requested in this Motion. *See, e.g.*, *In re David's Bridal, LLC*, No. 23-12131 (CMG) (Bankr. D.N.J. May 18, 2023) (entering an order for procedures to reject executory contracts and unexpired leases); *In re Bed Bath & Beyond Inc.*, No. 23-13359 (VPF) (Bankr. D.N.J. May 17, 2023) (same); *In re L'Occitane, Inc.*, No. 21-10632 (MBK) (Bankr. D.N.J Jan. 28, 2021) (same); *In re Alex and Ani, LLC*, No. 21-10918 (CTG) (Bankr. D. Del. July 16, 2021) (same); *In re Bluestem Brands, Inc.* No. 20-10566 (MFW) (Bankr. D. Del. April 13, 2020) (same).[7]

## II.    Rejection, Assumption, Assignment, and Amendment of the Contracts Is an Exercise of the Debtors' Business Judgment.

15.    Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The ability to assume or reject executory contracts and unexpired leases is "vital to the basic purpose of a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization." *N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 528 (1984). The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor. *See, e.g.*, *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996); *see also Nat'l Labor Relations Bd. v. Bildisco and Bildisco* (*In re*

---

[7]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

*Bildisco*), 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)).  The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice.  *See Lubrizol Enters., Inc. v. Richmond Metal Finishers*, 756 F.2d 1043, 1047 (4th Cir. 1985), *cert, denied*, 475 U.S. 1057 (1986).

16.    The Court may also authorize the Contract Procedures under section 105(a) of the Bankruptcy Code.  Section 105(a) codifies a bankruptcy court's inherent equitable powers, and allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Accordingly, a bankruptcy court's exercise of its authority under section 105(a) of the Bankruptcy Code is appropriately used to carry out one of the central policies underlying chapter 11—*i.e.*, to preserve value and maximize property available to satisfy the debtor's stakeholders.

17.    Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease.  Further, the business judgment standard is satisfied when a debtor determines that assumption or rejection will benefit the estate.  *See In re Trans World Airlines, Inc.*, No. 01-0056, 2001 Bankr. LEXIS 722, at *7–8 (Bankr. D. Del. Mar. 16, 2001) (noting that the standard under section 365 requires consideration of the benefit of the rejection to the debtor's estate); *see also In re TS Indus., Inc.*, 117 B.R. 682, 685 (Bankr. D. Utah 1990); *In re Del Grosso*, 115 B.R. 136, 138 (Bankr. N.D. Ill. 1990).

18.    Further, as with the assumption or rejection of an executory contract or an unexpired lease under section 365, any amendment to an executory contract or unexpired lease that may be deemed outside the ordinary course of business is authorized under section 363 of the

12

Bankruptcy Code when there is a "sound business purpose" that justifies such action.  *See In re Borders Grp. Inc.*, 453 B.R. 477, 482 (Bankr. S.D.N.Y. 2011) ("In approving a transaction conducted pursuant to section 363(b)(1), courts consider whether the debtor exercised sound business judgment."); *see also Crystalin, LLC v. Selma Props. Inc.* (*In re Crystalin, LLC*), 293 B.R. 455, 463 (B.A.P. 8th Cir. 2003); *Comm. of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1070 (2d Cir. 1983); *see also In re Delaware and Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991) (noting that the Third Circuit has adopted the "sound business judgment" standard for transactions under section 363 of the Bankruptcy Code).

19.    The Debtors have determined, in their sound business judgment, that the rejection, assumption, or assumption and assignment (and any amendments thereto) of Contracts in accordance with the Contract Procedures proposed herein is and will be in the best interest of the Debtors' estates.  Further, the Contract Procedures will avoid substantial legal expense and the use of Court time that would result if a motion were filed and a hearing held for every motion seeking the rejection, assumption, or assumption and assignment of Contracts.  The information provided on the Rejection Notices and Assumption Notices will provide the Court and interested parties with sufficient information to establish that the Debtors are entitled to make such a rejection, assumption, or assumption and assignment (and any amendments thereto) in their sound business judgment.  Accordingly, the Debtors respectfully request that the Court approve the Contract Procedures.

## III.    The Debtors Should Be Permitted to Assign Contracts Free and Clear of Interests.

20.    Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in such property if:  (a) applicable nonbankruptcy law permits a free and clear sale; (b) the holder of the interest consents; (c) the interest is a lien and the sale price

of the property exceeds the value of all liens on the property; (d) the interest is in bona fide dispute; or (e) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest.  11 U.S.C. § 363(f).

