Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>In re:<br><br>RITE AID CORPORATION, *et al.*,<br><br>Debtors.[1] | Order Filed on October 18, 2023<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey<br><br>Chapter 11<br><br>Case No. 23-18993 (MBK)(Jointly Administered) |

# INTERIM ORDER
# (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION ASSOCIATE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE ASSOCIATE EXPENSES AND (B) CONTINUE ASSOCIATE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through ten (10) is **ORDERED.**

**DATED: October 18, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Aparna Yenamandra, P.C. (*pro hac vice* pending)
Ross J. Fiedler (*pro hac vice* pending)
Zachary R. Manning (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Associate Wages, Salaries, Other Compensation, and Reimbursable Associate Expenses and (B) Continue Associate Benefits Programs, and (II) Granting Related Relief |

Upon the *Motion For Entry Of Interim And Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Associate Wages, Salaries, Other Compensation, and Reimbursable Associate Expenses and (B) Continue Associate Benefits Programs, and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Interim Order") (a) authorizing the Debtors to pay prepetition wages, salaries, other compensation, and reimbursable expenses, and (b) granting related relief, and (c) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Associate Wages, Salaries, Other Compensation, and Reimbursable Associate Expenses and (B) Continue Associate Benefits Programs, and (II) Granting Related Relief |

had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is granted on an interim basis as set forth in this Interim Order.

2. The final hearing (the "<u>Final Hearing</u>") on the Motion shall be held on **November 16, 2023, at 1:00 p.m. (Eastern Time)**. Objections, if any, that relate to the Motion shall be filed and served on (a) the Debtors, Rite Aid Corporation, 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112, Attn: Thomas Sabatino; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Aparna Yenamandra, P.C. (aparna.yenamandra@kirkland.com), Ross J. Fiedler (ross.fiedler@kirkland.com), and Zachary R. Manning (zach.manning@kirkland.com); (c) proposed co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice Yudkin (fyudkin@coleschotz.com), and Seth Van Aalten, Esq. (svanaalten@coleschotz.com); (d) the United States Trustee for the District of New Jersey, Attn: Jeffrey M. Sponder and Lauren Bielskie, One Newark Center, Suite 2100, Newark, NJ 07102; (e) counsel to any statutory committee appointed in these chapter 11 cases; (f) counsel to the Ad Hoc Secured Noteholder Group, Paul, Weiss, Rifkind, Wharton & Garrison, 1285 6th Avenue, New York, NY 10019, Attn: Andrew N. Rosenberg (arosenberg@paulweiss.com); Brian S. Hermann (bhermann@paulweiss.com); and Christopher Hopkins (chopkins@paulweiss.com) and Fox Rothschild LLP, 49 Market Street, Morristown, NJ

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Associate Wages, Salaries, Other Compensation, and Reimbursable Associate Expenses and (B) Continue Associate Benefits Programs, and (II) Granting Related Relief |

07960, Attn: Howard A. Cohen (hcohen@foxrothschild.com); Joseph J. DiPasquale (jdipasquale@foxrothschild.com) and Michael R. Herz (mherz@foxrothschild.com); and (g) counsel to the DIP Agents, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola (jventola@choate.com); Jonathan D. Marshall (jmarshall@choate.com); and Mark D. Silva (msilva@choate.com) and Greenberg Traurig, LLP, 500 Campus Drive, Suite 400, Florham Park, NJ 07932, Attn: Alan J. Brody (brodya@gtlaw.com) and Oscar N. Pinkas (pinkaso@gtlaw.com), so as to be actually received by the Debtor's proposed counsel on or before **November 9, 2023, at 4:00 p.m. (Eastern Time)**.

3.  The Debtors are authorized, but not directed, to continue and/or modify the Associate Compensation and Benefits, including the Corporate Card Programs, in the ordinary course of business, in accordance with the Debtors' prepetition policies and practices, and to honor and pay any prepetition amounts related thereto as and when such obligations are due, in an aggregate amount not to exceed $327 million; *provided* that the Debtors shall not make any payments in excess of the amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code to any individual Associate without further order of this Court; *provided further* that any Associate Compensation and Benefits arrangement of an insider or executive that is entered into postpetition shall not be modified in a manner that is materially adverse to the Debtors without the prior written consent of the Required Consenting Noteholders (as defined in the Restructuring Support Agreement); *provided further* that payments on account of the

(Page | 6)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Associate Wages, Salaries, Other Compensation, and Reimbursable Associate Expenses and (B) Continue Associate Benefits Programs, and (II) Granting Related Relief |

Non-Employee Director Compensation, the Non-Insider Associate Incentive and Retention Programs, including the Associate Bonus Programs, the RAMP Incentive Plan Program, and the Non-Insider Retention Program, and the Non-Insider Commission Program shall not be made or authorized by this Interim Order and shall be made or authorized pursuant to the entry of a final order; *provided further* that (a) the Debtors shall seek Court approval, on notice, of any modification or change that would implicate any portion of section 503(c) of the Bankruptcy Code; and (b) nothing herein shall be deemed to authorize the payment of any amounts that violate, implicate, or are otherwise subject to section 503(c) of the Bankruptcy Code. The Debtors will provide notice of any material changes to the Associate Compensation and Benefits and any other programs described in the Motion to the U.S. Trustee and counsel for the Ad Hoc Secured Noteholder Group and shall consult with the Ad Hoc Secured Noteholder Group. If the Debtors seek to pay any amounts that are subject to section 503(c) of the Bankruptcy Code, the Debtors will seek approval of such payments, if any, by separate motion under section 503(c) of the Bankruptcy Code. Nothing in this Interim Order shall be construed as approving any transfer pursuant to section 503(c) of the Bankruptcy Code.

