**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| RITE AID CORPORATION, *et al.*, | Case No. 23-18993 (MBK) |
| Debtors.[1] | (Jointly Administered) |

Order Filed on October 18, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

## ORDER APPROVING CERTAIN DATES AND PROTOCOLS IN CONNECTION WITH PLAN CONFIRMATION

The relief set forth on the following pages, numbered three (3) through seven (7), is

**ORDERED**.

**DATED: October 18, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1]     The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C. (*pro hac vice* pending)
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Aparna Yenamandra, P.C. (*pro hac vice* pending)
Ross J. Fiedler (*pro hac vice* pending)
Zachary R. Manning (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (*pro hac vice* pending)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

(Page |3)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order Approving Certain Dates and Protocols |

Upon the *Debtors' Motion For Order Approving Certain Dates And Protocols* (the "Motion"),[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), establishing certain dates and deadlines and establishing certain protocols in connection with confirmation of the Plan, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is granted as set forth herein.

2.      The protocols and schedule set forth below shall govern the Confirmation Proceedings, which includes all related discovery, subject to the ability of any statutory committee

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page |4)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order Approving Certain Dates and Protocols |

to request from the Debtors consensual adjustments of the protocols and schedule or to request from

the Court adjustments of the protocols and schedule.

3.  The following schedule shall apply to the Confirmation Proceedings:

a.  **Confirmation Fact Discovery:**

i.  **November 13, 2023** shall be the deadline for parties to serve written document requests and witness-identification interrogatories relating to the Plan ("Requests"). Parties may serve—and are encouraged to serve Requests—sooner than November 13, 2023. Deposition notices may be served at any time prior to the conclusion of fact discovery; *provided, however*, deposition notices must be served no later than seven (7) days prior to the deposition date, and any objections thereto must be served no later than three (3) days before the deposition date.

ii.  **November 27, 2023** shall be the deadline for the parties to serve responses and objections to the Requests.

iii.  **December 18, 2023** shall be the date on which parties substantially complete the production of documents in response to the Requests.

iv.  **January 5, 2024** shall be the date on which all fact discovery shall be complete, *provided, however*, **January 12, 2024** shall be the date on which parties shall have provided logs of documents responsive to the Requests that were withheld on the basis of any claim of privilege; *provided further* that in the event any party includes a witness on its preliminary or final witness lists who was not deposed, such witness shall be made available for a deposition.

b.  **Confirmation Expert Discovery**:

i.  **January 12, 2024** shall be the date by which the parties shall simultaneously exchange reports prepared by any initial expert witnesses. These reports must satisfy the requirements of Federal Rule 26(a)(2)(B).

ii.  **January 22, 2024** shall be the date by which the parties shall simultaneously exchange reports prepared by any rebuttal expert witnesses. These reports must satisfy the requirements of Federal Rule 26(a)(2)(B).

iii.  **January 31, 2024** shall be the date by which expert depositions shall be complete.

c.  **Confirmation Hearing**:

(Page |5)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order Approving Certain Dates and Protocols |

   i.     **January 22, 2024** shall be the deadline by which parties must serve a preliminary list of witnesses and exhibits they intend to offer at the Confirmation Hearing. Witness lists shall identify all witnesses that each party will call or may call at the Confirmation Hearing and shall provide a brief summary of the anticipated testimony of each witness.

   ii.    **February 5, 2024** shall be the deadline which objections to the Plan must be filed.

  iii.    **February 7, 2024** shall be the deadline by which parties must serve a final list of witnesses and exhibits they intend to offer at the Confirmation Hearing. Witness lists shall identify all witnesses that each party will call or may call at the Confirmation Hearing and shall provide a brief summary of the anticipated testimony of each witness.

  iv.    **February 9, 2024** shall be the deadline by which parties must serve objections to the final witness and exhibit lists.

   v.    **February 11, 2024** shall be the date by which the parties must meet and confer with a view toward narrowing and resolving any evidentiary disputes.

  vi.    **February 12, 2024** shall be the date by which the Debtors must file their reply to all timely objections to the Plan.

  vii.    **February 15, 2024 at [_]:[_] [_].m. (prevailing Eastern Time),** shall be the date and time of the final pretrial conference

 viii.    **February 20, 2024 at 11:30 a.m. (prevailing Eastern Time),** shall be the start of the Confirmation Hearing, which will continue, as necessary, from day to day in each case starting at **[_]:[_] [_].m. (prevailing Eastern Time)** except as otherwise set by the Court and as may be extended by the Court as the Court's schedule permits. Trial time will be divided equally between Plan supporters and Plan objectors, to be monitored by a chess clock. The Court will consider the submission of written directs upon request by the parties, which submissions shall not count against the submitting party's available trial time.

