Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re:<br><br>RITE AID CORPORATION, *et al.*,<br><br>           Debtors.[1] | Chapter 11<br><br>Case No. 23-18993 (MBK)<br><br>(Jointly Administered) |

**Order Filed on November 20, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

### ORDER (I) AUTHORIZING AND
### APPROVING PROCEDURES TO REJECT OR ASSUME EXECUTORY
### CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through fourteen (14), is

**ORDERED**.

**DATED: November 20, 2023**

*Michael B. Kaplan*

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of an Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* (the "Motion"),[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing and approving procedures (as described in the Motion, the "Contract Procedures") for rejecting, assuming, or assuming and assigning executory contracts and unexpired leases and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

2.     The following Rejection Procedures are approved in connection with rejecting

Contracts:

a.     ***Rejection Notice***.  The Debtors, upon not less than five days' advance notice to advisors to the Ad Hoc Secured Noteholder Group, counsel to the Official Committee of Unsecured Creditors, counsel to the Official Committee of Tort Claimants, and counsel to the DIP Agents, absent exigent circumstances that require shorter notice in the Debtors' reasonable discretion, shall file a notice substantially in the form attached to this Order as **Exhibit 1** (the "Rejection Notice") indicating the Debtors' intent to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things:  (i) the Contract or Contracts to be rejected; (ii) the Debtor or Debtors party to such Contract; (iii) the names and addresses of the counterparties to such Contract(s) (each a "Rejection Counterparty"); (iv) the store number and address of the affected location, if applicable (v) the proposed effective date of the rejection for each such Contract, which for leases shall be the later of (a) the proposed effective date set forth on the Rejection Notice; and (b) the date the Debtors relinquish control of the premises by (1) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and turning over keys, key codes, and security codes, if any, to the affected landlord or (2) notifying the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but that the landlord may rekey the leased premises (each a "Rejection Date"); (vi) if any such Contract is a lease, the personal property to be abandoned (the "Abandoned Property"), if any, and if practicable an estimate of the book value of such property; (vii) with respect to real property, any known third party having an interest in any remaining property, including personal property, furniture, fixtures, and equipment located at the leased premises; and (viii) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).  The Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on the Rejection Notice shall be limited to no more than 100 and the Rejection Counterparties shall be listed in alphabetical order.  Further, the Rejection Notice shall include the proposed form of order (the "Rejection Order") approving the rejection of the Contracts, which shall be substantially in the form of Exhibit 1-A to the Rejection Notice.  No Contract shall be deemed rejected absent entry of an applicable Rejection Order.

b.     ***Service of the Rejection Notice***.  No later than two business days after filing, or as soon as reasonably practicable thereafter, the Debtors will cause

(Page | 5)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No.: | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

the Rejection Notice to be served (i) by overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and their counsel, if known) and all parties who may have any interest in any Abandoned Property (if known), and (ii) by first class mail, email, or fax upon: (a) the office of the United States Trustee for the District of New Jersey; (b) the Debtors' 50 largest unsecured creditors (on a consolidated basis); (c) the agents under the Prepetition Credit Facilities and counsel thereto; (d) the DIP Agents and counsel thereto; (e) counsel to the Ad Hoc Secured Noteholder Group; (f) the indenture trustee to the Senior Secured Notes; (g) the indenture trustee to the Senior Unsecured Notes; (h) the Official Committee of Unsecured Creditors and counsel thereto; (i) the Official Committee of Tort Claimants and counsel thereto; (j) the United States Attorney's Office for the District of New Jersey; (k) the Internal Revenue Service; (l) the U.S. Securities and Exchange Commission; (m) the attorneys general in the states where the Debtors conduct their business operations; (n) the parties affected by the Rejection Notice at the notice party provided in the applicable Contract (and by email upon such Rejection Counterparty's counsel, if known); and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Service Parties").

c.    ***Objection Procedures***.  Parties objecting to a proposed rejection must file and serve a written objection[2] so that such objection is filed with the Court and ***actually received*** by the following parties no later than ten days after the date the Debtors file and serve the applicable Rejection Notice (the "Rejection Objection Deadline"):    (a) the Debtors, Rite Aid Corporation, 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Joshua A. Sussberg, P.C., Aparna Yenamandra, P.C., Ross J. Fiedler, and Zachary R. Manning; (c) proposed co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street; Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Felice R. Yudkin, and Seth Van Aalten; (d) the applicable Rejection Counterparty; (e) counsel to the Ad Hoc Secured Noteholder Group, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10014, Attn:  Andrew N. Rosenberg    (arosenberg@paulweiss.com),    Brian    S.    Hermann (bhermann@paulweiss.com),    and    Christopher    Hopkins (chopkins@paulweiss.com); (f) counsel to the Ad Hoc Secured Noteholder Group, Fox Rothschild LLP, 49 Market Street, Morristown, New Jersey

