Caption in Compliance with D.N.J. LBR 9004-1(b)

|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | **Order Filed on November 20, 2023**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In re: | Chapter 11 |
| RITE AID CORPORATION, *et al.*, | Case No. 23-18993 (MBK) |
| Debtors.[1] | (Jointly Administered) |

# ORDER (I) SETTING BAR DATES
## FOR SUBMITTING PROOFS OF CLAIM, INCLUDING
## REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9),
## (II) ESTABLISHING AN AMENDED SCHEDULES BAR DATE
## AND A REJECTION DAMAGES BAR DATE, (III) APPROVING THE
## FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM,
## (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through and including

twenty-five (25), is **ORDERED**.

**DATED: November 20, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

(Page | 3)

| Debtors: | RITE AID CORPORATION, *et al.* |
|---|---|
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

Upon the *Debtors' Motion for Entry of an Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* (the "Motion"), of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Bar Date Order") (a) setting Bar Dates for creditors to submit Proofs of Claim in these chapter 11 cases, (b) approving the procedures described herein for submitting Proofs of Claim in these chapter 11 cases and the forms of Proof of Claim attached hereto as **Exhibit 1-A**, **Exhibit 1-B**, and **Exhibit 1-C**, (c) approving the forms and manner of service of the notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 2** (the "Bar Date Notice"), including the publication version of the Bar Date Notice, substantially in the form attached hereto as **Exhibit 3**, and allowing for publication notice as described in the Motion, and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having

(Page | 4)

| Debtors: | RITE AID CORPORATION, *et al.* |
|---|---|
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

found that the relief requested in the Motion is in the best interests of the Debtors' estates; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

2.      Except as otherwise provided herein, all persons and entities including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, that assert a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose before the Petition Date (or in the case of individual tort claimants, for injuries that manifested prior to the Petition Date), including Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim"), shall submit a proof of such Claim in writing or electronically in accordance with the procedures herein so that it is ***actually received*** by Kroll Restructuring Administration LLC (the "Notice and Claims Agent") before **5:00 p.m. prevailing Eastern Time on January 12, 2024** (the "General Claims Bar Date"), in accordance with this Bar Date Order.

(Page | 5)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

3.      Notwithstanding any other provision of this Bar Date Order, Proofs of Claim submitted by governmental units must be submitted so as to be ***actually received*** by the Notice and Claims Agent before **5:00 p.m. prevailing Eastern Time on April 12, 2024** (the "Governmental Bar Date"); *provided* that (a) the Debtors reserve the right to seek to shorten by separate motion (to be filed and served on overnight notice) the time by which the following entities must file a Proof of Claim: (i) all municipalities and other local governmental subdivisions (collectively, the "Local Governments"), (ii) all Federally Recognized Native American Tribes (collectively, the "Tribes"), (iii) all fifty states of the United States of America and the District of Columbia (collectively, the "States") (iv) the United States Department of Justice on behalf of the United States of America (and any other agency or division of the federal government), and (v) any of the following territories of the United States of America: American Samoa, Guam, the Northern Mariana Islands, Puerto Rico, and the U.S. Virgin Islands (collectively, the "Territories"); and (b) each of the foregoing entities reserves their rights in full to oppose the Debtors' request for any such relief, including their rights to oppose the shortened notice.  The Debtors shall use commercially reasonable efforts to provide each of the foregoing entities with advance notice of any such motion to shorten prior to the filing of such motion.

4.      Any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease must submit a Proof of Claim based on such rejection on or before the later of (a) the applicable Bar Date and (b) thirty (30) calendar days from (i) the date of entry of the applicable rejection order, and (ii) the effective date of rejection, unless otherwise ordered

| (Page | 6) | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

by the Court (the "Rejection Damages Bar Date"); The Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject such executory contract or unexpired lease. For the avoidance of doubt, counterparties to unexpired leases of nonresidential real property shall not be required to file a Proof of Claim Form on account of prepetition claims against any of the Debtors unless and until the applicable lease is rejected by the Debtors.

5.      In the event the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall submit their Claims by the later of (a) the applicable Bar Date and (b) **5:00 p.m. prevailing Eastern Time on the date that is thirty calendar days** after such person or entity is served with notice that the Debtors have amended their Schedules in a manner that affects such person or entity (any such date, an "Amended Schedules Bar Date").

6.      In accordance with Bankruptcy Rule 3003(c)(2) any holder of a Claim that is not excepted from the requirements of the Bar Date Order and fails to timely submit a Proof of Claim in the appropriate form shall be forever barred, estopped, and enjoined from (a) voting on any chapter 11 plan filed in these chapter 11 cases on account of such Claim, (b) participating in any distribution in these chapter 11 cases on account of such Claim, and (c) receiving further notices regarding such Claim, unless otherwise ordered by the Court.

7.      The following procedures for the submission of Proofs of Claim asserting Claims against the Debtors in these chapter 11 cases shall apply:

(Page | 7)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

a.  Each Proof of Claim must:  (i) be written in English; (ii) be denominated in United States dollars; (iii) conform substantially with a Proof of Claim Form provided by the Debtors or the Official Form 410; and (iv) be signed or electronically transmitted through the interface available on Kroll's website at https://restructuring.ra.kroll.com/RiteAid by the claimant or by an authorized agent or legal representative of the claimant; *provided* that, in the case of Proofs of Claim submitted on behalf of minors, including minors diagnosed with Neonatal Abstinence Syndrome, such Proofs of Claim may be signed by parents, foster parents, and legal guardians;

b.  In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also:  (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach documentation of the date on which the goods were delivered to and received by the Debtors; (iii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iv) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (v) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition Claims;

c.  Claimants submitting a Proof of Claim through non-electronic means who wish to receive a proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope;

d.  Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by selecting the applicable Debtor at the top of a proposed Proof of Claim Form.  A Proof of Claim submitted under Case No. 23-18993 (MBK) or that does not identify a Debtor will be deemed as submitted only against Rite Aid Corporation.  A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 23-18993 (MBK) will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists; *provided* that all Proofs of Claim asserted on Personal Injury Tort Claimant Proof of Claim Forms or Non-Personal Injury Tort Claimant Proof of Claim Forms will be docketed against the lead case *In re Rite Aid Corporation*, et al., No. 23-18993 (MBK), without the need for further designation by a holder, and shall be deemed filed against each of the Debtors that are defendants in the applicable prepetition

(Page | 8)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

tort litigation.  For the avoidance of doubt, holders asserting Claims on Personal Injury Tort Claimant Proof of Claim Forms or Non-Personal Injury Tort Claimant Proof of Claim Forms are <u>not</u> required to (i) specify by name and case number the Debtor against which such Proof(s) of Claim is filed and (ii) file separate Proofs of Claim against each Debtor with respect to which any such holder may have a Claim.  The failure to select the correct Debtor on the Proof of Claim Form shall not be a basis to object to the allowability of the Claim; *provided* that the asserted Claim otherwise complies with the terms of this Bar Date Order;

e.  Each Proof of Claim must state a Claim against only one Debtor and clearly indicate the Debtor against which the Claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such Claim may be treated as if filed only against Rite Aid Corporation; *provided* that all Proofs of Claim asserted on Personal Injury Tort Claimant Proof of Claim Forms or Non-Personal Injury Tort Claimant Proof of Claim Forms will be docketed against the lead case *In re Rite Aid Corporation*, et al., No. 23-18993 (MBK), without the need for further designation by a holder, and shall be deemed filed against each of the Debtors that are defendants in the applicable prepetition tort litigation.  For the avoidance of doubt, holders asserting Claims on Personal Injury Tort Claimant Proof of Claim Forms or Non-Personal Injury Tort Claimant Proof of Claim Forms are <u>not</u> required to (i) specify by name and case number the Debtor against which such Proof(s) of Claim is filed and (ii) file separate Proofs of Claim against each Debtor with respect to which any such holder may have a Claim;

f.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; provided that (i) the Proof of Claim contains current contact information for the creditor or its designated representative from whom the Debtors may request the full supporting documentation and (ii) such party must produce the supporting documentation to the Debtors' counsel upon request no later than ten (10) business days from the date of such request. Failure to provide such supporting documentation within ten (10) business days may result in an objection to such Claim; *provided that* for the avoidance of doubt, this subparagraph (f)(ii) shall not apply to holders asserting Claims

(Page | 9)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

on Personal Injury Tort Claimant Proof of Claim Forms or Non-Personal Injury Tort Claimant Proof of Claim Forms;  and

g. The following categories of individuals or entities may, but are not required to, file one or more consolidated Proofs of Claim on behalf of multiple claimants as set forth below (each, a "Consolidated Claim"):

  i. any member of an ad hoc committee or ad hoc group that has filed verified statements pursuant to Bankruptcy Rule 2019 in these cases as of the date of this Order on behalf of each and every member of the applicable ad hoc committee or ad hoc group, or any subgroup thereof, that elects to be included in the applicable Consolidated Claim, which Consolidated Claim may be filed by lead counsel for such ad hoc committee or ad hoc group and docketed against the lead case, *In re Rite Aid Corporation, et al.*, No. 23-18993 (MBK), without the need for further designation by such ad hoc committee or group or such counsel, *provided* that such Consolidated Claim has attached either (1) individual Proof of Claim Forms for each member of the applicable group or committee, or (2) a spreadsheet or other form of documentation that lists each member and provides individualized information that substantially conforms to information requested in the applicable Proof of Claim Form;

  ii. notwithstanding the foregoing, including any individual, or any entity, including, for the avoidance of doubt, any attorney or law firm, representing multiple tort claimants, which provides authorization from those tort claimants to be included on a Consolidated Claim (each such authorizing individual or entity holding a tort claim, a "Consenting Claimant")—which authorization shall be (a) in the form of an affidavit from the individual (including any attorney or law firm) representing multiple tort claimants stating that such individual represents the Consenting Claimants and has authorization to file the Consolidated Claim, or (b) some other form reasonably acceptable to the Debtors and the Official Committee of Tort Claimants (the "TCC")—may file, amend, and/or supplement a Consolidated Claim on behalf of such Consenting Claimants and docket such Consolidated Claim against the lead case *In re Rite Aid Corporation, et al.*, No. 23-18993 (MBK), without the need for further designation by such ad hoc committee or group or such counsel, *provided* that such Consolidated Claim has attached either (1) individual Proof of Claim Forms for each member, or (2) a spreadsheet or other form of documentation that lists each member and provides individualized

| | |
|---|---|
| (Page \| 10) | |
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

information that substantially conforms to information requested in the applicable Proof of Claim Form;

iii. any health plan, health plan administrator, or other third party payor of relevant claims (each a "TPP"), on account of any or all plan sponsors, employer groups, or fully insured or self-funded programs administered by such TPP; provided that such Consolidated Claim must be publicly filed and accompanied by a spreadsheet or other form of documentation reasonably acceptable to the Debtors that includes a unique identifier for each self-funded program administered by such TPP.  Contemporaneously with such public submission, the TPP shall send an email to RiteAidConsolidatedClaims@ra.kroll.com requesting credentials in order to upload information relating to such Consolidated Claim to a secured website.   As soon as reasonably practicable after receipt of such credentials, the TPP shall upload to the website identified by the Claims and Noticing Agent a spreadsheet listing the name of each such self-funded program administered by such TPP included in the Consolidated Claim along with the unique identifier that was submitted on the publicly submitted claim, which spreadsheet shall be treated as highly confidential in accordance with the Confidentiality Protocol (as defined below).   Such TPP may, but need not, include any of its other Claims, including but not limited to fully insured, at risk, and direct Claims, in the same Proof of Claim Form.  To the extent that a TPP employs a good faith method to determine its Claim(s) amount for the purposes of filing a Proof of Claim but the Debtors at a later date require the TPP to employ a different calculation methodology for purposes of an intra-TPP allocation, the TPP retains the right to modify its calculation, without prejudice to its claim, in accordance with the Debtors' required methodology and the Debtors reserve all rights with respect thereto.  Further, and in addition to the above, each TPP may include in its Consolidated Claim provision for additional, to-be-named later sponsors, employer groups, or fully insured or self-funded programs administered by such TPP, for administrative convenience and then supplement such Consolidated Claims with the actual names at a later date (it being understood and agreed that all parties reserve the right to object to such later-added names and that such TPP shall have the burden, if necessary, and to the extent the claims are not otherwise addressed by way of assertion against a trust and not against the debtors' estates, of establishing that adding such later-added names after the Bar Date meets the requirements of the Bankruptcy Code). Further, a TPP Consolidated Claim will be deemed asserted against all Debtors that

(Page | 11)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

were a defendant in any applicable tort litigation prepetition so that TPPs need not file a separate Proof of Claim for each debtor;

iv. in the case of States, Territories, Local Governments and Tribes, nothing shall preclude counsel from filing a Consolidated Claim on behalf of all, or any subset of, States, Territories, Local Governments and/or Tribes; *provided* that the Consolidated Claim has attached either (i) individual proofs of claim for each governmental entity, or (ii) a summary describing the collective claims/theories and any claims/theories specific to an individual state, federal district, municipality or territory, and the amount of the claim (which may include unliquidated claim amounts), and such counsel is hereby authorized to file a Consolidated Claim;

v. notwithstanding anything to the contrary in this Bar Date Order, any provision of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any order of this Court, any Proof of Claim Form or any Bar Date Notice, (a) ACE American Insurance Company, on its own behalf and on behalf of all of its U.S.-based affiliates and successors (collectively, the "ACE Companies") may file a single consolidated Proof of Claim based on the insurance policies issued by any of the ACE Companies to (or providing coverage to) the Debtors (or their predecessors) and any agreements related thereto (the "ACE Proof of Claim") in the chapter 11 case of Rite Aid Corporation, Case No. 23-18993 (the "Lead Case"), which shall be deemed filed by each of the ACE Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors; (b) Federal Insurance Company, on its own behalf and on behalf of all of its U.S.-based affiliates and successors (collectively, the "Chubb Companies") may file a single consolidated Proof of Claim based on the insurance policies issued by any of the Chubb Companies to (or providing coverage to) the Debtors (or their predecessors) and any agreements related thereto (the "Chubb Proof of Claim," and collectively with the ACE Proof of Claim, the "Consolidated Claims") in the Lead Case, which shall be deemed filed by each of the Chubb Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors; and (c) as the documents supporting the Consolidated Claims are voluminous and contain confidential information, the documents supporting the Consolidated Claims are not required to be filed with, and will not be filed with, the Consolidated Claims, and a summary of the documents supporting the Consolidated Claims will be filed with the Consolidated Claims instead. Nothing contained in this paragraph shall be construed as

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

a waiver or modification of any rights, claims or defenses, including, without limitation, the right of the ACE Companies or the Chubb Companies to (a) assert joint and several liability against some or all of the Debtors, (b) modify the Debtor(s) against which the Consolidated Claims are asserted, or (c) amend the amount or nature of the Consolidated Claims; *provided, however*, that the Consolidated Claims shall not be disallowed, reduced or expunged solely on the basis that the Consolidated Claims are filed (i) only in the Lead Case and only against Rite Aid Corporation (instead of in the bankruptcy cases of each or any of the other Debtors), and/or (ii) only by either ACE American Insurance Company or Federal Insurance Company (instead of by each of the ACE Companies or each of the Chubb Companies, respectively);

vi. solely as an accommodation to the Pension Benefit Guaranty Corporation ("PBGC"), each proof of claim or proofs of claim filed by PBGC on its own behalf or on behalf of The Rite Aid Pension Plan (the "Pension Plan") under the joint administration case number for these Chapter 11 cases (Case No. 23-18993(MBK)) shall, at the time of its filing, be deemed to constitute the filing of such proof of claim or proofs of claim in all of the cases jointly administered under In re: Rite Aid Corporation, et al., Case No. 23-18993 (MBK) (the "Lead Case"). Consequently, each claim PBGC files under Case No. 23-18993(MBK) shall be deemed a separate claim asserted against each of the 120 Debtors except as otherwise noted; provided that any PBGC claim shall set forth in reasonable detail the basis and amount of the claims asserted against each Debtor, as required by the Bankruptcy Code, the Bankruptcy Rules, and any applicable order of the Court. Further, any amendments that PBGC may make with respect to any timely-filed proof of claim or proofs of claim filed by PBGC on its own behalf or on behalf of the Pension Plan in the jointly administered Chapter 11 case, Case No. 23-18993 (MBK), shall be deemed to constitute the filing of an amended proof of claim or proofs of claim in all of the cases jointly administered under the Lead Case. This accommodation is intended solely for administrative convenience and shall not affect the substantive rights of the Debtors, PBGC, or any other party in interest with respect to the number, allowance, amount, or priority of the PBGC's claims or with respect to any objection, defense, offset, counterclaim, acceptance or rejection related to PBGC's claims. Notwithstanding the foregoing, nothing herein shall affect PBGC's

