**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| RITE AID CORPORATION, *et al.*, | Case No. 23-18993 (MBK) |
| Debtors.[1] | (Jointly Administered) |
| | HEARING DATE AND TIME:<br>December 14, 2023, at 11:00 a.m. (EST) |
| | ORAL ARGUMENT WAIVED UNLESS OBJECTIONS TIMELY FILED |

**DEBTORS' MOTION SEEKING ENTRY OF AN
ORDER PURSUANT TO SECTION 365(D)(4) OF
THE BANKRUPTCY CODE (I) EXTENDING DEBTORS'
TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF
NON-RESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):[2]

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order") (a) extending the Debtors' time to assume or reject unexpired leases of non-residential real property (collectively, the "Unexpired Leases")[3] for an additional ninety days, for a total of 210 days from the Petition Date, through and including May 13, 2024, and (b) granting related relief. The Debtors further request that the proposed extension be without prejudice to the Debtors' right to seek additional extensions of the time to assume or reject the Unexpired Leases as contemplated under section 365(d)(4)(B)(ii) of the Bankruptcy Code with the consent of the applicable Unexpired Lease counterparty.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

---

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Jeffrey S. Stein in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration").

[3] Notwithstanding anything to the contrary, the Debtors are not seeking a determination that any particular lease, contract, instrument, or other document constitutes an unexpired lease of nonresidential real property subject to the provisions of section 365(d)(4) of the Bankruptcy Code and all parties' rights are reserved with respect to such determination.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 365(d)(4)(B) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

**Background**

5. The Debtors, together with their non-Debtor affiliates (collectively, "Rite Aid" or the "Company"), are on the front lines of delivering healthcare services and retail products to millions of Americans daily. Founded in 1962 with a single discount drugstore in Scranton, Pennsylvania, Rite Aid—and its over 45,000 employees—meet the fundamental consumer need for pharmacy services across the country through two divisions. On the retail side, Rite Aid employs more than 6,100 pharmacists and operates more than 2,100 retail pharmacy locations in 17 states. Through Elixir, the Company manages pharmacy benefits for more than one million members via accredited mail and specialty pharmacies, prescription discount programs, and an industry-leading claim adjudication platform. Headquartered in Philadelphia, Pennsylvania, Rite Aid Corporation is publicly held with its common stock trading on the over-the-counter market ("OTC") under the trading symbol, "RADCQ."

6. On October 15, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' chapter 11 cases are set forth in greater detail in the First Day Declaration and incorporated by reference herein.

7. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On October 17, 2023, the Court entered an order [Docket No. 122] authorizing procedural

3

consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). On November 2, 2023, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed, pursuant to section 1102 of the Bankruptcy Code, (a) an official committee of unsecured creditors (the "Creditors' Committee") [Docket No. 431] and (b) an official committee of tort claimants (the "Tort Claimants Committee" and together with the Creditors' Committee, the "Committees") [Docket No. 432].

### The Unexpired Leases

8. The Debtors are party to thousands of contracts, which include, among other agreements, contracts with vendors for the supply of goods and services, contracts related to the operation of the Debtors' businesses, and leases with respect to real and personal property. As of the Petition Date, over 2,100 of these contracts were leases of non-residential real property subject to section 365(d)(4) of the Bankruptcy Code.

9. One key component of the Company's go-forward business plan—and a value--maximizing restructuring of the Debtors—is the continuation and completion of the Debtors' ongoing multi-year effort to rationalize their retail pharmacy store footprint. In the case of store closures, at the end of the closure process, the Debtors will vacate the closing store location and address the applicable lease as deemed appropriate by the Debtors in their business judgment.

