**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zach R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel to the Debtors and Debtors in*
*Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| RITE AID CORPORATION, *et al.*, | Case No. 23-18993 (MBK) |
| Debtors.[1] | (Jointly Administered) |

## NOTICE OF ADDITIONAL CLOSING STORES

**PLEASE TAKE NOTICE OF THE FOLLOWING**:

On November 20, 2023, the United States Bankruptcy Court for the District of New Jersey

(the "Court") entered the *Final Order (I) Authorizing and Approving the Conduct of Store Closing*

*Sales, With Such Sales to Be Free and Clear of All Liens, Claims, Encumbrances, and*

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

*(II) Granting Related Relief* [Docket No. 709] (the "<u>Final Store Closing Order</u>")[2] authorizing and

approving the conduct of store closings and related sales in accordance with certain store closing

sale guidelines and granting related relief.  A copy of the Final Store Closing Order, including the

Sale Guidelines, is attached hereto as **Exhibit 2**.

Pursuant to the Final Store Closing Order and by this written notice (this "<u>Notice</u>"), the

Debtors hereby notify you that they have determined, in the exercise of their business judgment,

that each store location listed in **Exhibit 1** attached hereto shall be an Additional Closing Store.

Parties seeking to object to the application of the Final Store Closing Order to any of the

store locations set forth on **Exhibit 1** must file and serve a written objection so that such objection

is filed with the Court on the docket of the Debtors' chapter 11 cases and is actually received by

the Debtors and their counsel no later than December 29, 2023 (the date that is ten days after the

date that the Debtors served this Notice), and the Debtors shall cause the applicable Dispute Notice

Parties and other notice parties to be served.  Only those responses that are timely filed, served,

and received will be considered at any hearing.

If an objection to the application of the Final Store Closing Order to any of the store

locations set forth on **Exhibit 1** is timely filed and not withdrawn or resolved, such objection will

be considered at the next regularly scheduled omnibus hearing, subject to the rights of any party

to seek relief on an emergency basis or shortened notice.

*[Remainder of page intentionally left blank]*

---

[2]   Capitalized terms used but not defined herein have the meanings ascribed to them in the Final Store Closing
Order.

Dated:  December 19, 2023

/s/ *Michael D. Sirota*
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:    msirota@coleschotz.com
          wusatine@coleschotz.com
          fyudkin@coleschotz.com
          svanaalten@coleschotz.com


**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:    esassower@kirkland.com
          joshua.sussberg@kirkland.com
          aparna.yenamandra@kirkland.com
          ross.fiedler@kirkland.com
          zach.manning@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

## Exhibit 1

**Additional Closing Stores**

| No. | Store No. | Property Address | City | State | Zip Code |
|---|---|---|---|---|---|
| 1 | 11258 | 1200 BENNS CHURCH BLVD | SMITHFIELD | VA | 23430 |
| 2 | 4415 | 14 FIFTH STREET | WILLIAMSPORT | PA | 17701 |
| 3 | 11249 | 1104 COURTHOUSE ROAD | RICHMOND | VA | 23236 |
| 4 | 5578 | 4200 CHINO HILLS PKWY STE 500 | CHINO HILLS | CA | 91709 |
| 5 | 6918 | 14442 124TH AVE NE | KIRKLAND | WA | 98034 |
| 6 | 712 | 5 EAST ASHTABULA STREET | JEFFERSON | OH | 44047 |
| 7 | 11297 | 5914 WEST HIGH STREET | PORTSMOUTH | VA | 23703 |
| 8 | 4733 | 182 SMITH STREET | BROOKLYN | NY | 11201 |
| 9 | 1150 | 435 EAST BROADWAY | SALEM | NJ | 08079 |
| 10 | 129 | 263 S MAIN STREET | NEWARK | DE | 19711 |
| 11 | 6042 | 420 GRASS VALLEY HIGHWAY | AUBURN | CA | 95603 |
| 12 | 3155 | 29000 LORAIN ROAD | NORTH OLMSTED | OH | 44070 |
| 13 | 4068 | 63033 VAN DYKE ROAD | WASHINGTON | MI | 48095 |
| 14 | 501 | 201 NORTH WASHINGTON AVENUE | SCRANTON | PA | 18503 |
| 15 | 10907 | 2100 WASHINGTON PIKE | CARNEGIE | PA | 15106 |
| 16 | 10996 | 64 NORTH MERCER AVE. | SHARPSVILLE | PA | 16150 |
| 17 | 5171 | 1231 AUBURN WAY NORTH | AUBURN | WA | 98002 |
| 18 | 269 | 230 HAYS AVENUE | PITTSBURGH | PA | 15210 |
| 19 | 4697 | 3 SOUTH TELEGRAPH ROAD | PONTIAC | MI | 48341 |

## **Exhibit 2**

**Final Store Closing Order**

Caption in Compliance with D.N.J. LBR 9004-1(b)

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In re:

RITE AID CORPORATION, *et al.*,

                       Debtors.[1]

</td><td>

**Order Filed on November 20, 2023**
**by Clerk**
**U.S. Bankruptcy Court**
Chapter 11 **District of New Jersey**

Case No. 23-18993 (MBK)

(Jointly Administered)

</td></tr>
</table>

# FINAL ORDER
## (I) AUTHORIZING AND APPROVING THE CONDUCT OF STORE CLOSING SALES, WITH SUCH SALES TO BE FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES, AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through twenty-four (24), is **ORDERED.**

**DATED: November 20, 2023**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Final Order"):  (a) authorizing and approving the continuation or initiation of store closing or similar themed sales (the "Initial Store Closings") at the stores identified on **Schedule 1** attached hereto (collectively, the "Initial Closing Stores"); (b) authorizing and approving the Debtors to conduct store closings at additional stores (the "Additional Store Closings" and, together with the Initial Store Closings, the "Store Closings") at a later date or dates pursuant to the procedures set forth herein (collectively, the "Additional Closing Stores," if any, and together with the Initial Closing Stores, the "Closing Stores") with such sales to be free and clear of all liens, claims, and encumbrances (the "Sales"), in accordance with the terms of the store closing sale guidelines (the "Sale Guidelines"), attached as **Schedule 2** hereto; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration, the Liebman Declaration, and the Frejka Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant

---

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, and (II) Granting Related Relief |

to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY FOUND AND DETERMINED THAT**:[1]

A.      The Debtors have advanced sound business reasons for adopting the Sale Guidelines as set forth in the Motion and at the Hearing.

B.      The Sale Guidelines, which are attached hereto as **Schedule 2**, are reasonable and appropriate, and the conduct of the Sales in accordance with the Sale Guidelines will provide an efficient means for the Debtors to dispose of the Closing Store Assets, and are in the best interest of the Debtors' estates.

C.      The relief set forth herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates and the Debtors have demonstrated good, sufficient and sound business purposes and justifications for the relief approved herein.

D.      The Store Closings and Sales are in the best interest of the Debtors' estates.

E.      The Dispute Resolution Procedures are fair and reasonable and comply with applicable law.

---

[1]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate.  *See* Fed. R. Bankr. P. 7052.

(Page | 5)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, and (II) Granting Related Relief |

F.      The entry of this Final Order is in the best interests of the Debtors and their estates; and now therefore it is **HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      To the extent any conflict between this Final Order and the Sale Guidelines, the terms of this Final Order shall control.

**I.      Authority to Engage in Sales and Conduct Store Closings.**

3.      The Debtors are authorized, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, to continue, commence, and conduct Sales and Store Closings at the Closing Stores in accordance with this Final Order and the Sale Guidelines, as may be modified by any Side Letters (as defined below) between the Debtors and the landlords at the Closing Stores.

