Order Filed on January 12, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Caption in Compliance with D.N.J. LBR 9004-1(b)

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| In re:<br><br>RITE AID CORPORATION, *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-18993 (MBK)<br><br>(Jointly Administered) |

**STIPULATION AND AGREED ORDER
(I) APPOINTING HON. SHELLEY C. CHAPMAN (RET.) AS
MEDIATOR TO MEDIATE THE MEDIATION TOPICS, (II) REFERRING
SUCH MATTERS TO MEDIATION, (III) DIRECTING THE MEDIATION PARTIES
TO PARTICIPATE IN THE MEDIATION, AND (IV) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through thirty-two (32), is **ORDERED**.

**DATED: January 12, 2024**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these Chapter 11 Cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

(Page | 3)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

This stipulation and agreed order (the "Stipulation and Agreed Order") pursuant to section 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 9019-2 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules"), and rule 502(d) of the Federal Rules of Evidence among: (a) Rite Aid Corporation and its affiliates, as debtors and debtors in possession (the "Debtors"); (b) each DIP Agent (each on behalf of the applicable DIP Lenders for which it acts as agent pursuant to the applicable DIP Documents); (c) the steering committee of the Ad Hoc Group of Secured Noteholders (the "Steering Committee"); (d) the Creditors' Committee; and (e) the Tort Claimants Committee (the "Mediation Parties").[1]

**WHEREAS,** on October 15, 2023 (the "Petition Date"), each of the Debtors commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS,** the Debtors' chapter 11 cases (the "Chapter 11 Cases") have been procedurally consolidated;

**WHEREAS,** the Mediation Parties have agreed upon the terms of this Stipulation and Agreed Order;

---

1 Capitalized terms used but not defined herein have the meanings ascribed to them in the *Debtors' Application in Lieu of Motion in Support of Entry of Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Matters, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief* or the *Declaration of Jeffrey S. Stein in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 20], as applicable.

(Page | 4)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

**WHEREAS**, the Mediation Parties now seek entry of this Stipulation and Agreed Order (a) appointing Judge Shelley C. Chapman (Ret.) as mediator (the "Mediator") in these Chapter 11 Cases with respect to the matters set forth herein, (b) directing the proposed Mediation Parties to participate in mediation, (c) referring the Mediation Topics to mediation, and (d) granting related relief; and due and sufficient notice of the Stipulation and Agreed Order having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief provided in the Stipulation and Agreed Order is in the best interests of the Debtors, their estates, their creditors, stakeholders, and other parties in interest;

**WHEREAS**, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.) and each Mediation Party confirms its consent to the entry of a final order by the Court in connection with this Stipulation and Agreed Order to the extent that it is later determined that the Court, absent consent of each Mediation Party and, as applicable, each Additional Mediation Party, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution;

**WHEREAS**, venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

**NOW BASED ON THE FOREGOING STIPULATIONS IT IS HEREBY STIPULATED, AGREED, AND ORDERED:**

1. The recitals set forth above are hereby made an integral part of the Mediation Parties' Stipulation and Agreed Order (this "Order") and are incorporated herein.

(Page | 5)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

2. The Stipulation and Agreed Order is granted as and to the extent set forth herein.

3. The Mediator is authorized and directed to conduct a mediation (the "Mediation") to attempt to reach a comprehensive resolution of the following matters, which are hereby referred to mediation (collectively, the "Mediation Topics"): (i) any and all matters related to the *Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and its Debtor Affiliates* [Docket No. 42] (as may be modified, amended, or supplemented from time to time, the "Plan"); (ii) matters related to the sale of the Rite Aid retail assets; (iii) any Challenge[2] asserted before or after the date of this Order (in the form of a complaint filed in an adversary proceeding or otherwise) and any motion to obtain standing in connection therewith or any claims that would be subject to such Challenge (but for which no complaint has yet been filed), in each case, including any proposals related thereto and any responses of the Mediation Parties or the Additional Mediation Parties thereto; (iv) any other complaints, challenges, or motions to obtain standing on any matter not covered by the preceding clauses filed by any of the Mediation Parties or the Additional Mediation Parties after the date of this Order (whether filed in an adversary proceeding or otherwise); (v) allocation of any consideration or distributions to creditors with respect to unencumbered assets; and (vi) resolution of any issues described in the preceding clauses (i) through (v) above through a sale or a plan of reorganization. The scope of the Mediation Topics may be expanded with the consent of each affected Mediation Party or by further order of the Court, and may include other matters that relate to the above matters.

2 "Challenge" shall have the meaning ascribed to such term in the Final DIP Order.

Document Page 6 of 32
(Page | 6)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

4. Effective immediately, the Court authorizes and appoints Hon. Shelley C. Chapman (Ret.) to serve as Mediator in these Chapter 11 Cases and to conduct the Mediation of the Mediation Topics.

5. Each Mediation Party, and, as applicable, each Additional Mediation Party, and in each case its respective counsel(s) and advisor(s), shall participate in the Mediation in accordance with the terms set forth herein. Unless otherwise directed by the Mediator, each Mediation Party and each Additional Mediation Party shall participate in the Mediation of the issues as set forth in paragraph 3 above, to the extent such issues relate to them.

