UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esquire
Lauren Bielskie, Esquire
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
Email: jeffrey.m.sponder@usdoj.gov
         lauren.bielskie@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Rite Aid Corporation, *et al.*,[1] | : | Case No. 23-18993 (MBK) |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | Hearing Date: January 29, 2024 @ 10:00 a.m. |
| | : | |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO THE DEBTORS' MOTION FOR ENTRY OF AN AMENDED FINAL ORDER (I) AUTHORIZING AND APPROVING THE CONDUCT OF STORE CLOSING SALES, WITH SUCH SALES TO BE FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES AND (II) GRANTING RELATED RELIEF**

Andrew R. Vara, the United States Trustee for Regions Three and Nine (the "U.S. Trustee"), through his undersigned counsel, files this limited objection (the "Limited Objection") to the *Debtors' Motion for Entry of an Order (i) Authorizing and Approving the Conduct of Store Closing Sales, With Such Sales to be Free and Clear of All Liens, Claims, and Encumbrances and*

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent.

*(ii) Granting Related Relief* (the "Amended Store Closing Motion") (Dkt. 1569), and respectfully states:

## I.    PRELIMINARY STATEMENT

1. The U.S. Trustee files this Limited Objection seeking certain revisions to the proposed Order for the Amended Store Closing Motion. The U.S. Trustee worked with the Debtors to resolve the issues identified by the U.S. Trustee and was able to reach a resolution regarding certain provisions. However, the U.S. Trustee continues to object to several paragraphs in the proposed Order and seeks alternative language in paragraphs 3, 4, 7, 42 and 46, as more fully set forth below.

2. Significantly, the U.S. Trustee requests an objection period after declarations are filed by the Consultants that the Debtors seek to engage through the Amended Store Closing Motion. As declarations have not yet been filed by the proposed Consultants and because the Debtors seek a final order, an objection period under the proposed Order is necessary to preserve any appropriate objections that may exist based on disclosures in the declarations.

3. In addition, the U.S. Trustee requests that the Court require the Debtors to file a summary report of the Store Closings and sales process within thirty (30) days of the conclusion of the Store Closings and sales process.

## II.    JURISDICTION, VENUE AND STANDING

4. This Court has jurisdiction to hear and determine this Limited Objection.

5. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and

interpreted by the courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

6. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Objection. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

### III.    FACTUAL BACKGROUND

**General Case Background**

7. On October 15, 2023 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). *See, e.g.,* Lead Case No. 23-18993, at Dkt. 1.

8. The Debtors continue to operate their business(es) as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

9. As described in the many first day motions filed by the Debtors, "[t]he Debtors, together with their non-Debtor affiliates (collectively, 'Rite Aid' or the 'Company'), are on the front lines of delivering healthcare services and retail products to millions of Americans daily. Headquartered in Philadelphia, Pennsylvania, Rite Aid Corporation is publicly held with its common stock trading on the New York Stock Exchange under the trading symbol, 'RAD.'"

10. On November 2, 2023, the U.S. Trustee filed a Notice of Appointment of Official Committee of Unsecured Creditors (the "UCC"). *See* Dkt. 431.

11. Also, on November 2, 2023, the U.S. Trustee filed a Notice of Appointment of Official Committee of Tort Claimants (the "TCC"). *See* Dkt. 432.

12. On January 17, 2024, the Court entered an Order (i) Approving the Sale of Acquired Assets Free and Clear of All Claims, Liens, Rights, Interests, and Encumbrances, (ii) Authoriing the Debtors to Enter Into and Perform Their Obligations Under the Elixir APA, (iii) Approving Assumption and Assignment of Certain Executory Contracts, and (iv) Granting Related Relief (the "Elixir Sale Order"). *See* Dkt. 1510.

**The Store Closing Motion**

13. On October 16, 2023, as part of their first day filings, the Debtors filed Debtors' Motion for Entry of Interim and Final Orders (i) Authorizing and Approving the Conduct of Store Closing Sales, With Such Sales to be Free and Clear of All Liens, Claims, and Encumbrances, and (ii) Granting Related Relief (the "Store Closing Motion"). *See* Dkt. 37. The Store Closing Motion did not contemplate or include the possibility of engaging liquidators in connection with the store closings.

14. On October 17, 2023, the Court entered an Interim Order (i) Authorizing and Approving the Conduct of Store Closing Sales, With Such Sales to be Free and Clear of All Liens, Claims, and Encumbrances, and (ii) Granting Related Relief (the "Interim Order"). *See* Dkt. 121. Like the Store Closing Motion, the Interim Order did not include the possibility of engaging liquidators in connection with the store closings.

15. On November 20, 2023, the Court entered a Final Order (i) Authorizing and Approving the Conduct of Store Closing Sales, With Such Sales to be Free and Clear of All Liens, Claims, and Encumbrances, and (ii) Granting Related Relief (the "Final Order"). *See* Dkt. 709. Again, like the Store Closing Motion and the Interim Order, the Final Order did not include the possibility of engaging liquidators in connection with the store closings.

