Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re: | Chapter 11 |
| RITE AID CORPORATION, *et al.*, | Case No. 23-18993 (MBK) |
| Debtors.[1] | (Jointly Administered) |

Order Filed on January 29, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

## ORDER (I) AUTHORIZING (A) REJECTION
## OF CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL
## REAL PROPERTY AND (B) ABANDONMENT OF
## ANY PERSONAL PROPERTY, EACH EFFECTIVE AS OF
## THE REJECTION DATE AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through eight (8), is

**ORDERED**.

**DATED: January 29, 2024**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1]   The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid.  The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

Caption in Compliance with D.N.J. LBR 9004-1(b)

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel to the Debtors and Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing (A) Rejection of Certain Unexpired Leases of Non-Residential Real Property and (B) Abandonment of Any Personal Property, Each Effective as of the Rejection Date and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of an Order (I) Authorizing (A) Rejection of Certain Unexpired Leases of Non-Residential Real Property and (B) Abandonment of Any Personal Property, Each Effective as of the Rejection Date and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the Debtors to reject the Leases (defined below) set forth on **Schedule 1** attached hereto, effective as of the Rejection Date, (b) authorizing the Debtors to abandon any of their Personal Property located at any such store locations, effective as of the Rejection Date, and (c) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing (A) Rejection of Certain Unexpired Leases of Non-Residential Real Property and (B) Abandonment of Any Personal Property, Each Effective as of the Rejection Date and (II) Granting Related Relief |

after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

2.      Pursuant to section 365 of the Bankruptcy Code, the leases identified on **Schedule 1** (collectively, the "Leases") attached hereto are hereby rejected, to be effective as of the Rejection Date set forth on **Schedule 1** (the "Rejection Date").

3.      The Debtors shall not be liable for any additional administrative expenses arising after the Rejection Date with respect to the Leases.

4.      The Debtors waive any claims that they may have against Dollar Tree Stores, Inc., its affiliate, Family Dollar Stores, LLC, and their subsidiaries (collectively, "Dollar Tree") arising out of the Lease agreement between the Debtors and Dollar Tree rejected pursuant to this Order; *provided, however*, that the Debtors do not waive (a) any other claims that they may have against Dollar Tree, where such claims are independent of the Leases, or (b) claims that they may have against any other counterparty to the Leases, whether such claims arise under, are related to the rejection of, or are independent of the Leases.

5.      The Debtors are authorized, but not directed, to abandon any Personal Property owned by the Debtors located at the Premises identified on **Schedule 1** free and clear of all liens, claims, encumbrances, interests, and rights of third parties, and such Personal Property, if abandoned, is deemed abandoned as of the Petition Date.

6.      Dollar Tree may dispose of the Debtors' abandoned Personal Property in its sole and absolute discretion and without further notice or order of this Court without liability to the

4

(Page | 5)
Debtors:                RITE AID CORPORATION, *et al.*
Case No.                23-18993 (MBK)
Caption of Order:       Order (I) Authorizing (A) Rejection of Certain Unexpired Leases of
                        Non-Residential Real Property and (B) Abandonment of Any Personal
                        Property, Each Effective as of the Rejection Date and (II) Granting Related
                        Relief

Debtors or third parties.  The automatic stay, to the extent applicable, is modified to allow for such disposition.

7.    Nothing herein shall prejudice the rights of the Debtors to argue that any claim for damages arising from the rejection of the Leases is limited to the remedies available under any applicable termination provision of such Prime Lease (defined below), Sublease (defined below), or contract, as applicable, or that any such claim is an obligation of a third party, and not that of the Debtors or their estates, and nothing herein shall prejudice the rights of the counterparty claimants to defend against any Debtor objections.

