**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**In re:**

      **RITE AID CORPORATION,** *et al.*,　　　　　**Case No.: 23-18993 (MBK)**

　　　　　　　　　　　　　　　　　　　　　　　　**(Chapter 11)**

　　　　　　　　　　　　　　　　　　　　　　　　**(Jointly Administered)**

　　　　　　　　　　　　　**Debtors.**


# OBJECTION OF NEW YORK STATE TO NOTICE OF ADDITIONAL CLOSINGS (DOC. 1773)

The People of the State of New York ("NYS") through its undersigned counsel submits this Objection to the Notice of Additional Closing Stores ("Additional Store Closing Notice") [Doc. No. 1773], and in support thereof respectfully states as follow:

1.　On January 30, 2024, the Debtors filed Additional Store Closing Notice to notify parties of its intent to conduct certain store closings pursuant to the provisions of the Amended Final Order Amended Final Order (I) Authorizing and Approving the Conduct of Store Closing Sales, With Such Sales to Be Free and Clear of All Liens, Claims, Encumbrances and (II) Granting Related Relief [Docket No. 1648] (the "Amended Final Store Closing Order").

2. The Notice identifies seventeen (17) Rite Aid stores in six (6) states that are proposed to be closed in the immediate future. Four (4) of the stores are located in the State of New York.

3. NYS objects to closing of the following stores:

> 40 VASSAR ROAD   POUGHKEEPSIE   NY   12603
>
> 2474 BAILEY AVENUE   BUFFALO   NY   14215

4. The closing of these two (2) named stores create overriding concerns for the State of New York that impact the health, safety and welfare of its citizens.

5. NYS has undertaken a thorough investigation of the urban populations served by Rite Aid pharmacies and the impact of closing on availability of services to consumers. Using 2020 United States Census figures for zip code tabulation areas, the median population served per pharmacy in New York State approximates 3,609. Comparatively twenty-five percent (25%) of pharmacies serve at least 5,033 consumers ("75th percentile") and ten percent (10%) of pharmacies serve at least 7,228 consumers ("90th percentile"). Those pharmacies serving populations nearly twice the median severely limit access to necessary health services.

6. The Poughkeepsie and Buffalo stores sought to be closed are some of a dozen Rite Aid pharmacies in the State of New York whose closure would appear to put an undue burden on the remaining facilities to provide care for the area. In a preliminary examination of the local population served per pharmacy, these closures were in neighborhoods that either were already in the 75th percentile of population per pharmacy level or the closure would place them over that threshold. Six of the closures would result in population per pharmacy level near or over the 90th percentile. Even beyond the list of a dozen stores described above, there are still

many other Rite Aid pharmacy closures that impact rural, lower income, and/or majority minority communities with existing pharmacy access issues.

7. The Motion fails to provide an explanation of its process in identifying stores to be closed. It is therefore unclear whether the impact upon citizens of the community were properly weighed in the decision-making process. NYS asserts that parties as sovereigns and this Court are entitled to a full analysis that may suggest faulty conclusions in debtor's targeting of stores.

8. Without establishment of a firm basis for these closings, and based upon the crippling effect of these closings upon its communities, NYS seeks removal of the named Poughkeepsie and Buffalo stores from the Additional Store Closing Notice.

WHEREFORE, New York State respectfully requests this Court enter an Order in accordance with the Objection herein and granting such other and further relief as the Court deems just and proper.

_____
Robert L. Pitkofsky, Esq.
Assistant Attorney General
Office of the New York State
Attorney General
Civil Recoveries Bureau
The Capitol
Albany, New York 12224-0341