Anthony G. Brown, Attorney General of Maryland
Brian T. Edmunds, Assistant Attorney General (*pro hac vice* pending)
Sarah A. Zadrozny, Assistant Attorney General (*pro hac vice* pending)
James McHale, Assistant Attorney General (counsel of record)
Office of the Attorney General of Maryland
200 St. Paul Place
Baltimore, MD 21202
(410) 576-6383
jmchale@oag.state.md.us

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>RITE AID CORPORATION, et al[1].,<br><br>Debtors. | Chapter 11<br><br>Case No. 23-18993 (MBK)<br><br>(Jointly Administered) |

**OBJECTION OF THE STATE OF MARYLAND TO DEBTORS' MOTION FOR CONDITIONAL APPROVAL OF THE ADEQUACY OF DEBTORS' DISCLOSURE STATEMENT, SOLICITATION PROCEDURES, THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, THE SCHEDULE OF CERTAIN DATES WITH RESPECT THERETO, AND RELATED RELIEF**

To the Honorable Michael B. Kaplan, United States Bankruptcy Judge:

The State of Maryland, by and through the Attorney General of Maryland, hereby submits this objection to Debtors' Amended Motion for or Entry of an Order (I) Conditionally Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation Procedures, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these Chapter 11 Cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

1

Dates with Respect Thereto, and (V) Granting Related Relief (Doc. 1976), and in support thereof, the State respectfully states:

**PRELIMINARY STATEMENT**

1. Debtors seek approval of procedures that end run Congress's directive in 11 U.S.C. § 1126(a) that impaired classes vote to accept or reject a plan. Debtors also seek to solicit approval of a plan that, as written, is patently unconfirmable. Debtors' make clear that their proposed Amended Plan will ultimately be further amended to provide value to secured creditors. Given this, debtors' proposed procedures, disclosure statement, and plan cannot be confirmed consistently with section 1126(g) because that section was not intended to permit debtors to circumvent the general requirement of voting. Debtors' approach could be utilized in any and every Chapter 11 proceeding.

2. And even if Debtors' deliberate misuse of section 1126(g), in filing a plan they do not intend the Court ultimately to approve, could be overlooked, the Amended Plan as written is patently unconfirmable because it cannot be fair and equitable to unsecured creditors and cannot possibly leave those creditors better off than a Chapter 7 liquidation would leave them. *See* 11 U.S.C. § 1129(a)(7), 1129(b). One way or another, Debtors' Amended Plan is a nonstarter, and the Court should deny the motion on these bases alone.

3. In addition, the Amended Plan purports to release certain claims against the Debtors and third parties that cannot be released without consent of the holders of those claims. It would release claims against debtors for money obtained by "false pretenses, [] false misrepresentation[s], or actual fraud" that are held by governmental unit creditors who have not consented to them. 11 U.S.C. § 523(a)(2)(A); 11 U.S.C. 1141(d)(6) ("the confirmation of a plan does not discharge a debtor that is a corporation from any debt[] of a kind specified in paragraph

(2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit"); *Ellis v. Westinghouse Electric Co.*, 11 F.4th 221, 235 (3d Cir. 2021) (these debts are not dischargeable under Chapter 11 "no matter what the plan or confirmation order says."). And for all unsecured creditors, the Amended Plan purports to grant broad non-debtor releases of claims against non-debtors, secured by only an opt out opportunity, not these creditors' consent. *But see In re Millennium Lab Holdings II, LLC*, 945 F.3d 126 (2019); *In re Continental Airlines*, 203 F.3d 203, 211–12 (3d Cir. 2000); *see also Harrington v. Purdue Pharma, L.P., et al.*, No. 23-124 (argued December 4, 2023).

4.  For these and other reasons, and because the debtors filing of an amended plan and disclosure statement two days ago has not given creditors adequate notice and the opportunity to respond, the Court should deny Debtors' Motion

**OBJECTION**

5.  Courts generally do not approve solicitation procedures and disclosure statements for plans that are "patently unconfirmable." *In re Am. Capital Equip., LLC,* 688 F.3d 145, 154-55 (3d Cir.2012). Debtors bear the burden of establishing that procedures and solicitations should be approved. *In re PWS Holding Corp.*, 228 F.3d 224, 248 (3d Cir. 2000) (holding that section 1129(a)(2) requires the plan proponent to comply with the requirements in section 1125). Debtors' motion pursues voting procedures that are inconsistent with the Bankruptcy Code's requirements, and presents a plan that for this and other reasons is patently unconfirmable.

6.  *First*, as noted above, the proposed Amended Plan either leaves all unsecured creditors with no value or circumvents artificially their rights to vote, necessarily violating either 11 U.S.C. § 1126(a) or 1129(a)(7) and 1129(b). The proposed Amended Plan has clearly been designed to circumvent the voting requirement of 1126(g), inconsistent with the well-established

3

principle that bankruptcy courts cannot allow what the Code otherwise forbids. Further, as written, the Amended Plan provides nothing of value to unsecured creditors and, given Debtors' assets and liability, that result cannot (1) be fair and equitable to creditors or (2) comply with the requirement that the plan leave unsecured creditors better off than they would be in a liquidation under Chapter 7. Moreover, if Debtors' intentions count, and they should, the Amended Plan, as noted above, violates section 1126(a). One way or the other, it is impermissible to strip unsecured creditors here of protections that the Code affords them.

7. *Second*, the Amended Plan also contains debtor releases that cannot be approved without certain government unit creditors' consent. Under 11 U.S.C. §§ 1141(d)(6), the Amended Plan cannot discharge government unit creditors' claims for "money, property, or services, based on "false pretenses, a factual misrepresentation, or actual fraud" without those government unit creditors' consent, which the plan does not provide any indication will be obtained. If that is the case, then the Amended Plan should disclose to other creditors that the reorganized debtors may emerge from Chapter 11 still facing significant unresolved liability. *Westinghouse*, 11 F.4th at 236.

8. *Third*, there is no adequate mechanism to obtain consent to the non-debtor releases that the Amended Plan provides. The Amended Plan releases:

> current and former directors, managers, officers, investment committee members, special committee members, equity Holders . . . predecessors, participants, successors, assigns, subsidiaries, Affiliates, partners, limited partners, general partners, principals, members, management companies, fund advisors or managers, employees, agents, trustees, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals and advisors

> current and former directors, managers, officers, investment committee members, special committee members, equity Holders . . . affiliated investment funds or investment vehicles, managed accounts or funds, predecessors, participants, successors, assigns, subsidiaries, Affiliates, partners, limited partners, general partners,

4

>     principals, members, management companies, fund advisors or managers, employees, agents, trustees, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals and advisors

Article I.A, Article X.D.  Creditors may opt out of these releases.  Doc. 1992 at 69-70.

9.  But the failure to exercise a right to opt out of the Amended Plan's releases, especially those of which a creditor does not receive constitutionally adequate notice, does not constitute consent. *In re Washington Mutual, Inc.*, 442 B.R. 314, 355 (Bankr. D. Del. 2011) (for release to be voluntary "it is not enough for a creditor to abstain from voting for a plan").  A "request for opt-out consent must be grounded in adequate notice," *In re Boy Scouts of America & Delaware BSA, LLC*, 642 B.R. 504, 678 (Bankr. D. Del. 2022).  Without adequate notice, even if non-debtor releases are permissible under some circumstances—which is by no means certain, *see Harrington v. Purdue Pharma, L.P.*—their permissibility becomes academic.

10.  For the same reasons that 11 U.S.C. § 524(e) prohibits non-consensual non-debtor releases, it prohibits simply assuming consent, especially from creditors who have been deprived of full disclosure or the opportunity to vote on the Amended Plan. *See In re Continental Airlines*, 203 F.3d at 211-12 ("[T]he Bankruptcy Code does not explicitly authorize the release and permanent injunction of claims against non-debtors, except in one instance not applicable here."); *see also In re Millennium Lab Holdings II, LLC*, 945 F.3d 126 (3d Cir. 2019) (non-debtor releases only permissible in extraordinary circumstances); *In re Combustion Engineering, Inc.*, 391 F.3d 190, 236–38 (3d Cir. 2004) (even within its narrow exception, the Bankruptcy Code does not authorize release or channeling injunctions inconsistent with 11 U.S.C. § 524(g)); *In re Millennium Lab Holdings II,* at 139 (2019) (circumstances that warrant non-consensual non-debtor releases are "specific and limited," and such releases must meet "exacting standards").

## CONCLUSION

For the foregoing reasons, Rite Aid's motion should be denied.

Dated February 22, 2024

Respectfully Submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ James McHale
JAMES M.C. MCHALE
BRIAN T. EDMUNDS (*pro hac vice* pending)
SARAH A. ZADROZNY (*pro hac vice* pending)
Assistant Attorneys General

Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
(410) 576-6383
jmchale@oag.state.md.us

*Attorneys for the State of Maryland*

## **CERTIFICATE OF SERVICE**

    I, James M.C. McHale, hereby certify that on this 22nd day of February, 2024, I caused the foregoing Objection to be served by this Court's CM/ECF System on all parties who are scheduled to receive notice through the Court's CM/ECF system.

                                              /s/ James McHale
                                              JAMES M.C. MCHALE