UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esq.
Lauren Bielskie, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email: Jeffrey.M.Sponder@usdoj.gov
Email: Lauren.Bielskie@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
|  | : | Case No. 23-18993(MBK) |
| Rite Aid Corporation., *et al.*, | : | Jointly Administered |
|  | : |  |
| Debtors.[1] | : | Hearing Date: February 26, 2024 at 11:30 a.m. |
|  | : |  |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' AMENDED MOTION FOR ENTRY OF AN ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF**

Andrew R. Vara, the United States Trustee for Regions Three and Nine ("U.S. Trustee"),

through his undersigned counsel, files this objection ("Objection") to the Debtors' Amended

*Motion for Entry of an Order (I) Conditionally Approving the Adequacy of the Disclosure*

*Statement, (II) Approving the Solicitation Procedures, (III) Approving the Forms of Ballots and*

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent.

*Notices in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto, and (V) Granting Related Relief* ("Motion") (Dkt. 1976), and respectfully states as follows:

**JURISDICTION**

1. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of New Jersey issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Debtors' request for approval of the relief requested in the Motion and the matters raised in this Objection.

2. The U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district, pursuant to 28 U.S.C. § 586. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts to guard against abuse and over-reaching to assure fairness in the process and adherence to the provisions of the Bankruptcy Code. *See In re United Artists Theatre Co.*, 315 F.3d 217, 225 (3d Cir. 2003) ("U.S. Trustees are officers of the Department of Justice who protect the public interest by aiding bankruptcy judges in monitoring certain aspects of bankruptcy proceedings."); *United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 298 (3d Cir. 1994) ("It is precisely because the statute gives the U.S. Trustee duties to protect the public interest . . . that the Trustee has standing to attempt to prevent circumvention of that responsibility."); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 499 (6th Cir. 1990) ("As Congress has stated, the U.S. trustees are responsible for protecting the public interest and ensuring that the bankruptcy cases are conducted according to [the] law").

3. Pursuant to 28 U.S.C. § 586(a)(3)(B), the U.S. Trustee has the duty to monitor plans and disclosure statements filed in Chapter 11 cases and to comment on such plans and disclosure statements.

4. Under section 307 of title 11 of the United States Code (the "Bankruptcy Code" or "Code"), the U.S. Trustee has standing to be heard on the Debtors' request for approval of the relief in the Motion.

## BACKGROUND

**General Background**

5. On October 15, 2023 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). *See* Lead Case No. 23-18993, at Dkt. 1.

6. As described in the many first day motions filed by the Debtors, "[t]he Debtors, together with their non-Debtor affiliates . . . are on the front lines of delivering healthcare services and retail products to millions of Americans daily. Headquartered in Philadelphia, Pennsylvania, Rite Aid Corporation is publicly held with its common stock trading on the New York Stock Exchange under the trading symbol, 'RAD.'"

7. The Debtors continue to operate their business(es) as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108. No trustee or examiner has been appointed in these Chapter 11 cases.

8. On November 2, 2023, the U.S. Trustee filed a *Notice of Appointment of Official Committee of Unsecured Creditors* (the "UCC"). *See* Dkt. 431.

9. Also on November 2, 2023, the U.S. Trustee filed a *Notice of Appointment of Official Committee of Tort Claimants* (the "TCC"). *See* Dkt. 432.

10. On January 17, 2024, the Court entered an *Order (i) Approving the Sale of Acquired Assets Free and Clear of All Claims, Liens, Rights, Interests, and Encumbrances, (ii) Authorizing the Debtors to Enter into and Perform their Obligations Under the Elixir APA, (iii)*

*Approving Assumption and Assignment of Certain Executory Contracts, and (iv) Granting Related Relief* (the "Elixir Sale Order"). *See* Dkt. 1510.

**Plan and Disclosure Statement**

11.  At the outset of the case, the Debtors filed a *Joint Chapter 11 Plan or Reorganization of Rite Corporation and its Debtor Affiliates* (the "Original Plan"), and corresponding *Disclosure Statement* (the "Original Disclosure Statement"). *See* Dkts. 42 and 43. The original Plan and Disclosure Statement are replete with blanks and incomplete information, including the lack of a liquidation analysis or financial projections. *See id.*

12.  Approximately 3.5 months later, on January 31, 2024, without filing an amended plan or disclosure statement, the Debtors' filed a Motion seeking conditional approval of the Disclosure Statement and related relief and requested a hearing on shortened time. *See* Dkts. 1791 and 1792, respectively.

13.  On February 1, 2024, the Court entered an order and an amended order on shortened time and scheduled a hearing for February 13, 2024, which was subsequently adjourned to February 16, 2024. *See* Dkts. 1798 and 1800.

14.  On February 16, 2024, the Debtors filed the Motion seeking the conditional approval of the disclosure statement, approving solicitation procedures, approving the forms of ballots, and scheduling certain dates. *See* Dkt. 1976.

15.  Shortly thereafter, on February 20, 2024, the Debtors filed a *Disclosure Statement Relating to the Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and Its Debtor Affiliates* (the "Disclosure Statement") and an *Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and Its Debtor Affiliates* (the "Plan"). *See* Dkts. 1992 and 1993.

4

16. Pursuant to the Motion, "the Debtors request here a modified solicitation and confirmation process that keeps these cases procedurally on track in the event Mediation is not successful, permitting Mediation to continue uninterrupted, without delay and with the hope of reaching agreement with all key stakeholders." *See* Dkt. 1976 at ¶ 3.

17. In furtherance of a modified solicitation and confirmation process, the Debtors seek to (i) shorten the period for Class 5 to vote on the Plan, (ii) conclusively deem Class 6 (general unsecured creditors) to reject the Plan, and (iii) seek approval of the releases contained in the Plan at confirmation but solicit such elections with respect to the releases sometime after confirmation, following the conclusion of Mediation.[2] *See id.*

18. In addition, the Debtors set forth that "[i]mportantly, the 'deemed to reject' determination is solely for procedural purposes, as the Debtors remain hopeful that the Mediation may result in improved recoveries." *See id.*

## ARGUMENT

### I. The Plan and Disclosure Statement Do Not Convey Sufficient Information.

19. Section 1125 of the Bankruptcy Code provides that a disclosure statement must contain "adequate information" describing a confirmable plan. 11 U.S.C. § 1125; *see also In re Quigley Co.*, 377 B.R. 110, 115 (Bankr. S.D.N.Y. 2007). The Bankruptcy Code defines "adequate information" as:

> Information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical reasonable investor of the relevant class to make an informed judgment about the plan . . . .

---

[2] In addition, it appears that the timeline contemplated by the Debtors will also shorten the notice period pursuant to Fed. R. Bankr. P. 2002 from twenty-eight (28) days to twenty-one (21) days. *See id.* at FN 6.

5

11 U.S.C. § 1125(a)(1) (emphasis added); *see also Momentum Mfg. Corp. v. Employee Creditors Comm. (In re Momentum Mfg. Corp.)*, 25 F.3d 1132, 1136 (2d Cir. 1994); *Kunica v. St. Jean Fin., Inc.*, 233 B.R. 46, 54 (S.D.N.Y. 1999).

20. The disclosure statement requirement of section 1125 of the Bankruptcy Code is "crucial to the effective functioning of the federal bankruptcy system [;] . . . the importance of full and honest disclosure cannot be overstated." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996) (citing *Oneida Motor Freight, Inc. v. United Jersey Bank (In re Oneida Motor Freight, Inc.*), 848 F.2d 414 (3d Cir. 1988)).

21. The "adequate information" requirement is designed to help creditors in their negotiations with debtors over the plan. *See Century Glove, Inc. v. First Am. Bank*, 860 F.2d 94 (3d Cir. 1988). Section 1129(a)(2) conditions confirmation upon compliance with applicable Code provisions. The disclosure requirement of section 1125 is one of those provisions. *See* 11 U.S.C. 1129(a)(2); *In re PWS Holding Corp.*, 228 F.3d 224, 248 (3d Cir. 2000).

22. To be approved, a disclosure statement must include sufficient information to apprise creditors of the risks and financial consequences of the proposed plan. *See In re McLean Indus.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) ("substantial financial information with respect to the ramifications of any proposed plan will have to be provided to, and digested by, the creditors and other parties in interest in order to arrive at an informed decision concerning the acceptance or rejection of a proposed plan"); *In re Duratech Indus.*, 241 B.R. 291, 298 (Bankr. E.D.N.Y.), *aff'd*, 241 B.R. 283 (E.D.N.Y. 1999) (the purpose of the disclosure statement is to give creditors enough information so that they can make an informed choice of whether to approve or reject the debtor's plan).

23. Section 1125 of the Bankruptcy Code is geared towards more disclosure rather than less. *See In re Crowthers McCall Pattern, Inc.*, 120 B.R. 279, 300 (Bankr. S.D.N.Y. 1990). The "adequate information" requirement merely establishes a floor, and not a ceiling for disclosure to voting creditors. *In re Adelphia Commc'ns Corp.*, 352 B.R. 592, 596 (Bankr. S.D.N.Y. 2006) (citing *Century Glove, Inc. v. First Am. Bank of New York*, 860 F.2d 94, at 100 (3d Cir. 1988).

24. "Adequate information" under section 1125 is "determined by the facts and circumstances of each case." *See Oneida*, 848 F.2d at 417 (citing H.R. Rep. No. 595, 97th Cong., 2d Sess. 266 (1977)).

25. Here, the Plan may not be confirmable as the Debtors seek for procedural purposes to deem the general unsecured creditor class as rejected and to conduct a separate voting process post-confirmation concerning the requested releases in the Plan. Although the Motion and the Plan provide conspicuous notice of the release, exculpation and injunction provisions, no further information is provided concerning the proposed post-confirmation voting process.

## II.    Approval of Solicitation Procedures Must Be Limited at this Time.

26. The Motion, and its accompanying Proposed Order, seek approval of certain Solicitation Procedures. Additionally, the Debtors seek approval of various documents, including two Ballots, Notice of Non-Voting Status Notice (Impaired, Unimpaired, and Disputed Claims), Notice of Non-Voting Status Notice (Class 6 – General Unsecured Claims), Cover Letter, Combined Hearing Notice, Plan Supplement Notice and Notice of Assumption of Executory Contracts and Unexpired Leases. The U.S. Trustee has provided comments and

requested certain revisions to these documents, which he believes will be incorporated into revised documents and included in the Solicitation Package sent to creditors.

27. In addition, approval of the Solicitation Procedures, as well as approval at this juncture of any document(s) attendant to the Solicitation Procedures (such as the documents included in the Solicitation Package, and the Non-Voting Status Notices) must be limited to approval for solicitation purposes only.

**III. Approval of the Terms of the Plan Including Any and All Settlement, Release, Injunction, Exculpation, and Related Provisions Must Be Preserved For Confirmation.**

28. The Plan documents taken together propose approval at the Confirmation Hearing of certain releases contained in the Plan, and the Debtors propose to establish a party's consent to such releases through a voting process. This approach toward accomplishing approval of such releases is objectionable. *See In re Emerge Energy Services LP*, 2019 WL 7634308, Case No. 19-11563 (Bankr. D. Del. Dec. 5, 2019). This Plan takes the voting process one step further and allows the voting process to occur post-confirmation.

29. Accordingly, the U.S. Trustee respectfully seeks clarification, at this juncture, that approval of any and all of the terms of the Debtors' proposed Plan (including but not limited to any and all settlement, release, injunction, exculpation, and related provisions) is expressly reserved for Confirmation.

## **RESERVATION OF RIGHTS**

30. The U.S. Trustee reserves any and all rights, remedies, and obligations to, among other things, complement, supplement, augment, alter or modify this objection, assert any further objection, file an appropriate motion, or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon

further factual discovery. The U.S. Trustee also reserves all such rights with respect to any and all plan confirmation issues.

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the Motion and relief sought and grant such other relief as the Court deems appropriate and just.

                Respectfully Submitted,

**ANDREW R. VARA,**
**UNITED STATES TRUSTEE**
**REGIONS 3 & 9**

By:    */s/ Jeffrey M. Sponder*
        Jeffrey M. Sponder
        Trial Attorney

By:    */s/ Lauren Bielskie*
        Lauren Bielskie
Dated: February 22, 2024    Trial Attorney