**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

*Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>RITE AID CORPORATION, *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-18993 (MBK)<br><br>(Jointly Administered) |

**APPLICATION IN LIEU OF MOTION FOR CONSENT ORDER**
**EXTENDING RULE 4007(c) DEADLINE FOR UNITED STATES**
**TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY**
**OF CERTAIN DEBTS PURSUANT TO 11 U.S.C. § 1141(d)(6)**

TO:   HONORABLE MICHAEL B. KAPLAN
      Chief United States Bankruptcy Judge

The above-captioned debtors and debtors-in-possession (the "Debtors") in the above-referenced Chapter 11 cases (these "Chapter 11 Cases"), by and through their undersigned counsel,

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

hereby submit this application in lieu of motion (the "Application"), pursuant to sections 105(a), 523(c) and 1141 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 4007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and D.N.J. LBR 9021-1(b), seeking the approval and entry of the proposed *Consent Order Further Extending Rule 4007(c) Deadline for United States to File a Complaint to Determine Dischargeability of Certain Debts Pursuant to 11 U.S.C. § 1141(d)(6)* (the "Proposed Consent Order"), a copy of which is attached hereto as **Exhibit 1**, and respectfully state as follows:

1. On October 15, 2023 (the "Petition Date"), each Debtor filed voluntary petitions for relief commencing these Chapter 11 Cases in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

2. The section 341 meeting of creditors was held on December 20, 2023. *See Notice of Adjournment of 341 Meeting of Creditors* [Docket No. 829].

3. Section 105(a) of the Bankruptcy Code provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]." 11 U.S.C. § 105(a).

4. Section 1141(d)(6) of the Bankruptcy Code provides, in relevant part, that "the confirmation of a plan does not discharge a debtor that is a corporation from any debt— (A) of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit . . . ." 11 U.S.C. § 1141(d)(6). Section 523(a)(2)(A) pertains to certain debts to the extent obtained by "false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). Section 523(a)(2)(B) pertains to, among other things, debts to the extent obtained by "materially false" statements in writing respecting the debtor's financial condition. 11 U.S.C. § 523(a)(2)(B).

2

5. Section 523(c) of the Bankruptcy Code provides that:

> . . . the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

11 U.S.C. § 523(c).

6. Bankruptcy Rule 4007(c) provides further that "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)," but that "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision." Since the section 341 meeting of creditors was held on December 20, 2023, pursuant to Bankruptcy Rule 4007(c), the deadline for parties-in-interest to file a complaint in these Chapter 11 Cases to determine the dischargeability of a debt under section 523(c) is February 18, 2024.

7. The Debtors previously sought entry of a consent order extending such deadline through March 11, 2024. The Court granted this relief on February 16, 2024. *See Consent Order Extending Rule 4007(c) Deadline for United States to File a Complaint to Determine Dischargeability of Certain Debts Pursuant to 11 U.S.C. § 1141(d)(6)* [Docket No. 1975] ("First Order Extending Rule 4007(c) Deadline").

8. The Debtors previously sought entry of a consent order further extending the deadline through March 18, 2024. The Court granted this relief on March 18, 2024. *See Consent Order Further Extending Rule 4007(c) Deadline for United States to File a Complaint to Determine Dischargeability of Certain Debts Pursuant to 11 U.S.C. § 1141(d)(6)* [Docket No. 2389] ("Second Order Extending Rule 4007(c) Deadline").

3

9. The Debtors previously sought entry of a consent order further extending the deadline through March 25, 2024. *See Application In Lieu of Motion for Consent Order Extending Rule 4007(C) Deadline for United States to File a Complaint to Determine Dischargeability of Certain Debts Pursuant to 11 U.S.C. § 1141(D)(6)* [Docket No. 2393]. This application is unopposed and remains pending.

10. The Debtors submit that cause exists to further extend the 60-day deadline set forth in Bankruptcy Rule 4007(c), as previously extended by the First Order Extending Rule 4007(c) Deadline and the Second Order Extending Rule 4007(c) Deadline (the "Rule 4007(c) Deadline") for the United States and its federal agencies (collectively, the "United States"). The United States has represented to the Debtors that its position is that section 523(c) of the Bankruptcy Code and the Rule 4007(c) Deadline do not apply to a determination of the nondischargeability of a debt under Section 1141(d)(6) and that Section 1141(d)(6) of the Bankruptcy Code is self-executing, *see e.g.*, *In re Hawker Beechcraft, Inc.*, 515 B.R. 416 (S.D.N.Y. 2014). The Debtors do not agree with the United States' position. Thus, to avoid an unnecessary dispute regarding the applicability of section 523(c) of the Bankruptcy Code and Bankruptcy Rule 4007 to § 1141(d)(6), the Debtors submit that cause exists to further extend the Rule 4007(c) Deadline for the United States to April 11, 2024, as agreed by the Debtors and the United States, without prejudice to the United States' right to seek further extensions of such deadline or to argue that such deadline should not apply. The Debtors' rights, objections, or defenses related thereto, or to any claims or dischargeability actions asserted by the DOJ, are hereby reserved.

4

11. The Debtors' second and third applications for extension each sought week-long extensions. The current application seeks a slightly longer extension in the interest of efficiency, rather than continuing to seek further extension each week.

12. This Application is submitted pursuant to D.N.J. LBR 9021-1(b) in lieu of a motion in support of the Debtors' request that the Court enter the Proposed Consent Order as presented. The Debtors submit that the Proposed Consent Order is in the best interests of the Debtors and their estates because it will prevent unnecessary or unfocused litigation and allow the Debtors to instead continue focusing on the administration of these Chapter 11 Cases.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Consent Order and grant such other relief as the Court deems just and appropriate under the circumstances.

[*Remainder of page intentionally left blank*]

Dated: March 25, 2024						Respectfully Submitted,

							/s/  Michael D. Sirota
							**COLE SCHOTZ P.C.**
							Michael D. Sirota, Esq.
							Warren A. Usatine, Esq.
							Felice R. Yudkin, Esq.
							Seth Van Aalten, Esq. (admitted *pro hac vice*)
							Court Plaza North, 25 Main Street
							Hackensack, New Jersey 07601
							Telephone: (201) 489-3000
							Email:	msirota@coleschotz.com
								wusatine@coleschotz.com
								fyudkin@coleschotz.com
								svanaalten@coleschotz.com


							**KIRKLAND & ELLIS LLP**
							**KIRKLAND & ELLIS INTERNATIONAL LLP**
							Edward O. Sassower, P.C.
							Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
							Aparna Yenamandra, P.C. (admitted *pro hac vice*)
							Ross J. Fiedler (admitted *pro hac vice*)
							Zachary R. Manning (admitted *pro hac vice*)
							601 Lexington Avenue
							New York, New York 10022
							Telephone: (212) 446-4800
							Facsimile: (212) 446-4900
							Email:	esassower@kirkland.com
								joshua.sussberg@kirkland.com
								aparna.yenamandra@kirkland.com
								ross.fiedler@kirkland.com
								zach.manning@kirkland.com

							*Co-Counsel to the Debtors and*
							*Debtors in Possession*

6

# **EXHIBIT 1**

**Consent Order Further Extending Rule 4007(c) Deadline**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel to the Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>RITE AID CORPORATION., *et al*.,<br>Debtors.[2] | Chapter 11<br>Case No. 23-18993 (MBK)<br>(Jointly Administered)<br>Judge: Michael B. Kaplan |

---

[2] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

(Page 2)
Debtors: RITE AID CORPORATION., *et al.*
Case No.: 23-18993 (MBK)
Caption of Order: CONSENT ORDER EXTENDING RULE 4007(c) DEADLINE FOR UNITED STATES TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS PURSUANT TO 11 U.S.C. § 1141(d)(6)

## CONSENT ORDER FURTHER EXTENDING RULE 4007(c) DEADLINE FOR UNITED STATES TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS PURSUANT TO 11 U.S.C. § 1141(d)(6)

The relief set forth on the following pages numbered two (2) through four (4) is **ORDERED**.

## RECITALS

**WHEREAS**, on October 15, 2023, the Debtors commenced these Chapter 11 Cases;

**WHEREAS**, on December 20, 2023, the Debtors held a meeting of creditors pursuant to section 341 of the Bankruptcy Code;

**WHEREAS**, section 1141(d)(6) of the Bankruptcy Code provides, in relevant part, that "the confirmation of a plan does not discharge a debtor that is a corporation from any debt . . . (A) of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit . . . .";

**WHEREAS**, Bankruptcy Rule 4007(c) provides that "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)," which is February 18, 2024;

**WHEREAS**, Bankruptcy Rule 4007(c) provides further that "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. . . ."

(Page 3)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION., *et al*. |
| Case No.: | 23-18993 (MBK) |
| Caption of Order: | CONSENT ORDER EXTENDING RULE 4007(c) DEADLINE FOR UNITED STATES TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS PURSUANT TO 11 U.S.C. § 1141(d)(6) |

**WHEREAS**, the United States takes the position that the Rule 4007(c) Deadline does not apply to a determination of the nondischargeability of a debt pursuant to Section 1141(d)(6) and the Debtors disagree; and

**WHEREAS**, to avoid an unnecessary dispute and without conceding the applicability of section 523(c) or Rule 4007(c) to the United States' right to seek a determination of the dischargeabilty of a debt pursuant to section 1141(d)(6), the undersigned parties agreed to extend the Rule 4007(c) Deadline to March 11, 2024 for the United States, without prejudice to the United States' right to seek further extensions.

**WHEREAS**, on February 16, 2024, the Court extended the Rule 4007(c) Deadline to March 11, 2024.

**WHEREAS,** on March 18, 2024, the Court further extended the Rule 4007(c) Deadline to March 18, 2024.

**WHEREAS,** on March 18, 2024, the Debtors filed an application [Docket No. 2393] requesting the Court's approval of a further agreed extension of the Rule 4007(c) Deadline to March 25, 2024.

**WHEREAS**, the undersigned parties agree further extension of the deadline to April 11, 2024 for the United States is warranted to avoid an unnecessary dispute.

**STIPULATION AND ORDER**

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY AGREED, BY AND BETWEEN THE PARTIES, AND UPON COURT APPROVAL, IT IS HEREBY ORDERED THAT:**

(Page 4)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION., *et al.* |
| Case No.: | 23-18993 (MBK) |
| Caption of Order: | CONSENT ORDER EXTENDING RULE 4007(c) DEADLINE FOR UNITED STATES TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS PURSUANT TO 11 U.S.C. § 1141(d)(6) |

1. To the extent section 523(c) or Bankruptcy Rule 4007 applies, the deadline by which the United States must file any complaints or take other action that may be required in these Chapter 11 Cases to determine the dischargeability of any debts arising from any civil actions by such domestic governmental unit against the Debtors pursuant to section 1141(d)(6) of the Bankruptcy Code shall be the latest of (a) April 11, 2024 or (b) such later date as may be ordered by the Court.

2. All rights to seek further extensions of the Rule 4007(c) Deadline are reserved.

3. Nothing in this Consent Order constitutes a determination that section 523(c) of the Bankruptcy Code or Bankruptcy Rule 4007(c) apply, or that any deadline exists for a governmental unit to seek a determination of dischargeability under section 1141(d)(6) of the Bankruptcy Code.

4. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Consent Order.

5. The signatories below have authority to enter into this Consent Order.

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

*/s/ Gregory W. Werkheiser*

**U.S. DEPARTMENT OF JUSTICE**
Gregory W. Werkheiser
Trial Attorney
Commercial Litigation Branch
Civil Division
P.O. Box 875
Ben Franklin Station
Washington, D.C. 20044-0875
Tel: (202) 616-3980
gregory.werkheiser@usdoj.gov

*Counsel for the United States*