Caption in Compliance with D.N.J. LBR 9004-1(b)

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| In re:<br><br>RITE AID CORPORATION, *et al.*,<br><br>                Debtors.[1] |

Chapter 11

**Order Filed on March 27, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Case No. 23-18993 (MBK)

(Jointly Administered)

### ORDER (I) AUTHORIZING (A) REJECTION OF CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY AND (B) ABANDONMENT OF ANY PERSONAL PROPERTY, EACH EFFECTIVE AS OF THE REJECTION DATE, (II) GRANTING LANDLORD'S MOTION FOR ALLOWANCE OF AN ADMINISTRATIVE EXPENSE CLAIMS AS SET FORTH HEREIN AND (III) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through eight (8), is

**ORDERED**.

**DATED: March 27, 2024**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1]  The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid.  The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel to the Debtors and Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing (A) Rejection of Certain Unexpired Leases of Non-Residential Real Property and (B) Abandonment of Any Personal Property, Each Effective as of the Rejection Date and (II) Granting Related Relief |

Upon the (i) *Debtors' Motion for Entry of an Order (I) Authorizing (A) Rejection of Certain Unexpired Leases of Non-Residential Real Property and (B) Abandonment of Any Personal Property, Each Effective as of the Rejection Date and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the Debtors to reject the Leases set forth on **Schedule 1** attached hereto, effective as of the Rejection Date, (b)  authorizing the Debtors to abandon any Personal Property located at any such store locations, effective as of the Rejection Date, and (c) granting related relief; all as more fully set forth in the Motion; and upon the (ii) Application of 3214 Thirty First Street, LLC (the "Landlord") for allowance of a Chapter 11 Administrative Expense Claim [Docket No. 1072] (the "Landlord's Application," together with the Motion, the "Motions"); and this Court having jurisdiction to consider the Motions and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motions in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Motions was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motions and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing (A) Rejection of Certain Unexpired Leases of Non-Residential Real Property and (B) Abandonment of Any Personal Property, Each Effective as of the Rejection Date and (II) Granting Related Relief |

that the legal and factual bases set forth in the Motions establish just cause for the relief granted herein; and for the reasons set forth by this Court on the record during the hearings held on January 29, 2024 and February 21, 2024; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motions are **GRANTED** as set forth herein.

2.      Pursuant to section 365 of the Bankruptcy Code, the Leases identified on **Schedule 1** attached hereto are hereby rejected, to be effective as of the Rejection Date set forth on **Schedule 1** (the "Rejection Date").

3.      The Debtors do not waive any claims that they may have against any counterparty to the Leases, whether such claims arise under, are related to the rejection of, or are independent of the Leases.

4.      Within thirty (30) business days following the entry of this Order, the Debtors shall pay 3214 Thirty First Street, LLC (the "Landlord") $401,046.77 owed with respect to the Lease set forth on **Schedule 1**, by and between the Debtors and the Landlord (the "Prime Lease").

5.      The Landlord's Application is granted with respect to the payment of the amount provided for in Paragraph 4 of this Order.

6.      The Landlord's right to assert additional administrative claims, above the amount provided for in Paragraph 4 of this Order, is reserved.  The Parties agree that any such additional administrative claims shall be administered, and to the extent disputed, adjudicated, in connection with the proof of claim reconciliation process.  The Debtors reserve all rights, remedies, and causes of action against the Landlord related to any such additional administrative claims.  Upon payment

(Page | 5)
Debtors:        RITE AID CORPORATION, *et al.*
Case No.        23-18993 (MBK)
Caption of Order:    Order (I) Authorizing (A) Rejection of Certain Unexpired Leases of Non-Residential Real Property and (B) Abandonment of Any Personal Property, Each Effective as of the Rejection Date and (II) Granting Related Relief

of the amounts set forth in Paragraph 4 of this Order, the Debtors shall not otherwise be liable for any additional administrative expenses arising after the Rejection Date with respect to the Prime Lease with the Landlord.

7.      The automatic stay, to the extent applicable, is modified solely to allow the Landlord to take any and all steps necessary to terminate its Lease with the Debtors consistent with the terms of the Prime Lease and regain possession of the premises under applicable nonbankruptcy law.  Likewise, the automatic stay is modified further to permit the Subtenant to assert any rights available under nonbankruptcy law with respect to the Landlord's efforts to regain possession.

8.      32-14 31st Food LLC (the "Subtenant") reserves all rights to assert any administrative claims it may have against the Debtors.  The Parties agree that any such administrative claims shall be administered, and to the extent disputed, adjudicated, in connection with the proof of claim reconciliation process.  Subtenant further reserves all rights, remedies, claims, arguments and causes of action against the Debtor and any non-debtor third party.  The Debtors reserve all rights, remedies, claims, arguments, defenses, and causes of action with respect to any claims and causes of action asserted by Subtenant with respect to the Sublease set forth on **Schedule 1**, by and between the Debtors and the Subtenant.

9.      Claims arising out of the rejection of the Leases, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) thirty days after the date of entry of this Order approving rejection of the Leases.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for

5

(Page | 6)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing (A) Rejection of Certain Unexpired Leases of Non-Residential Real Property and (B) Abandonment of Any Personal Property, Each Effective as of the Rejection Date and (II) Granting Related Relief |

damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

10.     By virtue of the Debtors' rejection of the Prime Lease, the Sublease is deemed rejected.  However, any disputes between Landlord and Subtenant concerning, among other things, the impact of rejection of the Leases and possession of the premises identified on **Schedule 1** shall be determined by a court of competent jurisdiction in New York.

11.     The Debtors are authorized to abandon any Personal Property owned by the Debtors located at the premises identified on **Schedule 1** free and clear of all liens, claims, encumbrances, interests, and rights of third parties.

12.     Any Personal Property owned by the Debtors located at the premises identified on **Schedule 1** is deemed abandoned, as of the Rejection Date, free and clear of all liens, claims, encumbrances, interests, and rights of third parties; *provided* that the Subtenant's security deposit shall be held in the Debtors' bank account, pending further stipulation or order of the Court. The counterparties to the Leases may dispose of such Personal Property in their sole and absolute discretion and without further notice or order of this Court without liability to the Debtors or third parties.

13.     Neither the Debtor nor Subtenant shall interfere with the Landlord's rights to reasonable access to the premises according to the provisions of the Leases and/or nonbankruptcy law.

14.     Nothing herein shall prejudice the rights of the Debtors to argue that any of the Leases were terminated prior to the Petition Date, or that any claim for damages arising from the

6

(Page | 7)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Order (I) Authorizing (A) Rejection of Certain Unexpired Leases of Non-Residential Real Property and (B) Abandonment of Any Personal Property, Each Effective as of the Rejection Date and (II) Granting Related Relief |

rejection of the Leases is limited to the remedies available under the Bankruptcy Code and to any applicable termination provision of such lease, sublease, or contract, as applicable, or that any such claim is an obligation of a third party, and not that of the Debtors or their estates.

15.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

16.     Notwithstanding anything to the contrary in the Motion or this Order, any payment made by the Debtors pursuant to the authority granted in this Order must be in compliance with and any authorization of the Debtors contained herein is subject to:  (a) any interim or final orders entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and/or authorizing the use of cash collateral; (b) the documentation in respect of

(Page | 8)
Debtors:          RITE AID CORPORATION, *et al.*
Case No.          23-18993 (MBK)
Caption of Order: Order (I) Authorizing (A) Rejection of Certain Unexpired Leases of
Non-Residential Real Property and (B) Abandonment of Any Personal
Property, Each Effective as of the Rejection Date and (II) Granting Related
Relief

any such debtor-in-possession financing or use of cash collateral; and (c) any budget or cash flow forecasts in connection therewith.

17.     Nothing in this Order authorizes the Debtors to accelerate any payments not otherwise due.

18.     Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code, and all such rights are reserved.

19.     Nothing contained in the Motion or this Order is intended or should be construed to create an administrative priority claim, except for as provided by Paragraph 4 of this Order.

20.     The terms and conditions of this Order remain subject to Bankruptcy Rule 6004(h).

21.     The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

22.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

23.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

24.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

8

## Schedule 1

| Non-Debtor Counterparty | Counterparty Address | Contract Description | Store Number | Location Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|
| 3214 THIRTY FIRST STREET, LLC | C/O SOL GOLDMAN INVESTMENTS, LLC<br><br>1185 SIXTH AVE 10TH FL NEW YORK, NY 10036-2604 | Unexpired Lease | 39858 | 32-14 31ST STREET ASTORIA, NY 11106 | 2/5/2024 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 32-14 31ST FOOD LLC D.B.A. NNH MARKETS CORP. | 221 DONGAN HILLS AVENUE STATAN ISLAND, NY | Unexpired Lease | 39858 | 32-14 31ST STREET ASTORIA, NY 11106 | 2/5/2024 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |