## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

### ATTORNEY MONTHLY FEE STATEMENT COVER SHEET FOR THE PERIOD OF OCTOBER 15, 2023 THROUGH AND INCLUDING FEBRUARY 29, 2024

In re: Rite Aid Corporation, *et al.*[1]

Case No. 23-18993 (MBK)

Chapter 11

Applicant: Wilson Sonsini Goodrich & Rosati, P.C.

Client:  Board of Directors of Debtor Rite Aid Corporation

Case Filed: October 15, 2023

### COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746.

### RETENTION ORDER ATTACHED.

_/s/ Erin R. Fay_                    4/15/2024
ERIN R. FAY                         Date

| SECTION I |
| :---: |
| FEE SUMMARY |

First Interim Fee Application Covering the
Period from October 15, 2023 through February 29, 2024

| | |
| :--- | ---: |
| Fee Total | $818,372.00 |
| Disbursement Total | $426.30 |
| Total Fees Plus Disbursements | $818,798.30 |

| | |
| :--- | ---: |
| Total Previous Fees and Expenses Requested: | $818,798.30 |
| Total Fees and Expenses Allowed to Date: | $655,123.90 |
| Total Retainer Remaining: | $239,717.16 |
| Total Holdback: | $163,674.40 |
| Total Received by Applicant: | $487,062.10 |

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

<div style="border:1px solid black; text-align:center;">

**SECTION II**
**CASE HISTORY**

</div>

(1)     Date cases filed:      October 15, 2023

(2)     Chapter under which cases commenced: Chapter 11

(3)     Date of retention: January 10, 2024, *nunc pro tunc* to October 15, 2023.  *See* **Exhibit A**.

If limit on number of hours or other limitations to retention, set forth: n/a

(4)     Summarize in brief the benefits to the estate and attach supplements as needed: *See* narrative portion of fee application.

(5)     Anticipated distribution to creditors:

(a)     Administration expense:  As set forth in the Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and its Debtor Affiliates [D.I. 2511] (the "Plan").

(b)     Secured creditors:  As set forth in the Plan.

(c)     Priority creditors:  As set forth in the Plan.

(d)     General unsecured creditors:  As set forth in the Plan.

(6)     Final disposition of case and percentage of dividend paid to creditors:  This is the first interim fee application.  Distributions to creditors will be made pursuant to the Plan, following entry of a confirmation order and the occurrence of the Plan effective date, neither of which have yet occurred.

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

*Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel to the Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>RITE AID CORPORATION, *et al.*,<br><br>              Debtors.[1] | Chapter 11<br><br>Case No. 23-18993 (MBK)<br><br>(Jointly Administered) |

## FIRST INTERIM APPLICATION OF WILSON SONSINI GOODRICH & ROSATI, P.C. FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED AS SPECIAL BOARD COUNSEL PURSUANT TO 11 U.S.C. §§ 327, 328, 330 AND 331

Wilson Sonsini Goodrich & Rosati, P.C. ("WSGR"), hereby submits this first interim application (the "Application") for compensation for professional services rendered and reimbursement of actual and necessary expenses incurred as special corporate counsel to the board of directors (the "Board") of Debtor Rite Aid Corporation for the period commencing

---

[1]     The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid.  The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

October 15, 2023, through and including February 29, 2024 (the "<u>Compensation Period</u>")

pursuant to (i) sections 327, 328, 330 and 331 of title 11 of the United States Code (as amended,

the "<u>Bankruptcy Code</u>"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"<u>Bankruptcy Rules</u>"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States

Bankruptcy Court for the District of New Jersey, (ii) the Appendix B Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by

Attorneys in Larger Chapter 11 Cases (the "<u>Guidelines</u>"), and (iii) this Court's *Administrative Fee*

*Order Establishing Procedures for the Allowance and Payment of Interim Compensation and*

*Reimbursement of Expenses of Professionals Retained by Order of This Court,* dated November

20, 2023 [D.I. 721] (the "<u>Interim Compensation Procedures Order</u>").   In support of this

Application, WSGR respectfully represents as follows:

## <u>BACKGROUND</u>

1.      On October 15, 2023 (the "<u>Petition Date</u>"), each Debtor filed a voluntary petition

for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses

and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code.  On November 2, 2023, the Office of the United States Trustee for the

District of New Jersey (the "<u>U.S. Trustee</u>") appointed an official committee of unsecured creditors

(the "<u>UCC</u>") and an official committee of tort claimants (the "<u>TCC</u>" and together with the UCC,

the "<u>Committees</u>").  Additional information about the Debtors' business and the events leading up

to the Petition Date can be found in the *Declaration of Jeffrey S. Stein in Support of Debtors'*

*Chapter 11 Petitions and First Day* Motions [D.I. 20].

## INFORMATION REQUIRED BY THE GUIDELINES

**A.**     **The Scope of the Application**

2.     Consistent with the Guidelines, WSGR discloses the following concerning the

scope of the Application:

| Name of applicant | Wilson Sonsini Goodrich & Rosati, P.C. |
|---|---|
| Name of client | Board of Directors of Debtor Rite Aid Corporation |
| Petition date | October 15, 2023 |
| Retention date | Order signed January 10, 2024 [D.I. 1435] (the "WSGR Retention Order"), effective *nunc pro tunc* to October 15, 2023. |
| Date of order approving employment | January 10, 2024; a true copy of the Retention Order is attached as **Exhibit A**. |
| Time period covered by application | October 15, 2023 – February 29, 2024 |
| Terms and conditions of employment | Hourly |
| Interim / Final | Interim application under 11 U.S.C. § 331 |

| Date and terms of administrative fee order | On November 20, 2023, the Court entered the Interim Compensation Procedures Order. Pursuant to the Interim Compensation Procedures Order, Professionals[2] may file Monthly Fee Statements with the Court. If no timely objections to a Monthly Fee Statement are received, Professionals are entitled to payment of eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in their Monthly Fee Statement. The Interim Compensation Procedures Order further provides that at four-month intervals or such other intervals directed by the Court, Professionals may file Interim Fee Applications requesting allowance of fees earned and reimbursement of expenses incurred on behalf of the Debtors for the amount sought in their Monthly Fee Statements, including the twenty percent (20%) holdback pursuant to Section 331 of the Bankruptcy Code. |
|---|---|
| 11 U.S.C. § 330 | WSGR seeks compensation for professional services rendered to the Debtors and reimbursement of actual and necessary expenses incurred on behalf of the Debtors pursuant to 11 U.S.C. § 330. |
| Total compensation (fees) sought this period | $818,372.00 |
| Total Expenses Sought this Period | $426.30 |
| Total compensation approved by interim order to date | $0.00 |
| Total expenses approved by interim order to date | $426.30 |
| Blended rate in this application for all attorneys | $1,132.50 |
| Blended rate in this application for all timekeepers | $1,076.88 |

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Interim Compensation Procedures Order.

| | |
|---|---|
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $486,635.80 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $426.30 |
| If applicable, number of professionals in this application not included in staffing plan approved by client | n/a |
| If applicable, difference between fees budgeted and compensation sought for this period | ($1,553,598.00) |
| Number of professionals billing fewer than 15 hours to the case during this period | 5 |
| Are any rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | [X] Yes[3]                      [] No<br><br>$763,021.50 |

**B.    Summary of Timekeepers and Rate Increases**

3.    Attached hereto as **Exhibit B**, is a disclosure by WSGR of the following information regarding each professional and paraprofessional who billed on this matter during the Compensation Period: (i) name; (ii) title or position; (iii) primary department, group, or section; (iv) date of first admission to the bar, if applicable; (v) total fees billed included in application; (vi) total hours billed included in application; (vii) current hourly rate contained in this application;

---

[3]    In accordance with the WSGR Retention Order, on January 22, 2024, WSGR filed the *Amended Notice of Change in Hourly Rates of Wilson Sonsini Goodrich & Rosati, P.C., Special Corporate Counsel to the Board of Directors of Debtor Rite Aid Corporation* [D.I. 1550] (the "Rate Increase Notice"), providing notice of the revised hourly rates of the WSGR attorneys and paraprofessionals expected to be primarily responsible for representing the Board in connection with these chapter 11 cases. For purposes of these chapter 11 cases, the rates WSGR disclosed in the Rate Increase Notice became effective February 1, 2024.

and (viii) the number of rate increases since the inception of the case.  In accordance with the terms of the WSGR Retention Order, on January 22, 2024, WSGR filed the Rate Increase Notice, providing notice of the revised hourly rates of its attorneys and paraprofessionals, which rates became effective for purposes of these chapter 11 cases on February 1, 2024.

### C.   **Customary and Comparable Compensation**

4.       WSGR submits that the compensation requested hereby is customary for services rendered by its paraprofessional and attorneys in this and other engagements as evidenced by the summary of blended hourly rate data attached hereto as **Exhibit C**. **Exhibit C** shows blended hourly rate data for the entire 2023 calendar year as compared to the Compensation Period.  As set forth in **Exhibit C**, WSGR's blended hourly rate for all timekeepers during the Compensation Period was $1,076.88.

### D.   **Statements from the Applicant**

5.       Consistent with the Guidelines, WSGR answers the following questions:

| **Question** | **Answer** |
|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? | No. |
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | The fees requested in this application are not higher than 10% of what was budgeted. |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No. |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | No. |

| Question | Answer |
|---|---|
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? | Yes (minimal time/fees). |
| Does the fee application include any rate increases? | Yes. |

### E      Budget and Staffing Plan

6.      Consistent with the Guidelines, WSGR provided the Debtors with, and the Debtors approved, a budget and staffing plan for the Compensation Period.  Copies of the approved budget and staffing plan for the Compensation Period are attached hereto as **Exhibits D-1** and **D-2**, respectively.  As set forth below, the total hours and fees actually incurred did not exceed the budget by more than 10% in the aggregate during the Compensation Period:

| Month | Hours Budgeted | Hours Incurred | Fees Budgeted | Fees Incurred |
|---|---|---|---|---|
| October 15-31, 2023 | 310.0 | 154.3 | $325,000.00 | $166,214.50 |
| November 2023 | 496.0 | 153.7 | $521,212.00 | $161,186.00 |
| December 2023 | 453.0 | 121.0 | $475,758.00 | $118,709.00 |
| January 2024 | 444.0 | 154.9 | $466,667.00 | $162,192.00 |
| February 2024 | 556.0 | 189.0 | $583,333.00 | $210,070.50 |
| **Total** | **2,259.0** | **772.9** | **$2,371,970.00** | **$818,372.00** |

### SUMMARY OF PROFESSIONAL SERVICES
### RENDERED AND EXPENSES INCURRED DURING THE COMPENSATION PERIOD

7.      WSGR seeks allowance of compensation for professional services rendered to the Debtors during the Compensation Period in the amount of $818,372.00.  In addition, WSGR seeks approval for reimbursement of actual and necessary expenses incurred in connection with the rendition of its services during the Compensation Period in the aggregate amount of $426.30.  During the Compensation Period, WSGR attorneys and paraprofessionals expended a total of

772.9 hours for which compensation is requested.  As set forth in greater detail herein, the fees

charged by WSGR in this proceeding are billed in accordance with its existing billing rates and

procedures in effect during the Compensation Period.

8.    The following summary highlights the major categories of services which WSGR

rendered on behalf of the Debtors during the Compensation Period. As required by the Guidelines,

the summary is organized by project category.  A summary chart setting forth the number of hours

spent and the amount of compensation requested for each project category is attached hereto as

**Exhibit E-1** and a summary chart setting forth the amount of actual and necessary expenses

requested by WSGR in this Application is attached hereto as **Exhibit E-2.**  Detailed descriptions

of services rendered by WSGR on behalf of the Debtors are contained in each of WSGR's Monthly

Fee Statements for the Compensation Period. *See* D.I. 2238, 2438 and 2463.

A.    **Case Administration**

9.    This category includes all matters relating to preparing notices and other

administrative documents and tasks, and responding to questions relating to the administration of

these chapter 11 cases.  During the Compensation Period, WSGR attorneys and paraprofessionals

spent time, among other things, maintaining case calendars.

B.    **Court Hearing**

10.    This category includes all time spent preparing for and attending hearings.  During

the Compensation Period, WSGR attorneys and paraprofessionals spent time, among other things,

preparing for and attending hearings before the United States Bankruptcy Court for the District of

New Jersey on behalf of the Board.

C.    **Asset Disposition**

11.    This category includes all matters relating to sale of the Debtors' assets.  During

the Compensation Period, WSGR attorneys and paraprofessionals spent time, among other things,

8

analyzing issues regarding the disposition of the Debtors' assets and preparing summaries and analyses of such issues for the Board.

### D.      Fee/Employment Applications - Other

12.     This category includes all matters related to the retention and applications for compensation of all of the Debtors' professionals other than WSGR in these chapter 11 cases. During the Compensation Period, WSGR attorneys and paraprofessionals spent time, among other things, researching issues related to the Interim Compensation Procedures Order and the appointment of a fee examiner.

### E.      Fee/Employment Applications - WSGR

13.     This category includes all matters related to the retention and applications for compensation of WSGR as counsel to the Board in these chapter 11 cases.  During the Compensation Period, WSGR attorneys and paraprofessionals spent time, among other things, conducting research related to the retention of WSGR, drafting and filing WSGR's retention application and coordinating with the U.S. Trustee regarding the same, and preparing WSGR's first combined application for compensation.

### F.      Assumption/Rejection of Leases and Contracts

14.     This category includes all matters related to the assumption and/or rejection of the Debtors' executory contracts and leases.  During the Compensation Period, WSGR attorneys and paraprofessionals spent minimal time, among other things, reviewing issues related to the Debtors' leases.

### G.      Other Contested Matters

15.     This category includes all matters related to contested matters excluding assumption and rejection motions.  During the Compensation Period, WSGR attorneys and

paraprofessionals spent time, among other things, researching, reviewing, and counseling the Board regarding various settlement motions and discovery issues in these chapter 11 cases.

### H.    Financing/Cash Collections

16.    This category includes all matters related to cash collections and financing. During the Compensation Period, WSGR attorneys and paraprofessionals spent minimal time, among other things, reviewing proposals related to the Debtors' efforts to secure postpetition and exit financing in these chapter 11 cases and preparing summaries of the same.

### I.    Board of Directors Matters

17.    This category includes all matters related to advising the Board on a variety of corporate governance and other issues arising in the Debtors' business and the chapter 11 cases. During the Compensation Period, WSGR attorneys and paraprofessionals spent time, among other things, attending, minuting, providing advice at, and assisting with materials related to meetings of the Board, meetings of the special committee of the Board, and meetings of various subcommittees of the Board. WSGR attorneys and paraprofessionals also advised the Board with respect to, among other things, the fulfillment of director obligations and duties under applicable law, the proposed resolution of numerous issues in the chapter 11 cases, and disclosure obligations related to the Company's securities filings.

### J.    Plan and Disclosure Statement

18.    This category includes all matters related to strategizing with the Debtors and their advisors regarding the plan and disclosure statement.  During the Compensation Period, WSGR attorneys and paraprofessionals spent time, among other things, conducting research regarding issues related to the Debtors' disclosure statement and plan, and reviewing objections thereto.

## RELIEF REQUESTED AND BASIS THEREFOR

19.    The professional services performed by WSGR on the Board's behalf during the Compensation Period required an aggregate expenditure of 772.9 recorded hours by WSGR's members, associates and paraprofessionals.  Of the aggregate time expended, 289.2 recorded hours were expended by members of WSGR, 407.9 recorded hours were expended by associates, and 75.8 recorded hours were expended by paraprofessionals.

20.    During the Compensation Period, WSGR's hourly billing rates for attorneys and paraprofessionals ranged from $445 to $1,840 per hour.  Allowance of compensation in the amount requested would result in a blended hourly billing rate of $1,076.88, which represents a blended rate of $465.00 and $1,132.50 for paraprofessionals and attorneys, respectively, at WSGR's regular billing rates in effect at the time of the performance of services.

21.    During the Compensation Period, WSGR incurred $426.30 in expenses in connection with providing the professional services described herein.  These charges are intended to cover WSGR's operating costs, which costs are not incorporated into WSGR's billing rates.

22.    Section 330 of the Bankruptcy Code provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual necessary expenses." 11 U.S.C. § 330(a)(1).

23.    Section 330 of the Bankruptcy Code contains two separate criteria used to determine whether compensation requested by professionals providing services during a chapter 11 case should be allowed by the court: reasonableness and necessity. *Wasserman v. Bressman (In re Bressman)*, 327 F. 229, 241 (3d Cir. 2003). Before determining the reasonableness of the service, the Court must make a threshold inquiry into its necessity.  *In re Engel*, 190 B.R. 206, 209 (Bankr. D.N.J. 1995); *see also In re Fleming Cos.*, 304 B.R. 85, 89 (D. Del. 2003) (discussing a

two-tiered approach to determining whether compensation should be allowed—first "the court must be satisfied that the attorney performed actual and necessary services" and second "the court must assess a reasonable value for those services").  The majority of courts which have interpreted Section 330 of the Bankruptcy Code have held that an element of whether such services are "necessary" is whether they benefitted the bankruptcy estate. *Engel*, 190 B.R. at 209.  Further, the test for determining necessity is objective, focusing on what services a reasonable lawyer would have performed under the same circumstances. *In re APW Enclosure Sys., Inc.*, No. 06-11378 (MFW), 2007 WL 3112414, at *3 (Bankr. D. Del. 2007) (citing *Fleming*, 304 B.R. at 89).  This test does not rely on hindsight to determine the ultimate success or failure of the attorney's actions. *See id.* (citing, *inter alia*, *Keate v. Miller (In re Kohl)*, 95 F.3d 713, 714 (8th Cir. 1996)).

24.    Once the court determines that a service was necessary, it also assesses the reasonable value of the service. 11 U.S.C. § 303(a)(3). Section 330(a)(3) of the Bankruptcy Code sets forth the criteria for the award of such compensation and reimbursement, stating:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

25.     In determining the reasonableness of fees, courts routinely "employ the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)." *Staiano v. Cain (In re Lan Assocs. XI, L.P.)*, 192 F.3d 109, 123 (3d Cir. 1999).  These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 123 n.8.

26.     In addition, Section 331 of the Bankruptcy Code provides that a debtor's attorney employed under Section 327 of the Bankruptcy Code may apply to the Court for interim compensation not more than once every 120 days after an order for relief in a case under chapter 11. *See* 11 U.S.C. § 331.

27.     In the instant case, WSGR attorneys and paraprofessionals have devoted a substantial amount of time and effort to addressing the numerous issues involved in these chapter 11 cases.  WSGR respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary to effectively represent the Board, and were performed economically, effectively, and efficiently.  Because WSGR's services benefitted the bankruptcy estates, WSGR respectfully submits that it performed "actual and necessary" services compensable under Section 330 of the Bankruptcy Code.

13

28.    Further, WSGR submits that consideration of the relevant factors enumerated in *Lan Assocs.*, 192 F.3d at 123 n.8, establishes that the compensation requested by this Application is reasonable in light of the nature, extent, and value of such services to the Board:

(a)    *The Time and Labor Required.*  The professional services rendered by WSGR on behalf of the Board have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, to manage and address  the many issues encountered by the Board in these chapter 11 cases with skill and dispatch.  WSGR respectfully represents that the services it rendered during the Compensation Period were performed efficiently, effectively, and economically.

(b)    *The Novelty and Difficulty of Questions.*  A variety of legal challenges have arisen in the course of these chapter 11 cases given the size and complexity of the Debtors' retail and pharmacy business. WSGR's effective assistance has facilitated the resolution of such issues during the Compensation Period and will continue to do so during the pendency of these chapter 11 cases.

(c)    *The Skill Required to Perform the Legal Services Properly.*  WSGR believes that its recognized expertise in the areas of corporate governance and corporatere organization coupled with its historic knowledge and experience with respect to the Debtors and the Board have contributed to the efficient and effective representation of the Board in these chapter 11 cases.

(d)    *The Preclusion of Other Employment by Applicant Due to Acceptance of the Case.* WSGR's representation of the Board did not preclude its acceptance of new clients. However, the issues that arose in these chapter 11 cases required the attention of WSGR's attorneys and paraprofessionals on a continuing, and oftentimes emergent, basis, requiring such professionals to commit significant portions of their time to these chapter 11 cases.

(e)    *The Customary Fee.*  As described in greater detail herein, the fees requested herein are based on WSGR's normal hourly rates for services of this kind.  WSGR respectfully submits that the hourly rates of its professionals contained herein are not unusual given the time expended in attending to the representation of the Board and the exigencies of these chapter 11 cases.  WSGR's hourly rates and the fees requested herein are commensurate with compensation WSGR has received in other representations of similar kind and nature, including other bankruptcy proceedings, as well as with fees charged by other attorneys of comparable experience.

(f)    *Whether the Fee is Fixed or Contingent.* Not applicable.

(g)    *Time Limitations Imposed by Client or other Circumstances.* Not applicable.

14

(h)     *The Amount Involved and Results Obtained*.  WSGR respectfully submits that the amount of fees for which compensation is sought is reasonable under the circumstances given the numerous issues that were required to be addressed by its attorneys and paraprofessionals during the Compensation Period.

(i)     *The Experience, Reputation and Ability of the Attorneys*.  WSGR is a national and international law firm with many years of corporate law experience, including experience in advising management teams, directors, boards, and special board or management committees of large public and private companies with respect to complex commercial transactions, financings, and the fulfillment of their fiduciary duties and obligations under applicable law. WSGR's professionals also have substantial experience in the fields of bankruptcy and corporate restructuring and have represented debtors and debtors in possession, secured lenders, official and unofficial committees, debtor in possession financers, secured and unsecured creditors, and potential purchasers of assets in bankruptcy proceedings in this district and elsewhere.

(j)     *The Undesirability of the Case*. Not applicable.

(k)     *Nature and Length of Professional Relationship*. Not applicable.

(l)     *Awards In Similar Cases*. As previously indicated, the fees sought herein are commensurate with fees WSGR has been awarded in other representations and matters of similar size and complexity.

In addition, consistent with Section 331 of the Bankruptcy Code, this is WSGR's first interim fee application.  This application is made more than 120 days from the Petition Date. *See* 11 U.S.C. § 331.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, WSGR respectfully requests a first interim fee allowance as special corporate counsel to the Board in the amount of $818,372.00 for fees for services rendered, together with reimbursement of expenses in the amount of $426.30, for a total first interim fee award of $818,798.30.

Dated: April 15, 2024
       Wilmington, Delaware

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

*/s/ Erin R. Fay*
Erin. R. Fay (No. 5268)
Catherine C. Lyons (No. 6854)
222 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 304-7600
E-mails:  efay@wsgr.com
         clyons@wsgr.com

*Special Corporate Counsel to the Board of Directors of Debtor Rite Aid Corporation*

**<u>Exhibit A</u>**

**Retention Order**

Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| In re: | Chapter 11 |
| RITE AID CORPORATION, *et al.*, | Case No. 23-18993 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**Order Filed on January 10, 2024 by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF WILSON SONSINI GOODRICH & ROSATI, P.C. AS SPECIAL BOARD COUNSEL <u>EFFECTIVE AS OF THE PETITION DATE</u>

The relief set forth on the following pages, numbered three (3) through eight (8) is

**O**RDERED.

**DATED: January 10, 2024**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1]   The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034.  A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF WILSON SONSINI GOODRICH & ROSATI, P.C. AS SPECIAL BOARD COUNSEL EFFECTIVE AS OF THE PETITION DATE |

Upon the application (the "Application")[2] of Rite Aid Corporation, and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases for entry of an order (this "Order") authorizing the Debtors' retention and employment of Wilson Sonsini Goodrich & Rosati, P.C. ("WSGR") as special counsel to the board of directors (the "Board") of Debtor Rite Aid Corporation, effective as of the Petition Date, with regard to Board Matters, pursuant to sections 327(e) and 330 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016; and upon consideration of the Fay Declaration, the Sabatino Declaration, and the First Day Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Application, the Fay Declaration, the Sabatino Declaration, and the First Day Declaration; and the Court having found, based on the representations made in the Application and the Fay Declaration, that WSGR does not hold or represent any interest adverse to the Debtors or to the Debtors' estates with respect to the matters on which it is to be employed, as required by section 327(e) of the Bankruptcy Code; and this Court having found that sufficient cause exists to grant the relief set forth herein; and this Court having found that the Debtors' notice of the

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF WILSON SONSINI GOODRICH & ROSATI, P.C. AS SPECIAL BOARD COUNSEL EFFECTIVE AS OF THE PETITION DATE |

Application was appropriate under the circumstances and no other or further notice need be provided; and this Court having reviewed the Application and determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due and deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT:**

1.      The Application is **GRANTED** as set forth herein.

2.      The Debtors are authorized, pursuant to section 327(e) of the Bankruptcy Code, to retain and employ WSGR as special counsel to the Board to the extent set forth herein, effective as of the Petition Date.

3.      WSGR is authorized to render professional services to the Board.

4.      WSGR shall apply for (a) compensation for professional services rendered and (b) reimbursement of expenses incurred in connection with these cases, in both cases subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, including sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any other applicable procedures or orders of the Court. WSGR shall also make a reasonable effort to comply with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013, both in connection with this Application and the fee applications filed by WSGR in the chapter 11 cases.

5.      Notwithstanding anything in the Application, the Fay Declaration, or any Engagement Letter to the contrary, WSGR shall apply any remaining amounts of its

| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF WILSON SONSINI GOODRICH & ROSATI, P.C. AS SPECIAL BOARD COUNSEL EFFECTIVE AS OF THE PETITION DATE |

prepetition retainer as a credit toward post-petition fees and expenses, after such post-petition fees and expenses are approved pursuant to an order of the Court awarding fees and expenses to WSGR. At the conclusion of WSGR's engagement by the Debtors, if the amount of the prepetition retainer held by WSGR is in excess of the amount of WSGR's outstanding estimated fees, expenses and costs, WSGR will pay to the Debtors the amount by which the prepetition retainer exceeds such fees, expenses and costs. WSGR is authorized without further order of the Court to reserve and apply amounts from the prepetition retainer that would otherwise be applied toward payment of post-petition fees or expenses to compensate and reimburse WSGR for fees and expenses incurred on or prior to the Petition Date consistent with the Firm's ordinary course billing practice.

6.    Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, WSGR shall provide ten (10) days' prior notice of any such increases to the Debtors, the U.S. Trustee, the UCC, and the TCC and shall file any such notice with the Court. All parties in interest retain rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7.    WSGR (i) shall only bill 50% for non-working travel; and (ii) shall not seek the reimbursement of any fees or costs, including attorney's fees and costs, arising from the defense of any objections to any of WSGR's fee applications in these cases; (iii) shall use the billing and expense categories set forth in the U.S. Trustee Guidelines (Exhibit D-1

| Debtors: | RITE AID CORPORATION, *et al.* |
|---|---|
| Case No. | 23-18993 (MBK) |
| Caption of Order: | ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF WILSON SONSINI GOODRICH & ROSATI, P.C. AS SPECIAL BOARD COUNSEL EFFECTIVE AS OF THE PETITION DATE |

"Summary of Compensation Requested by Project Category"); and (iv) shall provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the U.S. Trustee.

8.      Notwithstanding anything in the Application, the Fay Declaration, or the Sabatino Declaration to the contrary, WSGR shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost paid.

9.      In order to avoid any duplication of effort and provide service in the most efficient and cost-effective manner, WSGR shall coordinate with Kirkland & Ellis LLP, Kirkland & Ellis International LLP, Cole Schotz P.C., and any additional firms retained on behalf of the Debtors regarding their respective responsibilities in these chapter 11 cases. As such, WSGR shall use its best efforts to avoid duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

10.      Notwithstanding anything in the Application, the Fay Declaration, or the Sabatino Declaration to the contrary, WSGR shall (i) to the extent that WSGR uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases, pass through the costs of such Contractors at the same rate that WSGR pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for WSGR; (iv) file with this Court such disclosures required by Bankruptcy Rule 2014; and (v) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these chapter 11 cases.

(Page | 7)

| Debtors: | RITE AID CORPORATION, *et al.* |
|---|---|
| Case No. | 23-18993 (MBK) |
| Caption of Order: | ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF WILSON SONSINI GOODRICH & ROSATI, P.C. AS SPECIAL BOARD COUNSEL EFFECTIVE AS OF THE PETITION DATE |

11.     No agreement or understanding exists between WSGR and any other person other than as permitted by section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with these cases, nor shall WSGR share or agree to share compensation received for services rendered in connection with these cases with any other person, other than as permitted by section 504 of the Bankruptcy Code.

12.     The Debtors and WSGR are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

13.     If the Court denies the *Debtors' Motion for Entry of an Order Authorizing the Debtors to File Under Seal the Names of Certain Confidential Transaction Parties in Interest Related to the Debtors' Professional Retention Applications* [Docket No. 806] (the "Motion to Seal"), or the Motion to Seal is withdrawn or the relief requested therein is moot, WSGR will, within fourteen days of such denial, withdrawal or other resolution, and through a supplemental declaration, disclose the identities of all Confidential Transaction Parties that were filed under seal, and the connections of WSGR to such Confidential Transaction Parties.

14.     WSGR will file budget and staffing plans in connection with the filing of its fee applications.

15.     Notwithstanding anything in the Application, the Fay Declaration, or the Engagement Letter(s) to the contrary, termination or withdrawal from representation will only be allowed upon entry of an Order by this Court.

(Page | 8)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF WILSON SONSINI GOODRICH & ROSATI, P.C. AS SPECIAL BOARD COUNSEL EFFECTIVE AS OF THE PETITION DATE |

16.     Notwithstanding anything in the Application, the Fay Declaration, or the Engagement Letter(s) to the contrary, any provision regarding arbitration shall not be applicable during the pendency of these chapter 11 cases.

17.     To the extent that there may be any inconsistency between the terms of the Application, the Fay Declaration, the Sabatino Declaration, and this Order, the terms of this Order shall govern in all respects.

18.     Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the Local Rules are satisfied by such notice.

19.     Upon its entry, the terms and conditions of this Order shall be immediately effective and enforceable.

20.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Exhibit B**

**SUMMARY OF TIMEKEEPERS INCLUDED IN THIS FEE APPLICATION**

| NAME | TITLE OR POSITION | DEPARTMENT, GROUP, OR SECTION | DATE OF FIRST ADMISSION (if applicable) | HOURLY RATE | HOURS BILLED | FEES BILLED |
|---|---|---|---|---|---|---|
| Katharine A. Martin | Member | Corporate | 1987 (CA) | $1,690 | 60.8 | $102,752.00 |
| | | | | $1,840 | 19.3 | $35,512.00 |
| John A. Aguirre | Member | Employee Benefits and Compensation | 1987 (CA) | $1,500 | 8.7 | $13,050.00 |
| Amy L. Simmerman | Member | Corporate | 2007 (DE) | $1,300 | 47.2 | $61,340.00 |
| | | | | $1,465 | 11.2 | $16,408.00 |
| Tamara M. Brightwell | Member | Corporate | 2003 (VA) | $1,295 | 1.2 | $1,554.00 |
| Erin R. Fay | Member | Corporate | 2009 (DE & WI) | $1,100 | 109.6 | $120,560.00 |
| | | | | $1,250 | 30.3 | $37,875.00 |
| Andy D. Cordo | Member | Litigation | 2004 (DE) | $1,100 | 0.9 | $990.00 |
| Gordon W. Grafft | Associate/Member-Elect | Corporate | 2016 (CA) | $1,050 | 23.9 | $25,095.00 |
| Jason B. Schoenberg | Associate | Corporate | 2017 (DE) | $1,020 | 93.3 | $95,166.00 |
| | | | | $1,145 | 36.6 | $41,907.00 |
| Leah León | Associate | Litigation | 2018 (DE) | $975 | 4.5 | $4,387.50 |
| | | | | $1,110 | 0.3 | $333.00 |
| Catherine C. Lyons | Associate | Corporate | 2019 (NY) | $945 | 113.7 | $107,446.50 |
| | | | | $1,110 | 22.8 | $25,308.00 |
| Courtney R. Matteson | Associate | Corporate | 2019 (CA & D.C.) | $945 | 20.0 | $18,900.00 |
| | | | | $1,110 | 13.1 | $14,541.00 |
| Sarah M. Hand | Associate | Corporate | 2022 (DE) | $705 | 48.0 | $33,840.00 |
| | | | | $850 | 30.5 | $25,925.00 |
| Partha Vora | Associate | Corporate | 2023 (CA) | $525 | 0.2 | $105.00 |
| | | | | $670 | 1.0 | $670.00 |
| Lynzy McGee | Senior Paralegal | Corporate | n/a | $445 | 51.9 | $23,095.50 |
| | | | | $485 | 23.9 | $11,591.50 |

Client Name:          Board of Directors of Debtor Rite Aid Corporation
Case Number:          23-18993 (MBK)
Applicant's Name:     Wilson Sonsini Goodrich & Rosati, P.C.
Date of Application:  April 15, 2024
Interim or Final:     Interim

4883-5137-6304.1

**Exhibit C**

**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES WITH FEE APPLICATIONS**

(*See* Guidelines ¶ C.3. for definitions of terms used in this Exhibit)

| CATEGORY OF TIMEKEEPER<br><br>(using categories already maintained by the firm) | BLENDED HOURLY RATE | |
| --- | --- | --- |
| | Billed by Delaware and Palo Alto Offices Excluding Bankruptcy[1] | Billed in this fee application |
| Member | $1,167 | $1,417 |
| Associate | $672 | $683 |
| Paralegal | $388 | $465 |
| All timekeepers aggregated | $742 | $855 |

Client Name:            Board of Directors of Debtor Rite Aid Corporation
Case Number:          23-18993 (MBK)
Applicant's Name:    Wilson Sonsini Goodrich & Rosati, P.C.
Date of Application:  April 15, 2024
Interim or Final:       Interim

---

[1]    In accordance with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013, the "preceding year" for which these figures were calculated is the 2022 calendar year; blended rates reflect work performed in the preceding year in each of the domestic offices in which timekeepers collectively billed at least 10% of the hours to the case during the application period, excluding all data from bankruptcy law matters.

UST Form 11-330-A (2013)
4883-5137-6304.1

**Exhibit D-1**

**MONTHLY BUDGET FOR THE PERIOD**
**OCTOBER 15, 2023 THROUGH FEBRUARY 29, 2024**

| PROJECT CATEGORY | ESTIMATED MONTHLY HOURS | ESTIMATED MONTHLY FEES |
|---|---|---|
| Case Administration | 181.0 | $189,757.60 |
| Court Hearing | 181.0 | $189,757.60 |
| Fee/Employment Applications – Other | 22.5 | $23,719.70 |
| Fee/Employment Applications – WSGR | 361.5 | $379,515.20 |
| Other Contested Matters (excluding Assumption/Rejection Motions) | 22.5 | $23,719.70 |
| Financing/Cash Collections | 22.5 | $23,719.70 |
| Board of Directors Matters | 1,423.0 | $1,494,341.10 |
| Plan and Disclosure Statement | 45.0 | $47,439.40 |
| **Total:** | **2,259** | **$2,371,970.00** |

**Exhibit D-2**

**STAFFING PLAN FOR THE PERIOD OCTOBER 15, 2023 THROUGH FEBRUARY 29, 2024**

| | CATEGORY OF TIMEKEEPER (using categories maintained by the firm) | NUMBER OF TIMEKEEPERS EXPECTED TO WORK ON THE MATTER DURING THE BUDGET PERIOD | AVERAGE HOURLY RATE |
|---|---|---|---|
| | Partner/Member | 3-5 | $1,359.44 |
| | Associate | 5-8 | $891.60 |
| | Paraprofessional | 2-4 | $445.00 |

This staffing plan (the "Staffing Plan") is being provided pursuant to the Office of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013.  The Staffing Plan is WSGR's current best estimate of the professionals and paraprofessionals required to properly staff this matter for the immediate future and is subject to change as the case develops.

**Exhibit E-1**

**SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY**

*(See* Guidelines § C.8. for project category information.)

| PROJECT CATEGORY | HOURS BUDGETED | FEES BUDGETED | HOURS BILLED | FEES SOUGHT |
|---|---|---|---|---|
| Case Administration | 181.0 | $189,757.60 | 47.8 | $32,284.00 |
| Court Hearing | 181.0 | $189,757.60 | 61.6 | $64,773.00 |
| Asset Disposition | n/a | n/a | 0.5 | $550.00 |
| Fee/Employment Applications – Other | 22.5 | $23,719.70 | 7.9 | $7,299.00 |
| Fee/Employment Applications – WSGR | 361.5 | $379,515.20 | 121.5 | $100,862.00 |
| Assumption/Rejection of Leases and Contracts | n/a | n/a | 0.2 | $220.00 |
| Other Contested Matters (excluding Assumption/Rejection Motions) | 22.5 | $23,719.70 | 11.7 | $11,147.50 |
| Financing/Cash Collections | 22.5 | $23,719.70 | 2.8 | $3,080.00 |
| Board of Directors Matters | 1,423.0 | $1,494,341.10 | 504.1 | $583,672.50 |
| Plan and Disclosure Statement | 45.0 | $47,439.40 | 14.8 | $14,482.00 |
| **Total:** | **2,259** | **$2,371,970.00** | **772.9** | **$818,372.00** |

Client Name:          Board of Directors of Debtor Rite Aid Corporation
Case Number:          23-18993 (MBK)
Applicant's Name:     Wilson Sonsini Goodrich & Rosati, P.C.
Date of Application:  April 15, 2024
Interim or Final:     Interim

**Exhibit E-2**

**SUMMARY OF EXPENSE REIMBURSEMENT REQUESTED BY CATEGORY**
(*See* Guidelines § C.8. for project category information.)

| CATEGORY | AMOUNT |
|---|---|
| Reproduction | $10.50 |
| Lexis Database Services | $415.80 |
| **DISBURSEMENTS TOTAL** | **$426.30** |

Client Name:            Board of Directors of Debtor Rite Aid Corporation
Case Number:            23-18993 (MBK)
Applicant's Name:       Wilson Sonsini Goodrich & Rosati, P.C.
Date of Application:    April 15, 2024
Interim or Final:       Interim