UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Order Filed on April 19, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

Rite Aid Corporation

Case No.:  23-18993-MBK

Chapter:  11

Judge:  Michael B. Kaplan

## ORDER DENYING MOTION FOR RELIEF FROM STAY

The relief set forth on the following pages is **ORDERED**.

**DATED: April 19, 2024**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

This matter comes before the Court on a Motion for Relief from the Automatic Stay (ECF No. 2315) by Plaintiff, Van Prince (the "Movant") seeking authority to continue to pursue his state court action against the Debtors (the "Motion"). The Movant filed his initial complaint in the Circuit Court of Norfolk, Virginia on February 5, 2024 against the Debtors and alleged a conspiracy to sell his medical prescription record to non-debtor defendants Atrium and Walgreens without his consent. *See Prince v. Rite Aid Corp., et al.,* Case No. CL23-13519, Cir. Ct. Norfolk, VA (Exhibit A). Upon the sale of his records from Atrium Pharmacy to Walgreens, the Movant alleged the "sale" of his records was illegal because Debtors were in exclusive control of his records. After receiving notice from the Debtors of the automatic stay and the related chapter 11 filings, Movant filed a new complaint for retaliation on February 16, 2024 against a Rite Aid pharmacy manager.

On April 10, 2024, Debtors filed an Omnibus Objection to Motions for Relief from the Automatic Stay (ECF No. 2709). Debtors highlighted that the Movant is an unsecured creditor who holds an unsecured debt subject to these bankruptcy proceedings.

The Court has considered the submissions of the parties and decides this matter without oral argument. At the outset, the Court notes that it has previously denied similar motions for relief in this case. In addition, the automatic stay serves to protect the bankruptcy estate from piecemeal claims and encourages the equal treatment of claims. To protect all unsecured creditors from unfair treatment, this Court will only grant relief from the automatic stay in extraordinary circumstances. *See In re Resorts Int'l, Inc.*, 145 B.R. 412, 455 (Bankr. D.N.J. 1990). Under 11 USCA §362(d) of the Bankruptcy Code, the automatic stay is one of the most fundamental protections for debtors because it protects certain creditors from gaining preferential treatment of their claims against a debtor. *Midlantic Nat. Bank v. New Jersey Dep't of Env't Prot.*, 474 U.S. 494, 503 (1986) (quoting S. Rep. 95-989, 54 (1978); H.R. Rep. 95–595, 340 (1977)).

The Court finds the Debtors' argument persuasive that the Movant offers no "cause" to lift the stay and that the factors to consider in deciding whether to lift the stay weigh against the Movant.

For the foregoing reasons, and for good cause it is hereby

ORDERED that the Motion (ECF No. 2315) is **DENIED**.