21.   Executory contracts and unexpired leases are property of a debtor's estate.  To the extent the Debtors assume and assign a Contract pursuant to the Assumption Procedures, such assignment is tantamount to a sale of estate property and may be transferred free and clear of the interests in such property held by an entity other than the estate, so long as one of the criteria under section 363(f) of the Bankruptcy Code is satisfied.  The Debtors propose that if a party in interest fails to timely object to an assumption and assignment consistent with the Assumption Procedures, such party shall be deemed to "consent" to such assumption and assignment within the meaning of section 363(f)(2) of the Bankruptcy Code.  If a party in interest timely objects to an assumption and assignment consistent with the Assumption Procedures, and such objection is not withdrawn or resolved, the Debtors shall request the Court set a hearing on same to consider the objection; if such objection is overruled or withdrawn, the Contract(s) in question shall be assumed.  The requirements of section 363(f) of the Bankruptcy Code would thus be satisfied for any proposed "transfer" of a Contract free and clear of liens, claims, encumbrances, and other interests.

22.   Courts have granted similar authority.  *See, e.g., In re Cyxtera Technologies, Inc.*, No. 23-14853 (Bankr. D.N.J. June 29, 2023) (authorizing the assignment of contracts and leases free and clear of liens and claims); *In re Bon Ton Stores, Inc.*, No. 18-10248 (Bankr. D. Del. Aug. 30, 2018) (same); *In re Magnum Hunter Resources Corporation*, No. 15-12533 (Bankr. D. Del. Jan. 7, 2016) (same); *In re Specialty Retail Shops Holding Corp.*, No. 19-80064 (Bankr. D. Neb. Jan. 16, 2019) (same); *In re Eastman Kodak Co.*, No. 12-10202 (Bankr. S.D.N.Y. April 4, 2012) (same).

**IV.     Abandonment of Personal Property Is in the Best Interests of the Debtors' Estates.**

23.     With respect to the Debtors' request for authority to abandon property, the Debtors submit that the standard set forth in section 554(a) of the Bankruptcy Code is satisfied. Section 554(a) provides that a debtor in possession may abandon, subject to court approval, "property of the estate that . . . is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).  Before authorizing abandonment of property, a bankruptcy court must find that either:  (a) the property is burdensome to the estate; or (b) the property is both of inconsequential value and inconsequential benefit to the estate.  *See, e.g.*, *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 497 (1986); *Matter of Boogaard*, 89 B.R. 397, 397 (Bankr. D. Del. 1988); *In re Pilz Compact Disc, Inc.*, 229 B.R. 630, 635 (Bankr. E.D. Pa. 1999).  The personal property proposed to be abandoned in connection with any future rejections of Contracts that are real property leases would primarily consist of fixtures, furniture, advertising displays, and other office and store equipment that could not be liquidated in the store closing sales and is (a) of minimal or no material value or benefit to the Debtors' estates and/or (b) burdensome insofar as the costs and expenses of removal and storage of such property are likely to exceed the net proceeds realizable from their sale.

**V.     The Contract Procedures Satisfy Due Process.**

24.     The Contract counterparties will not be prejudiced by the Contract Procedures because, upon receipt of an Assumption Notice or a Rejection Notice, such counterparties will have received advance notice of the Debtors' intent to reject, assume, or assume and assign their respective Contract and of the effective date of such assumption or rejection.  *See, e.g.*, *In re Thane Int'l, Inc.*, 586 B.R. 540, 548 (Bankr. D. Del. 2018) (finding that the requirements of the Bankruptcy Code are meant to protect the interests of the non-debtor parties to executory contracts,

so they may avoid having to deal with an assumption of which they had no notice and which they had no opportunity to contest); *In re Mid Region Petrol. Inc.*, 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (holding effective date of rejection of leases was the date the trustee gave notice to lessor of intent to reject), *aff'd*, 1 F.3d 1130 (10th Cir. 1993); *In re Carlisle Homes, Inc.*, 103 B.R. 524, 535 (Bankr. D.N.J. 1988) (finding debtor may reject executory contract by clearly communicating intention to reject).

25.     Additionally, in the case of unexpired leases of non-residential real property, the Debtors will likely vacate the premises before or upon serving the Rejection Notice, thereby allowing the counterparties to take possession of and relet the property promptly. *See, e.g.*, *Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 608-09 (2d Cir. 2007) (holding that bankruptcy court did not abuse its discretion in finding balance of equities favored making rejection of a non-residential lease of real property retroactive to date tenant vacated premises, as tenant's action provided landlord with opportunity to relet premises); *In re New Valley Corp*, No. 98-982, 2000 U.S. Dist. LEXIS 12663, at *44-46 (D.N.J. Aug. 31, 2000) (holding that bankruptcy court properly exercised its discretion in adjusting the effective date of rejection from the date the court signed the order authorizing rejection to the date on which the debtor vacated and the landlord exercised control over the property); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (holding that lease at issue should be deemed rejected as of the petition date due to equities of the case where debtor turned over keys and vacated premises and served motion to reject lease as soon as possible).

26.     As a procedural matter, "[a] proceeding to assume, reject, or assign an executory contract or unexpired lease . . . is governed by Rule 9014."    Bankruptcy Rule 6006(a). Bankruptcy Rule 9014 provides that:    "[i]n a contested matter . . . , not otherwise governed by

these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Bankruptcy Rule 9014(a). The notice and hearing requirements for contested matters under Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given *in light of the particular circumstances*. *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" or a similar phrase to mean such notice and an opportunity for hearing "as [are] appropriate in the particular circumstances").

27. Under Bankruptcy Rule 6006(f), a debtor may join requests for authority to assume or reject multiple executory contracts or unexpired leases in one motion, subject to Bankruptcy Rule 6006(e). Bankruptcy Rule 6006(f) sets forth six requirements that motions to assume or reject multiple executory contracts or unexpired leases must satisfy. These requirements are procedural in nature. A motion to assume or reject multiple executory contracts or unexpired leases that are not between the same parties shall:

    i.    state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

    ii.    list parties alphabetically and identify the corresponding contract or lease;

    iii.    specify the terms, including the curing of defaults, for each requested assumption or assignment;

    iv.    specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

    v.    be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

    vi.    be limited to no more than 100 executory contracts or unexpired leases.

Bankruptcy Rule 6006(f).

28. The clear purpose of Bankruptcy Rule 6006(f), as amended, is to protect the due process rights of counterparties to the Contracts while conserving estate resources. Counterparties

must be able to locate their Contracts and readily determine whether their Contracts are being assumed or rejected.

29.    The Contract Procedures satisfy Bankruptcy Rule 6006(f), including the 100-contract or lease limit set forth in subsection (vi) thereof.  Further, given the substantial number of Contracts the Debtors will be seeking to assume, assume and assign, or reject, obtaining Court approval of each assumption, assignment, or rejection would impose unnecessary administrative burdens on the Debtors and the Court and result in costs to the Debtors' estates that may decrease the economic benefits of rejection or assumption or assumption and assignment.

30.    In accordance with Bankruptcy Rule 6007(a), the Debtors will provide the United States Trustee for the District of New Jersey and other parties in interest with the requisite notice and an opportunity to object to any proposed abandonment of property.

31.    As a result, the Contract Procedures afford Contract counterparties and all other parties in interest their due process rights by providing notice and the opportunity to be heard. Moreover, Court oversight is maintained in the event of an objection.  For the foregoing reasons, the Contract Procedures should be approved, and the Debtors should be authorized to reject, assume, and assume and assign the Contracts consistent with the terms of such procedures.

32.    In sum, the Contract Procedures will minimize costs to the Debtors' estates and reduce the burden on the Court's docket while protecting parties in interest by providing notice and the opportunity to object and obtain a hearing.  The Debtors have determined that the Contract Procedures are an appropriate means to protect and maximize the value of the Debtors' estates.

**Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

33.    To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## **Waiver of Memorandum of Law**

34.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## **Reservation of Rights**

35.     Nothing contained in this motion or any order granting the relief requested in this motion, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

## **No Prior Request**

36.     No prior request for the relief sought in this motion has been made to this or any other court.

**<u>Notice</u>**

37.    The Debtors will provide notice of this motion to the following parties and/or their respective counsel, as applicable:  (a) the office of the United States Trustee for the District of New Jersey;  (b) the Debtors' 50 largest unsecured creditors (on a consolidated basis); (c) the agents under the Prepetition Credit Facilities and counsel thereto; (d) the DIP Agents and counsel thereto; (e) Paul, Weiss, Rifkind, Wharton & Garrison LLP and Fox Rothschild LLP, as counsel to the Ad Hoc Secured Noteholder Group; (f) the indenture trustees for the Senior Secured Notes; (g) the indenture trustee for the Senior Unsecured Notes; (h) the United States Attorney's Office for the District of New Jersey; (i) the Internal Revenue Service; (j) the U.S. Securities and Exchange Commission; (k) the attorneys general in the states where the Debtors conduct their business operations; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

Dated:  October 16, 2023

/s/  Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:      msirota@coleschotz.com
                wusatine@coleschotz.com
                fyudkin@coleschotz.com
                svanaalten@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Aparna Yenamandra, P.C. (*pro hac vice* pending)
Ross J. Fiedler (*pro hac vice* pending)
Zachary R. Manning (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:      esassower@kirkland.com
                joshua.sussberg@kirkland.com
                aparna.yenamandra@kirkland.com
                ross.fiedler@kirkland.com
                zach.manning@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**Exhibit A**

**Proposed Order**

(Page | 1)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order Seeking Entry of an Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief |

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Aparna Yenamandra, P.C. (*pro hac vice* pending)
Ross J. Fiedler (*pro hac vice* pending)
Zachary R. Manning (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

---

| | |
|---|---|
| In re: | Chapter 11 |
| RITE AID COPORATION, *et al.*, | Case No. 23-18993 (MBK) |
| Debtors.[1] | (Joint Administration Requested) |

---

[1]    The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in

(Continued)

**ORDER (I) AUTHORIZING AND
APPROVING PROCEDURES TO REJECT OR ASSUME EXECUTORY
CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered four (4) through twelve (12), is

**ORDERED**.

---

these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

(Page | 3)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of an Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* (the "Motion"),[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing and approving procedures (as described in the Motion, the "Contract Procedures") for rejecting, assuming, or assuming and assigning executory contracts and unexpired leases and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

1.　　　The Motion is GRANTED on a basis as set forth herein.

2.　　　The following Rejection Procedures are approved in connection with rejecting

Contracts:

　　　a.　　***Rejection Notice***.  The Debtors, upon not less than three business days' advance notice to counsel to the Ad Hoc Secured Noteholder Group, absent exigent circumstances that require shorter notice in the Debtors' reasonable discretion, shall file a notice substantially in the form attached to this Order as **Exhibit 1** (the "Rejection Notice") indicating the Debtors' intent to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things:  (i) the Contract or Contracts to be rejected; (ii) the names and addresses of the counterparties to such Contract(s) (each a "Rejection Counterparty"); (iii) the proposed effective date of the rejection for each such Contract (each a "Rejection Date"); (iv) if any such Contract is a lease, the personal property to be abandoned (the "Abandoned Property"), if any, and if practicable an estimate of the book value of such property; and (v) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).  The Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on the Rejection Notice shall be limited to no more than 100 and the Rejection Counterparties shall be listed in alphabetical order.

　　　b.　　***Service of the Rejection Notice***.  No later than two business days after filing, or as soon as reasonably practicable thereafter, the Debtors will cause the Rejection Notice to be served (i) by overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and their counsel, if known) and all parties who may have any interest in any Abandoned Property (if known), and (ii) by first class mail, email, or fax upon:  (a) the office of the United States Trustee for the District of New Jersey; (b) the Debtors' 50 largest unsecured creditors (on a consolidated basis); (c) the agents under the Prepetition Credit Facilities and counsel thereto; (d) the DIP Agents and counsel thereto; (e) counsel to the Ad Hoc Secured Noteholder Group; (f) the indenture trustee to the Senior Secured Notes; (g) the indenture trustee to the Senior Unsecured Notes; (h) the United States Attorney's Office for the District of New Jersey; (i) the Internal Revenue Service; (j) the U.S. Securities and Exchange Commission; (k) the attorneys general in the states where the Debtors conduct their business operations; (l) the parties affected by the Rejection Notice at the notice party provided in the applicable Contract (and by email upon such Rejection

(Page | 5)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No.: | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

Counterparty's counsel, if known); and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Service Parties").

c.   ***Objection Procedures***.  Parties objecting to a proposed rejection must file and serve a written objection[2] so that such objection is filed with the Court and ***actually received*** by the following parties (collectively, the "Objection Service Parties") no later than seven days after the date the Debtors serve the applicable Rejection Notice (the "Rejection Objection Deadline"): (a) the Debtors, Rite Aid Corporation, 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Aparna Yenamandra, P.C., Ross J. Fiedler, and Zachary R. Manning; (c) proposed co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street; Hackensack, New Jersey 07601, Attn:  Michael D. Sirota, Felice R. Yudkin, and Seth Van Aalten; (d) counsel to the Ad Hoc Secured Noteholder Group, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10014, Attn:  Andrew N. Rosenberg, Brian S. Hermann, and Christopher Hopkins; (e) counsel to the Ad Hoc Secured Noteholder Group, Fox Rothschild LLP, 49 Market Street, Morristown, New Jersey 07960, Attn:  Howard A. Cohen (hcohen@foxrothschild.com); Joseph J. DiPasquale (jdipasquale@foxrothschild.com) and Michael R. Herz (mherz@foxrothschild.com); (f) counsel to the DIP Agents, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola (jventola@choate.com); Jonathan D. Marshall (jmarshall@choate.com); and Mark D. Silva (msilva@choate.com) and Greenberg Traurig, LLP, 500 Campus Drive, Suite 400, Florham Park, New Jersey 07932, Attn:  Alan J. Brody (brodya@gtlaw.com) and Oscar N. Pinkas (pinkaso@gtlaw.com) (g) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, suite 2100, Newark, New Jersey 07102, Attn:  Lauren Bielskie (lauren.bielskie@usdoj.gov); and (h) counsel to the official committee of unsecured creditors (if any) appointed in these chapter 11 cases (collectively, the "Objection Service Parties").

d.   ***No Objection Timely Filed***.  If no objection to the rejection of any Contract is timely filed, each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection

---

[2]   An objection to the rejection of any particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

(Page | 6)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

Counterparty agree; *provided* that the Rejection Date for a rejection of a lease of nonresidential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises; *provided*, *further*, that the Rejection Date for a rejection of a lease of nonresidential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e.    ***Unresolved Timely Objections***.  If an objection to the rejection of any Contract(s) listed in the applicable Rejection Notice is timely filed and properly served as specified above and not withdrawn or consensually resolved, the Debtors shall file a notice for a hearing to be held on not less than five days' notice to the applicable Rejection Counterparty to consider the objection for the Contract(s) to which such objection relates.  If such objection is overruled or withdrawn, such Contract(s) shall be rejected as of (i) the applicable Rejection Date set forth in the Rejection Notice, (ii) such other date as the Debtors and the applicable Rejection Counterparty agree, or (iii) such other date as the Court may so order.

f.    ***No Application of Security Deposits***.  If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not setoff, recoup, or otherwise use such monies without further order of the Court, unless the Debtors and the applicable Rejection Counterparty to such Contract(s) otherwise agree.

g.    ***Abandoned Property***.  The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract.  If the Debtors decide to abandon any personal property, the Debtors shall generally describe the abandoned personal property in the Rejection Notice.  Absent a timely objection, the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  For the avoidance of doubt, any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  Landlords may, in their sole discretion and without further notice or order of this Court,

(Page | 7)

| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No.: | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

utilize and/or dispose of such property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

h.   ***Proofs of Claim***.   Claims arising out of the rejection of Contracts, if any, must be filed in accordance with the Plan on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) thirty days after the later of (A) if no objection is timely filed, the Rejection Objection Deadline, and (B) if an objection is timely filed, the date that all such filed objections have either been overruled or withdrawn.   If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

i.   ***Removal from the Rejection Notice***.   The Debtors reserve the right to remove any Contract from the schedule to a Rejection Notice at any time prior to the Rejection Date.

3.   ***Modification of Rejection Notice***.   The Debtors reserve the right to remove any Contract from the schedule to a Rejection Notice at any time prior to the Rejection Date.   Approval of the Rejection Procedures and this Order will not prevent the Debtors from seeking to reject a Contract by separate motion or pursuant to a chapter 11 plan.

4.   The following Assumption Procedures are approved in connection with assuming and assuming and assigning Contracts:

a.   ***Assumption Notice***.   The Debtors, upon not less than three business days' advance notice to counsel to the Ad Hoc Secured Noteholder Group, absent exigent circumstances that require shorter notice in the Debtors' reasonable discretion, shall file a notice substantially in the form attached hereto as **Exhibit 2** (the "Assumption Notice") indicating the Debtors' intent to assume or assume and assign a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things: (i) the Contract or Contracts to be assumed or assumed and assigned; (ii) the names and addresses of the counterparties to such Contract(s) (each an "Assumption Counterparty"); (iii) the identity of the proposed assignee of such Contracts (the "Assignee"), if applicable; (iv) the proposed effective date of the assumption for each such Contract (the "Assumption Date");

(Page | 8)

| Debtors: | RITE AID CORPORATION, *et al.* |
|---|---|
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

(v) the proposed cure amount, if any, for each such Contract; (vi) a description of any material amendments to the Contract made outside of the ordinary course of business; and (vii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below). The Assumption Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on the Assumption Notice shall be limited to no more than 100 and the Assumption Counterparties shall be listed in alphabetical order.

b. ***Service of the Assumption Notice and Evidence of Adequate Assurance***. No later than two business days after filing, or as soon as reasonably practicable thereafter, the Debtors will cause the Assumption Notice to be served (i) by overnight delivery service upon the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable, at the address set forth in the notice provision of the applicable Contract (and their counsel, if known) and (ii) by first class mail, email, or fax upon the Service Parties.[3] To the extent the Debtors seek to assume and assign a lease of non-residential real property, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight delivery service upon the Contract counterparties affected by the Assumption Notice at the address set forth in the notice provision of the applicable Contract (and their counsel, if known, by electronic mail).

c. ***Objection Procedures***. Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract must file and serve a written objection[4] so that such objection is filed with the Court and ***actually received*** by the Objection Service Parties no later than seven days after the date the Debtors serve the relevant Assumption Notice (the "<u>Assumption Objection Deadline</u>").

d. ***No Objection***. If no objection to the assumption or assumption and assignment of any Contract is timely filed, each Contract shall be assumed or assumed and assigned as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the Assumption Counterparties agree and the proposed cure amount shall be binding on all counterparties to such Contract and no amount in excess

---

[3]   The Debtors shall serve a counterparty to a Contract to be assumed under the Contract Procedures with evidence of adequate assurance upon such counterparty's written request to the Debtors' counsel.

[4]   An objection to the assumption of any particular Contract listed on the Assumption Notice shall not constitute an objection to the assumption of any other Contract listed on such Assumption Notice.

(Page | 9)

| Debtors: | RITE AID CORPORATION, *et al.* |
|---|---|
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

thereof shall be paid for cure purposes; *provided* that the Assumption Date for a lease of nonresidential real property shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice.

e.   ***Unresolved Timely Objections***.   If an objection to the assumption or assumption and assignment of any Contract(s) is timely filed and properly served as specified above and not withdrawn or consensually resolved, the Debtors shall file a notice for a hearing to be held on not less than five days' notice to the applicable Assumption Counterparty to consider the objection for the Contract(s) to which such objection relates.   The Debtors may adjourn the hearing to a later date from time to time upon filing an amended notice of hearing.   If such objection is overruled or withdrawn, such Contract(s) shall be assumed or assumed and assigned as of the Assumption Date set forth in the Assumption Notice or such other date as the Debtors and the counterparty or counterparties to such Contract(s) agree.

f.   ***Modifications of Assumption Notice***.   The Debtors reserve the right to remove any Contract from an Assumption Notice at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

5.   With regard to Contracts to be assigned, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Contract shall:   (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds of such assignment in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guarantees of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s) (but only in connection with the assignment by the Debtor to the

(Page | 10)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

Assignee)); and (b) constitute a legal, valid, and effective transfer of such Contract(s) and vest the applicable Assignee with all rights, titles, and interests to the applicable Contract(s).[5]  For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

6.      Subject to the other provisions of this Order (including the aforementioned Assumption Procedures), the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Assignee the applicable Contracts with any applicable Assignee being responsible only for the post-assignment liabilities or defaults under the applicable Contracts except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer any such Contract.

7.      The Debtors' right to assert that any provisions in the Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of the Contract to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

8.      The Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing, or relating to a period prior to the applicable Assumption Date.

9.      The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments as set forth in an Assumption Notice.

---

[5]    Certain of the Contracts may contain provisions that restrict, prohibit, condition, or limit the assumption and/or assignment of such Contract.  The Debtors reserve all rights with respect to the enforceability of such provisions.

(Page | 11)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

10.     Approval of the Contract Procedures and this Order will not prevent the Debtors from seeking to reject, assume, or assume and assign a Contract by separate motion.

11.     The 14-day stay required of any assignment of any Contract pursuant to Bankruptcy Rule 6006(d) is hereby waived.

12.     All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is expired or terminated and is no longer an executory contract or unexpired lease, respectively.

13.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Order or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens

(Page | 12)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

(contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief authorized in this Order are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

14.    Notwithstanding anything to the contrary in the Motion or this Order, any payment made by the Debtors pursuant to the authority granted in this Order must be in compliance with and any authorization of the Debtors contained herein is subject to:  (a) any interim or final orders entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and/or authorizing the use of cash collateral; (b) the documentation in respect of any such debtor-in-possession financing or use of cash collateral; and (c) any budget or cash flow forecasts in connection therewith (in each case, the "DIP Order").

15.    Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16.    The requirement set forth in Local Rule 9013 1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

17.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

18.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

19.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit 1**

**Proposed Rejection Notice**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Aparna Yenamandra, P.C. (*pro hac vice* pending)
Ross J. Fiedler (*pro hac vice* pending)
Zachary R. Manning (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| RITE AID CORPORATION, *et al.*, | Case No. 23-18993 (MBK) |
| Debtors.[1] | (Joint Administration Requested) |

## NOTICE OF REJECTION OF
## CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

**PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 1 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

**PLEASE TAKE NOTICE** that on [_____], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors") (i) authorizing and approving procedures to reject, assume, or assume and assign executory contracts and unexpired leases and (ii) granting related relief [Docket No. _____] (the "Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 1** attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth on **Schedule 1**, or such other date to which the Debtors and the counterparty or counterparties to any such Contract agree.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is *actually received* by the following parties no later than seven days after the date that the Debtors served this Notice: (a) the Debtors, Rite Aid Corporation, 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Aparna Yenamandra, P.C., Ross J. Fiedler, and Zachary R. Manning; (c) proposed co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street; Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Felice R. Yudkin, and Seth Van Aalten; (d) counsel to the Ad Hoc Secured Noteholder Group, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

York 1001 Attn.:    Andrew N. Rosenberg (arosenberg@paulweiss.com), Brian S. Hermann

(bhermann@paulweiss.com) and Christopher Hopkins (chopkins@paulweiss.com); (e) counsel to

the Ad Hoc Secured Noteholder Group, Fox Rothschild LLP, 49 Market Street, Morristown, New

Jersey, 07960, Attn:    Howard A. Cohen (hcohen@foxrothschild.com); Joseph J. DiPasquale

(jdipasquale@foxrothschild.com) and Michael R. Herz (mherz@foxrothschild.com); (f) counsel

to the DIP Agents, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110,

Attn:    John F. Ventola (jventola@choate.com); Jonathan D. Marshall (jmarshall@choate.com);

and Mark D. Silva (msilva@choate.com) and Greenberg Traurig, LLP, 500 Campus Drive, Suite

400, Florham Park, New Jersey 07932, Attn:    Alan J. Brody (brodya@gtlaw.com) and Oscar N.

Pinkas (pinkaso@gtlaw.com) (g) the Office of the United States Trustee for the District of New

Jersey, One Newark Center, 1085 Raymond Boulevard, suite 2100, Newark, New Jersey 07102,

Attn:    Lauren Bielskie (lauren.bielskie@usdoj.gov); and (h) counsel to the official committee of

unsecured creditors (if any) appointed in these chapter 11 cases.

   **PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the

rejection of each Contract shall become effective on the applicable Rejection Date set forth on

**Schedule 1** or such other date to which the Debtors and the counterparty or counterparties to such

Contract agree.[3]

   **PLEASE TAKE FURTHER NOTICE** that, if an objection to the rejection of any

Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing

to consider the objection for the Contract or Contracts to which such objection relates.    If such

---

[3]    An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an
objection to the rejection of any other contract or lease listed in this Rejection Notice.    Any objection to the
rejection of any particular Contract listed in this Rejection must state with specificity the Contract to which it is
directed.    For each particular Contract whose rejection is not timely or properly objected to, such rejection will
be effective in accordance with this Rejection Notice and the Order.

objection is overruled or withdrawn, such Contract or Contracts shall be rejected as of the applicable Rejection Date set forth on **Schedule 1** or such other date to which the Debtors and the counterparty or counterparties to any such Contract agree.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contracts otherwise agree.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtors that is listed and described on **Schedule 1** shall be deemed abandoned as of the Rejection Date.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim with respect to rejection of your Contract or Contracts, you must do so on or before the later of (a) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and, (b) thirty days after the later of (A) if no objection is timely filed, the Rejection Objection Deadline, and (B) if any objection is timely filed, the date that all such filed objections have either been overruled or withdrawn.  IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

4

Dated: [_____], 2023

_/s/ DRAFT_

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com
            svanaalten@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Aparna Yenamandra, P.C. (*pro hac vice* pending)
Ross J. Fiedler (*pro hac vice* pending)
Zachary R. Manning (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:       esassower@kirkland.com
             joshua.sussberg@kirkland.com
             aparna.yenamandra@kirkland.com
             ross.fiedler@kirkland.com
             zach.manning@kirkland.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

## <u>Schedule 1</u>

**Rejected Contracts[1]**

| Rejection Counterparty | Description of Contract[2] | Abandoned Property | Rejection Date |
|---|---|---|---|
|  |  |  |  |

---

[1]  For the avoidance of doubt, the Contracts referenced herein include any ancillary documents, including guaranties or assignments thereof, and any amendments, modifications, subleases, or termination agreements related thereto.

[2]  The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

## **Exhibit 2**

**Proposed Assumption Notice**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Aparna Yenamandra, P.C. (*pro hac vice* pending)
Ross J. Fiedler (*pro hac vice* pending)
Zachary R. Manning (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| RITE AID CORPORATION, *et al.*, | Case No. 23-18993 (MBK) |
| Debtors.[1] | (Joint Administration Requested) |

## NOTICE OF ASSUMPTION OF
## CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

**PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 1 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

---

[1]    The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

**PLEASE TAKE NOTICE** that on [_____], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors") (i) authorizing and approving procedures to reject, assume, or assume and assign executory contracts and unexpired leases and (ii) granting related relief [Docket No. ____] (the "Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Assumption Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 1** attached hereto is hereby assumed or assumed and assigned, as applicable, effective as of the date (the "Assumption Date") set forth on **Schedule 1**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

**PLEASE TAKE FURTHER NOTICE** that the Debtor or Assignee, as applicable, has the financial wherewithal to meet all future obligations under the Contract, which may be evidenced upon written request by the counterparty to the Contract,[3] thereby demonstrating that the Debtor or Assignee, as applicable, has the ability to comply with the requirements of adequate assurance of future performance.[4]

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed assumption or assumption and assignment of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

[3]   To the extent the Debtors seek to assume and assign a lease of non-residential real property, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice.

[4]   The Debtors shall serve the counterparty to the Contract with evidence of adequate assurance upon such counterparty's written request to Debtors' counsel.

2

cases and is **_actually received_** by the following parties no later than ten days after the date that the

Debtors served this Notice:

     **PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed

assumption of any of the Contracts must file and serve a written objection so that such objection

is filed with the Court on the docket of the Debtors' chapter 11 cases and is **_actually received_** by

the following parties no later than seven days after the date that the Debtors served this Notice:

(a) the Debtors, Rite Aid Corporation, 1200 Intrepid Avenue, 2nd Floor, Philadelphia,

Pennsylvania 19112; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington

Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Aparna Yenamandra, P.C.,

Ross J. Fiedler, and Zachary R. Manning; (c) proposed co-counsel to the Debtors, Cole Schotz

P.C., Court Plaza North, 25 Main Street; Hackensack, New Jersey 07601, Attn: Michael D. Sirota,

Felice R. Yudkin, and Seth Van Aalten; (d) counsel to the Ad Hoc Secured Noteholder Group,

Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New

York 10014 Attn.: Andrew N. Rosenberg (arosenberg@paulweiss.com), Brian S. Hermann

(bhermann@paulweiss.com) and Christopher Hopkins (chopkins@paulweiss.com); (e) counsel to

the Ad Hoc Secured Noteholder Group, Fox Rothschild LLP, 49 Market Street, Morristown, New

Jersey, 07960, Attn: Howard A. Cohen (hcohen@foxrothschild.com); Joseph J. DiPasquale

(jdipasquale@foxrothschild.com) and Michael R. Herz (mherz@foxrothschild.com); (f) counsel

to the DIP Agents, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110,

Attn: John F. Ventola (jventola@choate.com); Jonathan D. Marshall (jmarshall@choate.com);

and Mark D. Silva (msilva@choate.com) and Greenberg Traurig, LLP, 500 Campus Drive, Suite

400, Florham Park, NJ 07932, Attn: Alan J. Brody (brodya@gtlaw.com) and Oscar N. Pinkas

(pinkaso@gtlaw.com) (g) the Office of the United States Trustee for the District of New Jersey,

One Newark Center, 1085 Raymond Boulevard, suite 2100, Newark, New Jersey 07102, Attn: Lauren Bielskie (lauren.bielskie@usdoj.gov); and (h) counsel to the official committee of unsecured creditors (if any) appointed in these chapter 11 cases.

PLEASE TAKE FURTHER NOTICE that, absent an objection being timely filed, the assumption or assumption and assignment of each Contract shall become effective on the applicable Assumption Date set forth on **Schedule 1** or such other date to which the Debtors and the counterparty or counterparties to such Contract agree.[5]

PLEASE TAKE FURTHER NOTICE that, the proposed cure amount under the Contract is set forth on **Schedule 1**.  If a written objection to the proposed cure amount is not timely filed, then the cure amount shall be binding on all parties and no amount in excess thereof shall be paid for cure purposes.

PLEASE TAKE FURTHER NOTICE that if an objection to the assumption or assumption and assignment of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates.  If such objection is overruled or withdrawn, such Contract or Contracts shall be assumed or assumed and assigned as of the Assumption Date set forth on **Schedule 1** or such other date as the Debtors and the counterparty or counterparties to such Contract agree.

---

[5] An objection to the assumption and/or assignment of any particular Contract or cure amount listed in this Assumption Notice shall not constitute an objection to the assumption and/or assignment of any other contract or lease listed in this Assumption Notice.  Any objection to the assumption and/or assignment of any particular Contract or cure amount listed in this Assumption Notice must state with specificity the Contract to which it is directed.  For each particular Contract whose assumption and/or assignment is not timely or properly objected to, such assumption and/or assignment will be effective in accordance with this Assumption Notice and the Procedures Order.

Dated: [_____], 2023

_/s/ DRAFT_

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (_pro hac vice_ pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com
            svanaalten@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (_pro hac vice_ pending)
Aparna Yenamandra, P.C. (_pro hac vice_ pending)
Ross J. Fiedler (_pro hac vice_ pending)
Zachary R. Manning (_pro hac vice_ pending)
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:       esassower@kirkland.com
             joshua.sussberg@kirkland.com
             aparna.yenamandra@kirkland.com
             ross.fiedler@kirkland.com
             zach.manning@kirkland.com

_Proposed Co-Counsel to the Debtors and_
_Debtors in Possession_

**Schedule 1**

**Assumed Contracts**

| Assumption Counterparty | Description of Contract[1] | Cure Amount | Assumption Date |
|---|---|---|---|
|  |  |  |  |

---

[1]  The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.