4.Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay is modified solely to the extent necessary to allow Employees to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or administrative forum, and Employees are authorized to so proceed. The Debtors are authorized, but not directed, to continue the Workers' Compensation Program and pay all prepetition amounts relating thereto in

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Associate Wages, Salaries, Other Compensation, and Reimbursable Associate Expenses and (B) Continue Associate Benefits Programs, and (II) Granting Related Relief |

the ordinary course of business in accordance with the Debtors' prepetition policies and practices. The modification of the automatic stay set forth in this paragraph pertains solely to claims under the Workers' Compensation Program.

5. The Debtors are authorized, but not directed, to forward any unpaid amounts on account of Withholding and Deduction Obligations to the appropriate third-party recipients or taxing authorities in the ordinary course of business in accordance with the Debtors' prepetition policies and practices.

6. The Debtors are authorized, but not directed, to pay in the ordinary course of business any costs and expenses incidental to payment of the Associate Compensation and Benefits obligations, including the Unpaid Payroll Processing Fees, the Unpaid Payroll Support Fees, all administrative and processing costs, and necessary payments in accordance with the Debtors' prepetition policies and practices.

7. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Associate Compensation and Benefits obligations.

8. Nothing herein shall be deemed to authorize the Debtors to cash out unpaid Paid Time Off except upon termination of an Associate, if applicable nonbankruptcy law requires such payment.

9. The Debtors are authorized, but not directed, to pay and honor all claims and obligations, if any, whether arising prepetition or postpetition, arising under the WARN Acts;

(Page | 8)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Associate Wages, Salaries, Other Compensation, and Reimbursable Associate Expenses and (B) Continue Associate Benefits Programs, and (II) Granting Related Relief |

*provided* that the Debtors shall not make any payments to any Insiders (as such term is defined in section 101(31) of the Bankruptcy Code) without further order of this Court; *provided further* that, during the Interim Period, the Debtors shall provide the U.S. Trustee and the Ad Hoc Secured Noteholder Group, on a confidential basis, with a report of the total amounts paid on account of claims and obligations arising under the WARN Acts within five (5) business days of making such payments. Nothing in the Motion or this Interim Order shall constitute a determination by the Court as to whether any individual seeking payment pursuant to this Interim Order is or is not an "Insider" (as such term is defined in section 101(31) of the Bankruptcy Code).

10. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

11. Bank of America, N.A. ("BoA") is hereby authorized, but not directed, to release, as soon as practicable, the Debtors' funds from any applicable bank accounts held or otherwise controlled by BoA, including the Payroll Account (Acct. #8765101567) and the Payroll Tax Account (Acct. #1291142276), so as to allow the Debtors to make payments, as approved by this Interim Order, consistent with the Debtors' ordinary-course operations.

(Page | 9)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Associate Wages, Salaries, Other Compensation, and Reimbursable Associate Expenses and (B) Continue Associate Benefits Programs, and (II) Granting Related Relief |

12.     Notwithstanding anything to the contrary in the Motion or this Interim Order, any payment made by the Debtors pursuant to the authority granted in this Interim Order must be in compliance with and any authorization of the Debtors contained herein is subject to: (a) any interim or final orders entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and/or authorizing the use of cash collateral; (b) the documentation in respect of any such debtor-in-possession financing or use of cash collateral; and (c) any budget or cash flow forecasts in connection therewith (in each case, the "DIP Order"). To the extent there is any inconsistency between the terms of the DIP Order and this Interim Order, the terms of the DIP Order shall control.

13.     Nothing contained in the Motion or this Interim Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Interim Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Interim Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other

Case 23-18993-MBK    Doc 134    Filed 10/18/23    Entered 10/18/23 14:46:06    Desc Main
Document    Page 10 of 11

(Page | 10)
| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Associate Wages, Salaries, Other Compensation, and Reimbursable Associate Expenses and (B) Continue Associate Benefits Programs, and (II) Granting Related Relief |

encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

14. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

15. The Debtors have demonstrated that the requested relief is "necessary to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003.

16. Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due.

17. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

18. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

19. The requirement set forth in Local Rule 9013 1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

| | |
|---|---|
| (Page \| 11) | |
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Associate Wages, Salaries, Other Compensation, and Reimbursable Associate Expenses and (B) Continue Associate Benefits Programs, and (II) Granting Related Relief |

20. Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

21. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.