4.    The following protocols shall govern the Confirmation Proceedings:

   a.    **<u>Overlap with Prior Discovery</u>.** Parties may not serve discovery seeking the same documents from the same time period already produced in response to other requests in these chapter 11 cases.

(Page |6)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order Approving Certain Dates and Protocols |

b. **Requests for Admission.**  Parties shall not serve requests for admission on each other.

c. **Limitations on Interrogatories.**  Parties shall serve witness-identification interrogatories only.  Parties shall not serve other kinds of interrogatories, including contention interrogatories.

d. **Limitations on Depositions.**  Absent further order from the Court, the following provisions shall apply to depositions taken in connection with confirmation.  Parties shall meet-and-confer regarding the number of depositions.  Depositions shall not last longer than five (5) hours for each deponent.  At least 48 hours before any Federal Rule 30(b)(6) deposition, the party being deposed shall identify all witnesses who will be put forward to testify on the topics in the Federal Rule 30(b)(6) deposition notice.

e. **Document Discovery from Legal, Financial, or Industry Advisors.**  Each party that is the recipient of a request for the production of documents agrees to make reasonable efforts to produce responsive and non-privileged documents on behalf of any legal, financial, or industry advisor retained by such party in connection with these chapter 11 cases and/or under the party's control, without the need for such advisor to be subpoenaed directly.

f. **Assertions of Privilege.**  If any recipient of a discovery request withholds or redacts any documents on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, that person shall provide the parties with a privilege log consistent with Federal Rule 26(b)(5), as incorporated by Bankruptcy Rules 7026 and 9014. Efficient means of providing information regarding claims of privilege are encouraged, and parties are encouraged to agree upon measures that further this end.  For example, when asserting privilege on the same basis with respect to multiple documents, it is presumptively proper to provide the information required by Federal Rule 26(b)(5) by group or category.

g. **Expert Discovery.**  Any expert retained or specially employed to provide expert testimony in connection with the Confirmation Proceedings shall submit an expert report that satisfies the requirements of Federal Rule 26(a)(2)(B).  The limitations on expert discovery under Federal Rule 26(b)(4) shall apply.

h. **Discovery Disputes.**  Each party shall confer in good faith in an effort to resolve any discovery dispute.  If the parties are unable to resolve the dispute, the applicable parties shall submit a joint letter, via email to the Court, with a clear, concise description of the issues and that shall not exceed five (5) pages. Subject to the Court's availability, the dispute shall be resolved at a brief virtual conference.

Debtors:          RITE AID CORPORATION, *et al*.
Case No.          23-18993 (MBK)
Caption of Order:     Order Approving Certain Dates and Protocols

    i.   **Third-Party Documents Received Pursuant to Subpoena.** Each party shall produce or make available to the other parties all materials obtained from third parties pursuant to Federal Rule 45 within two business days of receiving such material from a third party.

    j.   **Service.** All pleadings, motions, discovery, and other papers related to the Plan shall be served electronically, and all discovery requests and written responses shall be served in both .pdf and Word format.

    k.   **Amendments or Modifications.** Except as otherwise ordered by the Court, the order shall control any and all discovery by the parties in connection with the Plan; *provided, however*, the parties may amend, modify, or supplement the terms of the order without further order by the Court upon filing written notice of such amendment or modification with the Court.

8.    The Parties may modify any interim date within this Order by consent with an amended order, so long as such modifications do not impact any hearing dates or filing deadlines.

9.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10.    Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

11.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12.    The Debtors shall serve this Order in accordance with all applicable rules and shall file a certificate of service evidencing compliance with this requirement.

13.    The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order.

14.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.