---

2    An objection to the rejection of any particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

| (Page \| 6) | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

07960, Attn: Howard A. Cohen (hcohen@foxrothschild.com); Joseph J. DiPasquale (jdipasquale@foxrothschild.com) and Michael R. Herz (mherz@foxrothschild.com); (g) counsel to the DIP Agents, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola (jventola@choate.com); Jonathan D. Marshall (jmarshall@choate.com); and Mark D. Silva (msilva@choate.com) and Greenberg Traurig, LLP, 500 Campus Drive, Suite 400, Florham Park, New Jersey 07932, Attn: Alan J. Brody (brodya@gtlaw.com) and Oscar N. Pinkas (pinkaso@gtlaw.com) (h) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder (jeffrey.m.sponder@usdoj.gov) and Lauren Bielskie (lauren.bielskie@usdoj.gov); and (i) counsel to the Official Committee of Unsecured Creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Adam Rogoff (ARogoff@kramerlevin.com) and Nancy Bello (nbello@kramerlevin.com) and Kelley Drye & Warren LLP, One Jefferson Road, 2nd Floor, Parsippany, NJ 07054, Attn: Robert LeHane (rlehane@kelleydrye.com) and Connie Choe (cchoe@kelleydrye.com); (j) counsel to the Official Committee of Tort Claimants, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Arik Preis (apreis@akingump.com), Mitchell P. Hurley (mhurley@akingump.com), Kate Doorley (kdoorley@akingump.com), Theodore James Salwen (jsalwen@akingump.com) and Brooks Barker (bbarker@akingump.com); and (k) Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., 308 Harper Drive Suite 200, Moorestown, New Jersey 08057, Attn: Arthur Abramowitz (aabramowitz@shermansilverstein.com) and Ross Switkes (rswitkes@shermansilverstein.com) (collectively, the "Objection Service Parties").

d.  ***No Objection Timely Filed***.  If no objection to the rejection of any Contract is timely filed, the Debtors shall file a Rejection Order under a certificate of no objection.  The rejection of each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agree; *provided* that the Rejection Date for a rejection of a lease of nonresidential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by (A) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

premises that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises; *provided*, *further*, that the Rejection Date for a rejection of a lease of nonresidential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e.   ***Unresolved Timely Objections***.   If an objection to the rejection of any Contract(s) listed in the applicable Rejection Notice is timely filed and properly served as specified above and not withdrawn or consensually resolved, the Debtors shall file a notice for a hearing to be held on not less than ten days' notice to the applicable Rejection Counterparty and Objection Service Parties to consider the objection for the Contract(s) to which such objection relates.   Such Contract will only be deemed rejected upon entry by the Court of a consensual form of Rejection Order resolving the objection as between the objecting party and the Debtors or, if resolution is not reached and/or the objection is not withdrawn, upon further order of the Court and shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty agree, or as ordered by the Court.

f.   ***No Application of Security Deposits***.   If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not setoff, recoup, or otherwise use such monies without further order of the Court, unless the Debtors and the applicable Rejection Counterparty to such Contract(s) otherwise agree.

g.   ***Abandoned Property***.   The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract; *provided*, *however*, that (i) nothing shall modify any requirement under applicable law with respect to the removal of any hazardous materials as defined under the applicable law from any of the Debtors' leased premises, (ii) to the extent the Debtors seek to abandon personal property that contains "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code (the "PII"), the Debtors shall remove the PII from such personal property before abandonment, and (iii) the Debtors shall not abandon any medications or medicines.   If the Debtors decide to abandon any personal property, the Debtors shall generally describe the abandoned personal property in the Rejection Notice.   Absent a timely objection, the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.   For the avoidance of doubt, any

(Page | 8)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

h.   ***Proofs of Claim***.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) thirty days after the later of (A) the date of entry of the Rejection Order approving rejection of the applicable Contract, and (b) the Rejection Date. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

i.   ***Removal from the Rejection Notice***.  The Debtors reserve the right to remove any Contract from the schedule to a Rejection Notice at any time prior to the Rejection Date, but shall provide any affected Rejection Counterparty and the Objection Service Parties notice of removal of any Contract from the Rejection Notice within two business days of any such change, *provided* that the Debtors shall not remove any Contract from the schedule to a Rejection Notice if they have relinquished control of the premises by notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises as described above and (a) turn over keys, key codes, and security codes, if any, to the affected landlord or (b) notify the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leases premises.

3.   The following Assumption Procedures are approved in connection with assuming

and assuming and assigning Contracts:

a.   ***Assumption Notice***.  The Debtors, upon not less than five days' advance notice to advisors to the Ad Hoc Secured Noteholder Group, counsel to the Official Committee of Unsecured Creditors, counsel to the Official Committee of Tort Claimants, and counsel to the DIP Agents, absent exigent circumstances that require shorter notice in the Debtors' reasonable discretion, shall file a notice substantially in the form attached hereto as **Exhibit 2** (the "Assumption Notice") indicating the Debtors' intent to

8

(Page | 9)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

assume or assume and assign a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things: (i) the Contract or Contracts to be assumed or assumed and assigned; (ii) the names and addresses of the counterparties to such Contract(s) (each an "<u>Assumption Counterparty</u>"); (iii) the Debtor or Debtors party to such Contract; (iv) the store number and address of the affected location, if applicable; (v) the identity of the proposed assignee of such Contracts (the "<u>Assignee</u>"), if applicable; (vi) the proposed effective date of the assumption for each such Contract (the "<u>Assumption Date</u>"); (vii) the proposed cure amount, if any, for each such Contract; (viii) a description of any material amendments to the Contract made with the prior consent and written agreement of the applicable Assumption Counterparty outside of the ordinary course of business; and (ix) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below).  The Assumption Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on the Assumption Notice shall be limited to no more than 100 and the Assumption Counterparties shall be listed in alphabetical order.  Further, the Assumption Notice shall include the proposed form of order (the "<u>Assumption Order</u>") approving the assumption or assumption and assignment of the Contracts, which shall be substantially in the form of <u>Exhibit 1</u> to the Assumption Notice.  No Contract shall be deemed assumed or assumed and assigned absent entry of an applicable Assumption Order.

b.  ***Service of the Assumption Notice and Evidence of Adequate Assurance***.  No later than two business days after filing, or as soon as reasonably practicable thereafter, the Debtors will cause the Assumption Notice to be served (i) by overnight delivery service upon the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable, at the address set forth in the notice provision of the applicable Contract (and their counsel, if known) and (ii) by first class mail, email, or fax upon the Service Parties.  To the extent the Debtors seek to assume or assume and assign a Contract, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight delivery service upon the Assumption Counterparties affected by the Assumption Notice at the address set forth in the notice provision of the applicable Contract (and their counsel, if known, by electronic mail).[3]

---

[3]  Adequate assurance information may include:  (i) the specific name of the proposed assignee, and the proposed name under which the proposed assignee intends to operate the store if not the current trade-name of the Debtors; (ii) a corporate organizational chart or similar disclosure identifying ownership and control of the proposed assignee of the applicable contracts and leases; (iii) audited or
(Continued)

(Page | 10)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

c.    ***Objection Procedures***.    Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract must file and serve a written objection[4] so that such objection is filed with the Court and ***actually received*** by the Objection Service Parties no later than ten days after the date the Debtors file and serve the relevant Assumption Notice (the "Assumption Objection Deadline").

d.    ***No Objection***.    If no objection to the assumption or assumption and assignment of any Contract is timely filed the Debtors shall file an Assumption Order under a certificate of no objection.  The assumption of each Contract shall be assumed or assumed and assigned as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the Assumption Counterparties agree and the proposed cure amount shall be binding on all counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes; *provided* that the Assumption Date for a lease of nonresidential real property shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice.

e.    ***Unresolved Timely Objections***.    If an objection to the assumption or assumption and assignment of any Contract(s) listed in the applicable Assumption Notice is timely filed and properly served as specified above and not withdrawn or consensually resolved, the Debtors shall file a notice for a hearing to be held on not less than ten days' notice to the applicable Assumption Counterparty and Objection Service Parties to consider the objection for the Contract(s) to which such objection relates.  The Debtors may adjourn the hearing to a later date from time to time upon filing an amended notice of hearing.  Such Contract will only be deemed assumed or assumed and assigned upon entry by the Court of a consensual form of Assumption Order resolving the objection as between the objecting party and the Debtors or, if resolution is not reached and/or the objection is not withdrawn, upon further order of the Court and shall be assumed or assumed and assigned as of the applicable Assumption Date set forth in the

---

unaudited financial statements, tax returns, bank account statements, or annual reports; (iv) financial projections, calculations, and/or financial pro-formas prepared in contemplation of purchasing the applicable Contracts; (v) the proposed assignee's intended use of the leased premises and a description of the proposed business to be conducted at the premises; (vi) the proposed assignee's experience in retail and in operating in a shopping center, if applicable; (vii) a contact person for the proposed assignee; and/or (viii) any other documentation that the Debtors may further request.

[4]    An objection to the assumption of any particular Contract listed on the Assumption Notice shall not constitute an objection to the assumption of any other Contract listed on such Assumption Notice.

(Page | 11)
Debtors:              RITE AID CORPORATION, *et al*.
Case No.              23-18993 (MBK)
Caption of Order:     Order (I) Authorizing and Approving Procedures to Reject or Assume
                      Executory Contracts and Unexpired Leases and (II) Granting Related Relief

Assumption Notice or such other date to which the Debtors and the applicable Assumption Counterparty agree, or as ordered by the Court.

    f.    ***Modifications of Assumption Notice***.  The Debtors reserve the right to remove any Contract from an Assumption Notice at any time prior to the entry of the Assumption Order (including, without limitation, upon the failure of any proposed assumption and assignment to close).

4.    The Debtors' right to assert that any provisions in a Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of the Contract to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

5.    Notwithstanding the foregoing, the Debtors' abandonment of their interests in any equipment or other Personal Property belonging to PepsiCo, Inc. its affiliates, or affiliated bottlers (collectively, the "Pepsi Entities") shall not sever or otherwise impact any ownership interest of the Pepsi Entities in any equipment or Personal Property being abandoned.

6.    Notwithstanding anything to the contrary in this Order, the Debtors are not authorized to, and shall not, sell or abandon the modems, ACA equipment (an electronic device used in the provision of voice over internet phone services), and any other equipment provided to the Debtors by Comcast Cable Communications Management, LLC and its affiliates or authorized contractors (collectively, "Comcast") but excluding any inside wiring located in the Debtors' leased premises and headquarters (the "Comcast Equipment").  Further, both Comcast and the Debtors are authorized to continue the existing Comcast Equipment return process in the ordinary course, *provided* that in the event the Debtors seek to terminate Comcast services at a location, the Debtors or their agent will notify Comcast by email to MES_CARE@comcast.com and roglenl@ballardspahr.com with a copy to proposed counsel to the Debtors.

(Page | 12)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

7.      Nothing in this Order shall affect or otherwise limit or relieve the Debtors from their obligations with respect to (a) that certain Western Union North America Agency Agreement (the "Agency Agreement") between certain of the Debtor parties and Western Union Financial Services, Inc. ("Western Union"), and (b) Western Union's property described under the Agency Agreement, including, but to not limited to, the Equipment (as defined in the Agency Agreement); *provided* that the Debtors shall dispose of or return Western Union's property and Equipment in a manner as is mutually agreed to between the Debtors and Western Union in writing, with email being sufficient.  Western Union's right to assert an administrative expense claim to the extent the Debtors sell, abandon, or otherwise misplace Western Union's property being held or controlled by the Debtors pursuant to the Agency Agreement, including the Equipment, or Western Union is otherwise damaged by the Debtors' breach of its obligations to return or destroy Equipment in accordance with the Agency Agreement, is preserved and reserved.  Furthermore, nothing in this Order shall alter the parties' rights and obligations under the Agency Agreement and the Bankruptcy Code.

8.      Approval of the Contract Procedures and this Order will not prevent the Debtors from seeking to reject, assume, or assume and assign a Contract by separate motion or pursuant to a chapter 11 plan; *provided* that the Debtors shall provide at least five days' advance notice to the advisors to the Ad Hoc Secured Noteholder Group and counsel to the DIP Agents prior to filing any motion or plan supplement seeking to reject, assume, or assume and assign a Contract to the extent practicable.

9.      All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract

(Page | 13)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is expired or terminated and is no longer an executory contract or unexpired lease, respectively.

10.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Order or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief authorized in this Order are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

11.     Notwithstanding anything to the contrary in the Motion or this Order, any payment made by the Debtors pursuant to the authority granted in this Order must be in compliance with and any authorization of the Debtors contained herein is subject to: (a) any interim or final orders

| (Page \| 14) | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and/or authorizing the use of cash collateral; (b) the documentation in respect of any such debtor-in-possession financing or use of cash collateral; and (c) any budget or cash flow forecasts in connection therewith (in each case, the "DIP Order").

12.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13.     The requirement set forth in Local Rule 9013 1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

14.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

16.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit 1

### Proposed Rejection Notice

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| RITE AID CORPORATION, *et al.*, | Case No. 23-18993 (MBK) |
| Debtors.[1] | (Jointly Administered) |

### NOTICE OF REJECTION OF
### CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

---

**PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 1 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

**PLEASE TAKE NOTICE** that on [＿＿＿＿＿＿＿], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors") (i) authorizing and approving procedures to reject, assume, or assume and assign executory contracts and unexpired leases and (ii) granting related relief [Docket No. ＿＿＿] (the "Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 1** attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth on **Schedule 1** or such other date to which the Debtors and the counterparty or counterparties to any such Contract agree.  For unexpired leases, the rejection effective date shall be the later of (a) the proposed effective date set forth on the Rejection Notice; and (b) the date the Debtors relinquish control of the premises by (1) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and turning over keys, key codes, and security codes, if any, to the affected landlord or (2) notifying the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but that the landlord may rekey the leased premises.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is ***actually received*** by the following parties no later than ten days after the date that the Debtors filed and served this Notice: (a) the Debtors, Rite Aid Corporation, 1200 Intrepid Avenue, 2nd Floor, Philadelphia,

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2

Pennsylvania 19112; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Joshua A. Sussberg, P.C., Aparna Yenamandra, P.C., Ross J. Fiedler, and Zachary R. Manning; (c) proposed co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street; Hackensack, New Jersey 07601, Attn:  Michael D. Sirota, Felice R. Yudkin, and Seth Van Aalten; (d) the applicable Rejection Counterparty; (e) counsel to the Ad Hoc Secured Noteholder Group, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 1001 Attn.:  Andrew N. Rosenberg (arosenberg@paulweiss.com), Brian S. Hermann (bhermann@paulweiss.com) and Christopher Hopkins (chopkins@paulweiss.com); (f) counsel to the Ad Hoc Secured Noteholder Group, Fox Rothschild LLP, 49 Market Street, Morristown, New Jersey, 07960, Attn:  Howard A. Cohen (hcohen@foxrothschild.com);  Joseph  J.  DiPasquale  (jdipasquale@foxrothschild.com)  and Michael R. Herz (mherz@foxrothschild.com); (g) counsel to the DIP Agents, Choate, Hall & Stewart  LLP,  Two  International  Place,  Boston,  MA  02110,  Attn:    John  F.  Ventola (jventola@choate.com);  Jonathan  D.  Marshall  (jmarshall@choate.com);  and  Mark  D.  Silva (msilva@choate.com) and Greenberg Traurig, LLP, 500 Campus Drive, Suite 400, Florham Park, New  Jersey  07932,  Attn:    Alan  J.  Brody  (brodya@gtlaw.com)  and  Oscar  N.  Pinkas (pinkaso@gtlaw.com) (h) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, suite 2100, Newark, New Jersey 07102, Attn: Jeffrey      M.      Sponder      (jeffrey.m.sponder@usdoj.gov)      and      Lauren      Bielskie (lauren.bielskie@usdoj.gov); and (i) counsel to the Official Committee of Unsecured Creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036,   Attn:     Adam   Rogoff   (ARogoff@kramerlevin.com)   and   Nancy   Bello (nbello@kramerlevin.com) and Kelley Drye & Warren LLP, One Jefferson Road, 2nd Floor,

3

Parsippany, NJ 07054, Attn:   Robert LeHane (rlehane@kelleydrye.com) and Connie Choe

(cchoe@kelleydrye.com); (j) proposed counsel to the Official Committee of Tort Claimants, Akin

Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn:  Arik

Preis  (apreis@akingump.com),  Mitchell  P.  Hurley  (mhurley@akingump.com),  Kate  Doorley

(kdoorley@akingump.com),  Theodore  James  Salwen  (jsalwen@akingump.com),  and  Brooks

Barker (bbarker@akingump.com); and (k) Sherman, Silverstein, Kohl, Rose & Podolsky, P.A.,

457  Haddonfield  Rd.  #300,  Cherry  Hill,  NJ  08002,  Attn;    Arthur  J.  Abramowitz

(aabramowitz@shermansilverstein.com) and Ross Switkes (rswitkes@shermansilverstein.com).

PLEASE TAKE FURTHER NOTICE that, absent an objection being timely filed, the

Debtors shall file a Rejection Order under a certificate of no objection.  The rejection of each

Contract listed in this Rejection Notice shall become effective on the applicable Rejection Date

set forth on **Schedule 1**  or such other date to which the Debtors and the counterparty or

counterparties to such Contract agree.[3]

PLEASE TAKE FURTHER NOTICE that, if an objection to the rejection of any

Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing

to consider the objection for the Contract or Contracts to which such objection relates.  If such

objection is overruled or withdrawn, such Contract will only be deemed rejected upon entry by the

Court of a consensual form of Rejection Order resolving the objection as between the objecting

party and the Debtors or, if resolution is not reached and/or the objection is not withdrawn, upon

further order of the Court and shall be rejected as of the applicable Rejection Date set forth in the

---

[3]    An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an
objection to the rejection of any other contract or lease listed in this Rejection Notice.  Any objection to the
rejection of any particular Contract listed in this Rejection must state with specificity the Contract to which it is
directed.  For each particular Contract whose rejection is not timely or properly objected to, such rejection will
be effective in accordance with this Rejection Notice and the Order.

Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty agree, or as ordered by the Court.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contracts otherwise agree.

PLEASE TAKE FURTHER NOTICE that, absent timely objection, any personal property of the Debtors that is listed and described on **Schedule 1** shall be deemed abandoned as of the Rejection Date.  With respect to unexpired leases, on the Rejection Date landlords may, in their sole discretion and without further notice or order of the Court, utilize and/or dispose of such property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay will be modified to allow such disposition.

PLEASE TAKE FURTHER NOTICE that, to the extent you wish to assert a claim with respect to rejection of your Contract or Contracts, you must do so on or before the later of (a) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and, (b) thirty days after the later of (A) the date of entry of the Rejection Order approving rejection of the applicable Contract, and (b) the Rejection Date.  IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY

DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH

CLAIM.

Dated: [_____], 2023

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:    msirota@coleschotz.com
        wusatine@coleschotz.com
        fyudkin@coleschotz.com
        svanaalten@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    esassower@kirkland.com
        joshua.sussberg@kirkland.com
        aparna.yenamandra@kirkland.com
        ross.fiedler@kirkland.com
        zach.manning@kirkland.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

## Schedule 1

### Rejected Contracts[1]

| Rejection Counterparty | Debtor Party | Store Number | Store Address | Description of Contract[2] | Abandoned Property | Rejection Date |
|---|---|---|---|---|---|---|
| | | | | | | |

---

[1] For the avoidance of doubt, the Contracts referenced herein include any ancillary documents, including guaranties or assignments thereof, and any amendments, modifications, subleases, or termination agreements related thereto.

[2] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

## <u>Exhibit 1</u>

**Proposed Rejection Order**

Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re:<br><br>RITE AID CORPORATION, *et al.*,<br><br>    Debtors. [1] | Chapter 11<br><br>Case No. 23-18993 (MBK)<br><br>(Jointly Administered) |

### [NUMBER] ORDER APPROVING THE REJECTION
### OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED
### LEASES AND THE ABANDONMENT OF CERTAIN PERSONAL PROPERTY, IF ANY

The relief set forth on the following pages, numbered three (3) through five (5), is

**ORDERED.**

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | [Number] Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

Upon the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* (the "Procedures Order")[1] [Docket No.___] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having jurisdiction over this matter and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served a Rejection Notice on each applicable party as set forth in the Rejection Schedule, attached hereto as **Exhibit 1**, in accordance with the terms of the Procedures Order; and no timely objections having been filed to the Rejection of such Contracts; and due and proper notice of the Procedures Order and the Rejection Notice having been provided to each applicable Rejection Counterparty as set forth in the Rejection Schedule and it appearing that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1.      The Contracts listed on the Rejection Schedule attached hereto as **Exhibit 1** are rejected under section 365 of the Bankruptcy Code effective as of the later of the Rejection Date listed on **Exhibit 1** or such other date as the Debtors and the applicable Rejection Counterparty agrees; *provided*, that the Rejection Date for a rejection of a lease of nonresidential real property shall not occur until the later of (i) the Rejection Date set forth on **Exhibit 1** and (ii) the date the

---

[1]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Procedures Order.

(Page | 4)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | [Number] Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

Debtors relinquish control of the premises by (A) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises.

2.      The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract; *provided*, *however*, that (i) nothing shall modify any requirement under applicable law with respect to the removal of any hazardous materials as defined under the applicable law from any of the Debtors' leased premises, (ii) to the extent the Debtors seek to abandon personal property that contains "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code (the "PII"), the Debtors shall remove the PII from such personal property before abandonment, and (iii) the Debtors shall not abandon any medications or medicines. The property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. For the avoidance of doubt, and absent any sustained objection as it relates to property at a particular premises, any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

(Page | 5)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | [Number] Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

3.      Notwithstanding the foregoing, the Debtors' abandonment of their interests in any equipment or other Personal Property belonging to PepsiCo, Inc. its affiliates, or affiliated bottlers (collectively, the "Pepsi Entities") shall not sever or otherwise impact any ownership interest of the Pepsi Entities in any equipment or Personal Property being abandoned.

4.      Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) thirty days after the later of (A) the date of entry of this Order approving rejection of the applicable Contract, and (b) the Rejection Date.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order and the rejection without further order from this Court.

6.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit 1

**Rejection Schedule**

**<u>Exhibit 2</u>**

**Proposed Assumption Notice**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| RITE AID CORPORATION, *et al.*, | Case No. 23-18993 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF ASSUMPTION OF**
**CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

**PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 1 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

**PLEASE TAKE NOTICE** that on [_____], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors") (i) authorizing and approving procedures to reject, assume, or assume and assign executory contracts and unexpired leases and (ii) granting related relief [Docket No. _____] (the "Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Assumption Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 1** attached hereto is hereby assumed or assumed and assigned, as applicable, effective as of the date (the "Assumption Date") set forth on **Schedule 1**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

**PLEASE TAKE FURTHER NOTICE** that the Debtor or Assignee, as applicable, has the financial wherewithal to meet all future obligations under the Contract, thereby demonstrating that the Debtor or Assignee, as applicable, has the ability to comply with the requirements of adequate assurance of future performance.  Evidence of such adequate assurance of future performance is included with this Assumption Notice.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed assumption or assumption and assignment of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is ***actually received*** by the following parties no later than ten days after the date that the Debtors filed and served this Notice:  (a) the Debtors, Rite Aid Corporation, 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112; (b) proposed counsel to the Debtors, Kirkland &

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C.,

Aparna Yenamandra, P.C., Ross J. Fiedler, and Zachary R. Manning; (c) proposed co-counsel to

the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street; Hackensack, New Jersey 07601,

Attn: Michael D. Sirota, Felice R. Yudkin, and Seth Van Aalten; (d) the applicable Assumption

Counterparty; (e) counsel to the Ad Hoc Secured Noteholder Group, Paul, Weiss, Rifkind,

Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 1001 Attn.:

Andrew    N.    Rosenberg    (arosenberg@paulweiss.com),    Brian    S.    Hermann

(bhermann@paulweiss.com) and Christopher Hopkins (chopkins@paulweiss.com); (f) counsel to

the Ad Hoc Secured Noteholder Group, Fox Rothschild LLP, 49 Market Street, Morristown, New

Jersey, 07960, Attn: Howard A. Cohen (hcohen@foxrothschild.com); Joseph J. DiPasquale

(jdipasquale@foxrothschild.com) and Michael R. Herz (mherz@foxrothschild.com); (g) counsel

to the DIP Agents, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110,

Attn: John F. Ventola (jventola@choate.com); Jonathan D. Marshall (jmarshall@choate.com);

and Mark D. Silva (msilva@choate.com) and Greenberg Traurig, LLP, 500 Campus Drive, Suite

400, Florham Park, New Jersey 07932, Attn: Alan J. Brody (brodya@gtlaw.com) and Oscar N.

Pinkas (pinkaso@gtlaw.com) (h) the Office of the United States Trustee for the District of New

Jersey, One Newark Center, 1085 Raymond Boulevard, suite 2100, Newark, New Jersey 07102,

Attn:     Jeffrey    M.    Sponder    (jeffrey.m.sponder@usdoj.gov)    and    Lauren    Bielskie

(lauren.bielskie@usdoj.gov); (i) counsel to the Official Committee of Unsecured Creditors,

Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York

10036, Attn:     Adam    Rogoff    (ARogoff@kramerlevin.com)    and    Nancy    Bello

(nbello@kramerlevin.com) and Kelley Drye & Warren LLP, One Jefferson Road, 2nd Floor,

Parsippany, NJ 07054, Attn: Robert LeHane (rlehane@kelleydrye.com) and Connie Choe

(cchoe@kelleydrye.com); (j) proposed counsel to the Official Committee of Tort Claimants, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn:  Arik Preis (apreis@akingump.com), Mitchell P. Hurley (mhurley@akingump.com), Kate Doorley (kdoorley@akingump.com), Theodore James Salwen (jsalwen@akingump.com), and Brooks Barker (bbarker@akingump.com); and (k) Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., 457 Haddonfield Rd. #300, Cherry Hill, NJ 08002, Attn;    Arthur J. Abramowitz (aabramowitz@shermansilverstein.com) and Ross Switkes (rswitkes@shermansilverstein.com).

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed the Debtors shall file an Assumption Order under a certificate of no objection.  The assumption of each Contract shall be assumed or assumed and assigned as of the Assumption Date set forth on **Schedule 1** or such other date as the Debtors and the Assumption Counterparties agree and the proposed cure amount shall be binding on all counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes.[3]

**PLEASE TAKE FURTHER NOTICE** that, the proposed cure amount under the Contract is set forth on **Schedule 1**.  If a written objection to the proposed cure amount is not timely filed, then the cure amount shall be binding on all parties and no amount in excess thereof shall be paid for cure purposes.

**PLEASE TAKE FURTHER NOTICE** that if an objection to the assumption or assumption and assignment of any Contract is timely filed and not withdrawn or resolved, the

---

[3]    An objection to the assumption and/or assignment of any particular Contract or cure amount listed in this Assumption Notice shall not constitute an objection to the assumption and/or assignment of any other contract or lease listed in this Assumption Notice.  Any objection to the assumption and/or assignment of any particular Contract or cure amount listed in this Assumption Notice must state with specificity the Contract to which it is directed.  For each particular Contract whose assumption and/or assignment is not timely or properly objected to, such assumption and/or assignment will be effective in accordance with this Assumption Notice and the Procedures Order.

Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates.  Such Contract will only be deemed assumed or assumed and assigned upon entry by the Court of a consensual form of Assumption Order resolving the objection as between the objecting party and the Debtors or, if resolution is not reached and/or the objection is not withdrawn, upon further order of the Court and shall be assumed or assumed and assigned as of the applicable Assumption Date set forth in **Schedule 1** or such other date to which the Debtors and the applicable Assumption Counterparty agree, or as ordered by the Court.

Dated: [_____], 2023

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:     msirota@coleschotz.com
               wusatine@coleschotz.com
               fyudkin@coleschotz.com
               svanaalten@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        esassower@kirkland.com
                 joshua.sussberg@kirkland.com
                 aparna.yenamandra@kirkland.com
                 ross.fiedler@kirkland.com
                 zach.manning@kirkland.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

**Schedule 1**

**Assumed Contracts**

| Assumption Counterparty | Debtor Party | Store Number | Store Address | Description of Contract[1] | Cure Amount | Assumption Date | Assignee |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

## Exhibit 1

**Proposed Assumption Order**

Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| In re: | Chapter 11 |
| RITE AID CORPORATION, *et al.*, | Case No. 23-18993 (MBK) |
| Debtors.[1] | (Jointly Administered) |

## [NUMBER] ORDER APPROVING THE ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

The relief set forth on the following pages, numbered three (3) through five (5), is

**ORDERED.**

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

(Page |3)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | [Number] Order Approving the Assumption or Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases |

Upon the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* (the "Procedures Order")[1] [Docket No.____] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having jurisdiction over this matter and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served an Assumption Notice on each applicable party as set forth in the Assumption Schedule, attached hereto as **Exhibit 1**, in accordance with the terms of the Procedures Order; and no timely objections having been filed to the assumption or assumption and assignment of such Contracts; and due and proper notice of the Procedures Order and the Assumption Notice having been provided to each applicable Assumption Counterparty as set forth in the Assumption Schedule and it appearing that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1.      The Debtors are authorized to assume or assume and assign the Contracts listed on **Exhibit 1**.  The Contracts, as amended with the prior consent and written agreement of the applicable Assumption Counterparty if applicable, are hereby deemed to be assumed or assumed and assigned by the Debtors pursuant to section 365(a) of the Bankruptcy Code.

---

[1]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Procedures Order.

(Page |4)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | [Number] Order Approving the Assumption or Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases |

2.      Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of the Contracts listed on **Exhibit 1** shall:  (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds of such assignment in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guarantees of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s) (but only in connection with the assignment by the Debtor to the Assignee)); and (b) constitute a legal, valid, and effective transfer of such Contract(s) and vest the applicable Assignee with all rights, titles, and interests to the applicable Contract(s).  For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

3.      Subject to the other provisions of this Order, the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Assignee the applicable Contracts with any applicable Assignee being responsible only for the post-assignment liabilities or defaults under the applicable Contracts except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer any such Contract.

(Page |5)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | [Number] Order Approving the Assumption or Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases |

4.      The Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing, or relating to a period prior to the applicable Assumption Date except as otherwise agreed to between the Assignee and the Debtors.

5.      The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments as set forth in the Assumption Notice.

6.      The Debtors are authorized to execute and deliver all instruments and documents and take all additional actions necessary to effectuate the relief granted in this Order and the assumption without further order from this Court.

7.      For the avoidance of doubt, with respect to an unexpired lease of nonresidential real property, such lease assumption or assumption and assignment shall not be free and clear of, and instead shall be subject to: (a) amounts that are unbilled or not yet due as of the Assumption Date, regardless of when such amounts accrued, such as common area maintenance, insurance, taxes, and similar charges; (b) any regular or periodic adjustment or reconciliation of charges that are not due or have not been determined as of the Assumption Date; (c) any percentage rent that may come due; (d) indemnification obligations; (e) any unpaid cure amount, calculated in accordance with the terms of any applicable amendment or other agreement of the Parties; and (f) agreements that run with the land such as REAs and COREAs.

8.      The 14-day stay required of any assignment of any Contract pursuant to Bankruptcy Rule 6006(d) is hereby waived.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

.

## <u>Exhibit 1</u>

**Assumption Schedule**