(Page | 13)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

obligation with any PBGC claim documents evidencing the basis and amounts of claims asserted against each Debtor;

vii. solely as an accommodation for holders of Notes Claims (as defined below), each of the Indenture Trustees (as defined below) shall be authorized, but not required, to file single consolidated master Proofs of Claim (each, a "Master Notes Proof of Claim"), each of which shall be deemed a valid Proof of Claim against each Debtor described therein without the need for the Indenture Trustee(s) to file Proofs of Claim in the separate Bankruptcy cases of each such Debtor, for payment of principal, interest, and/or other applicable amounts, fees and charges arising from the ownership or holdings of, as applicable: (i) the Rite Aid Corporation 7.500% Senior Secured Notes due 2025 (the "2025 Notes") issued under the Indenture dated as of February 5, 2020, by and among Rite Aid Corporation, as issuer, the subsidiary guarantors thereto, and The Bank of New York Mellon Trust Company, N.A. as Trustee and Notes Collateral Agent (the "2025 Notes Trustee"); (ii) the Rite Aid Corporation 8.000% Senior Secured Notes due 2026 (the "2026 Notes") issued under the Indenture dated as of July 27, 2020, by and among Rite Aid Corporation, as issuer, the subsidiary guarantors thereto, and The Bank of New York Mellon Trust Company, N.A. as Trustee and Notes Collateral Agent (the "2026 Notes Trustee"); (iii) the Rite Aid Corporation 7.70% Senior Debentures due 2027 (the "2027 Notes") issued under the Indenture dated as of August 1, 1993, by and among Rite Aid Corporation, as issuer, and Computershare Trust Company, NA, as Successor Trustee (the "2027 Notes Trustee"); and (iv) the Rite Aid Corporation 6.875% Debentures due 2028 (the "2028 Notes") issued under the Indenture dated as of December 21, 1998, by and among Rite Aid Corporation, as issuer, and Computershare Trust Company, National Association as Successor Trustee (the "2028 Notes Trustee", and along with the 2025 Notes Trustee, the 2026 Notes Trustee, and the 2027 Notes Trustee, the "Indenture Trustees") (each, a "Notes Claim"); *provided,* that any Proof of Claim filed by an individual holder of any of the 2025 Notes, 2026 Notes, 2027 Notes, or 2028 Notes (each, a "Noteholder") will be treated as duplicative of the corresponding Master Notes Proof(s) of Claim, except to the extent filed on account of a Claim other than a Notes Claim, and *provided, further,* that individual Noteholders are required to file Proofs of Claim for any Claims that do not arise under the applicable indenture(s), unless another exception identified herein applies. This accommodation is intended solely for administrative convenience and shall not affect (A) the

(Page | 14)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

right of each Noteholder (or its successors in interest) to vote separately on any proposed plan in these chapter 11 cases,(B) any Noteholders' exemption from filing Proofs of Claim under any orders of the Court in these chapter 11 cases, or (C) any other rights of the Noteholders under any orders of the Court in these chapter 11 cases. Notwithstanding anything to the contrary herein, the Master Notes Proof(s) of Claim shall not be required to attach any instruments or other documents evidencing the obligations owing by each of the Debtors to the applicable Noteholders; and

viii. notwithstanding anything to the contrary in this Bar Date Order (including but not limited to paragraphs 7(d) and (e)) and related thereto exhibits, including the Proof of Claim Form and Bar Date Notice, Western Union Financial Services, Inc. and its affiliates (together, "Western Union") may submit one omnibus Proof of Claim Form against multiple Debtors (the "Western Union Claim") based on or related to the Western Union North America Agency Agreement (together with all documents, schedules, and parts related thereto (collectively, the "Western Union Agreement") entered into by and between Western Union and certain of the Debtors prior to the Petition Date. The Western Union Claim may be submitted under lead Case No. 23-18993 (MBK) and need not include a copy of the Western Union Agreement. Western Union should mark on the Western Union Claim all applicable Debtors (which may include all Debtor) against whom the Western Union Claim is being asserted. The Notice and Claims Agent shall then update the claims register maintained in the Debtors' chapter 11 cases to reflect each Debtor entity against whom the Western Union Claim was asserted. Western Union may utilize the same omnibus claim filing procedures with respect to the submission of any pre-petition claim, post-petition claim and, to the extent applicable, any contract rejection damage claim. For the avoidance of doubt, nothing herein shall prejudice or otherwise impact the parties' rights and obligations under the Western Union Agreement.

Notwithstanding anything to the contrary in this Order, the Motion, any provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any other order of this Court, any Proof of Claim Form or notice of the Bar Dates, the Consolidated Claim(s) shall have

(Page | 15)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

the same effect as if each member of the applicable ad hoc group or committee (or sponsor in the case of a TPP, or client in the case of any attorney or law firm) had individually filed its own Proof of Claim against each of the Debtors as applicable, (x) identified in such Consolidated Claim, or (y) that are defendants in prepetition litigation that relates to any of the underlying tort claims, whether opioid or otherwise.

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL, BY HAND, OR THROUGH THE NOTICE AND CLAIMS AGENT'S WEBSITE**

**PROOFS OF CLAIM
SUBMITTED BY FAX OR EMAIL WILL <u>NOT</u> BE
ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

8.      Persons or entities need *not* submit a Proof of Claim on behalf of a Claim in these chapter 11 cases on or prior to the applicable Bar Date if the Claim falls into one of the following categories:

  a.   any Claim that has already been asserted in a Proof of Claim against the Debtors with the Notice and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity wishes to assert a Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

  b.   any Claim that is listed on the (a) Proof of Claim Form or (b) schedules of assets and liabilities and statements of financial affairs (collectively, the "<u>Schedules</u>") filed by the Debtors, provided that (i) the Claim is *not* listed or scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Proof of Claim or Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Proof of Claim or the Schedules;

  c.   any Claim that has previously been allowed by order of this Court;

(Page | 16)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

d.   any Claim that has already been paid in full by any of the Debtors;

e.   any Claim for which a different deadline has previously been fixed by this Court;

f.   any Claim held by a Debtor against another Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of Rite Aid Corporation;

g.   any Person or Entity that holds an equity interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, warrants, options, or rights of purchase, or who sell or subscribe to such a security or interest; *provided* that any holder of an equity interest in the Debtors who wishes to assert a Claim (as opposed to an ownership interest) against the Debtors (including a Claim relating to such equity interest or the purchase or sale of such equity interest), must file a Proof of Claim on or before the applicable Bar Date;

h.   any Claim held by a current or former employee of the Debtors (and, with respect to benefit claims, any spouse or beneficiary thereof) and any labor unions representing such present or former employees if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit, including but not limited to workers' compensation claims and claims under the federal Worker Adjustment and Retraining Notification ("WARN") Act, Philadelphia WARN Act  NJ WARN Act, and MD WARN Act; *provided*, however, that any current or former employee and, where relevant, any labor unions representing such present and former employees in relation to grievances, arbitrations, or litigation, must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including other Claims for grievances, arbitrations, litigation, wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

i.   any Professional Compensation Claim;[1]

---

[1]   "*Professional Compensation Claims*" means, at any given moment, all Claims for accrued fees and expenses (including success fees) for services rendered by a Professional (as defined below) through and including the Effective Date, to the extent such fees and expenses have not been paid pursuant to any other order of the Court and regardless of whether a fee application has been filed for such fees and expenses.  To the extent the Court denies or reduces by a final order any amount of a Professional's fees or expenses, then the amount by which such fees or expenses are reduced or denied shall reduce the applicable Professional Compensation Claim.

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No.: | 23-18993 (MBK) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

j.   any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

k.   any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including the DIP Lenders, the Senior Secured Notes Trustees, and the Senior Secured Noteholders (as defined in the Plan);

l.   any counterparty to an executory contract or unexpired lease whose contract or lease is assumed or assumed and assigned by the Debtor, solely with respect to claims arising under such contract or lease;

m.   any entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any claim allowance under section 503(b)(9) of the Bankruptcy Code);

n.   any Claim held by any person or entity solely against a non-Debtor entity; *provided*, *however*, that to the extent any holder has a claim against any of the Debtors' non-Debtor subsidiaries which is guaranteed by a Debtor, such holder must file a Proof of Claim for such guarantee Claim; and

o.   any Notes Claims held by Noteholders (but not the Indenture Trustees).

9.   Nothing in this Bar Date Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules.

10.   The Bar Date Notice, substantially in the form attached to this Order as **Exhibit 2**, the Publication Notice, substantially in the form attached to this Order as **Exhibit 3**, the General

---

"*Professional*" means an entity: (a) retained in these chapter 11 cases pursuant to a Final Order in accordance with sections 327, 328, 363, or 1103 of the Bankruptcy Code and to be compensated for services rendered and expenses incurred before or on the confirmation date, pursuant to sections 327, 328, 329, 330, 363, or 331 of the Bankruptcy Code; or (b) awarded compensation and reimbursement by the Bankruptcy Court pursuant to section 503(b)(4) of the Bankruptcy Code.

(Page | 18)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

Proof of Claim Form, substantially in the forms attached to this Order as **Exhibit 1-A,** and the Personal Injury Tort Claimant Proof of Claim Form and Non-Personal Injury Tort Claimant Proof of Claim Form (collectively with the General Proof of Claim Form, the "Proof of Claim Forms"), substantially in the form attached to this Order as **Exhibit 1-B** and **Exhibit 1-C**, respectively, are hereby approved.

11.    The Debtors shall cause the Bar Date Notice and the Proof of Claim Forms, including, as applicable, personalized Proof of Claim Forms with the amount of any Claim listed on the Debtors' Schedules, including the identity of the Debtor, the amount of the claim, whether the claim has been scheduled as "contingent," "unliquidated," or "undisputed," and the priority of the Claim, to be served on or before December 4, 2023 by email and/or first-class mail, as applicable, in accordance with the Case Management Procedures on:

    a.  the Master Service List (as defined in the Case Management Procedures);

    b.  all known creditors and other known holders of potential Claims against the Debtors as of the date of entry of the Bar Date Order;

    c.  all entities that have filed Proofs of Claim in these chapter 11 cases as of the date of entry of the Bar Date Order;

    d.  all entities that have filed pleadings in these chapter 11 cases as of the date of entry of the Bar Date Order, whether or not such party has filed a notice of appearance;

    e.  all known non-Debtor equity and interest holders of the Debtors as of the date of entry of the Bar Date Order;[2]

---

[2] The Debtors will serve (or cause to be served) a Bar Date Notice without a Proof of Claim Form on all known holders of securities in the Debtors.

(Page | 19)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

    f.   all entities who are party to executory contracts and unexpired leases with the Debtors;

    g.   all entities who are party to litigation with the Debtors that are known as of the date of entry of this Order, and/or their counsel, including:

        i.   all known parties to litigation or administrative proceedings with the Debtors as of the date of entry of this Order (including, without limitation, all co-defendants in the Debtors' prepetition (1) opioid, (2) talc/mesothelioma, (3) valsartan, (4) acetaminophen and (5) any other litigation for whom identifying information and addresses are available to the Debtors, and their counsel; and

       ii.   all known parties to litigation that concluded after September 1, 2022 (for whom identifying information and addressed are available to the Debtors) and their counsel;

    h.   to the extent reasonably available to the Debtors, all known individuals or entities and their counsel (to the extent known by the Debtors and for whom identifying information and addresses are reasonably available to the Debtors) who have notified the Debtors within the last 10 years of potential litigation claims against one or more of the Debtors related to personal injury, product liability or similar claims but for which no such litigation has been commenced and which has not been settled;

    i.   in any class action litigation, any individuals known to the Debtors to be class participants, whether as named class representatives or otherwise;

    j.   all current and certain former employees (to the extent that contact information for former employees is available in the Debtors' records);

    k.   all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, and permitting authorities; and

    l.   all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

    12.   After the initial emailing and mailing of the Bar Date Notices and Proof of Claim Forms, the Debtors shall make supplemental mailings of notices, including in the

| (Page \| 20) | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

event that: (a) notices are returned by the post office with forwarding addresses;[3] (b) notices served by email are confirmed to be undeliverable and the Debtors have alternative contact information for the claimant; (c) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity or interest holders) decline to distribute notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (d) additional potential claimants or parties in interest become known to the Debtors. In this regard, the Debtors shall make supplemental mailings of the Bar Date Notices and Proof of Claim Forms in these and similar circumstances at any time up to seven (7) days in advance of the applicable Bar Date, and such claimants shall submit their Claims by the later of (a) the applicable Bar Date and (b) 5:00 p.m. prevailing Eastern Time on the bar date that is thirty (30) calendar days after such person or entity is re-served with the Bar Date Notice and Proof of Claim Forms; *provided* that, if the Debtors provide supplemental mailings in accordance with the foregoing on or before the date which falls thirty (30) days prior to the applicable Bar Date, claimants receiving such supplemental mailings must submit their Claims on or before the applicable Bar Date.

13. Pursuant to Bankruptcy Rules 2002(f) and 2002(*l*), the Debtors shall publish a form of the Bar Date Notice (modified as necessary), substantially in the form annexed as **Exhibit 3** to the Bar Date Order, on one occasion in *The New York Times* (National Edition), and any such other publication that the Debtors deem appropriate.

---

[3] To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtors are not required to mail additional notices to such creditors.

| (Page | 21) | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

14.     For the avoidance of doubt, in accordance with the *Interim Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' Fifty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact Certain Personally Identifiable Information of Natural Persons, (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders, and (III) Granting Related Relief* [Docket No. 148] and any final order related thereto, each of the Debtors and the Notice and Claims Agent are authorized and directed to redact certain personally identifiable information from the claims register for each Debtor unless the Court orders the information to be unredacted.

15.     All Proofs of Claim submitted by personal injury claimants on Personal Injury Tort Claimant Proof of Claim Forms, Non-Personal Injury Tort Claimant Proof of Claim Forms, General Proof of Claim Forms, or on a non-case specific proof of claim form submitted prior to the entry of this Bar Date order, and any supporting documentation submitted with such forms, shall be held and treated as ***highly confidential*** by, and shall only be made available to: (i) the Debtors, (ii) the Debtors' advisors, including their counsel and financial advisor; (iii) the Claims and Noticing Agent and other parties assisting the Debtors with claims administration; (iv) upon request, and on a professional eyes only basis to (1) the Official Committee of Unsecured Creditors and (2) the TCC; and (v) such other persons as the Court determines are required to have the information in order to evaluate any personal injury Claims (the parties listed in subclauses (i)-(v) collectively, the "Authorized Parties") subject to each Authorized Party

(Page | 22)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

agreeing to be bound by the Protective Order (as defined below) (or if the transmission of such highly confidential information to such Authorized Party is otherwise permitted under the Protective Order) and applicable data privacy laws, and shall not be made available to the public (collectively, the rules governing confidentiality, the "Confidentiality Protocol"). Notwithstanding the Confidentiality Protocol, pursuant to 11 U.S.C. § 107(c), all Proofs of Claim shall be made available to the U.S. Trustee, provided, however, that the Proofs of Claim (and any supporting documentation) described in this paragraph 15 are "information specifically protected by the court under this title" as set forth in 11 U.S.C. § 107(c)(3)(B).

16.     For the avoidance of doubt, only the Claim number, Claim amount, and the total number of personal injury Claims, including any subcategories thereof (such as Claims relating to opioids (including for the avoidance of doubt claims on behalf of minors with Neonatal Abstinence Syndrome), talc, valsartan and acetaminophen), will be made publicly available on the Case Website and included in the publicly available claims register.  Subject to the preceding paragraph, copies of Proofs of Claim submitted by personal injury claimants and supporting documentation shall be treated as Highly Confidential/Professional Eyes Only as set forth in the Confidentiality Agreement and Stipulated Protective Order entered by the Court on [__], 2023 [ECF No. ___] (the "Protective Order"), and, as applicable, as Information Protected Pursuant to the Health Insurance Portability and Accountability Act of 1996, and made available only to the Court and the Authorized Parties.

(Page | 23)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

17.    Other than as set forth in paragraphs 15 and 16, and subject to paragraph 14, all Proofs of Claim will be made publicly available on the case website in their entirety (unless the Notice and Claims Agent, in its discretion, reasonably determines that a personal injury claimant mistakenly neglected to indicate that its Claim relates to a personal injury claim; *provided, however*, the Notice and Claims Agent shall be exculpated and shall have no liability for making an improperly completed Proof of Claim publicly available on its case website).  The Notice and Claims Agent shall be under no obligation or duty to advise claimants or make determinations as to whether the Proof of Claim was appropriately completed, and shall be exculpated from liability, and shall be under no obligation or duty to advice claimants and/or make determinations as to whether the appropriate information was included in a Proof of Claim; *provided, however*, to the extent that a claimant seeks such advice, the Claims and Notice Agent shall refer the claimant to the instructions detailing the Proof of Claim Forms in the Bar Date Notice and to the case website at https://restructuring.ra.kroll.com/RiteAid; *provided, further, however*, that in no event shall the Claims and Noticing Agent be exculpated in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

18.    Any person or entity who desires to rely on the Schedules will have the responsibility for determining that such person's or entity's Claim is accurately listed in the Schedules.

19.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an implication or admission as to the

(Page | 24)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a Proof of Claim, except as permitted under this Order or by further Order of this Court; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

(Page | 25)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

20.     The Debtors' and their Notice and Claims Agent are authorized to take all actions and make any payments necessary to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

21.     Notwithstanding anything to the contrary, the terms and conditions of this Bar Date Order are immediately effective and enforceable upon its entry.

22.     Entry of this Bar Date Order is without prejudice to the right of the Debtors or any other party in interest to seek a further order of this Court fixing a date by which holders of Claims or interests not subject to the General Claims Bar Date established herein must submit such Proofs of Claim or interest or be barred from doing so.

23.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

24.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

25.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

26.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

## Exhibit 1-A

**General Proof of Claim Forms**

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY**

| **Fill in this information to identify the case (Select only one Debtor per claim form):** | | |
|---|---|---|
| ☐ Rite Aid Corporation (Case No. 23-18993) | ☐ 1515 West State Street, Boise, Idaho, LLC (Case No. 23-19001) | ☐ 1740 Associates, L.L.C. (Case No. 23-19004) |
| ☐ 4042 Warrensville Center Road – Warrensville Ohio, Inc. (Case No. 23-19007) | ☐ 5277 Associates, Inc. (Case No. 23-19010) | ☐ 5600 Superior Properties, Inc. (Case No. 23-19013) |
| ☐ Advance Benefits, LLC (Case No. 23-19017) | ☐ Apex Drug Stores, Inc. (Case No. 23-19026) | ☐ Ascend Health Technology LLC (Case No. 23-19029) |
| ☐ Broadview and Wallings-Broadview Heights Ohio, Inc. (Case No. 23-19033) | ☐ Design Rx Holdings LLC (Case No. 23-19036) | ☐ Design Rx, LLC (Case No. 23-19039) |
| ☐ Designrxclusives, LLC (Case No. 23-19041) | ☐ Drug Palace, Inc. (Case No. 23-19044) | ☐ Eckerd Corporation (Case No. 23-19047) |
| ☐ EDC Drug Stores, Inc. (Case No. 23-19049) | ☐ Elixir Holdings, LLC (Case No. 23-19052) | ☐ Elixir Pharmacy, LLC (Case No. 23-19056) |
| ☐ Elixir Puerto Rico, Inc. (Case No. 23-19059) | ☐ Elixir Rx Options, LLC (Case No. 23-19062) | ☐ Elixir Rx Solutions of Nevada, LLC (Case No. 23-19072) |
| ☐ Elixir Rx Solutions, LLC (Case No. 23-19066) | ☐ Elixir Rx Solutions, LLC (Case No. 23-19069) | ☐ Elixir Savings, LLC (Case No. 23-19074) |
| ☐ First Florida Insurers of Tampa, LLC (Case No. 23-19076) | ☐ GDF, Inc. (Case No. 23-19078) | ☐ Genovese Drug Stores, Inc. (Case No. 23-19081) |
| ☐ Gettysburg and Hoover-Dayton, Ohio, LLC (Case No. 23-19084) | ☐ Grand River & Fenkell, LLC (Case No. 23-19085) | ☐ Harco, Inc. (Case No. 23-19088) |
| ☐ Health Dialog Services Corporation (Case No. 23-19089) | ☐ Hunter Lane, LLC (Case No. 23-19092) | ☐ ILG – 90 B Avenue Lake Oswego, LLC (Case No. 23-19095) |
| ☐ JCG (PJC) USA, LLC (Case No. 23-19099) | ☐ JCG Holdings (USA), Inc. (Case No. 23-19099) | ☐ Juniper Rx, LLC (Case No. 23-19101) |
| ☐ K & B Alabama Corporation (Case No. 23-19103) | ☐ K & B Louisiana Corporation (Case No. 23-19104) | ☐ K & B Mississippi Corporation (Case No. 23-19106) |
| ☐ K & B Services, Incorporated (Case No. 23-19108) | ☐ K & B Tennessee Corporation (Case No. 23-18994) | ☐ K & B, Incorporated (Case No. 23-18995) |
| ☐ K&B Texas Corporation (Case No. 23-18996) | ☐ Lakehurst and Broadway Corporation (Case No. 23-18992) | ☐ Laker Software, LLC (Case No. 23-18998) |
| ☐ LMW - 90B Avenue Lake Oswego, Inc. (Case No. 23-19000) | ☐ Maxi Drug North, Inc. (Case No. 23-19003) | ☐ Maxi Drug South, L.P. (Case No. 23-19005) |
| ☐ Maxi Drug, Inc. (Case No. 23-19008) | ☐ Maxi Green, Inc. (Case No. 23-19011) | ☐ Munson & Andrews, LLC (Case No. 23-19014) |
| ☐ Name Rite, L.L.C. (Case No. 23-19016) | ☐ P.J.C. Distribution, Inc. (Case No. 23-19020) | ☐ P.J.C. Realty Co., Inc. (Case No. 23-19022) |
| ☐ PDS-1 Michigan, Inc. (Case No. 23-19024) | ☐ Perry Drug Stores, Inc. (Case No. 23-19027) | ☐ PJC Lease Holdings, Inc. (Case No. 23-19030) |
| ☐ PJC Manchester Realty LLC (Case No. 23-19034) | ☐ PJC of Massachusetts, Inc. (Case No. 23-19037) | ☐ PJC of Rhode Island, Inc. (Case No. 23-19040) |
| ☐ PJC of Vermont, Inc. (Case No. 23-19043) | ☐ PJC Peterborough Realty LLC (Case No. 23-19045) | ☐ PJC Realty MA, Inc. (Case No. 23-19048) |
| ☐ PJC Revere Realty LLC (Case No. 23-19051) | ☐ PJC Special Realty Holdings, Inc. (Case No. 23-19054) | ☐ RCMH LLC (Case No. 23-19055) |
| ☐ RDS Detroit, Inc. (Case No. 23-19058) | ☐ READ's Inc. (Case No. 23-19063) | ☐ RediClinic Associates, Inc. (Case No. 23-19065) |
| ☐ RediClinic LLC (Case No. 23-19068) | ☐ RediClinic of Dallas-Fort Worth, LLC (Case No. 23-19070) | ☐ RediClinic of DC, LLC (Case No. 23-19073) |
| ☐ RediClinic of DE, LLC (Case No. 23-19077) | ☐ RediClinic of MD, LLC (Case No. 23-19080) | ☐ RediClinic of PA, LLC (Case No. 23-19082) |
| ☐ RediClinic of VA, LLC (Case No. 23-19089) | ☐ RediClinic US, LLC (Case No. 23-19091) | ☐ Richfield Road – Flint, Michigan, LLC (Case No. 23-19093) |
| ☐ Rite Aid Drug Palace, Inc. (Case No. 23-19096) | ☐ Rite Aid Hdqtrs. Corp. (Case No. 23-18999) | ☐ Rite Aid Hdqtrs. Funding, Inc. (Case No. 23-19002) |
| ☐ Rite Aid Lease Management Company (Case No. 23-18997) | ☐ Rite Aid of Connecticut, Inc. (Case No. 23-19006) | ☐ Rite Aid of Delaware, Inc. (Case No. 23-19009) |
| ☐ Rite Aid of Georgia, Inc. (Case No. 23-19012) | ☐ Rite Aid of Indiana, Inc. (Case No. 23-19015) | ☐ Rite Aid of Kentucky, Inc. (Case No. 23-19019) |
| ☐ Rite Aid of Maine, Inc. (Case No. 23-19022) | ☐ Rite Aid of Maryland, Inc. (Case No. 23-19025) | ☐ Rite Aid of Michigan, Inc. (Case No. 23-19028) |
| ☐ Rite Aid of New Hampshire, Inc. (Case No. 23-19031) | ☐ Rite Aid of New Jersey, Inc. (Case No. 23-18991) | ☐ Rite Aid of New York, Inc. (Case No. 23-19035) |

Modified Form 410                                                                 page 1

| | | |
|---|---|---|
| ☐ Rite Aid of North Carolina, Inc. (Case No. 23-19038) | ☐ Rite Aid of Ohio, Inc. (Case No. 23-19042) | ☐ Rite Aid of Pennsylvania, LLC (Case No. 23-19046) |
| ☐ Rite Aid of South Carolina, Inc. (Case No. 23-19050) | ☐ Rite Aid of Tennessee, Inc. (Case No. 23-19053) | ☐ Rite Aid of Vermont, Inc. (Case No. 23-19057) |
| ☐ Rite Aid of Virginia, Inc. (Case No. 23-19060) | ☐ Rite Aid of Washington, D.C. Inc. (Case No. 23-19064) | ☐ Rite Aid of West Virginia, Inc. (Case No. 23-19067) |
| ☐ Rite Aid Online Store, Inc. (Case No. 23-19071) | ☐ Rite Aid Payroll Management, Inc. (Case No. 23-19075) | ☐ Rite Aid Realty Corp. (Case No. 23-19079) |
| ☐ Rite Aid Rome Distribution Center, Inc. (Case No. 23-19086) | ☐ Rite Aid Specialty Pharmacy, LLC (Case No. 23-19086) | ☐ Rite Aid Transport, Inc. (Case No. 23-19090) |
| ☐ Rite Investments Corp. (Case No. 23-19094) | ☐ Rite Investments Corp., LLC (Case No. 23-19097) | ☐ Rx Choice, Inc. (Case No. 23-19100) |
| ☐ Rx Initiatives L.L.C. (Case No. 23-19102) | ☐ Rx USA, Inc. (Case No. 23-19105) | ☐ The Bartell Drug Company (Case No. 23-19107) |
| ☐ The Jean Coutu Group (PJC) USA, Inc. (Case No. 23-19109) | ☐ The Lane Drug Company (Case No. 23-19111) | ☐ Thrift Drug, Inc. (Case No. 23-19112) |
| ☐ Thrifty Corporation (Case No. 23-19113) | ☐ Thrifty PayLess, Inc. (Case No. 23-19114) | ☐ Tonic Procurement Solutions, LLC (Case No. 23-19115) |

## Modified Form 410
# Proof of Claim Form
04/22

**You may file your claim electronically at https://restructuring.ra.kroll.com/RiteAid via the link entitled "Submit a Claim."**

**For questions regarding this Proof of Claim Form, please call Kroll Restructuring Administration LLC at (844) 274-2766 or visit https://restructuring.ra.kroll.com/RiteAid.**

Read the instructions at the end of this document before filling out this form. This form is for making a claim for payment in a bankruptcy case.

<u>Do not</u> use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

<u>Your filled-out form will be visible on a public website.</u> Leave out or redact (black out) information that is entitled to privacy on this form or on any attached documents.

<u>Do not</u> use this form to assert an unsecured claim against the Debtors seeking damages based on actual or potential personal injury to the claimant or another (for example, deceased, incapacitated, or minor family member) based on actions taken by the Debtors and/or actions for which the Debtors may be responsible relating to personal injury tort claims.  Instead, you should file such claim using the Non-Personal Injury Tort Proof of Claim Form or the Personal Injury Tort Claimant Proof of Claim Form, as applicable.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. For the avoidance of doubt, any information related to personal injury shall be treated as *highly confidential*. **Do not send original documents** as they will not be returned, and they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of October 15, 2023.**

| Part 1: | Identify the Claim |
|---|---|

| | | |
|---|---|---|
| 1. **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim) _____ | |
| | Other names the creditor used with the debtor _____ | |
| 2. **Has this claim been acquired from someone else?** | ☐ No ☐ Yes. From whom? _____ | |
| 3. **Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
| | Name _____ | Name _____ |
| | Number      Street _____ | Number      Street _____ |
| | City            State           ZIP Code | City            State           ZIP Code |
| | Contact phone _____ | Contact phone _____ |
| | Contact email _____ | Contact email _____ |

| 4. | Does this claim amend one already filed? | ☐ No<br>☐ Yes. Claim number on court claims registry (if known)_____ Filed on _____<br>                                                                                              MM / DD / YYYY |

| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☐ No<br>☐ Yes. Who made the earlier filing? _____ |

**Part 2:     Give Information About the Claim as of the Date the Case Was Filed (October 15, 2023)**

| 6. | Do you have any number you use to identify the debtor? | ☐ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  _____  _____  _____  _____ |

| 7. | How much is the claim? | $_____. Does this amount include interest or other charges?<br>                                  ☐ No<br>                                  ☐ Yes. Attach statement itemizing interest, fees, expenses, or other<br>                                           charges required by Bankruptcy Rule 3001(c)(2)(A). |

| 8. | What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |

| 9. | Is all or part of the claim secured? | ☐ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**                        $_____<br><br>**Amount of the claim that is secured:**     $_____<br><br>**Amount of the claim that is unsecured:**  $_____(The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**   $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |

| 10. | Is this claim based on a lease? | ☐ No<br><br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____ |

| 11. | Is this claim subject to a right of setoff? | ☐ No<br><br>☐ Yes. Identify the property: _____ |

| | | Amount entitled to priority |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No ☐ Yes. *Check one:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(  ) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No ☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.** | $_____ |

---

| **Part 3:** | **Sign Below** |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐  I am the creditor.

☐  I am the creditor's attorney or authorized agent.

☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____(mm/dd/yyyy)

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
     First name          Middle name          Last name

Title _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
        Number        Street

        _____
        City                        State      ZIP Code

Contact phone _____        Email _____

# Instructions for Proof of Claim Form

United States Bankruptcy Court                                                                                              12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

---

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
18 U.S.C. §§ 152, 157 and 3571.

---

## How to fill out this form

- **Fill in all of the information about the claim as of the date the bankruptcy case was filed, October 15, 2023.**

- **Check the box for the debtor against whom you are filing a claim.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**

  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because they will not be returned and may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

- **After reviewing this form and any supporting documentation submitted with this form, additional information and documentation may be requested.**

- **If you are asserting a personal injury claim, please file via the *Personal Injury Tort Claimant Proof of Claim Form*. Information relating to a personal injury claim and any supporting documentation submitted with the form claiming personal injury shall remain highly confidential and shall not be made available to the public. For the avoidance of doubt, all pages of this proof of claim relating to a personal injury claim and any supporting documentation shall be treated as highly confidential and shall not be made publicly available.**

**Confirmation that the claim has been filed**

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/RiteAid.

**Understand the terms used in this form**

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate.
11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured

or unsecured.

**Claim Pursuant to 11 U.S.C. § 503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a

lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

**Offers to purchase a claim**

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Please send completed Proof(s) of Claim to:**

**If by first class mail:**
RiteAid Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
RiteAid Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also file your claim electronically at** https://restructuring.ra.kroll.com/RiteAid **via the link entitled "Submit a Claim."**

---

**Do not file these instructions with your form**

## **Exhibit 1-B**

**Personal Injury Tort Claimant Proof of Claim Form**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re | Chapter 11 |
| RITE AID CORPORATION, *et al.*, | Case No. 23-18993 (MBK) |
| Debtors. | (Jointly Administered) |

## Modified Form 410

## Personal Injury Tort Claimant Proof of Claim Form            04/22
**(Including Parents and Guardians)**

**You may file your claim electronically at https://restructuring.ra.kroll.com/riteaid/EPOC-Index via the link entitled "File a Claim Electronically." For questions regarding this Proof of Claim Form, please call Kroll Restructuring Administration LLC at (844) 274-2766 (toll free) or (646) 440-4878 (international) or visit https://restructuring.ra.kroll.com/riteaid/EPOC-Index.**

**Read the instructions before filling out this form. This form is for individuals to assert an unsecured claim against the Debtors seeking damages based on actual or potential personal injury to the claimant or another (for example, deceased, incapacitated, or minor family member) for actions taken by the Debtors and/or actions for which you believe the Debtors are responsible for your damages.**

**Do not send original documents as they will not be returned, and they may be destroyed after scanning.  If the documents are not available, explain in an attachment.**

Creditor (also referred to as "you" throughout) shall provide information responsive to the questions set forth below. Creditors may include parents, foster parents, and guardians submitting claims on behalf of minors, including minors with Neonatal Abstinence Syndrome ("NAS").

<u>Do not</u> use this form to assert an unsecured claim against the Debtors seeking damages based on actual or potential <u>non-personal injury</u> to the claimant or another (for example, deceased, incapacitated, or minor family member) based on actions taken by the Debtors and/or actions for which the Debtors may be responsible relating to non-personal injury tort claims.  Instead, you should file such claim using the General Proof of Claim Form or the Non-Personal Injury Tort Claimant Proof of Claim Form, as applicable.

<u>Do not</u> use this form to assert any other prepetition claims, such as secured claims, claims entitled to priority under 11 U.S.C. § 507(a), and general unsecured claims that are not based on actions taken by the Debtors and/or actions for which the Debtors may be responsible relating to tort claims.  Instead, you should file such claim on the General Proof of Claim Form.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

All proofs of claim submitted on the Personal Injury Tort Claimant Proof of Claim Form and any supporting documentation shall remain ***highly confidential*** and shall not be made available to the public.  For the avoidance of doubt, ***all pages*** of the Personal Injury Tort Claimant Proof of Claim Form and supporting documentation shall be treated as ***highly confidential*** and shall not be made publicly available.

<u>Do not</u> use this form to assert a non-personal injury claim against any of the Debtors based on a tort claim.  File such claim on the Non-Personal Injury Tort Claimant Proof of Claim Form.  However, if you have a non-personal injury claim against the Debtors based on a tort claim, <u>in addition to</u> your claim based on personal injury, you may include information related to that claim on the Personal Injury Tort Claimant Proof of Claim by completing Part 5 of this form in lieu of filing a separate Non-Personal Injury Tort Claimant Proof of Claim Form.

<u>Do not</u> use this form to assert any other prepetition claims, such as secured claims, claims entitled to priority under 11 U.S.C. § 507(a), and general unsecured claims that are not based on an alleged tort claim relating to the Debtors.  Instead, you should file such claim on the General Proof of Claim Form.

**Fill in all the information about your claim as of October 15, 2023.**

This form should be completed to the best of your ability with the information available to you.  If you are unable to answer certain questions at this time, the absence of an answer, by itself, will not result in the denial of your claim, though you may be asked or required to provide additional information at a later date.  You may also amend or supplement your claim after it is filed.

**<u>Do not</u>** send original documents as they will not be returned, and they may be destroyed after scanning.

Personal Injury Tort Claimant Proof of Claim Form

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

_____

**(a)** Name of the current creditor to be paid for this claim. *If you have a claim arising out of personal injury to another, please also complete item (b) below.  If, however, you are submitting a claim on behalf of another person, please also complete item (c) below and, if such person is a minor (such as a minor with NAS), provide the name of the person receiving payment for this claim on behalf of the minor above.*

Other names the creditor used with the Debtors:

_____

**(b)** If your claim is based on personal injury to another (for example, a deceased, incapacitated, or minor family member), please provide the name of that other person (that is, the injured person).  If the injured person is a minor (under 18), please provide only the minor's initials:

_____

**(c)** If you are submitting a claim on behalf of another person, please provide your name and relationship to that person:

_____

If the person is a minor (under 18), please provide only the minor's initials:

_____

If you are submitting a claim on behalf of a minor, are you the Legal Guardian?

☐ No.          ☐ Yes.

**2. What is the year of birth, gender, and last 4 digits of the social security number of the creditor (or injured person, if the claim is based on the personal injury of another)?**

Year of Birth: _____

Gender:          ☐ Male          ☐ Female

Last 4 digits of Social Security Number (if available): XXX-XX-_____  _____  _____  _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| _____ | _____ |
| Name | Name |
| _____ | _____ |
| Number          Street | Number          Street |
| _____ | _____ |
| City          State          ZIP Code | City          State          ZIP Code |
| _____ | _____ |
| Contact phone | Contact phone |
| _____ | _____ |
| Contact email | Contact email |

**4. Does this claim amend one already filed?**

☐ No.

☐ Yes.   Claim number on court claims registry (if known) _____

Filed on: _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No.

☐ Yes.   Who made the earlier filing? _____

Personal Injury Tort Claimant Proof of Claim Form

| Part 2: | Attorney Information (Optional) |
|---|---|

6. **Are you represented by an attorney in this matter?**

   You do not need an attorney to file this form.

   ☐ No.

   ☐ Yes. If yes, please provide the following information:

   _____
   Law Firm Name

   _____
   Attorney Name

   _____
   Address

   _____
   City                                State                ZIP Code

   _____
   Contact phone                    Contact email

| Part 3: | Information as of October 15, 2023, the Petition Date, About Your Claim |
|---|---|

7. **How much is the claim?**    ☐  $_____  or    ☐ Unknown.

8. **When do You allege You or another were first injured as a result of the Debtors' alleged conduct?**

   _____ / _____
   Month      Year

9. **Briefly describe the conduct of the Debtors You allege resulted in injury or damages to You or another.**

   Attach additional sheets if necessary

   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____

Personal Injury Tort Claimant Proof of Claim Form

| 10. | **Describe your personal injury tort-related claim and, if applicable, describe the persons and entities that you represent in this claim. Please also identify each category of damages or monetary relief that you seek.**<br><br>Attach additional sheets if necessary.<br><br>Do not describe your non-personal injury tort claim, if any, or any other claim against the Debtors.  Instead, you should file such claims using or the Non-Personal Injury Tort Claimant Proof of Claim Form or the General Proof of Claim Form, as applicable. | _____<br>_____<br>_____<br>_____<br>_____<br>_____<br>_____<br>_____<br>_____<br>_____<br>_____ |
|---|---|---|
| 11. | **If you did not check "unknown" in box 7, please identify and quantify each category of damages or monetary relief that you seek.  Check as many boxes as are applicable.** | ☐  Compensatory:  $_____  or   ☐ Unknown.<br><br>(for example, lost wages, pain and suffering, expenses not reimbursed, loss of consortium, etc.)<br><br>☐  Punitive:  $_____   or   ☐ Unknown.<br><br>☐  Other (describe): _____ |
| 12. | **Have you ever filed a lawsuit against the Debtors at any time?** | ☐  No.<br><br>☐  Yes.  If yes, please provide the following information and attach supporting documentation:<br><br>Case Caption:_____<br><br>Court and Case/Docket Number:_____<br><br>Attorney Information:<br><br>_____<br>Law Firm Name<br><br>_____<br>Attorney Name<br><br>_____<br>Address<br><br>_____<br>City                      State              ZIP Code<br><br>Contact phone: _____  Email: _____ |

Personal Injury Tort Claimant Proof of Claim Form

| Part 4: | Other (Non-Personal Injury) Tort Claims |
|---------|------------------------------------------|

| 14. | **Do you believe you have any other tort claims against the Debtors that are not based on personal injury?** | ☐   No. <br><br> ☐   Yes.   If yes, please describe the nature of the claim(s) (Attach additional sheets if necessary). <br><br> _____ <br> _____ <br> _____ <br> _____ <br> _____ |
| 15. | **How much is the claim?** | ☐   $_____   or   ☐ Unknown. |

| Part 5: | Supporting Documentation |
|---------|---------------------------|

| 16. | **Please provide the following supporting documentation if you would like to supplement this proof of claim. This is not required.** | Provide any documents supporting your claim, including but not limited to any complaint, petition, information, or similar pleading filed in any civil or criminal proceeding involving the Debtors, any records supporting your claim for damages, and, if applicable, prescriptions, pharmacy records or statements showing prescriptions or purchases, diagnosis for NAS and/or NOWS or any records supporting your claims of damages. |

Personal Injury Tort Claimant Proof of Claim Form

| Part 6: | Sign Below |
|---------|------------|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**

**18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐    I am the creditor.

☐    I am the creditor's attorney, guardian, kinship (or other authorized) caretaker, executor, or authorized agent.

☐    Other (describe): _____

I have examined the information in this *Personal Injury Tort Claimant Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____ (mm/dd/yyyy)

_____
        Signature

**Name of the person who is completing and signing this claim:**

Name       _____
           First name           Middle name          Last name

Title      _____

Company    _____

Address    _____
           Number       Street
           _____
           City                          State      ZIP Code

Contact
phone:     _____    Email: _____

# Instructions for Personal Injury Tort Claimant Proof of Claim Form

These instructions and definitions generally explain the law.  In certain circumstances, such as bankruptcy cases that Debtors do not file voluntarily, exceptions to these general rules may apply.  You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157 and 3571.

### HOW TO FILL OUT THIS FORM

- **Fill in all the information about your claim as of the date the case was filed, October 15, 2023.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists.

- **Do not attach original documents because they will not be returned and may be destroyed after scanning.**

- **A *Personal Injury Tort Claimant Proof of Claim Form* and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **A parent, foster parent, or guardian may complete this *Personal Injury Tort Claimant Proof of Claim Form* on behalf of a minor child if there is reason to believe that the birth mother may have taken opioid products manufactured, marketed, and /or sold by the Debtors.**

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

- **The questions herein do not seek the discovery of information protected by the attorney-client privilege.**

- **Each question in this proof of claim form should be construed independently, unless otherwise noted.**  No question should be construed by reference to any other question if the result is a limitation of the scope of the answer to such question.

- The words "and" and "or" should be construed as necessary to bring within the scope of the request all responses and information that might otherwise be construed to be outside its scope.

- **After reviewing this form and any supporting documentation submitted with this form, additional information and documentation may be requested.**

- **All *Personal Injury Tort Claimant Proof of Claim Forms* and any supporting documentation submitted with the form claiming personal injury shall remain highly confidential and shall not be made available to the public. For the avoidance of doubt, *all pages* of the *Personal Injury Tort Claimant Proof of Claim Form* and supporting documentation shall be treated as *highly confidential* and shall not be made publicly available.**

### CONFIRMATION THAT THE CLAIM HAS BEEN FILED

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/RiteAid.

### UNDERSTAND THE TERMS USED IN THIS FORM

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth.

**Opioids**: FDA-approved pain-reducing medications consisting of natural, synthetic, or semisynthetic chemicals that bind to opioid receptors in a patient's brain or body to produce an analgesic effect.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

United States Bankruptcy Court

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## OFFERS TO PURCHASE A CLAIM

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtors. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtors. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

### PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:

**If by first class mail:**
Rite Aid Corporation Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by hand delivery, or overnight courier:**
Rite Aid Corporation Claims Processing Center
c/o Kroll Restructuring Administration LLC 850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also file your claim electronically at** https://restructuring.ra.kroll.com/riteaid/EPOC-Index.

| Do not file these instructions with your form |

Personal Injury Tort Claimant Proof of Claim Instructions

# Exhibit 1-C

**Non-Personal Injury Tort Claimant Proof of Claim Form**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re | Chapter 11 |
| RITE AID CORPORATION, *et al.*, | Case No. 23-18993 (MBK) |
| Debtors. | (Jointly Administered) |

## Modified Form 410
## Non-Personal Injury Tort Claimant Proof of Claim Form                 04/22

**You may file your claim electronically at https://restructuring.ra.kroll.com/riteaid/EPOC-Index via the link entitled "File a Claim Electronically." For questions regarding this Proof of Claim Form, please call Kroll Restructuring Administration LLC at (844) 274-2766 (toll free) or (646) 440-4878 (international) or visit https://restructuring.ra.kroll.com/riteaid/EPOC-Index.**

**Read the instructions before filling out this form. This form is for any person or entity, governmental unit, and/or Native American Tribe to assert an unsecured claim against the Debtors related to any actions taken by the Debtors or for which the Debtors are responsible for relating to tort claims, excluding claims for personal injury.**

**Your filled-out form will be visible on a public website.  Leave out or redact (black out) information that is entitled to privacy on this form or on any attached documents.**

**Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements.  Do not send original documents as they will not be returned, and they may be destroyed after scanning. If the documents are not available, explain in an attachment.**

Creditor (also referred to as "you" throughout) shall provide information responsive to the questions set forth below.

**Do not** use this form to assert an unsecured claim against the Debtors seeking damages based on actual or potential personal injury to the claimant or another (for example, deceased, incapacitated, or minor family member) based on actions taken by the Debtors and/or actions for which the Debtors may be responsible relating to personal injury tort claims.  Instead, you should file such claim using the General Proof of Claim Form or the Personal Injury Tort Claimant Proof of Claim Form, as applicable.  For the avoidance of doubt, any information related to a personal injury shall be treated as ***highly confidential***.

**Do not** use this form to assert any other prepetition claims, such as secured claims, claims entitled to priority under 11 U.S.C. § 507(a), and general unsecured claims that are not based on actions taken by the Debtors and/or actions for which the Debtors may be responsible relating to tort claims.  Instead, you should file such claim on the General Proof of Claim Form.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about your claim as of October 15, 2023.**

This form should be completed to the best of your ability with the information available to you.  If you are unable to answer certain questions at this time, the absence of an answer, by itself, will not result in the denial of your claim, though you may be asked or required to provide additional information at a later date.  You may also amend or supplement your claim after it is filed.

**Do not** send original documents as they will not be returned, and they may be destroyed after scanning.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

_____
Name of the individual or entity to be paid for this claim.

Other names the creditor used with the Debtors:_____

**2. Describe the creditor making the claim.**

☐ Individual        ☐ Retirement or Pension Fund Administrator        ☐ Third Party Payor
☐ Native American Tribe    ☐ Pharmacy Benefit Manager        ☐ Hospital / Doctor
☐ Governmental Unit    ☐ Other (describe): _____

**3. Has this claim been acquired from someone else or some other entity?**

☐ No.

☐ Yes. From whom?_____

**4. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| _____ | _____ |
| Name | Name |
| _____ | _____ |
| Number        Street | Number        Street |
| _____ | _____ |
| City            State        ZIP Code | City            State        ZIP Code |
| _____ | _____ |
| Contact phone | Contact phone |
| _____ | _____ |
| Contact email | Contact email |

**5. Does this claim amend one already filed?**

☐ No.

☐ Yes.  Claim number on court claims registry (if known): _____

Filed on: _____
        MM / DD / YYYY

**6. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No.

☐ Yes.  Who made the earlier filing? _____

| Part 2: | Attorney Information (Optional) |
|---|---|

**7. Are you represented by an attorney in this matter?**

You do not need an attorney to file this form.

☐ No.

☐ Yes. If yes, please provide the following information:

_____
Law Firm Name

_____
Attorney Name

_____
Address

_____
City                    State            ZIP Code

_____
Contact phone        Contact email

| Part 3: | Information as of October 15, 2023, the Petition Date, About Your Claim |
|---|---|

| 8. | **Do you have any number you use to identify the debtor?** | ☐ | No |
|---|---|---|---|
| | | ☐ | Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __ __ __ __ |

| 9. | **How much is the claim?** | ☐ | $_____   or   ☐ Unknown. |
|---|---|---|---|

| 10. | **Describe your non-personal injury tort-related claim and, if applicable, describe the persons and entities that you represent in this claim. Please also identify each category of damages or monetary relief that you seek.** |
|---|---|
| | Attach additional sheets if necessary. |
| | Do not describe your personal injury tort claim, if any, or any other claim against the Debtors.  Instead, you should file such claims using or the Personal Injury Tort Claimant Proof of Claim Form or the General Proof of Claim Form, as applicable. |

| 11. | **Have you ever filed a lawsuit against the Debtors at any time?** | ☐ | No. |
|---|---|---|---|
| | | ☐ | Yes.  If yes, please provide the following information and attach supporting documentation: |

Case Caption:_____

Court and Case/Docket Number:_____

Attorney Information:

_____
Law Firm Name

_____
Attorney Name

_____
Address

_____
City                           State              ZIP Code

Contact phone: _____  Email: _____

| Part 4: | Supporting Documentation |
|---|---|

| 12. | **Please provide the following supporting documentation if you would like (but you are not required) to supplement this proof of claim.** | Provide any documents supporting your claim, including but not limited to any complaint, petition, information, or similar pleading filed in any civil or criminal proceeding involving the Debtors; and any records supporting your claim for damages.<br><br>Governmental units that have filed litigation against the Debtors that is part of the federal multidistrict litigation in Ohio, *In re National Opiate Litigation*, MDL No. 17-02804 (N.D. Ohio 2017) ("Ohio MDL") and have submitted a Government Plaintiff Fact Sheet in connection with that proceeding, may rely on their Government Plaintiff Fact Sheet to complete these questions. |

| Part 5: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**

**18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐  I am the creditor.

☐  I am the creditor's attorney or authorized agent.

☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐  I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Non-Personal Injury Tort Claimant Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Non-Personal Injury Tort Claimant Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____ (mm/dd/yyyy)

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____

First name                Middle name                Last name

Title _____

Company _____

Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____

Number          Street

_____

City                          State        ZIP Code

Non-Personal Injury Tort Claimant Proof of Claim Form

United States Bankruptcy Court

# Instructions for Non-Personal Injury Tort Claimant Proof of Claim Form

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that Debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.

### HOW TO FILL OUT THIS FORM

- **Fill in all the information about your claim as of the date the case was filed, October 15, 2023.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists.

- **Do not attach original documents because they will not be returned and may be destroyed after scanning.**

- **A *Non-Personal Injury Tort Claimant Proof of Claim Form* and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

- **The questions herein do not seek the discovery of information protected by the attorney-client privilege.**

- **Each question in this proof of claim form should be construed independently, unless otherwise noted.** No question should be construed by reference to any other question if the result is a limitation of the scope of the answer to such question.

- **The words "and" and "or" should be construed as necessary to bring within the scope of the request all responses and information that might otherwise be construed to be outside its scope.**

- **After reviewing this form and any supporting documentation submitted with this form, additional information and documentation may be requested.**

- **If you are asserting a personal injury claim, please file via the *Personal Injury Tort Claimant Proof of Claim Form*. Information relating to a personal injury claim and any supporting documentation submitted with the form claiming personal injury shall remain <u>highly confidential</u> and shall not be made available to the public. For the avoidance of doubt, *all pages* of this proof of claim relating to a personal**

injury claim and any supporting documentation shall be treated as *highly confidential* and shall not be made publicly available.

### CONFIRMATION THAT THE CLAIM HAS BEEN FILED

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this Form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/RiteAid.

### UNDERSTAND THE TERMS USED IN THIS FORM

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

United States Bankruptcy Court

**OFFERS TO PURCHASE A CLAIM**

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtors. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtors. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:**

**If by first class mail:**
Rite Aid Corporation Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by hand delivery, or overnight courier:**
Rite Aid Corporation Claims Processing Center
c/o Kroll Restructuring Administration LLC 850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also file your claim electronically at** https://restructuring.ra.kroll.com/riteaid/EPOC-Index.

| **Do not file these instructions with your form** |

Non-Personal Injury Tort Claimant Proof of Claim Instructions

<u>**Exhibit 2**</u>

**Bar Date Notice**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| RITE AID CORPORATION, *et al.*, | Case        No.        23-18993        (MBK) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF DEADLINE
REQUIRING SUBMISSION OF PROOFS
OF CLAIM ON OR BEFORE JANUARY 12, 2024,
AND RELATED PROCEDURES FOR SUBMITTING PROOFS
OF CLAIM IN THE ABOVE-CAPTIONED CHAPTER 11 CASES**

---

[1]   The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

TO:    **ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY DEBTOR LISTED ON PAGE 2 AND 3 OF THIS NOTICE IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.**

The United States Bankruptcy Court for the District of New Jersey (the "Court") has entered an order (the "Bar Date Order") establishing **5:00 p.m. prevailing Eastern Time on January 12, 2024** (the "General Claims Bar Date"), as the last date for each person or entity[2] (including individuals, partnerships, corporations, joint ventures, and trusts) to submit proofs of claim (each, a "Proof of Claim") against any of the Debtors listed on page 2 and 3 of this notice (collectively, the "Debtors").

Except for those holders of the Claims listed below that are specifically excluded from the General Claims Bar Date submission requirement, the Bar Dates[3] and the procedures set forth below for submitting Proofs of Claim apply to all Claims (defined below) against the Debtors that arose (or in the case of individual tort claimants, for injuries that manifested prior to the Petition Date) prior to **October 15, 2023** (the "Petition Date"), the date on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code, **including parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim")**.[4]  In addition, governmental units have until **5:00 p.m. prevailing Eastern Time on April 12, 2024** (the date that is 180 days after the Petition Date) (the "Governmental Bar Date"), to submit Proofs of Claim.  The Bar Date Order also provides that the Debtors reserve the right to seek to shorten by separate order the time by which certain categories of Claims, including for Claims asserted by: (i) all municipalities and other local government subdivisions (collectively, the "Local Governments"), (ii) all Federally Recognized Native American tribes (collectively, the "Tribes"), (iii) all fifty states of the United States of America and the District of Columbia (collectively, the "States"), (iv) the United States of America, and (v) any of the following territories of the United States of America: American Samoa, Guam, the Northern Mariana Islands, Puerto Rico, and the U.S. Virgin Islands (collectively, the "Territories").

> **A holder of a possible Claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should submit a Proof of Claim.**

---

[2]    As used herein, the term "entity" has the meaning given to it in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code"), and includes all persons, estates, trusts and the United States Trustee. Furthermore, the terms "person" and "governmental unit" have the meanings given to them in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

[3]    Defined collectively as the Rejection Damages Bar Date, the General Claims Bar Date, the Amended Schedules Bar Date, and the Governmental Bar Date (each, as further defined herein).

[4]    "503(b)(9) Claims" are Claims for the value of goods received by a Debtor within 20 days before the Petition Date, where such goods were sold to the Debtor in the ordinary course of such Debtor's business. *See* 11 U.S.C. § 503(b)(9).

## Debtors in these Chapter 11 Cases

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| Rite Aid Corporation | 4034 | |
| Rite Aid of Michigan, Inc. | 7390 | |
| 1740 Associates, L.L.C. | 9433 | |
| Perry Drug Stores, Inc. | 7300 | |
| Apex Drug Stores, Inc. | 3448 | |
| PDS-1 Michigan, Inc. | 5739 | |
| RDS Detroit, Inc. | 9950 | |
| Rite Aid of Connecticut, Inc. | 0645 | |
| Rite Aid of Georgia, Inc. | 5551 | |
| Rite Aid of Kentucky, Inc. | 9291 | |
| Rite Aid of New Hampshire, Inc. | 8320 | |
| Rite Aid of New Jersey, Inc. | 0648 | |
| Rite Aid of North Carolina, Inc. | 0650 | |
| Rite Aid of South Carolina, Inc. | 7222 | |
| Rite Aid of Vermont, Inc. | 0942 | |
| Rite Aid of Washington, D.C. Inc. | 1466 | |
| Rite Aid of Delaware, Inc. | 0646 | |
| Rite Aid of Indiana, Inc. | 8778 | |
| Rite Aid of Maine, Inc. | 4725 | |
| Rite Aid of Maryland, Inc. | 0941 | |
| Rite Aid of New York, Inc. | 0649 | |
| Rite Aid of Ohio, Inc. | 0651 | |
| Rite Aid of Tennessee, Inc. | 7224 | |
| Rite Aid of Virginia, Inc. | 0653 | |
| Rite Aid of West Virginia, Inc. | 0654 | |
| Rite Aid Drug Palace, Inc. | 5476 | |
| READ's Inc. | 2330 | |
| Rite Aid Rome Distribution Center, Inc. | 7836 | |
| Munson & Andrews, LLC | 6050 | |
| Gettysburg and Hoover-Dayton, Ohio, LLC | 5844 | |
| The Lane Drug Company | 5212 | |
| Rite Aid Online Store, Inc. | 0090 | |
| Rite Aid Payroll Management, Inc. | 0097 | |
| Harco, Inc. | 2700 | |
| Health Dialog Services Corporation | 4661 | |
| K & B, Incorporated | 6254 | |
| K & B Alabama Corporation | 1085 | |
| K & B Louisiana Corporation | 3860 | |
| K & B Mississippi Corporation | 3482 | |
| K & B Tennessee Corporation | 4359 | |
| K&B Texas Corporation | 0327 | |
| K & B Services, Incorporated | 5171 | |
| Thrifty PayLess, Inc. | 1249 | |
| The Bartell Drug Company | 8195 | |
| Thrifty Corporation | 7550 | |
| 1515 West State Street, Boise, Idaho, LLC | 9371 | |
| Name Rite, L.L.C. | 9933 | |
| Rite Aid Lease Management Company | 4577 | |

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| Rite Aid Realty Corp. | 5347 | |
| Hunter Lane, LLC | 1712 | |
| Elixir Holdings, LLC | 6699 | |
| Tonic Procurement Solutions, LLC | 1832 | |
| Ascend Health Technology LLC | 6467 | |
| Design Rx Holdings LLC | 8094 | |
| Design Rx, LLC | 9429 | |
| Designrxclusives, LLC | 6645 | |
| Rx Initiatives L.L.C. | 9446 | |
| Elixir Savings, LLC | 9462 | |
| Elixir Rx Solutions of Nevada, LLC | 1398 | |
| Elixir Rx Solutions, LLC | 0786 | |
| Elixir Rx Solutions, LLC | 1427 | |
| Elixir Puerto Rico, Inc. | 2789 | |
| First Florida Insurers of Tampa, LLC | 8509 | |
| Advance Benefits, LLC | 0021 | |
| Laker Software, LLC | 4169 | |
| Elixir Pharmacy, LLC | 4607 | |
| Elixir Rx Options, LLC | 9227 | |
| Rite Aid Hdqtrs. Corp. | 8342 | |
| Rite Aid of Pennsylvania, LLC | 0652 | |
| Rite Aid Specialty Pharmacy LLC | 2824 | |
| RediClinic LLC | 9661 | |
| Juniper Rx, LLC | 1843 | |
| RediClinic Associates, Inc. | 3069 | |
| RCMH LLC | 4418 | |
| RediClinic of PA, LLC | 9750 | |
| Broadview and Wallings-Broadview Heights Ohio, Inc. | 4215 | |
| GDF, Inc. | 3867 | |
| Lakehurst and Broadway Corporation | 7947 | |
| Rite Aid Hdqtrs. Funding, Inc. | 7335 | |
| Rite Investments Corp. | 3192 | |
| Rite Investments Corp., LLC | 9582 | |
| Rite Aid Transport, Inc. | 3102 | |
| Rx Choice, Inc. | 8207 | |
| 4042 Warrensville Center Road – Warrensville Ohio, Inc. | 0507 | |
| 5277 Associates, Inc. | 0919 | |
| 5600 Superior Properties, Inc. | 2337 | |
| JCG (PJC) USA, LLC | 9455 | |
| The Jean Coutu Group (PJC) USA, Inc. | 5810 | |
| P.J.C. Distribution, Inc. | 2604 | |
| PJC of Vermont Inc. | 8065 | |
| PJC of Rhode Island, Inc. | 9613 | |
| PJC Lease Holdings, Inc. | 3835 | |
| PJC of Massachusetts, Inc. | 1151 | |
| P.J.C. Realty Co., Inc. | 7938 | |
| PJC Realty MA, Inc. | 2817 | |
| PJC Special Realty Holdings, Inc. | 3843 | |
| PJC Manchester Realty LLC | 3821 | |
| PJC Peterborough Realty LLC | 1661 | |
| PJC Revere Realty LLC | 3818 | |
| JCG Holdings (USA), Inc. | 7565 | |

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| Eckerd Corporation | 8122 | |
| Genovese Drug Stores, Inc. | 6812 | |
| Thrift Drug, Inc. | 8063 | |
| EDC Drug Stores, Inc. | 6933 | |
| Maxi Drug, Inc. | 0944 | |
| Maxi Green Inc. | 5111 | |
| Maxi Drug North, Inc. | 0884 | |
| Maxi Drug South, L.P. | 0885 | |
| Drug Palace, Inc. | 5476 | |
| Grand River & Fenkell, LLC | 7145 | |
| ILG - 90 B Avenue Lake Oswego, LLC | 2489 | |
| LMW - 90B Avenue Lake Oswego, Inc. | 4279 | |
| RediClinic of Dallas Fort-Worth, LLC | 4318 | |
| RediClinic of DC, LLC | 4321 | |
| RediClinic of DE, LLC | 1619 | |
| RediClinic of MD, LLC | 2394 | |
| RediClinic of VA, LLC | 0141 | |
| RediClinic US, LLC | 6660 | |
| Richfield Road - Flint, Michigan, LLC | 5186 | |
| Rx USA, Inc. | 6417 | |

## **Who Must Submit a Proof of Claim**

You <u>MUST</u> submit a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' estates if you have a Claim that arose before the Petition Date and it is ***not*** one of the types of Claims described under the heading "Claims for Which Proofs of Claim Need Not Be Filed" below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be submitted on or prior to the applicable Bar Date, even if such Claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, "<u>Claim</u>" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## **What To Submit**

The Debtors are enclosing a Proof of Claim form for use in these chapter 11 cases.  If your Claim is scheduled by the Debtors, the form indicates the amount of your Claim as scheduled by the Debtors, the specific Debtor against which the Claim is scheduled, and whether the Claim is scheduled as disputed, contingent, or unliquidated.  You will receive a different Proof of Claim Form for each Claim scheduled in your name by the Debtors.  You may utilize the Proof of Claim form(s) provided by the Debtors to submit your Claim.

Please note that there are different proof of claim forms for: (i) personal injury tort claimants (the "Personal Injury Tort Claimant Proof of Claim Form") and/or (ii) all other tort claimants (i.e., non-personal injury), including any person, Local Government, Tribe, State, the United States of America, and other entities (the "Non-Personal Injury Tort Claimant Proof of Claim Form") and/or (iii) all other potential claimants (the "General Proof of Claim Form", and together with the Personal Injury Tort Claimant Proof of Claim Form and the Non-Personal Injury Tort Claimant Proof of Claim Form, the "Proof of Claim Forms") but not all potential claimants will receive all of the foregoing Proof of Claim Forms.

If you received multiple Proof of Claim Forms, then please review the instructions carefully to determine which Proof of Claim Form(s) to use to file your claim(s). If you believe that you did not receive the applicable Proof of Claim Form(s), you may contact the Notice and Claims Agent to request an additional Proof of Claim Form(s). You may access and submit your claim electronically through the website of the Debtors' claim and notice agent, Kroll Restructuring Administration LLC (the "Notice and Claims Agent" or "Kroll") as described herein.

Your Proof of Claim Form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

Additional Proof of Claim Forms may be obtained by contacting the Notice and Claims Agent by calling 844-274-2766 for callers in the United States or by calling 646 440-4878 for callers outside the United States and/or visiting the Debtors' restructuring website at: https://restructuring.ra.kroll.com/RiteAid.

The following procedures for the submission of Proofs of Claim against the Debtors in these chapter 11 cases shall apply:

a. ***Contents***.    Each Proof of Claim must:    (i) be written in English; (ii) be denominated in United States dollars; (iii) conform substantially with a Proof of Claim Form provided by the Debtors or the Official Form 410; and (iv) be signed or electronically transmitted through the interface available on Kroll's website at https://restructuring.ra.kroll.com/RiteAid by the claimant or by an authorized agent or legal representative of the claimant; *provided* that, in the case of Proofs of Claim submitted on behalf of minors, including minors diagnosed with Neonatal Abstinence Syndrome, such Proofs of Claim may be signed by parents, foster parents, and legal guardians;

b. ***Section 503(b)(9) Claim***.    In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach documentation of the date on which the goods were delivered to and received by the Debtors; (iii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iv) attach documentation of any

reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (v) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition Claims.

c. ***Receipt of Service***.   Claimants submitting a Proof of Claim through non-electronic means who wish to receive a proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope;

d. ***Identification of the Debtor Entity***.   Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by selecting the applicable Debtor at the top of a proposed Proof of Claim Form. A Proof of Claim submitted under Case No. 23-18993 (MBK) or that does not identify a Debtor will be deemed as submitted only against Rite Aid Corporation.   A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 23-18993 (MBK) will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists; *provided* that all Proofs of Claim asserted on Personal Injury Tort Claimant Proof of Claim Forms or Non-Personal Injury Tort Claimant Proof of Claim Forms will be docketed against the lead case *In re Rite Aid Corporation*, et al., No. 23-18993 (MBK), without the need for further designation by a holder, and shall be deemed filed against each of the Debtors that are defendants in the applicable prepetition tort litigation.   For the avoidance of doubt, holders asserting Claims on Personal Injury Tort Claimant Proof of Claim Forms or Non-Personal Injury Tort Claimant Proof of Claim Forms are <u>not</u> required to (i) specify by name and case number the Debtor against which such Proof(s) of Claim is filed and (ii) file separate Proofs of Claim against each Debtor with respect to which any such holder may have a Claim.   The failure to select the correct Debtor on the Proof of Claim Form shall not be a basis to object to the allowability of the Claim; *provided* that the asserted Claim otherwise complies with the terms of this Bar Date Order;

e. ***Claim Against Multiple Debtor Entities***.   Each Proof of Claim must state a Claim against only one Debtor and clearly indicate the Debtor against which the Claim is asserted.   To the extent more than one Debtor is listed on the Proof of Claim, such Claim may be treated as if filed only against Rite Aid Corporation; *provided* that all Proofs of Claim asserted on Personal Injury Tort Claimant Proof of Claim Forms or Non-Personal Injury Tort Claimant Proof of Claim Forms will be docketed against the lead case *In re Rite Aid Corporation*, et al., No. 23-18993 (MBK), without the need for further designation by a holder, and shall be deemed filed against each of the Debtors that are defendants in the applicable prepetition tort litigation.   For the avoidance of doubt, holders asserting Claims on Personal Injury Tort Claimant Proof of Claim Forms or Non-Personal Injury Tort Claimant Proof of Claim Forms are <u>not</u> required to (i) specify by name and case number the

Debtor against which such Proof(s) of Claim is filed and (ii) file separate Proofs of Claim against each Debtor with respect to which any such holder may have a Claim;

f.   **Supporting Documentation**.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; provided that (i) the Proof of Claim contains current contact information for the creditor or its designated representative from whom the Debtors may request the full supporting documentation and (ii) such party must produce the supporting documentation to the Debtors' counsel upon request no later than ten (10) business days from the date of such request.  Failure to provide such supporting documentation within ten (10) business days may result in an objection to such Claim; *provided that* for the avoidance of doubt, this subparagraph (f)(ii) shall not apply to holders asserting Claims on Personal Injury Tort Claimant Proof of Claim Forms or Non-Personal Injury Tort Claimant Proof of Claim Forms; and

g.   **Consolidated Claims**.  The following categories of individuals or entities may, but are not required to, file one or more consolidated Proofs of Claim on behalf of multiple claimants as set forth below (each, a "Consolidated Claim"):

i.   any member of an ad hoc committee or ad hoc group that has filed verified statements pursuant to Bankruptcy Rule 2019 in these cases as of the date of this Order on behalf of each and every member of the applicable ad hoc committee or ad hoc group, or any subgroup thereof, that elects to be included in the applicable Consolidated Claim, which Consolidated Claim may be filed by lead counsel for such ad hoc committee or ad hoc group and docketed against the lead case, *In re Rite Aid Corporation, et al.*, No. 23-18993 (MBK), without the need for further designation by such ad hoc committee or group or such counsel, *provided* that such Consolidated Claim has attached either (1) individual Proof of Claim Forms for each member of the applicable group or committee, or (2) a spreadsheet or other form of documentation that lists each member and provides individualized information that substantially conforms to information requested in the applicable Proof of Claim Form;

ii.   notwithstanding the foregoing, including any individual, or any entity, including, for the avoidance of doubt, any attorney or law firm, representing multiple tort claimants, which provides authorization from those tort claimants to be included on a Consolidated Claim (each such authorizing individual or entity holding a tort claim, a "Consenting Claimant")—which authorization shall be (a) in the form of an affidavit from the individual (including any attorney or law firm) representing multiple tort claimants stating that such individual represents the

8

Consenting Claimants and has authorization to file the Consolidated Claim, or (b) some other form reasonably acceptable to the Debtors and the Official Committee of Tort Claimants (the "TCC")—may file, amend, and/or supplement a Consolidated Claim on behalf of such Consenting Claimants and docket such Consolidated Claim against the lead case *In re Rite Aid Corporation, et al.*, No. 23-18993 (MBK), without the need for further designation by such ad hoc committee or group or such counsel, *provided* that such Consolidated Claim has attached either (1) individual Proof of Claim Forms for each member, or (2) a spreadsheet or other form of documentation that lists each member and provides individualized information that substantially conforms to information requested in the applicable Proof of Claim Form;

iii.  any health plan, health plan administrator, or other third party payor of relevant claims (each a "TPP"), on account of any or all plan sponsors, employer groups, or fully insured or self-funded programs administered by such TPP; provided that such Consolidated Claim must be publicly filed and accompanied by a spreadsheet or other form of documentation reasonably acceptable to the Debtors that includes a unique identifier for each self-funded program administered by such TPP.  Contemporaneously with such public submission, the TPP shall send an email to RiteAidConsolidatedClaims@ra.kroll.com requesting credentials in order to upload information relating to such Consolidated Claim to a secured website.  As soon as reasonably practicable after receipt of such credentials, the TPP shall upload to the website identified by the Claims and Noticing Agent a spreadsheet listing the name of each such self-funded program administered by such TPP included in the Consolidated Claim along with the unique identifier that was submitted on the publicly submitted claim, which spreadsheet shall be treated as highly confidential in accordance with the Confidentiality Protocol (as defined below).  Such TPP may, but need not, include any of its other Claims, including but not limited to fully insured, at risk, and direct Claims, in the same Proof of Claim Form.  To the extent that a TPP employs a good faith method to determine its Claim(s) amount for the purposes of filing a Proof of Claim but the Debtors at a later date require the TPP to employ a different calculation methodology for purposes of an intra-TPP allocation, the TPP retains the right to modify its calculation, without prejudice to its claim, in accordance with the Debtors' required methodology and the Debtors reserve all rights with respect thereto.  Further, and in addition to the above, each TPP may include in its Consolidated Claim provision for additional, to-be-named later sponsors, employer groups, or fully insured or self-funded programs administered by such TPP, for administrative convenience and then supplement such Consolidated Claims with the actual names at a later date (it being understood and agreed that all parties reserve the right to object to such later-added names and that such TPP shall have the burden, if necessary, and to the extent the claims are not otherwise addressed by way of assertion against a trust and not against the

9

debtors' estates, of establishing that adding such later-added names after the Bar Date meets the requirements of the Bankruptcy Code). Further, a TPP Consolidated Claim will be deemed asserted against all Debtors that were a defendant in any applicable tort litigation prepetition so that TPPs need not file a separate Proof of Claim for each debtor;

iv. in the case of States, Territories, Local Governments and Tribes, nothing shall preclude counsel from filing a Consolidated Claim on behalf of all, or any subset of, States, Territories, Local Governments and/or Tribes; *provided* that the Consolidated Claim has attached either (i) individual proofs of claim for each governmental entity, or (ii) a summary describing the collective claims/theories and any claims/theories specific to an individual state, federal district, municipality or territory, and the amount of the claim (which may include unliquidated claim amounts), and such counsel is hereby authorized to file a Consolidated Claim;

v. notwithstanding anything to the contrary in this Bar Date Order, any provision of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any order of this Court, any Proof of Claim Form or any Bar Date Notice, (a) ACE American Insurance Company, on its own behalf and on behalf of all of its U.S.-based affiliates and successors (collectively, the "ACE Companies"), may file a single consolidated Proof of Claim based on the insurance policies issued by any of the ACE Companies to (or providing coverage to) the Debtors (or their predecessors) and any agreements related thereto (the "ACE Proof of Claim") in the chapter 11 case of Rite Aid Corporation, Case No. 23-18993 (the "Lead Case"), which shall be deemed filed by each of the ACE Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors; (b) Federal Insurance Company, on its own behalf and on behalf of all of its U.S.-based affiliates and successors (collectively, the "Chubb Companies"), may file a single consolidated Proof of Claim based on the insurance policies issued by any of the Chubb Companies to (or providing coverage to) the Debtors (or their predecessors) and any agreements related thereto (the "Chubb Proof of Claim," and collectively with the ACE Proof of Claim, the "Consolidated Claims") in the Lead Case, which shall be deemed filed by each of the Chubb Companies not only in the Lead Case, but also in the chapter 11 case of each of the Debtors; and (c) as the documents supporting the Consolidated Claims are voluminous and contain confidential information, the documents supporting the Consolidated Claims are not required to be filed with, and will not be filed with, the Consolidated Claims, and a summary of the documents supporting the Consolidated Claims will be filed with the Consolidated Claims instead. Nothing contained in this paragraph shall be construed as a waiver or modification of any rights, claims or defenses, including, without limitation, the right of the ACE Companies or the Chubb Companies to (a) assert joint and several liability against some or all of the Debtors, (b) modify the Debtor(s) against which the Consolidated Claims

10

are asserted, or (c) amend the amount or nature of the Consolidated Claims; *provided*, *however*, that the Consolidated Claims shall not be disallowed, reduced or expunged solely on the basis that the Consolidated Claims are filed (i) only in the Lead Case and only against Rite Aid Corporation (instead of in the bankruptcy cases of each or any of the other Debtors), and/or (ii) only by either ACE American Insurance Company or Federal Insurance Company (instead of by each of the ACE Companies or each of the Chubb Companies, respectively);

vi. solely as an accommodation to the Pension Benefit Guaranty Corporation ("PBGC"), each proof of claim or proofs of claim filed by PBGC on its own behalf or on behalf of The Rite Aid Pension Plan (the "Pension Plan") under the joint administration case number for these Chapter 11 cases (Case No. 23-18993(MBK)) shall, at the time of its filing, be deemed to constitute the filing of such proof of claim or proofs of claim in all of the cases jointly administered under In re: Rite Aid Corporation, et al., Case No. 23-18993 (MBK) (the "Lead Case"). Consequently, each claim PBGC files under Case No. 23-18993(MBK) shall be deemed a separate claim asserted against each of the 120 Debtors except as otherwise noted; provided that any PBGC claim shall set forth in reasonable detail the basis and amount of the claims asserted against each Debtor, as required by the Bankruptcy Code, the Bankruptcy Rules, and any applicable order of the Court. Further, any amendments that PBGC may make with respect to any timely-filed proof of claim or proofs of claim filed by PBGC on its own behalf or on behalf of the Pension Plan in the jointly administered Chapter 11 case, Case No. 23-18993 (MBK), shall be deemed to constitute the filing of an amended proof of claim or proofs of claim in all of the cases jointly administered under the Lead Case. This accommodation is intended solely for administrative convenience and shall not affect the substantive rights of the Debtors, PBGC, or any other party in interest with respect to the number, allowance, amount, or priority of the PBGC's claims or with respect to any objection, defense, offset, counterclaim, acceptance or rejection related to PBGC's claims. Notwithstanding the foregoing, nothing herein shall affect PBGC's obligation with any PBGC claim documents evidencing the basis and amounts of claims asserted against each Debtor;

vii. solely as an accommodation for holders of Notes Claims (as defined below), each of the Indenture Trustees (as defined below) shall be authorized, but not required, to file single consolidated master Proofs of Claim (each, a "Master Notes Proof of Claim"), each of which shall be deemed a valid Proof of Claim against each Debtor described therein without the need for the Indenture Trustee(s) to file Proofs of Claim in the separate Bankruptcy cases of each such Debtor, for payment of principal, interest, and/or other applicable amounts, fees and charges arising from the ownership or holdings of, as applicable: (i) the Rite Aid Corporation 7.500% Senior Secured Notes due 2025 (the "2025 Notes") issued under

11

the Indenture dated as of February 5, 2020, by and among Rite Aid Corporation, as issuer, the subsidiary guarantors thereto, and The Bank of New York Mellon Trust Company, N.A. as Trustee and Notes Collateral Agent (the "2025 Notes Trustee"); (ii) the Rite Aid Corporation 8.000% Senior Secured Notes due 2026 (the "2026 Notes") issued under the Indenture dated as of July 27, 2020, by and among Rite Aid Corporation, as issuer, the subsidiary guarantors thereto, and The Bank of New York Mellon Trust Company, N.A. as Trustee and Notes Collateral Agent (the "2026 Notes Trustee"); (iii) the Rite Aid Corporation 7.70% Senior Debentures due 2027 (the "2027 Notes") issued under the Indenture dated as of August 1, 1993, by and among Rite Aid Corporation, as issuer, and Computershare Trust Company, NA, as Successor Trustee (the "2027 Notes Trustee"); and (iv) the Rite Aid Corporation 6.875% Debentures due 2028 (the "2028 Notes") issued under the Indenture dated as of December 21, 1998, by and among Rite Aid Corporation, as issuer, and Computershare Trust Company, National Association as Successor Trustee (the "2028 Notes Trustee", and along with the 2025 Notes Trustee, the 2026 Notes Trustee, and the 2027 Notes Trustee, the "Indenture Trustees") (each, a "Notes Claim"); *provided,* that any Proof of Claim filed by an individual holder of any of the 2025 Notes, 2026 Notes, 2027 Notes, or 2028 Notes (each, a "Noteholder") will be treated as duplicative of the corresponding Master Notes Proof(s) of Claim, except to the extent filed on account of a Claim other than a Notes Claim, and *provided, further,* that individual Noteholders are required to file Proofs of Claim for any Claims that do not arise under the applicable indenture(s), unless another exception identified herein applies. This accommodation is intended solely for administrative convenience and shall not affect (A) the right of each Noteholder (or its successors in interest) to vote separately on any proposed plan in these chapter 11 cases,(B) any Noteholders' exemption from filing Proofs of Claim under any orders of the Court in these chapter 11 cases, or (C) any other rights of the Noteholders under any orders of the Court in these chapter 11 cases. Notwithstanding anything to the contrary herein, the Master Notes Proof(s) of Claim shall not be required to attach any instruments or other documents evidencing the obligations owing by each of the Debtors to the applicable Noteholders; and

viii. notwithstanding anything to the contrary in this Bar Date Order (including but not limited to paragraphs 7(d) and (e)) and related thereto exhibits, including the Proof of Claim Form and Bar Date Notice, Western Union Financial Services, Inc. and its affiliates (together, "Western Union") may submit one omnibus Proof of Claim Form against multiple Debtors (the "Western Union Claim") based on or related to the Western Union North America Agency Agreement (together with all documents, schedules, and parts related thereto (collectively, the "Western Union Agreement") entered into by and between Western Union and certain of the Debtors prior to the Petition Date. The Western Union Claim may be submitted

under lead Case No. 23-18993 (MBK) and need not include a copy of the Western Union Agreement. Western Union should mark on the Western Union Claim all applicable Debtors (which may include all Debtor) against whom the Western Union Claim is being asserted. The Notice and Claims Agent shall then update the claims register maintained in the Debtors' chapter 11 cases to reflect each Debtor entity against whom the Western Union Claim was asserted. Western Union may utilize the same omnibus claim filing procedures with respect to the submission of any pre-petition claim, post-petition claim and, to the extent applicable, any contract rejection damage claim. For the avoidance of doubt, nothing herein shall prejudice or otherwise impact the parties' rights and obligations under the Western Union Agreement.

Notwithstanding anything to the contrary in this Order, the Motion, any provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any other order of this Court, any Proof of Claim Form or notice of the Bar Dates, the Consolidated Claim(s) shall have the same effect as if each member of the applicable ad hoc group or committee (or sponsor in the case of a TPP, or client in the case of any attorney or law firm) had individually filed its own Proof of Claim against each of the Debtors as applicable, (x) identified in such Consolidated Claim, or (y) that are defendants in prepetition litigation that relates to any of the underlying tort claims, whether opioid or otherwise.

### When and Where to Submit

Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent ***actually receives*** the Proof of Claim on or before the applicable Bar Date by: (i) electronically using the interface available on the Notice and Claims Agent's website at  https://restructuring.ra.kroll.com/RiteAid,  or (ii) first-class U.S. Mail, which Proof of Claim must include an ***original*** signature, at the following address:  Rite Aid Corporation Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232, or (iii) overnight mail, or other hand-delivery system, which Proof of Claim must include an original signature, at the following address:  Rite Aid Corporation Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232.

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL, BY HAND, OR THROUGH THE NOTICE AND CLAIMS AGENT'S WEBSITE,**

**PROOFS OF CLAIM
SUBMITTED BY FAX OR EMAIL WILL <u>NOT</u> BE
ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

### Claims for Which Proofs of Claim Need Not Be Filed

Persons or entities need ***not*** submit a Proof of Claim on behalf of a Claim in these chapter 11 cases on or prior to the applicable Bar Date if the Claim falls into one of the following categories:

a.  any Claim that has already been asserted in a Proof of Claim against the Debtors with the Notice and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 (unless such person or entity wishes to assert a Claim against a Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

b.  any Claim that is listed on the schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules") filed by the Debtors, provided that (i) the Claim is **not** scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

c.  any Claim that has previously been allowed by order of this Court;

d.  any Claim that has already been paid in full by any of the Debtors;

e.  any Claim for which a different deadline has previously been fixed by this Court;

f.  any Claim held by a Debtor against another Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of Rite Aid Corporation;

g.  any Person or Entity that holds an equity interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, warrants, options, or rights of purchase, or who sell or subscribe to such a security or interest; *provided* that any holder of an equity interest in the Debtors who wishes to assert a Claim (as opposed to an ownership interest) against the Debtors (including a Claim relating to such equity interest or the purchase or sale of such equity interest), must file a Proof of Claim on or before the applicable Bar Date;

h.  any Claim held by a current or former employee of the Debtors (and, with respect to benefit claims, any spouse or beneficiary thereof) and any labor unions representing such present or former employees if an order of the Court authorizes the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit, including under the November 16, 2023 order approving the *Debtors' Motion For Entry Of Interim And Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Associate Wages, Salaries, Other Compensation, and Reimbursable Associate Expenses and (B) Continue Associate Benefits Programs, and (II) Granting Related Relief* [Docket No. 17], including but not limited to workers' compensation claims and claims under the federal Worker Adjustment and Retraining Notification ("WARN") Act, Philadelphia WARN Act  NJ WARN Act, and MD WARN Act; *provided*, however, that any current or former employee and, where relevant, any labor unions representing such present and former employees in relation

14

to grievances, arbitrations, or litigation, must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including other Claims for grievances, arbitrations, litigation, wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

i.  any Professional Compensation Claim;[5]

j.  any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

k.  any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including the DIP Lenders, the Senior Secured Notes Trustees, and the Senior Secured Noteholders (as defined in the Plan);

l.  any counterparty to an executory contract or unexpired lease whose contract or lease is assumed or assumed and assigned by the Debtor, solely with respect to claims arising under such contract or lease;

m.  any entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any claim allowance under section 503(b)(9) of the Bankruptcy Code);

n.  any Claim held by any person or entity solely against a non-Debtor entity; *provided*, *however*, that to the extent any holder has a claim against any of the Debtors' non-Debtor subsidiaries which is guaranteed by a Debtor, such holder must file a Proof of Claim for such guarantee Claim; and

o.  any Notes Claims held by Noteholders (but not the Indenture Trustees).

> THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE DEBTORS.  THE FACT THAT

---

[5]  "*Professional Compensation Claims*" means, at any given moment, all Claims for accrued fees and expenses (including success fees) for services rendered by a Professional (as defined below) through and including the Effective Date, to the extent such fees and expenses have not been paid pursuant to any other order of the Court and regardless of whether a fee application has been filed for such fees and expenses.  To the extent the Court denies or reduces by a final order any amount of a Professional's fees or expenses, then the amount by which such fees or expenses are reduced or denied shall reduce the applicable Professional Compensation Claim.

"*Professional*" means an entity: (a) retained in these chapter 11 cases pursuant to a Final Order in accordance with sections 327, 328, 363, or 1103 of the Bankruptcy Code and to be compensated for services rendered and expenses incurred before or on the confirmation date, pursuant to sections 327, 328, 329, 330, 363, or 331 of the Bankruptcy Code; or (b) awarded compensation and reimbursement by the Bankruptcy Court pursuant to section 503(b)(4) of the Bankruptcy Code.

> YOU HAVE RECEIVED THIS NOTICE DOES <u>NOT</u> MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE ANY CLAIM.

### **Which Proof of Claim Form to File**

You should file the appropriate Court-approved Proof of Claim Form(s) that accompanies this Notice.

Personal Injury Tort Claimant Proof of Claim Form:

If you have a Claim against the Debtors based on your own personal injury or another person's personal injury (for example, you are filing on behalf of a deceased or incapacitated individual or a minor) related to a tort claim (for example, taking opioid products dispensed by Rite Aid, talc claims, valsartan claims, acetaminophen claims, etc.), you should file a proof of claim form that is substantially similar to (or is) the Personal Injury Tort Claimant Proof of Claim Form.

For example, individuals seeking damages for death, addiction or dependence, lost wages, loss of consortium, or Neonatal Abstinence Syndrome ("<u>NAS</u>"), regardless of the legal cause of action (fraud, negligence, misrepresentation, conspiracy, etc.), must file the Personal Injury Tort Claimant Proof of Claim Form.

Non-Personal Injury Tort Claimant Proof of Claim Form:

If you are a Governmental Unit, Native American Tribe, person, or entity and you have a Claim against the Debtors based on a tort claim, excluding claims for personal injury, you must file a proof of claim form that is substantially similar to (or is) the Non Personal Injury Tort Claimant Proof of Claim Form.

For example, Governmental Units, hospitals, insurers, third-party payors, or insureds seeking damages for an injury other than a personal injury, such as a financial or economic injury, must file the Non-Personal Injury Tort Claimant Proof of Claim Form.

General Proof of Claim Form:

If you are a person or entity and you have a Claim against the Debtors based on non-tort claim related injuries or harm, you should file a proof of claim form that is substantially similar to (or is) the General Proof of Claim Form.

For example, trade creditors seeking outstanding payments or Governmental Units asserting tax claims must file the General Proof of Claim Form.

**Confidentiality of Forms (applicable to all Personal Injury Tort Claimant Proof of Claim Forms and certain Non-Personal Injury Tort Claimant Proof of Claim Forms)**: All Proofs of Claim submitted by personal injury opioid claimants on Personal Injury Tort Claimant Proof of Claim Forms and any other Proof of Claim submitted by a personal injury claimant, and any supporting documentation submitted with the forms, shall be held and treated as highly confidential by the (i) Debtors, (ii) the Debtors' advisors, including their counsel and financial

advisor, and (iii) the Notice and Claims Agent, and shall be provided upon request, on a professional eyes only basis, to (1) the UCC, and (2) the TCC, and (3) such other persons as the Court determines should have the information in order to evaluate any personal injury Claims (the parties listed in subclauses (i)-(iii) collectively, the "Permitted Parties") subject to each Permitted Party agreeing to be bound by the Protective Order (as defined below), and shall not be made available to the public.  For the avoidance of doubt, only the Claim number, Claim amount, and the total number of personal injury Claims, including any subcategories thereof (such as Claims relating to opioids (including for the avoidance of doubt claims on behalf of minors with Neonatal Abstinence Syndrome), talc, valsartan and acetaminophen), will be made publicly available on the Case Website and included in the publicly available claims register.  Copies of Proofs of Claim submitted by personal injury claimants and supporting documentation shall be treated as Professionals' Eyes Only/Highly Confidential as set forth in the Confidentiality Agreement and Stipulated Protective Order entered by the Court on [___], 2023 [ECF No. __] (the "Protective Order"), and, as applicable, as Information Protected Pursuant to the Health Insurance Portability and Accountability Act of 1996, and made available only to the Court and to those Permitted Parties that agree to be bound by the Protective Order.  Pursuant to 11 U.S.C. § 107(c), all Proofs of Claim shall be made available to the U.S. Trustee; *provided, however*, that the Proofs of Claim (and any supporting documentation) described in paragraph 15 of the Bar Date Order are "information specifically protected by the court under the title" as set forth in 11 U.S.C. § 107(c)(3)(B).

All proof of claim forms that are not submitted by personal injury claimants on Personal Injury Tort Claimant Proof of Claim Forms and any other Proof of Claim submitted by a personal injury claimant will be made publicly available on the Notice and Claims Agent's website in their entirety.  For the avoidance of doubt, Non-Personal Injury Tort Claimant Proof of Claim Forms and General Proof of Claim Forms (not submitted by a personal injury claimant) will be made publicly available on the Notice and Claims Agent's website in their entirety.

## Executory Contracts and Unexpired Leases

If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit your Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is the later of thirty (30) days following (i) entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease and (ii) the effective date of rejection (the "Rejection Damages Bar Date").  The Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease.  For the avoidance of doubt, counterparties to unexpired leases of nonresidential real property shall not be required to file a Proof of Claim Form on account of prepetition claims against any of the Debtors unless and until the applicable lease is rejected by the Debtors.

**Amended Schedules Bar Date**

In the event the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall submit their Claims by the later of (a) the applicable Bar Date and (b) 5:00 p.m. prevailing Eastern Time on the date that is thirty (30) calendar days after such person or entity is served with notice that the Debtor has amended its Schedules in a manner that affects such person or entity (any such date, an "Amended Schedules Bar Date").

**The Debtors' Schedules and Access Thereto**

You may be listed as the holder of a Claim against one or more of the Debtors in the Debtors' Schedules.

Copies of the Debtors' Schedules are available: (a) from the Notice and Claims Agent by calling 844-274-2766 for callers in the United States or by calling 646-440-4878 for callers outside the United States and/or visiting the Debtors' restructuring website at: https://restructuring.ra.kroll.com/RiteAid; (b) by written request to Debtors' counsel at the address and telephone number set forth below; and/or (c) for inspection on the Court's Internet Website at http://ecf.njb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records are required to access this information and can be obtained at http://www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 8:30 a.m. and 4:00 p.m., Monday through Friday, at the Office of the Clerk of the Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the Claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount, and classification of your Claim as listed in the Debtors' Schedules, and if you do not dispute that your Claim is only against the Debtor specified by the Debtors, and if your Claim is **not** described as "disputed," "contingent," or "unliquidated," **you need not submit a Proof of Claim**. Otherwise, or if you decide to submit a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this notice.

**Reservation of Rights**

Nothing contained in this Bar Date Notice is intended, or should be construed, as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such Claims; (b) subsequently designate any scheduled Claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

**Consequences of Failure to Submit a Proof of Claim by the Applicable Bar Date**

ANY HOLDER OF A CLAIM THAT IS NOT LISTED IN THIS NOTICE AS A CLAIM EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL

BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, (2) PARTICIPATING IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, AND (3) RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.  SUCH PERSON OR ENTITY SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR ANY PURPOSE IN THESE CHAPTER 11 CASES.

Dated: [_____], 2023

/s/ *DRAFT*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:     msirota@coleschotz.com
        wusatine@coleschotz.com
        fyudkin@coleschotz.com
        svanaalten@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:    esassower@kirkland.com
        joshua.sussberg@kirkland.com
        aparna.yenamandra@kirkland.com
        ross.fiedler@kirkland.com
        zach.manning@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

<u>**Exhibit 3**</u>

**Publication Notice**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| RITE AID CORPORATION, *et al.*, | Case      No.      23-18993      (MBK) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF BAR DATES FOR**
**SUBMITTING PROOFS OF CLAIM AND CLAIMS UNDER**
**SECTION 503(B)(9) OF THE BANKRUPTCY CODE AGAINST THE DEBTORS**

**PLEASE TAKE NOTICE THAT** the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") has entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing an Amended Schedules Bar Date and a Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* (the "Bar Date Order") establishing **5:00 p.m. prevailing Eastern Time on January 12, 2024** (the "General Claims Bar Date"), as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures

---

[1]   The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

and trusts) to submit a Proof of Claim against any of the Debtors listed below (collectively, the "Debtors").  A copy of the Bar Date Order, and any exhibits thereto are available (i) at the Debtors' expense upon request to Kroll Restructuring Administration LLC (the noticing and claims agent retained in these chapter 11 cases), by calling 844-274-2766 for callers in the United States or by calling 646-440-4878 for callers outside the United States, (ii) for no charge by visiting the Debtors' restructuring website at https://restructuring.ra.kroll.com/RiteAid, or (iii) for a fee via PACER by visiting http://ecf.njb.uscourts.gov.

The Bar Date Order requires that all entities (collectively, the "Claimants") holding or wishing to assert a Claim that arose or is deemed to have arisen prior to October 15, 2023 (the "Petition Date"), against the Debtors ("Claims") to submit a Proof of Claim so as to be actually received by Kroll Restructuring Administration LLC (the "Notice and Claims Agent") on or before the applicable bar date (collectively, the "Bar Dates") as set forth below.

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| Rite Aid Corporation | 4034 | |
| Rite Aid of Michigan, Inc. | 7390 | |
| 1740 Associates, L.L.C. | 9433 | |
| Perry Drug Stores, Inc. | 7300 | |
| Apex Drug Stores, Inc. | 3448 | |
| PDS-1 Michigan, Inc. | 5739 | |
| RDS Detroit, Inc. | 9950 | |
| Rite Aid of Connecticut, Inc. | 0645 | |
| Rite Aid of Georgia, Inc. | 5551 | |
| Rite Aid of Kentucky, Inc. | 9291 | |
| Rite Aid of New Hampshire, Inc. | 8320 | |
| Rite Aid of New Jersey, Inc. | 0648 | |
| Rite Aid of North Carolina, Inc. | 0650 | |
| Rite Aid of South Carolina, Inc. | 7222 | |
| Rite Aid of Vermont, Inc. | 0942 | |
| Rite Aid of Washington, D.C. Inc. | 1466 | |
| Rite Aid of Delaware, Inc. | 0646 | |
| Rite Aid of Indiana, Inc. | 8778 | |
| Rite Aid of Maine, Inc. | 4725 | |
| Rite Aid of Maryland, Inc. | 0941 | |
| Rite Aid of New York, Inc. | 0649 | |
| Rite Aid of Ohio, Inc. | 0651 | |
| Rite Aid of Tennessee, Inc. | 7224 | |
| Rite Aid of Virginia, Inc. | 0653 | |
| Rite Aid of West Virginia, Inc. | 0654 | |
| Rite Aid Drug Palace, Inc. | 5476 | |
| READ's Inc. | 2330 | |
| Rite Aid Rome Distribution Center, Inc. | 7836 | |
| Munson & Andrews, LLC | 6050 | |
| Gettysburg and Hoover-Dayton, Ohio, LLC | 5844 | |
| The Lane Drug Company | 5212 | |
| Rite Aid Online Store, Inc. | 0090 | |
| Rite Aid Payroll Management, Inc. | 0097 | |
| Harco, Inc. | 2700 | |
| Health Dialog Services Corporation | 4661 | |
| K & B, Incorporated | 6254 | |

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| K & B Alabama Corporation | 1085 | |
| K & B Louisiana Corporation | 3860 | |
| K & B Mississippi Corporation | 3482 | |
| K & B Tennessee Corporation | 4359 | |
| K&B Texas Corporation | 0327 | |
| K & B Services, Incorporated | 5171 | |
| Thrifty PayLess, Inc. | 1249 | |
| The Bartell Drug Company | 8195 | |
| Thrifty Corporation | 7550 | |
| 1515 West State Street, Boise, Idaho, LLC | 9371 | |
| Name Rite, L.L.C. | 9933 | |
| Rite Aid Lease Management Company | 4577 | |
| Rite Aid Realty Corp. | 5347 | |
| Hunter Lane, LLC | 1712 | |
| Elixir Holdings, LLC | 6699 | |
| Tonic Procurement Solutions, LLC | 1832 | |
| Ascend Health Technology LLC | 6467 | |
| Design Rx Holdings LLC | 8094 | |
| Design Rx, LLC | 9429 | |
| Designrxclusives, LLC | 6645 | |
| Rx Initiatives L.L.C. | 9446 | |
| Elixir Savings, LLC | 9462 | |
| Elixir Rx Solutions of Nevada, LLC | 1398 | |
| Elixir Rx Solutions, LLC | 0786 | |
| Elixir Rx Solutions, LLC | 1427 | |
| Elixir Puerto Rico, Inc. | 2789 | |
| First Florida Insurers of Tampa, LLC | 8509 | |
| Advance Benefits, LLC | 0021 | |
| Laker Software, LLC | 4169 | |
| Elixir Pharmacy, LLC | 4607 | |
| Elixir Rx Options, LLC | 9227 | |
| Rite Aid Hdqtrs. Corp. | 8342 | |
| Rite Aid of Pennsylvania, LLC | 0652 | |
| Rite Aid Specialty Pharmacy LLC | 2824 | |
| RediClinic LLC | 9661 | |
| Juniper Rx, LLC | 1843 | |
| RediClinic Associates, Inc. | 3069 | |
| RCMH LLC | 4418 | |
| RediClinic of PA, LLC | 9750 | |
| Broadview and Wallings-Broadview Heights Ohio, Inc. | 4215 | |
| GDF, Inc. | 3867 | |
| Lakehurst and Broadway Corporation | 7947 | |
| Rite Aid Hdqtrs. Funding, Inc. | 7335 | |
| Rite Investments Corp. | 3192 | |
| Rite Investments Corp., LLC | 9582 | |
| Rite Aid Transport, Inc. | 3102 | |
| Rx Choice, Inc. | 8207 | |
| 4042 Warrensville Center Road – Warrensville Ohio, Inc. | 0507 | |
| 5277 Associates, Inc. | 0919 | |
| 5600 Superior Properties, Inc. | 2337 | |
| JCG (PJC) USA, LLC | 9455 | |
| The Jean Coutu Group (PJC) USA, Inc. | 5810 | |

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| P.J.C. Distribution, Inc. | 2604 | |
| PJC of Vermont Inc | 8065 | |
| PJC of Rhode Island, Inc. | 9613 | |
| PJC Lease Holdings, Inc. | 3835 | |
| PJC of Massachusetts, Inc. | 1151 | |
| P.J.C. Realty Co., Inc. | 7938 | |
| PJC Realty MA, Inc. | 2817 | |
| PJC Special Realty Holdings, Inc. | 3843 | |
| PJC Manchester Realty LLC | 3821 | |
| PJC Peterborough Realty LLC | 1661 | |
| PJC Revere Realty LLC | 3818 | |
| JCG Holdings (USA), Inc. | 7565 | |
| Eckerd Corporation | 8122 | |
| Genovese Drug Stores, Inc. | 6812 | |
| Thrift Drug, Inc. | 8063 | |
| EDC Drug Stores, Inc. | 6933 | |
| Maxi Drug, Inc. | 0944 | |
| Maxi Green Inc. | 5111 | |
| Maxi Drug North, Inc. | 0884 | |
| Maxi Drug South, L.P. | 0885 | |
| Drug Palace, Inc. | 5476 | |
| Grand River & Fenkell, LLC | 7145 | |
| ILG - 90 B Avenue Lake Oswego, LLC | 2489 | |
| LMW - 90B Avenue Lake Oswego, Inc. | 4279 | |
| RediClinic of Dallas Fort-Worth, LLC | 4318 | |
| RediClinic of DC, LLC | 4321 | |
| RediClinic of DE, LLC | 1619 | |
| RediClinic of MD, LLC | 2394 | |
| RediClinic of VA, LLC | 0141 | |
| RediClinic US, LLC | 6660 | |
| Richfield Road - Flint, Michigan, LLC | 5186 | |
| Rx USA, Inc. | 6417 | |

| | |
|---|---|
| **General Claims Bar Date**<br><br>(Applicable to 503(b)(9) Claims) | All Claimants holding or wishing to assert a Claim must submit a Proof of Claim with respect to such Claim so as to be **actually received** by the Notice and Claims Agent by **January 12, 2024, at 5:00 p.m. prevailing Eastern Time** (the "<u>General Claims Bar Date</u>"), including parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code. |
| **Governmental Bar Date** | All governmental units holding or wishing to assert a Claim against the Debtors arising (or deemed to arise) before the Petition Date (whether secured, unsecured priority or unsecured non-priority) must submit a Proof of Claim so as to be **actually received** by the Notice and Claims Agent by **April 12, 2024, at 5:00 p.m. prevailing Eastern Time** (the "<u>Governmental Bar Date</u>"). The Bar Date Order also provides that the Debtors reserve the right to seek to shorten the time by which certain categories of Claims, including for Claims asserted by: (i) all municipalities and other local government subdivisions (collectively, the "Local Governments"), (ii) all Federally |

| | |
|---|---|
| | Recognized Native American tribes (collectively, the "Tribes"), (iii) all fifty states of the United States of America and the District of Columbia (collectively, the "States"), (iv) the United States of America, and (v) any of the following territories of the United States of America: American Samoa, Guam, the Northern Mariana Islands, Puerto Rico, and the U.S. Virgin Islands (collectively, the "Territories"). |
| **Amended Schedules Bar Date** | In the event the Debtors amend or supplement their schedules of assets and liabilities and statements of financial affairs (collectively, the "<u>Schedules</u>"), the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall submit their Claims by the later of (a) the applicable Bar Date and (b) **5:00 p.m. prevailing Eastern Time on the date that is thirty (30) calendar days** from the date on which the Debtors provide notice of the amendment to the Schedules in a manner that affects such person or entity (any such later date, the "<u>Amended Schedules Bar Date</u>"). |
| **Rejection Damages Bar Date** | If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit a Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) **5:00 p.m., prevailing Eastern Time, on the date that is the later of thirty (30) days** following (i) entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease and (ii) the effective date of rejection (the "<u>Rejection Damages Bar Date</u>"). The Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease. For the avoidance of doubt, counterparties to unexpired leases of nonresidential real property shall not be required to file a Proof of Claim Form on account of prepetition claims against any of the Debtors unless and until the applicable lease is rejected by the Debtors. |

### When and Where to Submit

Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent ***actually receives*** the Proof of Claim on or before the applicable Bar Date by: (i) electronically using the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/RiteAid, (ii) first-class U.S. Mail, which Proof of Claim must include an original signature, at the following address: Rite Aid Corporation Claims Processing Center, c/o Kroll Restructuring Administration LLC 850 Third Avenue, Suite 412 Brooklyn, New York 11232, or (iii) overnight mail, or other hand-delivery system, which Proof of Claim must include an original signature, at the following address: Rite Aid Corporation Claims Processing Center, c/o Kroll Restructuring Administration LLC 850 Third Avenue, Suite 412 Brooklyn, New York 11232.

### Which Proof of Claim Form to File

You should file the appropriate Court-approved Proof of Claim Form(s) that accompanies this Notice.

Personal Injury Tort Claimant Proof of Claim Form:

If you have a Claim against the Debtors based on your own personal injury or another person's personal injury (for example, you are filing on behalf of a deceased or incapacitated individual or a minor) related to a tort claim (for example, taking opioid products dispensed by Rite Aid, talc claims, valsartan claims, acetaminophen claims, etc.), you should file a proof of claim form that is substantially similar to (or is) the Personal Injury Tort Claimant Proof of Claim Form.

For example, individuals seeking damages for death, addiction or dependence, lost wages, loss of consortium, or Neonatal Abstinence Syndrome ("NAS"), regardless of the legal cause of action (fraud, negligence, misrepresentation, conspiracy, etc.), must file the Personal Injury Tort Claimant Proof of Claim Form.

Non-Personal Injury Tort Claimant Proof of Claim Form:

If you are a Governmental Unit, Native American Tribe, person, or entity and you have a Claim against the Debtors based on a tort claim, excluding claims for personal injury, you must file a proof of claim form that is substantially similar to (or is) the Non Personal Injury Tort Claimant Proof of Claim Form.

For example, Governmental Units, hospitals, insurers, third-party payors, or insureds seeking damages for an injury other than a personal injury, such as a financial or economic injury, must file the Non-Personal Injury Tort Claimant Proof of Claim Form.

General Proof of Claim Form:

If you are a person or entity and you have a Claim against the Debtors based on non-tort claim related injuries or harm, you should file a proof of claim form that is substantially similar to (or is) the General Proof of Claim Form.

For example, trade creditors seeking outstanding payments or Governmental Units asserting tax claims must file the General Proof of Claim Form.

**Confidentiality of Forms (applicable to all Personal Injury Tort Claimant Proof of Claim Forms and certain Non-Personal Injury Tort Claimant Proof of Claim Forms)**: All Proofs of Claim submitted by personal injury opioid claimants on Personal Injury Tort Claimant Proof of Claim Forms and any other Proof of Claim submitted by a personal injury claimant, and any supporting documentation submitted with the forms, shall be held and treated as highly confidential by the (i) Debtors, (ii) the Debtors' advisors, including their counsel and financial advisor, and (iii) the Notice and Claims Agent, and shall be provided upon request, on a professional eyes only basis, to (1) the UCC, and (2) the TCC, and (3) such other persons as the Court determines should have the information in order to evaluate any personal injury Claims

(the parties listed in subclauses (i)-(iii) collectively, the "Permitted Parties") subject to each Permitted Party agreeing to be bound by the Protective Order (as defined below), and shall not be made available to the public.  For the avoidance of doubt, only the Claim number, Claim amount, and the total number of personal injury Claims, including any subcategories thereof (such as Claims relating to opioids (including for the avoidance of doubt claims on behalf of minors with Neonatal Abstinence Syndrome), talc, valsartan and acetaminophen), will be made publicly available on the Case Website and included in the publicly available claims register. Copies of Proofs of Claim submitted by personal injury claimants and supporting documentation shall be treated as Professionals' Eyes Only/Highly Confidential as set forth in the Confidentiality Agreement and Stipulated Protective Order entered by the Court on [____], 2023 [ECF No. __] (the "Protective Order"), and, as applicable, as Information Protected Pursuant to the Health Insurance Portability and Accountability Act of 1996, and made available only to the Court and to those Permitted Parties that agree to be bound by the Protective Order.  Pursuant to 11 U.S.C. § 107(c), all Proofs of Claim shall be made available to the U.S. Trustee; *provided, however*, that the Proofs of Claim (and any supporting documentation) described in paragraph 15 of the Bar Date Order are "information specifically protected by the court under this title" as set forth in 11 U.S.C. § 107(c)(3)(B).

All proof of claim forms that are not submitted by personal injury claimants on Personal Injury Tort Claimant Proof of Claim Forms and any other Proof of Claim submitted by a personal injury claimant will be made publicly available on the Notice and Claims Agent's website in their entirety.  For the avoidance of doubt, Non-Personal Injury Tort Claimant Proof of Claim Forms and General Proof of Claim Forms (not submitted by a personal injury claimant) will be made publicly available on the Notice and Claims Agent's website in their entirety.

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL, BY HAND. OR THROUGH THE NOTICE AND CLAIMS AGENT'S WEBSITE.**

**PROOFS OF CLAIM
SUBMITTED BY FAX OR EMAIL WILL <u>NOT</u> BE
ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

**<u>Contents of Proofs of Claim.</u>**  Each Proof of Claim must:  (i) be written in English; (ii) be denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed or electronically transmitted through the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/RiteAid by the Claimant or by an authorized agent or legal representative of the Claimant.  **Please note** that each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted by selecting the applicable Debtor at the top of the proposed Proof of Claim Form.  A Proof of Claim submitted under Case No. 23-18993 (MBK) or that does not identify a Debtor will be deemed as submitted only against Rite Aid Corporation.  A Proof of Claim that names a subsidiary Debtor but is submitted under Case No. 23-18993 (MBK) will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists; *provided that* all Proofs of Claim asserted on Personal Injury Tort Claimant Proof of Claim Forms or Non-Personal Injury Tort Claimant Proof of Claim Forms will be docketed against the lead case, *In re Rite Aid Corporation,* et al No. 23-18993 (MBK), without the need for further designation by a holder,

7

and shall be deemed filed as against each of the Debtors that are defendants in prepetition tort litigation.  For the avoidance of doubt holders asserting Claim on Personal Injury Tort Claimant Proof of Claim Forms or Non-Personal Injury Tort Claimant Proof of Claim Forms are <u>not</u> required to (i) specify by name and case number the Debtor against which such Proof(s) of Claim is filed and (ii) file separate Proofs of Claim against each Debtor with respect to which any such holder may have a Claim.

The failure to select the correct Debtor on the Proof of Claim Form shall not be a basis to object to the allowability of the Claim; *provided* that the asserted Claim otherwise complies with the terms of this Bar Date Order.

Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that (i) the Proof of Claim contains current contact information for the creditor or its designated representative from whom the Debtors may request the full supporting documentation and (ii) such party must produce the supporting documentation to the Debtors' counsel upon request no later than ten (10) business days from the date of such request.  Failure to provide such supporting documentation within ten (10) business days may result in an objection to such Claim; *provided that* for the avoidance of doubt, this subparagraph (f)(ii) shall not apply to holders asserting Claims on Personal Injury Tort Claimant Proof of Claim Forms or Non-Personal Injury Tort Claimant Proof of Claim Forms..

**Section 503(b)(9) Claims.**  Vendors and suppliers of goods may be entitled to request an administrative priority Claim under section 503(b)(9) of the Bankruptcy Code to the extent they delivered, and the Debtor received, goods within the twenty-day period prior to the Petition Date.  The Court has deemed the submission of a Proof of Claim as satisfying the procedural requirements for asserting such a Claim under section 503(b)(9) of the Bankruptcy Code.  In addition to the other requirements listed above, any Proof of Claim asserting a 503(b)(9) Claim must (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach documentation of the date on which the goods were delivered to and received by the Debtors; (iii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iv) attach documentation of any reclamation demand made against the Debtors under section 546(c) of the Bankruptcy Code (if applicable); and (v) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors.

**Consequences of Failing to Timely Submit Your Proof of Claim.**  Any Claimant who is required, but fails, to submit a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such Claim against the Debtors (or submitting a Proof of Claim with respect thereto).  In such event, the Debtors' property shall be forever discharged from any and all indebtedness or liability with respect to such Claim, and such holder shall not be permitted to vote to accept or reject any plan of reorganization filed in these chapter 11 cases or participate in any distribution on account of such Claim or receive further notices regarding such Claim.

8

**Reservation of Rights.**  Nothing contained in this notice is intended to or should be construed as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such Claims; (b) subsequently designate any scheduled Claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

**Additional Information.**  If you have any questions regarding the Claims process and/or if you wish to obtain a copy of the Bar Date Order (which contains a more detailed description of the requirements for submitting Proofs of Claim), a Proof of Claim form, or related documents, you may do so by visiting the Debtors' restructuring website at https://restructuring.ra.kroll.com/RiteAid or contacting the Notice and Claims Agent by calling 844-274-2766 for callers in the United States or by calling 646-440-4878 for callers outside the United States and/or writing to the following address:  Rite Aid Corporation Claims Processing Center, c/o Kroll Restructuring Administration LLC 850 Third Avenue, Suite 412 Brooklyn, New York 11232.