10. On November 20, 2023, the Debtors received court approval to reject two-hundred and ninety-eight (298) of their leases pursuant to the Court's *Order (I) Authorizing (A) Rejection of Certain Unexpired Leases of Non-Residential Real Property and (B) Abandonment of Any Personal Property, Each Effective as of the Rejection Date and (II) Granting Related Relief* [Docket No. 723] (the "Lease Rejection Order") and to reject thirty-five (35) of their leases pursuant to the Court's *Order (I) Authorizing (A) Rejection of Certain Unexpired Leases of Non-Residential Real Property and (B) Abandonment of Any Personal Property, Each Effective as of*

*the Rejection Date and (II) Granting Related Relief* [Docket No. 710] (the "Second Lease Rejection Order"). Furthermore, on November 20, 2023, the Court entered the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 702] (the "Lease Assumption and Rejection Procedures Order"). Pursuant to the Lease Assumption and Rejection Procedures Order, the Debtors have also filed two (2) Rejection Notices [Docket Nos. 796, 811] (defined therein).

11. In parallel, the Debtors are engaged in ongoing lease modification negotiations as to certain Unexpired Leases, accompanied by ongoing efforts to monetize other Unexpired Leases. Also relevant to the Debtors' go-forward lease portfolio is the Debtors' ongoing sale process with respect to their retail pharmacy business. A successful bidder in this process will be in a position to determine the composition and configuration of Rite Aid's go-forward retail store portfolio.

12. Taking all of these considerations together, a 90-day extension of the current section 365(d)(4) deadline is appropriate to facilitate an orderly, considered, and value-maximizing resolution of lease-related matters in these chapter 11 cases.[4] Pending the Debtors' decision to assume or reject an Unexpired Lease, the Debtors will continue to timely perform all of their undisputed postpetition obligations thereunder, to the extent required by section 365(d)(3) of the Bankruptcy Code, including the payment of postpetition rent obligations.

## Basis for Relief

13. Section 365(d)(4) of the Bankruptcy Code provides:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall not be deemed rejected, and the

---

[4] Additionally, the milestone requirements under the Debtors' postpetition financing arrangements provide that Debtors must obtain entry of an order extending the section 365(d)(4) deadline by ninety additional days, with such order to be entered no later than December 14, 2023.

[debtor in possession] shall immediately surrender that nonresidential real property to the lessor, if the [debtor in possession] does not assume or reject the unexpired lease by the earlier of –

    (i) the date that is 120 days after the date of the order for relief; or

    (ii) the date of the entry of an order confirming a plan.

(B) (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the [debtor in possession] or lessor for cause.

    (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

14.      The term "cause" as used in section 365(d)(4) is not defined in the Bankruptcy Code, nor does the Bankruptcy Code establish formal criteria for evaluating a request for an extension of the initial 120-day period. Although the decision to extend a debtor's time to assume or reject unexpired leases of nonresidential real property generally is within the sound discretion of the court, in determining whether cause exists for an extension of the initial 120-day period, courts have relied on several factors, including:

    (a)      whether the lessor continues to receive rent for the use of the property;

    (b)      whether the debtor's continued occupation . . . could damage the lessor beyond the compensation available under the Bankruptcy Code;

    (c)      whether the lease is an important asset of the estate such that the decision to assume or reject would be central to any plan of reorganization;

    (d)      whether the case is complex and involves large numbers of leases;

    (e)      whether the debtor has had insufficient time to intelligently appraise each lease's value to a plan of reorganization; and

    (f)    the existence of any other facts indicating the lack of a reasonable time to decide whether to assume or reject the lease.[5]

15.    The Third Circuit has specifically stated that:

> Nothing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that is attempting to develop. …[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time to analyze leases in light of the plan it is formulating.[6]

16.    Here, the relevant factors support granting the Debtors' requested 90-day extension of the section 365(d)(4) deadline, as set forth below.

    (a)    *First*, pending the Debtors' decision to assume or reject Unexpired Leases, the Debtors have been and will continue timely performing all undisputed obligations thereunder to the extent required by section 365(d)(3) of the Bankruptcy Code, including the payment of postpetition rent obligations (unless waived by the applicable landlord). Accordingly, a ninety-day extension of the section 365(d)(4) extension deadline will not prejudice the lessors under the Unexpired Leases.[7]

    (b)    *Second*, the Unexpired Leases are foundational to the Debtors' retail pharmacy business, such that the disposition of the Unexpired Leases will determine the future of that business. Accordingly, the Debtors' decisions as to the assumption, assumption and assignment, or rejection of Unexpired Leases will be central to any going-concern reorganization of the Debtors.

---

[5] *See In re Panaco, Inc.,* 2002 WL 31990368 at *5 (Bankr. S.D. Tex. Dec. 10, 2002) (listing similar factors to consider when determining whether to extend deadline); *South St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.),* 94 F.3d 755, 761 (2d Cir. 1996) (same); *In re Beautyco, Inc.,* 307 B.R. 225, 231 (Bankr. N.D. Okla. 2004) (same); *In re Am. Healthcare Mgmt., Inc.,* 900 F.2d 827, 830 (5th Cir. 1990) (recognizing that a court may extend the deadline under section 365(d)(4) if "there is 'cause' for granting the extension"); *In re Legacy Ltd. v. Channel Home Ctrs., Inc. (In re Channel Home Ctrs., Inc.),* 989 F.2d 682, 689 (3d Cir. 1993), cert. denied, 510 U.S. 865 (1993); *see also In re GST Telecom Inc.,* No. 00-1982-GMS, 2001 U.S. Dist. LEXIS 8817, at *9 (D. Del. June 8, 2001) (stating that "equity dictates that courts can grant debtors additional time in which to decide whether to assume or reject a particular lease").

[6] *In re Channel Home Ctrs., Inc.*, 989 F.2d at 689.

[7] *See, e.g.*, *In re Bon Ton Restaurant & Pastry Shop, Inc.,* 52 B.R. 850, 854-55 (Bankr. N.D. Ill. 1985) (concluding that a lessor who received continuing monthly rent payments was not prejudiced by an extension of the section 365(d)(4) deadline); *In re Am. Healthcare Mgmt., Inc.*, 900 F.2d at 833 ("[A]n order extending the time for a debtor to assume or reject a lease merely preserves the status quo.").

    (c)    *Third*, the Debtors' chapter 11 cases are exceedingly complex, and as of the Petition Date, the Debtors were party to more than 2,100 Unexpired Leases.

    (d)    *Fourth*, the Debtors are continuing to analyze the value (or lack thereof) of each Unexpired Lease in the context of the Debtors' go-forward business plan. This analysis is informed by, among other things, the Debtors' ongoing lease renegotiations and parallel lease monetization efforts.

    (e)    *Fifth*, the Debtors are conducting an ongoing sale process as to their retail pharmacy business, in which potential acquirors will need to undertake their own valuation of the Unexpired Leases.

    (f)    *Sixth*, the Debtors' requested 90-day extension of the section 365(d)(4) deadline will help facilitate an orderly, considered, and value-maximizing resolution of lease-related matters in these chapter 11 cases, which is in the best interests of the Debtors, their estates, and their stakeholders.

17. Taking these factors into consideration, there exists cause to extend the current section 365(d)(4) deadline by an additional ninety days, through and including May 13, 2024, and the Court should grant that relief.[8]

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

18. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

---

[8] Additionally, such relief is commonly granted in large, complex chapter 11 cases such as the Debtors' chapter 11 cases. *See, e.g., In Cyxtera Technologies, Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. September 21, 2023) (authorizing the extension of debtors' time to assume or reject unexpired leases of non-residential real properties by 90 days); *In re Bed Bath & Beyond Inc.*, No. 23-13359 (VFP) (Bankr. D.N.J. August 17, 2023) (same); *In re Blockfi Inc.,* No. 22-19361 (MBK) (Bankr. D.N.J. March 24, 2023) (same); *In re National realty Investment Advisors, LLC,* No. 22-14539 (JKS) (Bankr. D.N.J. Oct. 5, 2022) (same); *In re Congoleum Corporation,* No. 20-18488 (MBK) (Bankr. D.N.J. Nov. 11, 2020) (same). Because of the voluminous nature of the orders cited herein, they are not attached to this Motion. Copies of these orders are available upon request of the Debtors' counsel.

**Waiver of Memorandum of Law**

19. The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

**Reservation of Rights**

20. Nothing contained in this motion or any order granting the relief requested in this motion, and no action taken pursuant to the relief requested or granted, is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

**No Prior Request**

21. No prior request for the relief sought in this Motion has been made to this Court or any other court.

**Notice**

22. The Debtors will provide notice of this motion to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey; (b) counsel to the Committees; (c) the agents under the Prepetition Credit Facilities and counsel thereto; (d) the DIP Agents and counsel thereto; (e) Paul, Weiss, Rifkind, Wharton & Garrison LLP and Fox Rothschild LLP, as counsel to the Ad Hoc Secured Noteholder Group; (f) the indenture trustees for the Senior Secured Notes; (g) the indenture trustee for the Senior Unsecured Notes; (h) the United States Attorney's Office for the District of New Jersey; (i) the Internal Revenue Service; (j) the U.S. Securities and Exchange Commission; (k) the attorneys general in the states where the Debtors conduct their business operations; (l) the Landlords under Unexpired Leases; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank.*]

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

Dated: November 30, 2023

/s/ *Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:    msirota@coleschotz.com
             wusatine@coleschotz.com
             fyudkin@coleschotz.com
             svanaalten@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:   (212) 446-4900
Email:    esassower@kirkland.com
             joshua.sussberg@kirkland.com
             aparna.yenamandra@kirkland.com
             ross.fiedler@kirkland.com
             zach.manning@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## Exhibit A

**Proposed Order**

Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re:<br><br>RITE AID CORPORATION, *et al.*,<br><br>                              Debtors.[1] | Chapter 11<br><br>Case No. 23-18993 (MBK)<br><br>(Jointly Administered) |

# ORDER PURSUANT TO
# SECTION 365(d)(4) OF THE BANKRUPTCY CODE (I) EXTENDING DEBTORS' TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through five (5), is **ORDERED**.

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Aparna Yenamandra, P.C. (*pro hac vice* pending)
Ross J. Fiedler (*pro hac vice* pending)
Zachary R. Manning (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

(Page | 3)
Debtors: RITE AID CORPORATION, *et al.*
Case No. 23-18993 (MBK)
Caption of Order: Order Pursuant to Section 365(d)(4) of the Bankruptcy Code (I) Extending Debtors' Time to Assume or Reject Unexpired Leases of Non-Residential Real Property and (II) Granting Related Relief

---

Upon the *Debtors' Motion Seeking Entry of an Order (I) Pursuant to Section 365(d)(4) of the Bankruptcy Code Extending Debtors' Time to Assume or Reject Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief* (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) extending the Debtors' time to assume or reject unexpired leases of non-residential real property (collectively, "Unexpired Leases") by an additional ninety days, through and including May 13, 2024, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order Pursuant to Section 365(d)(4) of the Bankruptcy Code (I) Extending Debtors' Time to Assume or Reject Unexpired Leases of Non-Residential Real Property and (II) Granting Related Relief |

of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The time period within which the Debtors must assume or reject Unexpired Leases pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code is extended through and including May 13, 2024; *provided* that if the Debtors file a motion to assume or reject an Unexpired Lease prior to such date, the time period within which the Debtors must assume or reject such Unexpired Lease pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code shall be deemed extended through and including the date that the Court enters an order granting or denying such motion.

3. This Order is without prejudice to the right of the Debtors to request additional extensions of time to assume or reject the Unexpired Leases consistent with section 365(d)(4) of the Bankruptcy Code.

4. Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement,

| | |
|---|---|
| (Page \| 5) | |
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order Pursuant to Section 365(d)(4) of the Bankruptcy Code (I) Extending Debtors' Time to Assume or Reject Unexpired Leases of Non-Residential Real Property and (II) Granting Related Relief |

contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

5. The relief granted by this Order shall not affect the ability of the Debtors to assume or reject any Unexpired Leases.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.