4.      The Sale Guidelines are approved in their entirety on a final basis.

5.      The Debtors are authorized to discontinue operations at the Closing Stores in accordance with this Final Order and the Sale Guidelines.

6.      All entities that are presently in possession of some or all of the Closing Store Assets in which the Debtors hold an interest that is or may be subject to this Final Order hereby are directed to surrender possession of such Closing Store Assets to the Debtors.

7.      Neither the Debtors nor any of their officers, employees, or agents shall be required to obtain the approval of any third party, including (without limitation) any Governmental Unit (as defined under section 101(27) of the Bankruptcy Code) or landlord, to conduct the Sales and Store Closings and to take the related actions authorized herein.

(Page | 6)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, and (II) Granting Related Relief |

8.      The Debtors are authorized to conduct Sales and internal transfers of Prescription Assets consistent with their historical practice in any size, amount, or volume, in accordance with applicable law, and all such Sales and internal transfers are hereby approved.  For the avoidance of doubt, the Debtors are authorized to enter into and consummate such Sales of Prescription Assets on the terms and conditions, including any non-monetary terms and conditions, set forth in any agreements or other documents applicable to such Sales (including any asset purchase agreements), which terms and conditions are hereby approved.  Each purchaser of Prescription Assets sold pursuant to this Final Order shall be deemed a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, shall be entitled all of the protections afforded by such provision.

9.      For the avoidance of doubt, nothing in this Final Order or in the Sale Guidelines shall be construed to exempt the Debtors from any obligation to comply with applicable law regarding the monitoring of suspicious orders or purchases.

## II.    Conduct of the Sales.

10.      All newspapers and other advertising media in which the Sales and Store Closings may be advertised and all landlords and subtenants are directed to accept this Final Order as binding authority so as to authorize the Debtors to conduct the Sales and Store Closings, including, without limitation, to conduct and advertise the sale of Non-Prescription Assets in the manner contemplated by and in accordance with this Final Order and the Sale Guidelines.

11.      Subject to the Dispute Resolution Procedures provided for in this Final Order, the Debtors are hereby authorized to take such actions as may be necessary and appropriate to conduct

| Debtors: | RITE AID CORPORATION, *et al*. |
|---|---|
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, and (II) Granting Related Relief |

the Sales and Store Closings without necessity of further order of this Court as provided in the

Sale Guidelines (subject to any Side Letters), including, but not limited to, advertising a Sale of

Non-Prescription Assets as a "store closing sale", "sale on everything", "everything must go",

"going-out-of-business", or similar-themed sales as contemplated in the Sale Guidelines through

the posting of signs (including the use of exterior banners at non-enclosed mall closing locations,

and at enclosed mall closing locations to the extent the applicable closing location entrance does

not require entry into the enclosed mall common area), use of signwalkers, A-frames, and other

street signage, such exterior signage shall be conditioned upon the later of: (a) execution of an

applicable Side Letter with the Debtors and/or their consultant (if any); or (b) entry of this Final

Order.

12.     Except as expressly provided in the Sale Guidelines and subject to any Side Letter,

the sale of the Closing Store Assets shall be conducted by the Debtors, notwithstanding any

Contractual Restrictions to the contrary relative to occupancy affecting or purporting to restrict the

conduct of the Sales, abandonment of assets, or "going dark" provisions. Any such Contractual

Restrictions shall not be enforceable in conjunction with the Store Closings and the Sales. Any

breach of any such provisions in these chapter 11 cases in conjunction with the Store Closings or

the Sales shall not constitute a default under a lease or provide a basis to terminate the lease;

*provided* that the Store Closings and Sales are conducted in accordance with the terms of this

Final Order, any Side Letter, and the Sale Guidelines. The Debtors and landlords of the Closing

Stores are authorized to enter into agreements ("Side Letters") between themselves modifying the

Sale Guidelines without further order of the Court, and such Side Letters shall be binding as among

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No.: | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, and (II) Granting Related Relief |

the Debtors and any such landlords.  In the event of any conflict between the Sale Guidelines, any

Side Letter, and this Final Order, subject to paragraph 33 hereof, the terms of such Side Letter

shall control.  Copies of any Side Letters will be provided to the U.S. Trustee, the DIP Agent, Paul,

Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York

10019 (Attn: Andrew N. Rosenberg (arosenberg@paulweiss.com); Brian S. Hermann

(bhermann@paulweiss.com); and Christopher Hopkins (chopkins@paulweiss.com) and Fox

Rothschild LLP, 49 Market Street, Morristown, NJ 07960 (Attn: Howard A. Cohen

(hcohen@foxrothschild.com); Joseph J. DiPasquale (jdipasquale@foxrothschild.com) and

Michael R. Herz (mherz@foxrothschild.com), counsel for the Ad Hoc Secured Noteholder Group;

proposed counsel to  the Official Committee of Unsecured Creditors, Kramer Levin Naftalis &

Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Adam Rogoff

(ARogoff@kramerlevin.com), Rachael Ringer (RRinger@kramerlevin.com), and Nancy Bello

(NBello@kramerlevin.com); and Kelley Drye & Warren LLP, One Jefferson Road, 2nd Floor,

Parsippany, New Jersey 07054, Attn: James S. Carr (jcarr@kelleydrye.com), Robert L. LeHane

(rlehane@kelleydrye.com), and Kristin S. Elliott (kelliott@kelleydrye.com); and proposed

counsel to the Official Committee of Tort Claimants, Akin Gump Strauss Hauer & Feld LLP, One

Bryant Park, New York, NY 10036, Attn: Arik Preis (apreis@akingump.com), Kate Doorley

(kdoorley@akingump.com), and James Salwen (jsalwen@akingump.com) at least two (2)

business days' prior to execution of any Side Letters (which period may be shortened or waived if

so consented to by each of the DIP Agent, the members of the Ad Hoc Secured Noteholder Group

holding greater than two-thirds of the outstanding Prepetition Notes Secured Claims (as defined in

(Page | 9)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, and (II) Granting Related Relief |

the DIP Orders), the Official Committee of Unsecured Creditors, and the Official Committee of

Tort Claimants).

13.     Except as expressly provided for herein or in the Sale Guidelines, no person or

entity, including, but not limited to, any landlord, subtenant, licensor, service providers, utilities,

or creditors, shall take any action to directly or indirectly prevent, interfere with, or otherwise

hinder consummation of the Store Closings, the Sales, or the sale of the Closing Store Assets, or

the advertising and promotion (including the posting of signs and exterior banners or the use of

sign-walkers) of such sales, as applicable, and all such parties and persons and entities of every

nature and description, including, but not limited to, any landlord, subtenant, licensor, service

providers, utilities, and creditors and all those acting for or on behalf of such parties, are prohibited

and enjoined from (a) interfering in any way with, obstructing, or otherwise impeding, the conduct

of the Store Closings and the Sales, and/or (b) instituting any action or proceeding in any court

(other than in this Court) or administrative body seeking an order or judgment against, among

others, the Debtors or the landlords at the closing locations that might in any way directly or

indirectly obstruct or otherwise interfere with or adversely affect the conduct of the Store Closings,

the Sales, or the sale of the Closing Store Assets, or other liquidation sales at any Closing Stores

and/or seek to recover damages for breach(es) of covenants or provisions in any lease, sublease,

license, or contract based upon any relief authorized herein.

14.     The Debtors are directed to remit all taxes arising from the Sales to the applicable

Governmental Units as and when due, *provided* that, in the case of a *bona fide* dispute, the Debtors

are only directed to pay such taxes upon the resolution of such dispute, if and to the extent that the

(Page | 10)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, and (II) Granting Related Relief |

dispute is decided in favor of the applicable Governmental Unit. For the avoidance of doubt, sales taxes collected and held in trust by the Debtors shall not be used to pay any creditor or any other party, other than the applicable Governmental Unit for which the sales taxes are collected. This Final Order does not enjoin, suspend, or restrain the assessment, levy, or collection of any tax under state or federal law, and does not constitute a declaratory judgment with respect to any party's liability for taxes under state or federal law.

15.    Pursuant to section 363(f) of the Bankruptcy Code, the Debtors are authorized to sell the Closing Store Assets, and all sales of Closing Store Assets (including any Prescription Assets) shall be free and clear of any and all liens, claims, encumbrances, and other interests; *provided, however*, that any such liens, claims, encumbrances, and other interests shall attach to the proceeds of the sale of the Closing Store Assets with the same validity, in the amount, with the same priority as, and to the same extent that any such liens, claims, and encumbrances have with respect to the Closing Store Assets, subject to any claims and defenses that the Debtors may possess with respect thereto.

16.    The Debtors are authorized and empowered to transfer Closing Store Assets among and into the Debtors' store locations in accordance with the Sale Guidelines, as applicable. The Debtors are authorized to sell the Debtors' Non-Prescription Assets as provided for and in accordance with the terms of the Sale Guidelines.

17.    Notwithstanding anything to the contrary in this Final Order, the Debtors shall not sell or abandon any property that the Debtors know is not owned by the Debtors; *provided* that the

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, and (II) Granting Related Relief |

Debtors will either (a) provide for the return of such property to the Debtors' headquarters or (b) return such property to the applicable lessor, or other owner of the property.

18.    Neither the Sale Guidelines nor this Final Order authorize the Debtors to transfer or sell to any other party the personal identifying information (which means information that alone or in conjunction with other information identifies an individual, including but not limited to an individual's first name (or initial) and last name, physical address, electronic address, telephone number, social security number, date of birth, government-issued identification number, account number and credit or debit card number, and which includes all information that is "Protected Health Information" as that term is defined in 45 C.F.R. § 160.103) ("PII") of any customers unless such sale or transfer is permitted by the Debtors' privacy policies (including any applicable "Notice of Privacy Practices" adopted under 45 C.F.R. § 164.524) and applicable state or federal privacy and/or identity theft prevention laws and rules (collectively, the "Applicable Privacy Laws"), including for the avoidance of doubt the Health Insurance Portability and Accountability Act of 1996 and Health Information Technology for Economic and Clinical Health Act of 2009 (including their implementing regulations codified at 45 C.F.R. parts 160 and 164) and any state law of similar import.  The foregoing shall not limit the use of the Debtors' customer lists and mailing lists solely for purposes of advertising and promoting the Sales, to the extent such use is not prohibited by Applicable Privacy Laws.

19.    Appointment of a consumer privacy ombudsman is not required with respect to the Sales that are consistent with the asset disposition strategy set forth in the Motion as such Sales are consistent with the Debtors' privacy policies.  However, the Official Committee of Unsecured

(Page | 12)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, and (II) Granting Related Relief |

Creditors, the Official Committee of Tort Claimants, and the U.S. Trustee reserve their rights to seek to have a consumer privacy ombudsman appointed in the event the Debtors materially deviate from the asset disposition strategy set forth in the Motion.

20.     The Debtors shall remove or cause to be removed any confidential and/or PII in any of the Debtors' hardware, software, computers or cash registers or similar equipment which are to be sold or abandoned so as to render the PII unreadable or undecipherable.

21.     Nothing herein shall limit the Debtors' right to suspend, postpone, or discontinue a Sale at a Closing Store on notice to affected parties.

22.     Nothing herein is intended to affect any rights of any applicable Government Unit to enforce any law affecting the Debtors' conduct of any store closing sale that occurred before the Petition Date.

## III.     Procedures Relating to Additional Closing Stores.

23.     To the extent that the Debtors seek to conduct Sales at any Additional Closing Stores, the Sale Guidelines and this Final Order shall apply to each such Additional Closing Store (and the corresponding Additional Store Closing(s)).

24.     Except with respect to Sales of Prescription Assets, before conducting the Sales at any Additional Closing Store, the Debtors will file with the Court a list of each such Additional Closing Store (each, an "Additional Closing Store List") and serve a notice of their intent to conduct the applicable Sales at the Additional Closing Store on the Dispute Notice Parties, including applicable landlords (collectively, the "Additional Closing Store Landlords"), and other interested parties by email (to the extent available to the Debtors) or overnight mail within five business days

(Page | 13)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, and (II) Granting Related Relief |

of filing the Additional Closing Store List or as soon as reasonably practicable thereafter. With respect to the Dispute Notice Parties, including the Additional Closing Store Landlords, the Debtors will mail, if applicable, such notice to the notice address set forth in the lease for such Additional Closing Store (or at the last known address available to the Debtors).

25.    The relevant Additional Closing Store Landlords and any other interested parties shall have ten days after service of the applicable Additional Closing Store List to object to the application of this Final Order to the Additional Closing Store(s) included in such Additional Closing Store List. If no timely objections are filed with respect to the application of this Final Order to an Additional Closing Store, the Debtors shall be authorized to proceed with conducting the Sales at the Additional Closing Stores (and any corresponding Additional Store Closing(s)) in accordance with this Final Order and the Sale Guidelines. If any objections are filed with respect to the application of this Final Order to an Additional Closing Store and such objections are not resolved, the objections and the application of this Final Order to the Additional Closing Store will be considered by the Court at the next regularly scheduled omnibus hearing, subject to the rights of any party to seek relief on an emergency basis on shortened notice, to the extent necessary.

## IV.    Dispute Resolution Procedures with Governmental Units.

26.    Nothing in this Final Order, the Sale Guidelines, or any Side Letter releases, nullifies, or enjoins the enforcement of any liability to a Governmental Unit under environmental laws or regulations (or any associated liabilities for penalties, damages, cost recovery, or injunctive relief) to which any entity would be subject as the owner, lessor, lessee, or operator of the property after the date of entry of this Final Order. Nothing contained in this Final Order, the Sale

(Page | 14)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, and (II) Granting Related Relief |

Guidelines, or any Side Letter shall in any way: (a) diminish the obligation of any entity to comply with environmental laws; or (b) diminish the obligations of the Debtors to comply with environmental laws consistent with their rights and obligations as debtors in possession under the Bankruptcy Code. The Store Closings and the Sales shall not be exempt from laws of general applicability, including, without limitation, public health and safety, criminal, tax, (including, but not limited to, the collection of sales taxes), labor, employment, environmental, antitrust, fair competition, traffic, Applicable Privacy Laws, and consumer protection laws, including consumer laws regulating deceptive practices and false advertising, consumer protection, the sale of gift certificates, layaway programs, return of goods, express or implied warranties of goods, and "weights and measures" regulation and monitoring (collectively, "General Laws"). Nothing in this Final Order, the Sale Guidelines, or any Side Letter shall alter or affect obligations to comply with all applicable federal safety laws and regulations. Nothing in this Final Order shall be deemed to bar any Governmental Unit (as such term is defined in section 101(27) of the Bankruptcy Code) from enforcing General Laws in the applicable non-bankruptcy forum, subject to the Debtors' rights to assert in that forum or before this Court, that any such laws are not in fact General Laws or that such enforcement is impermissible under the Bankruptcy Code or this Final Order. Notwithstanding any other provision in this Final Order, no party waives any rights to argue any position with respect to whether the conduct was in compliance with this Final Order and/or any

(Page | 15)

| Debtors: | RITE AID CORPORATION, *et al*. |
|---|---|
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, and (II) Granting Related Relief |

applicable law, or that enforcement of such applicable law is preempted by the Bankruptcy Code.

Nothing in this Final Order shall be deemed to have made any rulings on any such issues.

27.     To the extent that the sale of Closing Store Assets is subject to any Liquidation Sale

Laws, the following provisions of this paragraph 27 shall apply and control over any Side Letters:

    i.    Provided that the Sales are conducted in accordance with this Final Order and the Sale Guidelines, the Debtors and the Debtors' landlords shall be deemed to be in compliance with any requirements of all county, parish, municipal, or other local government (collectively, "Local") and state Liquidation Sale Laws that would otherwise apply to the Store Closings or the Sales; *provided*, that the term "Liquidation Sale Laws" shall not include any public health or safety laws of any state (collectively, "Safety Laws"), and the Debtors shall continue to be required to comply, as applicable, with such Safety Laws and General Laws, subject to any applicable provision of the Bankruptcy Code and federal law, and nothing in this Final Order shall be deemed to bar Governmental Units (as defined in section 101(27) of the Bankruptcy Code) or public officials from enforcing Safety Laws or General Laws.

    ii.    Within five business days after entry of this Final Order, or as soon as reasonably practicable thereafter, the Debtors will serve by first-class mail copies of this Final Order and the Sale Guidelines on the following: (a) the Attorney General's office for each state where the Sales are being held; (b) the Board of Pharmacy's office for each state where a Closing Store is located; (c) the county consumer protection agency or similar agency for each county where the Sales are being held; (d) the division of consumer protection for each state where the Sales are being held; (e) the landlords, and known counsel for the landlords if any, for the Closing Store; and (f) any subtenants (if any) under the leases with respect to the Closing Stores (collectively, the "Dispute Notice Parties").

    iii.    With respect to any Additional Closing Stores, within five business days after filing any Additional Closing Store List (as defined below) with the Court, or as soon as reasonably practicable thereafter, the Debtors will serve copies of this Final Order and the Sale Guidelines on the applicable Dispute Notice Parties.

    iv.    To the extent that there is a dispute arising from or relating to the Sales, this Final Order, or the Sale Guidelines, which dispute relates to any Liquidation Sale Laws (a "Reserved Dispute"), the Court shall retain exclusive jurisdiction to resolve the Reserved Dispute. Within ten days following entry of this Final Order, or service of an Additional Closing Store List, any Governmental Unit may assert that a

(Page | 16)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No.: | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, and (II) Granting Related Relief |

Reserved Dispute exists by serving a notice (the "Dispute Notice") explaining the nature of the dispute on: (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Aparna Yenamandra, P.C.; Ross J. Fiedler, and Zachary R. Manning; (b) Cole Schotz, P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Warren A. Usatine, Felice R. Yudkin, and Seth Van Aalten; (c) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn: Andrew N. Rosenberg (arosenberg@paulweiss.com); Brian S. Hermann (bhermann@paulweiss.com); and Christopher Hopkins (chopkins@paulweiss.com) and Fox Rothschild LLP, 49 Market Street, Morristown, NJ 07960 (Attn: Howard A. Cohen (hcohen@foxrothschild.com); Joseph J. DiPasquale (jdipasquale@foxrothschild.com) and Michael R. Herz (mherz@foxrothschild.com), counsel for the Ad Hoc Secured Noteholder Group; (d) the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102, Attn: Jeffrey M. Sponder and Lauren Bielskie; (e) Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110 (Attn: John F. Ventola (jventola@choate.com), Jonathan D. Marshall (jmarshall@choate.com) and Mark D. Silva (msilva@choate.com) and Greenberg Traurig, LLP, 500 Campus Drive, Suite 400, Florham Park NJ 07932 (Attn: Alan J. Brody (brodya@gtlaw.com), Oscar N. Pinkas (pinkaso@gtlaw.com)); (f) proposed counsel to the Official Committee of Unsecured Creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Adam Rogoff (ARogoff@kramerlevin.com), Rachael Ringer (RRinger@kramerlevin.com), and Nancy Bello (NBello@kramerlevin.com); and Kelley Drye & Warren LLP, One Jefferson Road, 2nd Floor, Parsippany, New Jersey 07054, Attn: James S. Carr (jcarr@kelleydrye.com), Robert L. LeHane (rlehane@kelleydrye.com), and Kristin S. Elliott (kelliott@kelleydrye.com); (g) proposed counsel to the Official Committee of Tort Claimants, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Arik Preis (apreis@akingump.com), Kate Doorley (kdoorley@akingump.com), and James Salwen (jsalwen@akingump.com); and (h) the affected landlord or its known counsel. If the Debtors and the Governmental Unit are unable to resolve the Reserved Dispute within fifteen days after service of the Dispute Notice, the Governmental Unit may file a motion with the Court requesting that the Court resolve the Reserved Dispute (a "Dispute Resolution Motion").

v.  If a Dispute Resolution Motion is filed, nothing in this Final Order shall preclude the Debtors, a landlord, or any other interested party from asserting (a) that the provisions of any Liquidation Sale Laws are preempted by the Bankruptcy Code, or (b) that neither the terms of this Final Order, nor the conduct of the Debtors pursuant to this Final Order, violates such Liquidation Sale Laws. The filing of a Dispute Resolution Motion as set forth herein shall not be deemed to affect the

(Page | 17)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, and (II) Granting Related Relief |

finality of this Final Order or to limit or interfere with the Debtors' ability to conduct or to continue to conduct the Sales pursuant to this Final Order absent further order of the Court. Upon the entry of this Final Order, the Court expressly authorizes the Debtors to conduct the Sales pursuant to the terms of the Final Order and the Sale Guidelines (as may be modified by Side Letters) and to take all actions reasonably related thereto or arising in connection therewith. The Governmental Unit will be entitled to assert any jurisdictional, procedural, or substantive arguments it wishes with respect to the requirements of its Liquidation Sale Laws or the lack of any preemption of such Liquidation Sale Laws by the Bankruptcy Code. Nothing in this Final Order will constitute a ruling with respect to any issues to be raised in any Dispute Resolution Motion.

vi.   If, at any time, a dispute arises between the Debtors and a Governmental Unit as to whether a particular law is a Liquidation Sale Law, and subject to any provisions contained in this Final Order related to the Liquidation Sale Laws, then any party to that dispute may utilize the provisions of subparagraphs (iv) and (v) above by serving a notice to the other party and proceeding thereunder in accordance with those paragraphs. Any determination with respect to whether a particular law is a Liquidation Sale Law shall be made *de novo.*

28.   Subject to paragraphs 26 and 27 above, each and every federal, state, or local agency, department, or Governmental Unit with regulatory authority over the Store Closings or the Sales and all newspapers and other advertising media in which the Sales are advertised shall consider this Final Order as binding authority that no further approval, license, or permit of any Governmental Unit shall be required, nor shall the Debtors be required to post any bond, to conduct the Sales.

29.   Provided that the Store Closings and the Sales are conducted in accordance with the terms of this Final Order and the Sale Guidelines (as may be modified by Side Letters) and in light of the provisions in the laws that exempt court-ordered sales from their provisions, the Debtors shall be presumed to be in compliance with any Liquidation Sale Laws and are authorized to conduct the Store Closings and the Sales in accordance with the terms of this Final Order and the

(Page | 18)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, and (II) Granting Related Relief |

Sale Guidelines (as may be modified by Side Letters) without the necessity of further showing

compliance with any such Liquidation Sale Laws.

30.     Nothing in this Final Order, the Sale Guidelines, or any Side Letter releases,

nullifies, or enjoins the enforcement of any liability to a Governmental Unit under environmental

laws or regulations (or any associated liabilities for penalties, damages, cost recovery, or injunctive

relief) to which any entity would be subject as the owner, lessor, lessee, or operator of the property

after the date of entry of this Final Order.  Nothing contained in this Final Order, the Sale

Guidelines, or any Side Letter shall in any way:  (a) diminish the obligation of any entity to comply

with environmental laws; or  (b) diminish the obligations of the Debtors to comply with

environmental laws consistent with their rights and obligations as debtors in possession under the

Bankruptcy Code.

## V.     Other Provisions.

31.     To the extent the Debtors are subject to any Fast Pay Laws in connection with the

Store Closings, the Debtors shall be presumed to be in compliance with such laws to the extent, in

applicable states, such payroll payments are made by the later of:  (a) the Debtors' next regularly

scheduled payroll; and (b) seven calendar days following the termination date of the relevant

employee, and in all such cases consistent with, and subject to, any previous orders of this Court

regarding payment of same.

32.     Notwithstanding the relief granted in this Final Order and any actions taken

pursuant to such relief, nothing in this Final Order shall be deemed:  (a) an admission as to the

validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute

(Page | 19)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, and (II) Granting Related Relief |

any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) an authorization to assume any agreement, contract, or lease, pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion or this Final Order are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

33.     Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment to be made, obligation incurred, or relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each Final and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors To (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief*, filed substantially contemporaneously herewith (such orders, the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions

(Page | 20)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, and (II) Granting Related Relief |

thereof.  Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders and to the extent of any conflict or inconsistency between this Final Order and the DIP Orders, the DIP Orders shall govern and control.

34.     On a confidential basis and upon the written (including email) request of the U.S. Trustee (which request has been made), the Official Committee of Unsecured Creditors, the Official Committee of Tort Claimants, or the advisors to the Ad Hoc Secured Noteholder Group, the Debtors shall provide copies of periodic reports on a weekly basis concerning the Sales and Store Closings that are prepared by the Debtors or their professionals; *provided*, however, that the foregoing shall not require the Debtors or their professionals to prepare or undertake to prepare any additional or new reports other than the monthly Sales and Store Closing reports.

35.     Notwithstanding anything to the contrary in this Final Order, the Debtors are not authorized to, and shall not, sell the modems, ACA equipment (an electronic device used in the provision of voice over internet phone services), and any other equipment provided to the Debtors by Comcast Cable Communications Management, LLC and its affiliates or authorized contractors (collectively, "Comcast") but excluding any inside wiring located in the Debtors' leased premises and  headquarters  (the  "Comcast  Equipment").    Further,  both  Comcast  and  the  Debtors  are authorized to continue the existing Comcast Equipment return process in the ordinary course, provided that in the event the Debtors seek to terminate Comcast services at a location, the Debtors or  their  agent  will  notify  Comcast  by  email  to  MES_CARE@comcast.com  and roglenl@ballardspahr.com, with a copy to proposed counsel to the Debtors.

(Page | 21)

Debtors:            RITE AID CORPORATION, *et al.*
Case No.            23-18993 (MBK)
Caption of Order:   Final Order (I) Authorizing and Approving the Conduct of Store Closing
                    Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and
                    Encumbrances, and (II) Granting Related Relief

36.     Notwithstanding anything to the contrary in this Final Order, in conducting the Store Closings, the Debtors shall comply with that certain Supply Agreement, dated February 24, 2022 (as amended, the "AG SBT Agreement"), by and among Rite Aid Hdqtrs. Corp., the Bartell Drug Company, American Greetings Corporation ("AGC") and Papyrus Recycled Greetings, Inc. ("PRG" and, together with AGC, "American Greetings"), and the Scan-Based Trading Terms attached as Attachment 3 thereto and incorporated therein (the "SBT Terms"), in all respects, including, without limitation, by:   (a) selling, and not returning to American Greetings, the products in the Debtors' possession that were or are hereafter supplied by American Greetings (collectively, the "AG Products") for sale at such Closing Store in accordance with the AG SBT Agreement until such time as the Store Closing of each Closing Store is completed; (b) conducting all sales of the AG Products through the Debtors' point of sale system and paying American Greetings' portion of the proceeds of such sales (the "AG Sale Proceeds") to American Greetings consistent with the SBT Terms; and (c) disposing at retail, and not returning to American Greetings, all AG Products remaining in the Debtors' possession upon final closure of a Closing Store.  The Debtors are hereby authorized and directed to continue to remit the AG Sale Proceeds to American Greetings pursuant to the terms of the AG SBT Agreement; *provided* that nothing herein shall be deemed to constitute any assumption by the Debtors of the AG SBT Agreement, with the Debtors and American Greetings reserving all of their rights with respect thereto under 11 U.S.C. § 365.

37.     Nothing in this Final Order or the Sale Guidelines shall affect or otherwise limit or relieve the Debtors from their obligations with respect to (a) that certain Western Union North

(Page | 22)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, and (II) Granting Related Relief |

America Agency Agreement (the "Agency Agreement") between certain of the Debtor parties and Western Union Financial Services, Inc. ("Western Union"), and (b) Western Union's property described under the Agency Agreement, including, but to not limited to, the Equipment (as defined in the Agency Agreement); *provided* that the Debtors shall dispose of or return Western Union's property and Equipment in a manner as is mutually agreed to between the Debtors and Western Union in writing with email being sufficient. Western Union's right to assert an administrative expense claim to the extent the Debtors sell, abandon, or otherwise misplace Western Union's property being held or controlled by the Debtors pursuant to the Agency Agreement, including the Equipment, or Western Union is otherwise damaged by the Debtors' breach of its obligations to return or destroy Equipment in accordance with the Agency Agreement, is preserved and reserved. Furthermore, nothing in this Final Order shall alter the parties' rights and obligations under the Agency Agreement and the Bankruptcy Code.

38.     Notwithstanding anything to the contrary in this Final Order or the Sale Guidelines, none of the Debtors' insurance policies (and/or any agreements related thereto between any of the Debtors, on the one hand, and the applicable insurer(s) and/or third-party administrators, on the other hand) shall be abandoned, sold, assigned, or otherwise transferred pursuant to any Sale(s) without the express prior written consent of the applicable insurer and/or third-party administrator.

39.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

40.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

(Page | 23)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, and (II) Granting Related Relief |

41.    Notwithstanding any Bankruptcy Rule to the contrary, this Final Order shall be effective and enforceable immediately upon entry hereof.

42.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

43.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

44.    The Debtors shall serve by regular mail a copy of this Final Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f) within two business days after the entry of this Final Order.

45.    Any party may move for modification of this Final Order in accordance with Local Rule 9013-5(e).

46.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

47.    This Court shall retain jurisdiction with regard to all issues or disputes relating to this Final Order, including, but not limited to:  (a) any claim or issue relating to any efforts by any party or person to prohibit, restrict or in any way limit banner and sign-walker advertising, including with respect to any allegations that such advertising is not being conducted in a safe, professional, and non-deceptive manner; (b) any claim of the Debtors and/or the landlords for protection from interference with the Store Closings or Sales; (c) any other disputes related to the

(Page | 24)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Final Order (I) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, and (II) Granting Related Relief |

Store Closings or Sales; and (d) protect the Debtors against any assertions of any liens, claims, encumbrances, and other interests. No such parties or person shall take any action in respect of the Debtors, the landlords, the Store Closings, or the Sales until this Court has resolved such dispute. This Court shall hear the request of such parties or persons with respect to any such disputes on an expedited basis, as may be appropriate under the circumstances.

## Schedule 1

**Initial Closing Stores**

| No. | Store No. | Property Address | City | State | Zip Code |
|---|---|---|---|---|---|
| 1 | 213 | 2715 PARADE STREET | ERIE | PA | 16504 |
| 2 | 225 | 5612 N. FIFTH STREET | PHILADELPHIA | PA | 19120 |
| 3 | 365 | 728 EAST PULASKI HIGHWAY | ELKTON | MD | 21921 |
| 4 | 374 | 5624 BALTIMORE NATIONAL PK | BALTIMORE | MD | 21228 |
| 5 | 385 | 5804 RITCHIE HIGHWAY | BALTIMORE | MD | 21225 |
| 6 | 443 | 350 MAIN STREET | PENNSBURG | PA | 18073 |
| 7 | 553 | 4011 COTTMAN AVENUE | PHILADELPHIA | PA | 19135 |
| 8 | 558 | 1441 OLD YORK ROAD | ABINGTON | PA | 19001 |
| 9 | 761 | 2887 HARLEM ROAD | CHEEKTOWAGA | NY | 14225 |
| 10 | 803 | 300 MARKET STREET | JOHNSTOWN | PA | 15901 |
| 11 | 850 | 8716 NEW FALLS ROAD | LEVITTOWN | PA | 19054 |
| 12 | 852 | 11750 BUSTLETON AVENUE | PHILADELPHIA | PA | 19116 |
| 13 | 857 | 169 WEST LANCASTER AVENUE | ARDMORE | PA | 19003 |
| 14 | 1070 | 420 DANIEL WEBSTER HIGHWAY | MERRIMACK | NH | 03054 |
| 15 | 1288 | 1315 EAST WASHINGTON LANE | PHILADELPHIA | PA | 19138 |
| 16 | 1524 | 924 WEST MAIN STREET | FREMONT | MI | 49412 |
| 17 | 1527 | 507 N LAFAYETTE STREET | GREENVILLE | MI | 48838 |
| 18 | 1530 | 715 SOUTH CLINTON STREET | GRAND LEDGE | MI | 48837 |
| 19 | 1685 | 801 WYOMING AVENUE STE 9 | WEST PITTSTON | PA | 18643 |
| 20 | 1704 | 657 HEACOCK ROAD | YARDLEY | PA | 19067 |
| 21 | 1767 | 2801 W. DAUPHIN STREET | PHILADELPHIA | PA | 19132 |
| 22 | 1796 | 4057 ASBURY AVE STE 8 | TINTON FALLS | NJ | 07753 |
| 23 | 1854 | 1709 LIBERTY STREET | ERIE | PA | 16502 |
| 24 | 1859 | 7501 RITCHIE HIGHWAY | GLEN BURNIE | MD | 21061 |
| 25 | 1955 | 674 ROUTE 196, STE 14 | TOBYHANNA | PA | 18466 |
| 26 | 1970 | 431 HALEDON AVENUE | HALEDON | NJ | 07508 |
| 27 | 1977 | 35 MILL ROAD | IRVINGTON | NJ | 07111 |
| 28 | 2264 | 2722 WEST 9TH STREET | CHESTER | PA | 19013 |
| 29 | 2390 | 3129 LINCOLN WAY EAST | MASSILLON | OH | 44646 |
| 30 | 2442 | 950 EAST BALTIMORE PIKE | YEADON | PA | 19050 |
| 31 | 2521 | 1636 ROUTE 38 SUITE 49 | LUMBERTON | NJ | 08048 |
| 32 | 2629 | 120 SOUTH MAIN STREET | NEW CARLISLE | OH | 45344 |
| 33 | 2709 | 8235 STENTON AVENUE | PHILADELPHIA | PA | 19150 |
| 34 | 3084 | 146 WOODMAN DRIVE | DAYTON | OH | 45431 |
| 35 | 3117 | 2701 MARKET STREET | YOUNGSTOWN | OH | 44507 |
| 36 | 3247 | 401 WEST NORTH STREET | SPRINGFIELD | OH | 45504 |
| 37 | 3377 | 7941 OXFORD AVENUE | PHILADELPHIA | PA | 19111 |
| 38 | 3457 | 136 NORTH 63RD STREET | PHILADELPHIA | PA | 19139 |
| 39 | 3477 | 773 HAMILTON STREET | SOMERSET | NJ | 08873 |
| 40 | 3681 | 5440 LANSDOWNE AVENUE | PHILADELPHIA | PA | 19131 |
| 41 | 3781 | 7967 BALTIMORE ANNAPOLIS BLVD | GLEN BURNIE | MD | 21060 |
| 42 | 3880 | 15250 24 MILE ROAD | MACOMB | MI | 48042 |
| 43 | 3958 | 2002 AVENUE  U | BROOKLYN | NY | 11229 |
| 44 | 4045 | 1434 S BLACK HORSE PIKE | WILLIAMSTOWN | NJ | 08094 |
| 45 | 4234 | 102 NORTH CENTERVILLE ROAD | STURGIS | MI | 49091 |
| 46 | 4300 | 47300 PONTIAC TRAIL | WIXOM | MI | 48393 |
| 47 | 4318 | 35250 SOUTH GRATIOT AVENUE | CLINTON TWP. | MI | 48035 |
| 48 | 4321 | 51037 VAN DYKE AVENUE | SHELBY TOWNSHIP | MI | 48316 |
| 49 | 4350 | 3100 EAST MICHIGAN AVENUE | JACKSON | MI | 49202 |
| 50 | 4366 | 9155 TELEGRAPH ROAD | TAYLOR | MI | 48180 |
| 51 | 4407 | 1243 U.S. 31 SOUTH | MANISTEE | MI | 49660 |
| 52 | 4466 | 29447 FORD ROAD | GARDEN CITY | MI | 48135 |

| No. | Store No. | Property Address | City | State | Zip Code |
|---|---|---|---|---|---|
| 53 | 4504 | 2838 EAST COURT STREET | FLINT | MI | 48506 |
| 54 | 4526 | 1900 EAST 8 MILE ROAD | DETROIT | MI | 48234 |
| 55 | 4537 | 36485 GARFIELD ROAD | CLINTON TWP. | MI | 48035 |
| 56 | 4548 | 25922 MIDDLEBELT ROAD | FARMINGTON HILLS | MI | 48336 |
| 57 | 4552 | 2 WHITNEY AVENUE | FLORAL PARK | NY | 11001 |
| 58 | 4577 | 109 NORTH WHITTEMORE STREET | ST. JOHNS | MI | 48879 |
| 59 | 4616 | 208 EAST CENTRAL AVENUE | TITUSVILLE | PA | 16354 |
| 60 | 4706 | 833 NORTH BATTLEFIELD BLVD | CHESAPEAKE | VA | 23320 |
| 61 | 4761 | 1124 NORTH BALLENGER HWY. | FLINT | MI | 48504 |
| 62 | 4767 | 230 SOUTH MAIN STREET | BELLEFONTAINE | OH | 43311 |
| 63 | 4770 | 2701 SOUTH CEDAR STREET | LANSING | MI | 48910 |
| 64 | 4868 | 71-18 KISSENA BOULEVARD | FLUSHING | NY | 11367 |
| 65 | 4981 | 3131 HEMPSTEAD TURNPIKE | LEVITTOWN | NY | 11756 |
| 66 | 5201 | 601 SOUTH GRADY WAY,STE.P | RENTON | WA | 98057 |
| 67 | 5204 | 3202 132ND STREET, S.E. | MILL CREEK | WA | 98012 |
| 68 | 5227 | 110 SW 148TH STREET | BURIEN | WA | 98166 |
| 69 | 5231 | 10103 EVERGREEN WAY | EVERETT | WA | 98204 |
| 70 | 5280 | 8230 MARTIN WAY EAST | LACEY | WA | 98516 |
| 71 | 5347 | 2440 SE CESAR E CHAVEZ BLVD | PORTLAND | OR | 97214 |
| 72 | 5412 | 1600 NORTH MAIN STREET | MERIDIAN | ID | 83642 |
| 73 | 5417 | 5005 WEST OVERLAND ROAD | BOISE | ID | 83705 |
| 74 | 5448 | 4044 EAGLE ROCK BOULEVARD | LOS ANGELES | CA | 90065 |
| 75 | 5457 | 4046 SOUTH CENTINELA AVENUE | LOS ANGELES | CA | 90066 |
| 76 | 5466 | 7859 FIRESTONE BOULEVARD | DOWNEY | CA | 90241 |
| 77 | 5521 | 4402 ATLANTIC AVENUE | LONG BEACH | CA | 90807 |
| 78 | 5571 | 935 NORTH HOLLYWOOD WAY | BURBANK | CA | 91505 |
| 79 | 5585 | 139 NORTH GRAND AVENUE | COVINA | CA | 91724 |
| 80 | 5593 | 13905 AMAR ROAD | LA PUENTE | CA | 91746 |
| 81 | 5611 | 920 EAST VALLEY BOULEVARD | ALHAMBRA | CA | 91801 |
| 82 | 5635 | 3813 PLAZA DRIVE | OCEANSIDE | CA | 92056 |
| 83 | 5638 | 1670 MAIN STREET | RAMONA | CA | 92065 |
| 84 | 5657 | 6505 MISSION GORGE ROAD | SAN DIEGO | CA | 92120 |
| 85 | 5661 | 8985 MIRA MESA BOULEVARD | SAN DIEGO | CA | 92126 |
| 86 | 5730 | 25906 NEWPORT ROAD | MENIFEE | CA | 92584 |
| 87 | 5735 | 24829 DEL PRADO | DANA POINT | CA | 92629 |
| 88 | 5753 | 30222 CROWN VALLEY PARKWAY | LAGUNA NIGUEL | CA | 92677 |
| 89 | 5757 | 19701 YORBA LINDA BOULEVARD | YORBA LINDA | CA | 92886 |
| 90 | 5760 | 1406 WEST EDINGER AVENUE | SANTA ANA | CA | 92704 |
| 91 | 5772 | 2738 EAST THOMPSON BLVD. | VENTURA | CA | 93003 |
| 92 | 5780 | 720 NORTH VENTURA ROAD | OXNARD | CA | 93030 |
| 93 | 5967 | 20572 HOMESTEAD ROAD | CUPERTINO | CA | 95014 |
| 94 | 5976 | 2620 EL CAMINO REAL | SANTA CLARA | CA | 95051 |
| 95 | 5979 | 901 SOQUEL AVENUE | SANTA CRUZ | CA | 95062 |
| 96 | 6001 | 571 BELLEVUE ROAD | ATWATER | CA | 95301 |
| 97 | 6045 | 5409 SUNRISE BOULEVARD | CITRUS HEIGHTS | CA | 95610 |
| 98 | 6080 | 1309 FULTON AVENUE | SACRAMENTO | CA | 95825 |
| 99 | 6213 | 3029 HARBOR BOULEVARD | COSTA MESA | CA | 92626 |
| 100 | 6288 | 959 CRENSHAW BOULEVARD | LOS ANGELES | CA | 90019 |
| 101 | 6318 | 3000 SOUTH ARCHIBALD AVENUE | ONTARIO | CA | 91761 |
| 102 | 6333 | 15800 IMPERIAL HIGHWAY | LA MIRADA | CA | 90638 |
| 103 | 6521 | 22201 MERIDIAN AVENUE E | GRAHAM | WA | 98338 |
| 104 | 6717 | 8509 IRVINE CENTER DRIVE | IRVINE | CA | 92618 |

| No. | Store No. | Property Address | City | State | Zip Code |
|-----|-----------|------------------|------|-------|----------|
| 105 | 6769 | 499 ALVARADO STREET | MONTEREY | CA | 93940 |
| 106 | 6908 | 9600 15TH AVE SW | SEATTLE | WA | 98106 |
| 107 | 6915 | 2518 196TH ST SW | LYNNWOOD | WA | 98036 |
| 108 | 6920 | 3620 FACTORIA BLVD SE | BELLEVUE | WA | 98006 |
| 109 | 6927 | 11919 NE 8TH STREET | BELLEVUE | WA | 98005 |
| 110 | 6952 | 7370 170TH AVE NE | REDMOND | WA | 98052 |
| 111 | 7827 | 1080 S WEST END BLVD | QUAKERTOWN | PA | 18951 |
| 112 | 10092 | 80 EAST MAIN STREET | WEBSTER | MA | 01570 |
| 113 | 10382 | 289 GREENWOOD AVE. | BETHEL | CT | 06801 |
| 114 | 10415 | 3 MARSHALL HILL ROAD | WEST MILFORD | NJ | 07480 |
| 115 | 10449 | 210 BRIDGETON PIKE | MANTUA | NJ | 08051 |
| 116 | 10456 | 108 SWEDESBORO ROAD SUITE 20 | MULLICA HILL | NJ | 08062 |
| 117 | 10505 | 2370 ROUTE 33 | ROBBINSVILLE | NJ | 08691 |
| 118 | 10514 | 1726 ROUTE 37 EAST | TOMS RIVER | NJ | 08753 |
| 119 | 10517 | 86  B LACEY ROAD | WHITING | NJ | 08759 |
| 120 | 10586 | 2981 OCEAN AVENUE | BROOKLYN | NY | 11235 |
| 121 | 10619 | 3199 LONG BEACH ROAD | OCEANSIDE | NY | 11572 |
| 122 | 10620 | 198 WEST MERRICK ROAD | VALLEY STREAM | NY | 11580 |
| 123 | 10626 | 836 SUNRISE HIGHWAY | BAY SHORE | NY | 11706 |
| 124 | 10628 | 2784 SUNRISE HIGHWAY | BELLMORE | NY | 11710 |
| 125 | 10633 | 901 MERRICK ROAD | COPIAGUE | NY | 11726 |
| 126 | 10635 | 577 LARKFIELD ROAD | EAST NORTHPORT | NY | 11731 |
| 127 | 10642 | 695 EAST JERICHO TURNPIKE | HUNTINGTON STATION | NY | 11746 |
| 128 | 10650 | 700-43 PATCHOGUE-YAPHANK ROAD | MEDFORD | NY | 11763 |
| 129 | 10655 | 273 PINE HOLLOW ROAD | OYSTER BAY | NY | 11771 |
| 130 | 10657 | 397 SUNRISE HIGHWAY | WEST PATCHOGUE | NY | 11772 |
| 131 | 10658 | 593 OLD TOWN RD. | PORT JEFF STATION | NY | 11776 |
| 132 | 10663 | 65 ROUTE 111 | SMITHTOWN | NY | 11787 |
| 133 | 10828 | 2453 ELMWOOD AVENUE | KENMORE | NY | 14217 |
| 134 | 10868 | 1567 PENFIELD ROAD | ROCHESTER | NY | 14625 |
| 135 | 10900 | 700 STEVENSON BLVD. | NEW KENSINGTON | PA | 15068 |
| 136 | 10901 | 351 BRIGHTON AVENUE | ROCHESTER | PA | 15074 |
| 137 | 10906 | 5235 LIBRARY ROAD | BETHEL PARK | PA | 15102 |
| 138 | 10908 | 5990 UNIVERSITY BLVD STE30 | MOON TOWNSHIP | PA | 15108 |
| 139 | 10943 | 2501 SAW MILL RUN BLVD | PITTSBURGH | PA | 15234 |
| 140 | 10949 | 5410 KEEPORT DRIVE | PITTSBURGH | PA | 15236 |
| 141 | 10967 | 6090 ROUTE 30 | GREENSBURG | PA | 15601 |
| 142 | 10974 | 4830 WILLIAM PENN HIGHWAY | EXPORT | PA | 15632 |
| 143 | 10991 | 1730 WILMINGTON ROAD | NEW CASTLE | PA | 16105 |
| 144 | 11042 | 2178 W. UNION BLVD. | BETHLEHEM | PA | 18018 |
| 145 | 11053 | 1628 SOUTH FOURTH STREET | ALLENTOWN | PA | 18103 |
| 146 | 11134 | 2401 EAST VENANGO STREET | PHILADELPHIA | PA | 19134 |
| 147 | 11135 | 6327-43 TORRESDALE AVENUE | PHILADELPHIA | PA | 19135 |
| 148 | 11160 | 200 W. RIDGE AVENUE STE 112 | CONSHOHOCKEN | PA | 19428 |
| 149 | 11182 | 25 CHESTNUT HILL PLAZA | NEWARK | DE | 19713 |
| 150 | 11188 | 3209 KIRKWOOD HIGHWAY | WILMINGTON | DE | 19808 |
| 151 | 11208 | 5 BEL AIR SOUTH PKY, SUITE1347 | BEL AIR | MD | 21015 |
| 152 | 11255 | 1458 MOUNT PLEASANT ROAD | CHESAPEAKE | VA | 23322 |
| 153 | 12999 | 301 EISENHOWER DRIVE | HANOVER | PA | 17331 |
| 154 | 17783 | 7036 WERTZVILLE ROAD | MECHANICSBURG | PA | 17050 |

## **Schedule 2**

**Sale Guidelines**

## Sale Guidelines[1]

1.  The Sales shall be conducted so that the Closing Stores in which sales are to occur will remain open no longer than during the normal hours of operation or such hours as otherwise provided for in the respective leases for the Closing Stores.

2.  The Sales shall be conducted in accordance with applicable state and local "Blue Laws," where applicable, so that no Sale shall be conducted on Sunday unless the Debtors had been operating such Closing Store on a Sunday prior to the commencement of the Sales.

3.  On "shopping center" property, the Debtors shall not distribute handbills, leaflets or other written materials to customers outside of any Closing Stores' premises, unless permitted by the lease or if distribution is customary in the "shopping center" in which such Closing Store is located; *provided* that the Debtors may solicit customers in the Closing Stores themselves. On "shopping center" property, the Debtors shall not use any flashing lights or amplified sound to advertise the Sales or solicit customers, except as permitted under the applicable lease or agreed to by the landlord.

4.  At the conclusion of the Sale, the Debtors shall vacate the Closing Stores; *provided* that the Debtor may abandon any Non-Prescription Assets not sold in the Sales at the conclusion of the Sales (the "Termination Date"), without cost or liability of any kind to the Debtors. The Debtors shall notify the Counsel to the DIP Agents, the advisors to the Ad Hoc Secured Noteholder Group, and the landlord of its intention to abandon any Non-Prescription Assets at least two (2) days prior to the Termination Date. The Debtors will have the option to remove the Non-Prescription Assets, at their own cost prior to the Termination Date. Any abandoned Non-Prescription Assets left in a Closing Store after a lease is rejected shall be deemed abandoned to the landlord having a right to dispose of the same as the landlord chooses without any liability whatsoever on the part of the landlord to any party and without waiver of any damage claims against the Debtors. For the avoidance of doubt, as of the Termination Date, the Debtors may abandon, in place and without further responsibility or liability of any kind, any Non-Prescription Assets.

5.  The Debtors may advertise the Sales as "store closing", "sale on everything", "everything must go", "everything on sale", "going-out-of-business" or similar-themed sales. The Debtors may also have a "countdown to closing" sign prominently displayed in a manner consistent with these Sale Guidelines. All signs, banners, ads and other advertising material, promotions, and campaigns will be approved by the Debtors, prior to purchase, in accordance with these Sale Guidelines.

6.  The Debtors shall be permitted to utilize sign-walkers, display, hanging signs, and interior banners in connection with the Sales; *provided* that such sign walkers, display, hanging signs, and interior banners shall be professionally produced and hung in a professional manner. The Debtors shall not use neon or day-glo on its sign walkers, display, hanging

---

[1]  Capitalized terms used but not defined in these Sale Guidelines have the meanings given to them in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances, and (II) Granting Related Relief.*

signs, or interior banners. Furthermore, with respect to enclosed mall locations, no exterior signs or signs in common areas of a mall shall be used unless otherwise expressly permitted in these Sale Guidelines. In addition, the Debtors shall be permitted to utilize exterior banners at (a) non-enclosed mall Closing Stores and (b) enclosed mall Closing Stores to the extent the entrance to the applicable Closing Store does not require entry into the enclosed mall common area; *provided*, *however*, that such banners shall be located or hung so as to make clear that the Sales are being conducted only at the affected Closing Store, and shall not be wider than the storefront of the Closing Store. In addition, the Debtors shall be permitted to utilize sign walkers in a safe and professional manner and in accordance with the terms of the Order. Nothing contained in these Sale Guidelines shall be construed to create or impose upon the Debtors any additional restrictions not contained in the applicable lease agreement.

7.   Conspicuous signs shall be posted in the cash register areas of each of the affected Closing Stores to effect that "all sales are final."

8.   Except with respect to the hanging of exterior banners, the Debtors shall not make any alterations to the storefront or exterior walls of any Closing Stores, except as authorized by the applicable lease.

9.   The Debtors shall not make any alterations to interior or exterior Closing Store lighting, except as authorized by the applicable lease. No property of the landlord of a Closing Store shall be removed or sold during the Sales. The hanging of exterior banners or in-Closing Store signage and banners shall not constitute an alteration to a Closing Store.

10.  The Debtors shall keep Closing Store premises and surrounding areas clear and orderly consistent with present practices.

11.  The Debtors and the landlord of any Store are authorized to enter into Side Letters without further order of the Court, provided that such agreements do not have a material adverse effect on the Debtors or their estates.

12.  The Debtors may advertise the sale of owned Non-Prescription Assets in a manner consistent with these Sale Guidelines. The purchasers of any owned Non-Prescription Assets sold during the sale shall be permitted to remove the owned Non-Prescription Assets either through the back or alternative shipping areas at any time, or through other areas after applicable business hours, *provided, however*, that the foregoing shall not apply to *de minimis* sales of Non-Prescription Assets made whereby the item can be carried out of the Closing Store in a shopping bag. For the avoidance of doubt, as of the Sale Termination Date, the Debtors may abandon, in place and without further responsibility, any Non-Prescription Assets.

13.  At the conclusion of the Sales at each Closing Store, pending assumption or rejection of applicable leases, the landlords of the Closing Stores shall have reasonable access to the Closing Stores' premises as set forth in the applicable leases. The Debtors and their agents and representatives shall continue to have access to the Closing Stores pending assumption or rejection of applicable leases.

14.    The rights of landlords against Debtors for any damages to a Closing Store shall be reserved in accordance with the provisions of the applicable lease.

15.    The Debtors are authorized to conduct and consummate sales and internal transfers of Prescription Assets consistent with their historical practices, in accordance with applicable law.

16.    If and to the extent that the landlord of any Closing Store affected hereby contends that the Debtors are in breach of or default under these Sale Guidelines, such landlord shall email or deliver written notice by overnight delivery on the Debtors as follows:

Rite Aid Corporation
1200 Intrepid Avenue, 2nd Floor
Philadelphia, PA 19112
Attention:  Chief Legal Officer

with copies (which shall not constitute notice) to:

COLE SCHOTZ P.C.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Attention: Michael D. Sirota, Esq.
            Warren A. Usatine, Esq.
            Felice R. Yudkin, Esq.
            Seth Van Aalten
Email:    msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com
            svanaalten@coleschotz.com

- and -

Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Attention:  Joshua A. Sussberg, P.C.
            Aparna Yenamandra, P.C.
            Ross J. Fiedler
            Zachary R. Manning
Email:    joshua.sussberg@kirkland.com
            aparna.yenamandra@kirkland.com
            ross.fiedler@kirkland.com
            zach.manning@kirkland.com