6. Additional parties other than the Mediation Parties may participate in the Mediation (collectively, the "Additional Mediation Parties") upon (i) the unanimous written consent (including by email) of each Mediation Party (except the Additional Mediation Parties), (ii) the Mediator's consent following a written request (including by email) from a Mediation Party to (A) all other Mediation Parties and existing Additional Mediation Parties and (B) the Mediator, or (iii) further order of this Court (including after a request, by motion and notice of hearing, of any party in interest in the Chapter 11 Cases to be an Additional Mediation Party); *provided* that nothing herein limits the rights of any Mediation Party, Additional Mediation Party, or other party in interest in the Chapter 11 Cases to make such a request of the Court; *provided further* that, notwithstanding anything to the contrary herein, the members of the Ad Hoc Group of Secured Noteholders that are not in the Steering Committee may, in their discretion from time to time, participate in the Mediation as Additional Mediation Parties; *provided*, *further* that, to the extent that the Ad Hoc Group of Secured Noteholders choose to direct the trustee for the Senior Secured

(Page | 7)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

Notes (as defined below) to participate in the Mediation, the trustee for the Senior Secured Notes may, through its counsel, participate in the Mediation as an Additional Mediation Party.[3] Each party in interest in the Chapter 11 Cases that participates in the Mediation as an Additional Mediation Party shall become subject to all of the provisions of this Order upon joining the Mediation. If any party is added as an Additional Mediation Party, then written notice (including by email) shall immediately be given by the Mediator or the Debtors to all of the other Mediation Parties and existing Additional Mediation Parties. For the avoidance of doubt, the Bankruptcy Court shall have the ability to order any party in interest in the Chapter 11 Cases to be an Additional Mediation Party.

7. The Mediation shall commence after entry of this Order and shall terminate automatically at 11:59 p.m., prevailing Eastern Time on January 26, 2024, unless (a) concluded before such date or (b) extended to a date no later than February 9, 2024 by (i) notice of the Mediator to the Court and (ii) either (A) consent of a majority of the Mediation Parties (except the Additional Mediation Parties) or (B) Court Order (the "Mediation Termination Date").

8. The Debtors are hereby authorized to enter into a mediation engagement agreement with the Mediator. The Mediator shall be entitled to compensation for the Mediator's services, as well as reimbursement for reasonable costs, which compensation and costs (which may include the provision of services of other legal personnel of Willkie Farr & Gallagher LLP) shall be

[3] Additional Mediation Parties shall include the United States Department of Justice (the "DOJ"), McKesson Corporation ("McKesson"), and the ad hoc group of states (the "Ad Hoc Groups of States").

(Page | 8)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

invoiced to the Debtors and paid by the Debtors' estates without need for further order of this Court. The Mediation Parties and any Additional Mediation Parties shall otherwise each be responsible for their own costs associated with the Mediation, subject to any existing orders of this Court authorizing the Debtors to reimburse such costs, subject to the terms of such orders and in accordance with the applicable provisions of the Bankruptcy Code.

9. Notwithstanding anything to the contrary in the Local Rules, but so long as not inconsistent with the terms of this Order, the Mediator may conduct the Mediation as she sees fit, establish rules of the Mediation, and consider and take appropriate action with respect to any matters the Mediator deems appropriate to conduct the Mediation. For the avoidance of doubt, to the extent any part of this Order shall conflict with Local Rules 9019-1, 9019-2, or 9019-3, the terms and provisions of this Order shall govern.

10. The Mediation shall be held based upon the availability of the Mediator, the Mediation Parties, and, as applicable, the Additional Mediation Parties. Any in-person, video, or audio conference mediation session (each, a "Mediation Session") may include individual Mediation Parties or Additional Mediation Parties, sub-groups of Mediation Parties or Additional Mediation Parties, or all Mediation Parties and Additional Mediation Parties in the Mediator's discretion.

11. Subject to paragraphs 12, 13, and 14 herein, all (a) statements by and discussions among any of the Mediation Parties or the Additional Mediation Parties, their counsel, or their advisors during the course of the Mediation, including discussions with or in the presence of the Mediator (collectively, the "Mediation Discussions"), (b) Mediation statements and any other

(Page | 9)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

documents or information provided to the Mediator or the Mediation Parties or the Additional Mediation Parties, their counsel, or their advisors in the course of the Mediation (collectively, the "Mediation Documents"), and (c) correspondence, draft resolutions, settlement proposals, term sheets, offers, and counteroffers produced for or as a result of or in connection with the Mediation (the "Mediation Proposals", and together with the Mediation Discussions and Mediation Documents, the "Mediation Information") (i) shall be strictly confidential, privileged, and protected from disclosure in any proceeding pursuant to, among other things, Rule 408 of the Federal Rules of Evidence and local law equivalents, (ii) shall not be admissible for any purpose in any judicial or administrative proceeding, (iii) shall not be further shared with any other Mediation Party or Additional Mediation Party, their counsel, or their advisors or to any other person or party who is not a Mediation Party or Additional Mediation Party absent the express consent of the Mediation Party or Additional Mediation Party whose Mediation Information is being shared (*provided* that any Mediation Party or Additional Mediation Party may share Mediation Information provided by them without seeking consent of any other Mediation Party or Additional Mediation Party), and (iv) shall not be used for any purpose other than the Mediation; *provided*, *however*, that nothing herein shall affect the discoverability or admissibility of prepetition factual materials (including, but not limited to, transaction documents relating to the Debtors' business and financing activities). For the avoidance of doubt, nothing in this paragraph prevents any Mediation Party or Additional Mediation Party from seeking discovery or otherwise requesting information simply because it was discussed during the Mediation.

12. The Mediation Parties, the Additional Mediation Parties, and their counsel and

(Page | 10)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

advisors shall not in any way disclose to any party in interest not party to the Mediation or to any court, including, without limitation, in any pleading or other submission to any court, any Mediation Information, unless such Mediation Information is available to such Mediation Party or Additional Mediation Party or its counsel or advisors other than in connection with the Mediation and not in breach of the terms of this Order or the Protective Order or subject to a separate confidentiality agreement or other applicable confidentiality restrictions that would prevent its disclosure. For the avoidance of doubt, a Mediation Party or Additional Mediation Party may publicly disclose its own Mediation Information insofar as such Mediation Information was lawfully in the possession of the Mediation Party or Additional Mediation Party through means other than the Mediation, subject to any separate confidentiality or other restriction or prohibition that would prevent its disclosure.

13. Each Mediation Party and Additional Mediation Party, to the extent they are not already bound, shall be bound by the Confidentiality Agreement and Stipulated Protective Order (the "Protective Order"), which shall be effective upon entry of the Protective Order by this Court, with respect to any information provided or received by it in connection with the Mediation and designated in accordance with the Protective Order. To the extent that any Mediation Party or Additional Mediation Party is in possession of confidential information provided pursuant to the terms and conditions of the Protective Order, any confidentiality agreement, or other similar agreement executed (or agreed to via email) in these Chapter 11 Cases, the Protective Order, any confidentiality agreement, or other similar agreement shall not prohibit disclosure of such information to the Mediator, nor shall the Protective Order, any confidentiality agreement, or other

(Page | 11)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

similar agreement prohibit the Mediator's disclosure (if authorized by the originally-disclosing Mediation Party or Additional Mediation Party) of such information to any other Mediation Party or Additional Mediation Party also bound by the Protective Order, confidentiality agreement, or other similar agreement. Any confidential information disclosed pursuant to this provision shall continue to be governed by the terms and conditions of this Order, the Protective Order, and any other confidentiality agreement or similar agreement executed (or agreed to via email) in these Chapter 11 Cases. To the extent of any conflict between the Protective Order and this Order, this Order shall govern. For the avoidance of doubt, the Protective Order shall not supersede or modify the terms of paragraphs 15 and 16 of this Order without the consent of the Ad Hoc Group Mediation Parties (as defined below).

14. To the extent that any Mediation Party or Additional Mediation Party, its counsel, or its advisors is in possession of privileged or confidential information provided to such Mediation Party, its counsel, or its advisors pursuant to the terms and conditions of a confidentiality agreement with a Mediation Party or Additional Mediation Party (either executed or agreed to via email) or order of this Court entered in connection with these Chapter 11 Cases, such information may be disclosed to the Mediator only to the extent that such disclosure is also consistent with confidentiality obligations to parties in interest not party to the Mediation, but shall otherwise remain privileged and confidential and shall not be disclosed to any other Mediation Party or Additional Mediation Party, its counsel, or its advisors. Any Mediation Party or Additional Mediation Party, its counsel, or its advisors may provide documents and/or information to the Mediator that are subject to a privilege or other protection from discovery, including, without

(Page | 12)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

limitation, the attorney-client privilege, the work-product doctrine, the common interest or joint defense privilege, or any other privilege, right, or immunity the Mediation Parties and Additional Mediation Parties may be entitled to claim or invoke (the "Privileged Information"). The Mediation Party or Additional Mediation Party producing such documents and/or information to the Mediator (the "Producing Party") must designate such documents and/or information as "Privileged Information." By providing Privileged Information solely to the Mediator and no other Mediation Party or Additional Mediation Party, no Mediation Party or Additional Mediation Party, or its respective counsel or advisors, intends to, or shall, waive, in whole or in part, the attorney-client privilege, the work-product doctrine, the common interest or joint defense privilege, the mediation privilege, or any other privilege, right, or immunity they may be entitled to claim or invoke with respect to such Privileged Information. The Mediator shall not provide Privileged Information or disclose the contents thereof to any other person, entity, Mediation Party, or Additional Mediation Party without the consent of the Producing Party (except that the Mediator may disclose Privileged Information to any person assisting the Mediator in the performance of her Mediation duties, in which event such assistant shall be subject to the same restrictions as the Mediator with respect to such Privileged Information), and any work product, materials, or information shared with or produced by a Mediation Party or Additional Mediation Party, its counsel, or its advisors to the Mediator, including Privileged Information, shall be subject to all applicable mediation privileges. No Mediation Party or Additional Mediation Party is obligated to provide Privileged Information to the Mediator.

(Page | 13)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

15. Nothing in this Order is intended to or shall modify any obligations or potential liabilities of any person under non-bankruptcy law, including the federal securities laws, with respect to the use of material non-public information in connection with securities trading. In the event that, from and after the date of entry of this Order, any Mediation Party or Additional Mediation Party, or their counsel, wishes to gain access to or to disclose to another Mediation Party or Additional Mediation Party any Mediation Information that may, or that it believes may, constitute material, non-public information of the Debtors within the meaning of Regulation FD under the Securities Exchange Act of 1934, as amended ("MNPI"), that Mediation Party or Additional Mediation Party or their counsel (and, if that Mediation Party or Additional Mediation Party is seeking to disclose the Mediation Information, counsel for the Mediation Party or Additional Mediation Party that is the potential recipient of the Mediation Information) shall first confer with the Debtors to determine whether such Mediation Information, in fact, constitutes MNPI. In the event the Debtors or counsel for the Mediation Party or Additional Mediation Party that is the potential recipient of the Mediation Information determine, pursuant to the foregoing procedure or independently, that such Mediation Information constitutes MNPI, prior to any such disclosing or receiving, the Debtors and counsel for the Mediation Party or Additional Mediation Party that is the potential recipient of the MNPI shall confer in good faith regarding an agreement to make all or a portion of any such MNPI public upon the conclusion or termination of the Mediation. If such an agreement cannot be reached, then such MNPI shall not be shared by the Mediation Party or Additional Mediation Party seeking to share such MNPI absent express written agreement by the potential recipient to receive such MNPI without such MNPI being publicly

(Page | 14)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

disclosed. Further, prior to any disclosures of Mediation Information that constitutes or contains MNPI, any disclosing Mediation Party or Additional Mediation Party or its counsel shall mark such Mediation Information as "MNPI – Professional Eyes Only" and shall provide such Mediation Information to counsel for the Mediation Party or Additional Mediation Party to which it wishes to disclose the Mediation Information, but shall not disclose such Mediation Information to any member of the Ad Hoc Group of Secured Noteholders, including members of the Steering Committee, and any member of the Ad Hoc Group of Secured Noteholders that becomes an Additional Mediation Party (each such member, an "Ad Hoc Group Mediation Party") without its prior written consent; *provided* that should such Ad Hoc Group Mediation Party provide its prior written consent to the receipt of such MNPI, such MNPI shall be marked "MNPI – Cleansing Information" by the disclosing Mediation Party or Additional Mediation Party prior to disclosure to the Ad Hoc Group Mediation Party and shall be publicly disclosed by the Debtors pursuant to paragraph 16. For the avoidance of doubt, Mediation Proposals made by either or both Committees (a "Committee Mediation Proposal") shall not be subject to cleansing or public disclosure; *provided* that any MNPI included in any such Mediation Proposals shall be subject to cleansing as set forth in paragraphs 15 and 16 herein. Notwithstanding the foregoing, any MNPI disclosed to or received by an Ad Hoc Group Mediation Party shall be subject to paragraph 16 hereof; *provided* that, for the avoidance of doubt, any Mediation Information disclosed to or received by an Ad Hoc Group Mediation Party which does not constitute MNPI, as determined by such Ad Hoc Group Mediation Party in consultation with the Debtors, in its reasonable, good-faith judgment, upon advice of counsel (which may be internal counsel), shall not be subject to paragraph 16 hereof.

(Page | 15)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

16. Without limiting the foregoing and notwithstanding anything to the contrary herein, the Mediation Parties and the Additional Mediation Parties agree that, within two (2) business days after the Mediation Termination Date with respect to any Ad Hoc Group Mediation Party (the "Cleansing Deadline"), the Debtors shall publicly disclose MNPI delivered to such Ad Hoc Group Mediation Party (including any Mediation Information marked "MNPI – Cleansing Material" and any other Mediation Information that was received by an Ad Hoc Group Mediation Party without its prior written consent that such Ad Hoc Group Mediation Party determines in its reasonable good-faith judgment, upon advice of counsel (which may be internal counsel), constitutes MNPI) and, solely with respect to the Mediation: (a) whether one or more agreements have been reached through the Mediation; and (b) if one or more agreements have been reached, a term sheet memorializing such agreement(s). In the event that no agreement has been reached, the Mediation Parties and the Additional Mediation Parties, as applicable, will, as soon as reasonably practical after the termination of mediation, but prior to the Cleansing Deadline, confer in good faith to determine whether they believe that any of the last term sheets or similar documents that memorialize the terms of the last Mediation Proposal(s) that were shared with any Ad Hoc Group Mediation Party (or, if such proposal was transmitted only verbally, a detailed written summary of such Mediation Proposal) (either version of which shall constitute "Proposal Information") constitutes MNPI (as determined in the reasonable good-faith judgment of each Ad Hoc Group Mediation Party upon advice of counsel, which may be internal counsel) and, if determined to include MNPI, such Proposal Information will be disclosed; *provided*, *however*, that in no event will any Committee Mediation Proposal be publicly disclosed without the consent of

(Page | 16)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

the applicable Committee(s) other than any MNPI[4] as set forth in paragraph 15. If public disclosure of MNPI does not, in the reasonable judgment of the Ad Hoc Group Mediation Party after consultation with counsel, include all of the MNPI disclosed to or received by the Ad Hoc Group Mediation Party, the Ad Hoc Group Mediation Party shall provide the Debtors with a notice (a "Notice of Insufficiency Objection") (which may be made by email) not later than one (1) business day after the Cleansing Deadline, setting forth the MNPI that the Ad Hoc Group Mediation Party believed should be disclosed. The Debtors shall have two (2) business days following receipt of the Notice of Insufficiency Objection to attempt in good faith to resolve the Ad Hoc Group Mediation Party's objection to the sufficiency of the disclosure (the "Cure Period"). If the Debtors and the Ad Hoc Group Mediation Party cannot reach agreement with respect to the disclosure of the MNPI subject to the Notice of Insufficiency Objection, so long as the Ad Hoc Group Mediation Party has complied with this paragraph 16 herein, such Ad Hoc Group Mediation Party shall be entitled to publicly disclose such MNPI to the extent it has not been publicly disclosed by the Debtors. Without limiting any cleansing or self-cleansing provisions herein and in any confidentiality agreement entered into in these Chapter 11 Cases, Mediation Proposals are not intended to constitute MNPI, subject to the rights of any Mediation Party or Additional Mediation Party to require any MNPI therein to be publicly disclosed by the Debtors or to publicly disclose such MNPI, in each case, pursuant to this paragraph 16. Each

---

4 For the avoidance of doubt, MNPI only includes information of the Debtors and not any economic or other terms proposed in any Committee Mediation Proposal.

(Page | 17)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

Mediation Party and Additional Mediation Party shall ensure that its counsel, representatives and advisors are aware of the requirements of paragraphs 15 and 16 herein, and to the extent any Mediation Party or Additional Mediation Party discloses MNPI or provides MNPI to another Mediation Party, Additional Mediation Party, or an Ad Hoc Group Mediation Party not in compliance with the provisions set forth in paragraphs 15 and 16, they may be subject to a remedy to be determined by the Court (which such remedy may be sought on an expedited basis).

17. Notwithstanding anything to the contrary herein, any exit financing proposal(s) delivered by either DIP Agent to any Mediation Party or Additional Mediation Party (including any Ad Hoc Group Mediation Party) in connection with the Mediation will be presumed not to contain or to constitute MNPI, but to the extent any Mediation Party or Additional Mediation Party (including any Ad Hoc Group Mediation Party) that was a recipient of such exit financing proposal(s) determines, in accordance with the provisions of this Order, that any such exit financing proposal(s) (or portion thereof) nonetheless contains or constitutes MNPI, such Mediation Party or Additional Mediation Party (including any such Ad Hoc Group Mediation Party) agrees (i) that all fee and interest rate information set forth in such exit financing proposal(s) shall be redacted from such exit financing proposal(s) prior to disclosure thereof in accordance with this Order and (ii) such Mediation Party or Additional Mediation Party (including any such Ad Hoc Group Mediation Party) or their counsel shall cooperate (in good faith) with the applicable DIP Agent or its counsel on other appropriate redactions to such exit financing proposal(s) prior to disclosure thereof in accordance with this Order. For the avoidance of doubt, (A) the preceding sentence shall apply only to any exit financing proposal(s) delivered by either DIP Agent and not

(Page | 18)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

to any exit financing proposal(s) delivered by the Debtors and (ii) any MNPI of the Debtors contained in an exit financing proposal delivered by either DIP Agent shall be subject to cleansing and public disclosure in accordance with paragraph 16.

18. Notwithstanding anything in this Order, no McKesson highly confidential information, including any such information relating to McKesson's pricing, rebates, or other highly competitively sensitive competitive information, including, but not limited to, any such information contained in (a) that certain supply agreement originally entered into and dated December 22, 2003 and restated in its entirety by the seventh amendment entered into and dated as of April 1, 2014 between McKesson and Rite Aid Corporation (and as the same has been previously amended, the "Prepetition Supply Agreement"), (b) that certain interim postpetition supply agreement dated as of October 23, 2023 between McKesson and Rite Aid Corporation approved by the Court in the *Interim Order Authorizing and Approving the Settlement Between the Debtors and McKesson Corporation* [Docket No. 373] on October 30, 2023 and that certain amended interim postpetition supply agreement dated as of November 15, 2023 between McKesson and Rite Aid Corporation approved by the Court in the *Final Order Authorizing and Approving the Settlement Between the Debtors and McKesson Corporation* [Docket No. 630] on November 16, 2023 (together, the "Postpetition Supply Agreements"), (c) any insurance policies entered into in connection with the Prepetition Supply Agreement or Postpetition Supply Agreements, and (d) any proposals and counter-proposals regarding a post-bankruptcy commercial relationship between the Debtors or reorganized Debtors and McKesson, whether prepared by McKesson or any other Mediation Party or Additional Mediation Party (the "Supply Agreement

(Page | 19)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

Proposals"), (collectively, (a) through (d), the "McKesson Highly Confidential Information") may or shall be shared with any Ad Hoc Group Mediation Party (or any other Mediation Party or Additional Mediation Party that may subject such information to any public disclosure under this Order) absent the express written consent of McKesson.

19. With respect to the portions of any McKesson-related documents, information, or proposals that McKesson has expressly confirmed in writing (a) do not contain McKesson Highly Confidential Information, including any such portions of the Prepetition Supply Agreement, the Postpetition Supply Agreements, McKesson insurance policies, and/or the Supply Agreement Proposals and (b) may be shared (in a form with McKesson-approved redactions of any McKesson Highly Confidential Information, if applicable) with any Ad Hoc Group Mediation Party (or any other Mediation Party or Additional Mediation Party that may subject such information to any public disclosure under this Order), paragraphs 15 and 16 of this Order shall apply.

20. In the event McKesson Highly Confidential Information (a) is provided to an Ad Hoc Group Mediation Party solely by a Steering Committee advisor and (b) was shared with such Steering Committee advisor on a professionals eyes only basis, such McKesson Highly Confidential Information shall not be subject to public disclosure.

21. In the event that any Mediation Party or Additional Mediation Party (other than a Steering Committee advisor) shares any McKesson Highly Confidential Information with an Ad Hoc Group Mediation Party without McKesson's consent, such Ad Hoc Group Mediation Party shall, upon becoming aware of its receipt of McKesson Highly Confidential Information: (a) immediately take all commercially reasonable steps to destroy or sequester such McKesson

(Page | 20)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

Highly Confidential Information without reviewing its contents; (b) immediately take all commercially reasonable steps to ensure against any review, use, or further dissemination thereof; and (c) immediately notify McKesson, the Mediation Party or Additional Mediation Party that made the unauthorized disclosure, and the Debtors of the scope and circumstances of the disclosure and the steps taken to destroy or sequester the disclosed McKesson Highly Confidential Information. Notwithstanding anything in this Order, if such Ad Hoc Group Mediation Party reasonably believes in good faith, upon advice of counsel (which may be internal counsel), that the improperly disclosed McKesson Highly Confidential Information may or does constitutes MNPI, such Ad Hoc Group Mediation Party shall confer with McKesson and the Debtors in good faith for a minimum of three (3) business days to determine whether such McKesson Highly Confidential Information, in fact, constitutes MNPI and if so, to seek a mutually agreeable resolution of the issue. If the parties are unable to reach a consensual resolution, any party may seek an emergency hearing with the Court no later than seven (7) days thereafter. Except as may be set forth in a subsequent court order (and provided all Mediation Parties' and Additional Mediation Parties' rights are preserved with respect to such subsequent order), all parties' rights, remedies, obligations, and liabilities under applicable non-bankruptcy law (including federal securities laws) are preserved with respect to the issues resulting from the improper sharing of such McKesson Highly Confidential Information with an Ad Hoc Group Mediation Party, and neither paragraphs 15 and 16 nor anything else in this Order shall affect any rights, claims, or causes of action that any party may have. Notwithstanding anything contained in this paragraph 21, the rights of all Ad Hoc Group Mediation Parties and McKesson against any Mediation Party

(Page | 21)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

or Additional Mediation Party that discloses or provides McKesson Highly Confidential Information to any Mediation Party, Additional Mediation Party, or Ad Hoc Group Mediation Party in violation of this Order are fully reserved.

22. No party in interest in these Chapter 11 Cases, including each of the Debtors or any successor to the Debtors, shall have any claim, defense, objection, or cause of action of any nature whatsoever against a Mediation Party or an Additional Mediation Party, including, but not limited to, any objection to a claim, or any other basis to withhold, subordinate, disallow, or delay payment or issuance of any consideration to a Mediation Party or Additional Mediation Party on account of a claim based on such party's trading in securities of the Debtors by reason of such party's participation in the Mediation, or such party's receipt, as a result of participation in the Mediation, of (a) information with respect to which, at the time of such trading, such party has no duty of confidentiality under a confidentiality agreement, or (b) a Mediation Proposal or settlement proposal, whether or not such Mediation Proposal or settlement proposal is confidential; *provided*, *however*, that nothing herein shall be deemed to waive any claims for non-compliance with this Order or any other contractual confidentiality obligations.

23. No discovery may be taken in connection with the Mediation, unless consented to by the applicable Mediation Parties or Additional Mediation Parties. Nothing in this Order shall preclude any Mediation Party or Additional Mediation Party from seeking discovery at any time pursuant to applicable law and all rights are reserved with respect to seeking or opposing any such discovery; *provided* that (a) no discovery may be taken in connection with the Mediation, unless consented to by the applicable Mediation Parties and, as applicable, the Additional Mediation

(Page | 22)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

Parties, and (b) each Mediation Party and Additional Mediation Party, as applicable, shall continue in the ordinary course to respond to discovery requests which were served prior to the Mediation and shall not use the existence of Mediation as a reason to not comply with their discovery and diligence obligations.

24. No stenographic or official written record or transcript of any discussion during the Mediation shall be kept by any Mediation Party, Additional Mediation Party, or the Mediator, absent express written agreement by each Mediation Party and, as applicable, each Additional Mediation Party; *provided* that each Mediation Party and Additional Mediation Party is authorized and not prohibited in any manner from taking and maintaining notes of the Mediation for its own use or as otherwise permitted by this Order.

25. If any Mediation Party or Additional Mediation Party is requested or required (by subpoena, legal process, or otherwise) to disclose any information that is protected from disclosure pursuant to this Order, that party shall promptly notify the Mediation Parties and the Additional Mediation Parties so that the Mediation Parties and, as applicable, the Additional Mediation Parties, may seek an appropriate protective order. If any party objects to disclosure, the information shall not be disclosed except pursuant to a final court order requiring it.

26. The Mediation shall be in all respects non-binding and without prejudice to any Mediation Party's and Additional Mediation Party's rights, claims, or defenses, unless the Mediation Parties and Additional Mediation Parties agree in writing to be so bound; *provided, however*, that any settlement agreement(s) reached through Mediation reduced to writing and signed shall be binding as to each signatory in accordance with the terms of such written

(Page | 23)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

agreement, subject, with respect to the Debtors, to the requirements of section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, and any other provisions of the Bankruptcy Code, as applicable, and this Court will retain jurisdiction to enforce any such settlement agreement(s).

27. Unless the Mediator has only requested the participation of certain Mediation Parties or Additional Mediation Parties or counsel for a given Mediation Session (whether occurring in person or by video or audio conference), a representative(s) or individual designee(s) from each Mediation Party and Additional Mediation Party with full authority to negotiate on such Mediation Party's or Additional Mediation Party's behalf and to settle the Mediation, in full or in part, and thereby bind the party for whom such representative acts, shall attend each scheduled Mediation Session, although the selection of that representative or designee shall be left to the discretion of each Mediation Party and Additional Mediation Party, and a Mediation Party or Additional Mediation Party may make a request to the Mediator that it be excused from having a representative or designee attend a Mediation Session; *provided* that, notwithstanding the foregoing, (a) (i) the Steering Committee shall not be required to have more than one such representative or designee attend a Mediation Session, (ii) if any members of the Ad Hoc Group of Secured Noteholders that are not in the Steering Committee elect to participate in the Mediation, such members may, but are not required to, attend any Mediation Session, and (iii) it is understood that any representative or designee of the Ad Hoc Group of Secured Noteholders, including any representative or designee of the Steering Committee, does not possess full authority to negotiate on behalf of the Ad Hoc Group of Secured Noteholders and cannot settle any matter or the Mediation, in full or in part, on behalf of or bind other members of the Ad Hoc Group of Secured

(Page | 24)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

Noteholders, and (b) in the event that the U.S. Department of Justice (on behalf of the United States of America) is an Additional Mediation Party, and in recognition of the high levels of authority within the U.S. Department of Justice (on behalf of the United States of America) that may be required to approve any proposed resolution, the U.S. Department of Justice (on behalf of the United States of America) shall be entitled to determine its appropriate representatives for the Mediation irrespective of whether the representatives have settlement authority.

28. The Mediation Parties and Additional Mediation Parties agree, for the avoidance of doubt, that in addition to any other individuals or entities covered by this Order, all individuals participating in the Mediation as representatives of the Mediation Parties and the Additional Mediation Parties are bound by the terms of this Order and shall have the same obligations as the Mediation Parties and the Additional Mediation Parties under this Order.

29. Notwithstanding anything to the contrary in this Order, communications between counsel to and/or corporate representatives of any Mediation Party or Additional Mediation Party and their board of directors, including the disinterested directors and their counsel, and/or upper management, including, for the avoidance of doubt with respect to the Debtors and the Debtors' chief restructuring officer, shall be permitted and not violate the Mediation confidentiality and privilege provisions; *provided* that any such representatives are bound by or otherwise agree to comply with the terms of this Order and the Protective Order.

30. The Mediator is permitted, in her discretion, to speak individually with any Mediation Party or Additional Mediation Party and/or its counsel or representatives about the Mediation Topics at any time during the Mediation. Any Mediation Party or Additional Mediation

(Page | 25)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

Party may engage in *ex parte* communications with any other Mediation Party or Additional Mediation Party and shall not be obligated to disclose the substance of any such communications to any other Mediation Party or Additional Mediation Party or the Mediator.

31. Notwithstanding any provision of this Order to the contrary, nothing contained in this Order shall in any way operate to, or have the effect of, impairing, altering, supplementing, changing, expanding, decreasing, or modifying the Mediation Parties' or the Additional Mediation Parties' rights or obligations under any alleged insurance coverage or contract providing indemnification that is the subject of the Mediation or otherwise.

32. Nothing in this Order or in the Stipulation and Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, Mediation Information and information marked confidential in connection with the Stipulation and Protective Order relating to any potential violation of law or regulation, or relating to any matter within that agency's statutory or regulatory mission and/or oversight; nor shall anything contained in this Order prevent or in any way limit or impair the use of any such Mediation Information and/or information marked confidential in connection with the Stipulation and Protective Order by an agency in any proceeding relating to any potential violation of law or regulation, or the use of such information relating to any matter within that agency's statutory or regulatory mission and/or oversight. Nothing in this Order or in the Stipulation and Protective Order limits the right of the United States to disclose to any law enforcement authority of a state, local, or tribal government any Mediation Information and any information marked confidential in connection with a Stipulation and

(Page | 26)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

Protective Order relating to any potential violation of law or regulation, or the use of such information in connection with a proceeding relating to any potential violation of law or regulation.

33. The purpose of the Mediation is to facilitate arms'-length negotiations. No Mediation Party or Additional Mediation Party and no recipient of any Mediation Information who is not otherwise an "insider" of the Debtors or their non-Debtor affiliates (as such term is defined in the Bankruptcy Code) shall (a) be or become such an insider, or a temporary insider, or a non-statutory insider under bankruptcy law, or an agent or a fiduciary of any of the Debtors or their non-Debtor affiliates, (b) be deemed to owe any duty to any of the Debtors or their non-Debtor affiliates, (c) undertake any duty to any other party in interest (with the exception of the duties of confidentiality set forth herein, in the Protective Order, and in any other applicable confidentiality agreements), or (d) be deemed to misappropriate any information of any of the Debtors or their non-Debtor affiliates, in each of the foregoing clauses (a) through (d), as a result of (i) participating in any Mediation Session, or (ii) being aware, or in possession, of any Mediation Information, including any Mediation Proposal delivered or received by any party in interest or their agents or advisors in connection with the Mediation; *provided*, *however*, that nothing herein shall effect any party's pre-existing status as an insider, fiduciary obligations, if any, or the obligations of the parties set forth hereunder.

34. The Mediator and any legal personnel employed by Willkie Farr & Gallagher LLP who assist the Mediator with the Mediation shall be immune from claims arising out of acts or omissions incident to their service in these Chapter 11 Cases.

35. Nothing in this Order is intended to, nor shall it operate as, granting relief from the

(Page | 27)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

automatic stay in the Debtors' Chapter 11 Cases.

36. At the conclusion of the Mediation, the Mediator shall file with the Court a memorandum stating only: (a) that the Mediator has conducted the Mediation; (b) the names of the Mediation Parties and the Additional Mediation Parties, including counsel, advisors, and principals thereto or thereof, who participated in the Mediation; (c) whether the Mediator believes that the Mediation Parties and the Additional Mediation Parties participated in good faith; and (d) whether any settlements or agreements were reached, and if so and with the consent of each settling party, the terms of such settlements or agreements. If the Mediation is extended in accordance with paragraph 7, whether the extension included all or only some of the Mediation Parties and the Additional Mediation Parties, the Mediator shall file with the Court a memorandum stating that the Mediation was extended, the Mediation Parties and Additional Mediation Parties included in such extension (if applicable), and the date to which it is extended.

37. The Mediation Parties and the Additional Mediation Parties and their respective counsel and advisors shall participate in the Mediation in good faith and comply with all directions issued by the Mediator as set forth herein.

38. Except as otherwise permitted or directed by this Order, the Mediator shall not be compelled to disclose any information concerning the Mediation in any forum or proceeding, nor shall any Mediation Party or Additional Mediation Party, or any other party in interest in the Chapter 11 Cases: (a) call or subpoena the Mediator as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation, or any thoughts or impressions that the Mediator may have about the Mediation Parties or the Additional Mediation Parties, or their

Document Page 28 of 32
(Page | 28)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

respective positions in the Mediation; (b) subpoena any notes, documents, or other materials prepared by the Mediator in connection with the Mediation; or (c) offer any statements, views, or opinions expressed or held by the Mediator in connection with any proceeding, including, without limitation, any pleading or other submission to any court.

39. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

40. Notice of the Stipulation and Agreed Order as provided herein shall be deemed good and sufficient notice of such Stipulation and Agreed Order and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

41. Any of the terms of this Order may be modified either by (a) a signed writing by (i) the Mediator and (ii) each of the Mediation Parties (except the Additional Mediation Parties, *provided* that (x) an Additional Mediation Party's consent shall be required to the extent any such proposed modification materially, adversely, and disproportionately affects an Additional Mediation Party as compared to a Mediation Party and (y) McKesson's consent shall be required to the extent any such proposed modification would have any impact on McKesson-related documents, information, or proposals, including McKesson Highly Confidential Information) or (b) further order of the Court after appropriate notice to the Mediation Parties and opportunity for a hearing. Any agreement of the Mediation Parties to modify any of the terms of this Order shall be documented by a stipulation describing the modifications signed by each of the Mediation Parties (and applicable Additional Mediation Parties, if any) and filed with the Court; *provided* that, where consent to such modification is required for each Mediation Party, consent by holders

Document Page 29 of 32
(Page | 29)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

of at least 50% of the principal amount of the 2025 Secured Notes and the 2026 Secured Notes[5] (together, the "Senior Secured Notes") held by the Ad Hoc Group Mediation Parties shall serve as consent for the Steering Committee and/or all Ad Hoc Group Mediation Parties (as applicable).

42. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

43. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective immediately upon entry hereof.

44. This Order shall be effective as of December 21, 2023.

[5] "2025 Secured Notes" and "2026 Secured Notes" shall have the meanings ascribed to such terms in the Final DIP Order.

(Page | 30)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

Dated: January 9, 2024

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email: msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

*/s/ Alan J. Brody*

**GREENBERG TRAURIG, LLP**
Roger B. Kaplan, Esq.
Alan J. Brody, Esq.
Eric D. Wong, Esq.
Oscar N. Pinkas, Esq.
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Telephone: (973) 360-7900
Email: kaplanr@gtlaw.com
brodya@gtlaw.com
wonge@gtlaw.com
pinkaso@gtlaw.com

**CHOATE, HALL, & STEWART LLP**
John F. Ventola, Esq.
Kevin J. Simard, Esq.
J.P. Jaillet, Esq.
Jonathan D. Marshall, Esq.
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-5000
Email: jventola@choate.com
ksimard@choate.com
jjaillet@choate.com
jmarshall@choate.com

*Counsel to Bank of America, N.A.*

(Page | 31)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

/s/ *Joseph J. DiPasquale*
**FOX ROTHSCHILD, LLP**
Joseph J. DiPasquale, Esq.
Howard A. Cohen, Esq. (admitted *pro hac vice*)
Mark E. Hall, Esq.
Michael R. Herz, Esq.
49 Market Street
Morristown, New Jersey 07960
Telephone: (973) 992-4800
Facsimile: (973) 992-9125
Email: hcohen@foxrothschild.com
jdipasquale@foxrothschild.com
mhall@foxrothschild.com
mherz@foxrothschild.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON**
Andrew N Rosenberg (admitted *pro hac vice*)
Brian S. Hermann (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Douglas R. Keeton (admitted *pro hac vice*)
1285 6th Avenue
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: arosenberg@paulweiss.com
bhermann@paulweiss.com
chopkins@paulweiss.com

*Co-Counsel for the Ad Hoc Group of Secured Noteholders*

/s/ *James S. Carr*
**KELLEY DRYE & WARREN LLP**
James S. Carr, Esq.
Robert L. LeHane, Esq.
Kristin S. Elliott, Esq.
One Jefferson Road, 2nd Floor
Parsippany, New Jersey 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
Email: jcarr@kelleydrye.com
rlehane@kelleydrye.com
kelliott@kelleydrye.com

*Proposed Co-Counsel to the Official Committee of Unsecured Creditors*

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Kenneth H. Eckstein, Esq. (admitted *pro hac vice*)
Adam C. Rogoff, Esq. (admitted *pro hac vice*)
Rachael Ringer, Esq. (admitted *pro hac vice*)
Megan Wasson, Esq. (admitted *pro hac vice*)
Natan Hamerman, Esq. (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Email: kechstein@kramerlevin.com
arogoff@kramerlevin.com
rringer@kramerlevin.com
mwasson@kramerlevin.com
nhamerman@kramerlevin.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

Document Page 32 of 32

(Page | 32)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Stipulation and Agreed Order (I) Appointing Hon. Shelley C. Chapman (Ret.) as Mediator to Mediate the Mediation Topics, (II) Referring Such Matters to Mediation, (III) Directing the Mediation Parties to Participate in the Mediation, and (IV) Granting Related Relief

*/s/ Arthur J. Abramowitz*
**SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.**
Arthur J. Abramowitz
Ross J. Switkes
308 Harper Drive, Suite 200
Moorestown, New Jersey 08057
Telephone: (856) 662-0700
Email: aabramowitz@shermansilverstein.com
rswitkes@shermansilverstein.com

*Proposed Local Counsel to the Official Committee of Tort Claimants*

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Arik Preis (*pro hac vice*)
Mitchel P. Hurley (*pro hac vice*)
Theodore James Salwen (*pro hac vice*)
Brooks Barker (*pro hac vice*)
One Bryant Park
Bank of America Tower
New York, New York 10036-6745
Telephone: (212) 872-1000
Facsimile: (212) 872-1001
Email: apreis@akingump.com
mhurley@akingump.com
jsalwen@akingump.com
bbarker@akingump.com

And

Kate Doorley (*pro hac vice*)
Robert S. Strauss Tower
2001 K. Street, N.W.
Washington, DC, 20037
Telephone: (202) 887-4000
Email: kdoorely@akingump.com

*Proposed Lead Counsel for the Official Committee of Tort Claimants*