**The Amended Store Closing Motion**

16. On January 22, 2024, more than two (2) months after the Final Order was entered, the Debtors filed the Amended Store Closing Motion seeking the Court's entry of an amended version of the Final Order that now incorporates a consulting agreement dated January 20, 2024 (the "Consulting Agreement") with SB360 Capital Partners, LLC ("SB360") and Hilco Merchant Resources, LLC ("Hilco," and together with SB360, the "Consultants"). *See* Dkt. 1569.

17. The Court's Order Shortening Time set a hearing for Monday, January 29, 2024, with objections due two (2) days before the hearing. *See* Dkt. 1573. The Court agreed to extend the U.S. Trustee's objection deadline to Sunday, January 28, 2024, as the Debtors and U.S. Trustee worked to narrow and/or resolve the issues with the relief requested in the Amended Store Closing Motion.

### IV.    LIMITED OBJECTION

18. The U.S. Trustee does not object to the Debtors' entry into the Consulting Agreement with the Consultants. However, the U.S. Trustee files this limited objection to the Amended Store Closing Motion because the proposed amended final order attached to the Amended Store Closing Motion (the "Proposed Amended Final Order") requires revisions.[2]

19. First and foremost, most store closing motions are filed at the beginning of a case (as was done here) and include the request to authorize a consultant to enter into and perform under a consulting agreement (which was not done here). Such motions typically request an interim

---

[2] The U.S. Trustee and the Debtors attempted to resolve the issues and concerns raised by the U.S. Trustee prior to filing this Limited Objection. Although certain issues remain, the U.S. Trustee and the Debtors were able to resolve some of the issues including revisions to paragraph 2, 5, 17, 23, 30, 33(iii), 37, 43, 58 and 59 of the Proposed Amended Final Order. The Debtors also agreed to a new paragraph (new paragraph 58) concerning service of the Final Order and also deleted paragraph 56 from the Proposed Amended Final Order. The U.S. Trustee has not yet reviewed the revised Proposed Amended Final Order with these revisions included.

5

order be entered, at which time consultants file declarations with the Court, and which provides an opportunity for any party-in-interest to object prior to the final hearing. Here, because the Debtors entered into the Consulting Agreement after the Final Order was entered, there does not appear to be any opportunity to object to the declarations to be filed by the Consultants.

20. Paragraph 42 of the Proposed Amended Final Order requires the Consultants to "file a declaration disclosing connections to the Debtors, their creditors, and other parties-in-interest in these chapter 11 cases" within "seven (7) days of entry of the Final Order or as soon as reasonably practicable thereafter." *See* Dkt. 1569 at page 35 of 73.

21. The U.S. Trustee proposes that parties-in-interest be provided ten (10) days after service of the declarations to file any objections to the declarations. To the extent any objections are filed and not resolved by the parties, the objections will be considered by the Court at the next regularly scheduled omnibus hearing, subject to the rights of any party to seek relief on an emergency basis on shortened notice, to the extent necessary.

22. The U.S. Trustee also objects to the language in paragraph 42 of the Proposed Amended Final Order that allows the Debtors to serve the Final Order "as soon as reasonably practicable thereafter."[3] The Debtors, through their retained Noticing Agent, will have seven (7) days to serve the Final Order, which should be more than sufficient time to serve the Final Order. There is no reason to include "as soon as reasonably practicable thereafter."

23. The U.S. Trustee proposes that paragraph 42 of the Proposed Amended Final Order be revised as reflected in the following italicized text:

> Within seven (7) days of entry of the Final Order, ~~or as soon as reasonably practicable thereafter,~~ the Consultants shall file a declaration disclosing connections to the Debtors, their creditors,

---

[3] The U.S. Trustee similarly objects to the use of the phrase "as soon as reasonably practicable" in paragraphs 30, 33(ii) and 33(iii) of the Proposed Amended Final Order.

6

and other parties in interest in these chapter 11 cases, and the Debtors shall serve the same on the U.S. Trustee, the DIP Agents, the Ad Hoc Secured Noteholder Group, the Official Committee of Unsecured Creditors, the Official Committee of Tort Claimants, and all parties who have filed requests for service under Bankruptcy Rule 2002, by email, or if the email address is not available to the Debtors, then by first class mail. *Parties-in-interest shall have ten (10) days after service of the declarations to object to the declarations. If any objections are filed with respect to the declarations and such objections are not resolved, the objections will be considered by the Court at the next regularly scheduled omnibus hearing, subject to the rights of any party to seek relief on an emergency basis on shortened notice, to the extent necessary.*

24. Next, pursuant to the Proposed Amended Final Order, (i) the Debtors are authorized to enter into the Consulting Agreement, (ii) the Debtors are authorized to make payments to the Consultants without further order of the Court, (iii) the Consultants' Fees and Expenses will be paid in accordance with the Consulting Agreement, (iv) the Debtors and Consultants are authorized to take any and all actions as may be necessary or desirable to implement the Consulting Agreement and any and all such actions are approved in all respects, and (v) the Consultants are authorized to commence and conduct Sales and Store Closings at the Closing Stores in accordance with the Final Order, the Consulting Agreement, and the Sale Guidelines, as may be modified by any Side Letters between the Debtors and the landlords at the Closing Stores or between the Consultants and such landlords, as applicable. *See* Dkt. 1569 at ¶¶ 3, 4 and 7. As the Proposed Amended Final Order approves the terms of the Consulting Agreement and approves the engagement of the Consultants, the U.S. Trustee requests that these paragraphs be made subject to paragraph 42 of the Proposed Amended Final Order, which, if approved by the Court, will provide parties-in-interest time to review and object to the declarations filed by the Consultants.

25. The U.S. Trustee proposes that paragraph 3 of the Proposed Amended Final Order be revised as reflected in the following italicized text:

7

> The Debtors' entry into and performance under the Consulting Agreement is approved in all respects. The Debtors are authorized to enter into and perform under the Consulting Agreement pursuant to sections 363 of the Bankruptcy Code, *subject to paragraph 42 herein*, including by: (a) making payments required by the Consulting Agreement to the Consultants without the need for any application of the Consultants or a further order of the Court; and (b) accepting delivery of Additional Consultant Goods to Closing Stores, offering Additional Consultant Goods for sale at Closing Stores on a consignment basis, and remitting proceeds from sales of Additional Consultant Goods, in each case, as provided in the Consulting Agreement. The Consultants' Fees and Expenses shall be paid in accordance with the provisions of the Consulting Agreement, *subject to paragraph 42 herein*. Such payment of Consultants' Fees and Expenses shall be deemed to be (a) in compliance with the Approved Budget (as defined in Docket No. 1159 (the "<u>Final DIP Order</u>")) and the applicable provisions of the Final DIP Order; and (b) included in each such Approved Budget.

26. The U.S. Trustee proposes that paragraph 4 of the Proposed Amended Final Order be revised as reflected in the following italicized text:

> Subject to the terms and conditions set forth in this Final Order and the applicable provisions of the Final DIP Order and the DIP Documents (as defined in the Final DIP Order), the Debtors and the Consultants are hereby authorized to take any and all actions as may be necessary or desirable to implement the Consulting Agreement and each of the transactions contemplated thereby (including conducting the Group 2 Sales and Group 3 Sales), and any and all such actions are hereby approved in all respects *subject to paragraph 42 herein*.

27. The U.S. Trustee proposes that paragraph 7 of the Proposed Amended Final Order be revised as reflected in the following italicized text:

> The Debtors are authorized, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, to continue, commence, and conduct Sales and Store Closings at the Closing Stores in accordance with this Final Order and the Sale Guidelines, as may be modified by any Side Letters (as defined below) between the Debtors and the landlords at the Closing Stores. The Consultants are authorized to commence and conduct Sales and Store Closings at the Closing Stores in accordance with this Final Order, the Consulting

8

    Agreement, and the Sale Guidelines, as may be modified by any Side Letters between the Debtors and the landlords at the Closing Stores or between the Consultants and such landlords, as applicable, *subject to paragraph 42 herein*.

28. Next, in paragraph 46 of the Proposed Amended Final Order, the Debtors agree to provide copies of periodic reports on a weekly basis concerning the Sales and Store Closings that are prepared by the Debtors, their professionals, and/or the Consultants, which include monthly Sales and Store Closing reports and any reporting prepared or undertaken by the Consultants pursuant to the Consulting Agreement.

29. The U.S. Trustee requests that paragraph 46 of the Proposed Final Amended Order include a provision that requires the Debtors to file a summary report of the Sales and Store Closings process within thirty (30) days of the conclusion of the Sales and Store Closings process.

30. As such, the U.S. Trustee proposes the following additional language to be added to paragraph 46 of the Proposed Amended Final Order:

    Within thirty (30) days of the conclusion of the Store Closings and sales process, the Debtors shall file a summary report of such process that will include (i) the stores closed, (ii) gross revenue from Closing Store Assets sold, (iii) gross revenue from FF&E sold; (iv) calculation of fees paid to the Consultants; and (v) calculation of expenses reimbursed to the Consultants.

## V.  CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Amended Final Order include the aforementioned revisions as set forth in the attached alternative form of order[4] and grant such other relief as the Court deems just and necessary.

                                        Respectfully Submitted,

                                        **ANDREW R. VARA,**
                                        **UNITED STATES TRUSTEE**
                                        **REGIONS 3 & 9**

                                By:    */s/ Jeffrey M. Sponder*
                                                Jeffrey M. Sponder
                                                Trial Attorney
                                By:    */s/ Lauren Bielskie*
                                                Lauren Bielskie
Dated: January 28, 2024                    Trial Attorney

---

[4] A clean and redline version are attached for the Court's convenience as Exhibits A and B, respectively.  The clean and redline version also include revisions by the Debtors separate and apart from the revisions agreed to with the U.S. Trustee.  More specifically, paragraphs 51 and 52.