8.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

(Page | 6)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing (A) Rejection of Certain Unexpired Leases of Non-Residential Real Property and (B) Abandonment of Any Personal Property, Each Effective as of the Rejection Date and (II) Granting Related Relief |

9.     Notwithstanding anything to the contrary in the Motion or this Order, any payment made by the Debtors pursuant to the authority granted in this Order must be in compliance with and any authorization of the Debtors contained herein is subject to:  (a) any interim or final orders entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and/or authorizing the use of cash collateral; (b) the documentation in respect of any such debtor-in-possession financing or use of cash collateral; and (c) any budget or cash flow forecasts in connection therewith.

10.     Nothing in this Order authorizes the Debtors to accelerate any payments not otherwise due.

11.     Rent and related fees owed by Dollar Tree to the Debtors on account of any lease between the Debtors and Dollar Tree (such lease, the "Sublease") listed on **Schedule 1** for the month in which the Rejection Date occurs (the "Subtenant Rent Payments") shall be payable under this Order by Dollar Tree to the third-party landlord listed on **Schedule 1** (such landlord, the "Prime Landlord"), rather than to the Debtors (such lease between the Debtors and Prime Landlord, the "Prime Lease").  For the avoidance of doubt, upon Dollar Tree's payment of the Subtenant Rent Payments to the Prime Landlord, Dollar Tree shall have no further obligations owing to the Debtors with respect to the Subtenant Rent Payments; *provided, however*, no payment made to the Prime Landlord by Dollar Tree on account of the Subtenant Rent Payments shall constitute any waiver of any claims, rejection damages, or other damages, if any, owed by the Debtors to Dollar Tree under the Bankruptcy Code, subject to any and all defenses and rights of the Debtors.

6

(Page | 7)
Debtors:              RITE AID CORPORATION, *et al.*
Case No.              23-18993 (MBK)
Caption of Order:     Order (I) Authorizing (A) Rejection of Certain Unexpired Leases of
                      Non-Residential Real Property and (B) Abandonment of Any Personal
                      Property, Each Effective as of the Rejection Date and (II) Granting Related
                      Relief

12.     Any amounts paid directly by Dollar Tree to the Prime Landlord listed on **Schedule 1** for Subtenant Rent Payments for the month in which the Rejection Date is deemed to occur (a) shall be credited against amounts owed by the Debtors to such Prime Landlord for any rent deficiency for that month under Prime Lease, and (b) shall be credited against any amounts owed by Dollar Tree to such Prime Landlord under any contractual agreement between Dollar Tree and the Prime Landlord which shall become effective on or after the Rejection Date. All other amounts owed by the Debtors to the Prime Landlord for the Prime Lease listed on **Schedule 1**, if any, may be assertable as a general unsecured claim against the Debtors only, and Dollar Tree shall have no liability to the Prime Landlord under the Leases for any obligations or amounts that accrued on or before the Rejection Date, if any.

13.     Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code, and all such rights are reserved.

14.     Nothing contained in the Motion or this Order is intended or should be construed to create an administrative priority claim.

15.     Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

16.     The Debtors and the counterparties to the Leases are authorized to take all reasonable actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

17.     Notice of the Motion as provided therein shall be deemed good and sufficient notice

7

(Page | 8)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing (A) Rejection of Certain Unexpired Leases of Non-Residential Real Property and (B) Abandonment of Any Personal Property, Each Effective as of the Rejection Date and (II) Granting Related Relief |

of such Motion and the requirements of Bankruptcy Rule 6004(a) and any other applicable Bankruptcy Rules and Local Rules are satisfied by such notice.

18.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

19.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>SCHEDULE 1</u>**

| Non-Debtor Counterparty | Counterparty Address | Contract Description | Store Number | Location Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|
| GRANDVIEW RETAIL INVESTORS, L.L.C | P.O. BOX 19868 CHARLOTTE, NC 28219 | Unexpired Lease | 34995 | 3875 GRANDVIEW DRIVE SIMPSONVILLE, SC 29680 | 10/15/2023 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| DOLLAR TREE STORES, INC. #1966 | 500 VOLVO PARKWAY CHESAPEAKE, VA 23320 | Unexpired Lease | 34995 | 3875 GRANDVIEW DRIVE SIMPSONVILLE, SC 29680 | 10/15/2023 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |