UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**Order Filed on April 19, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

Rite Aid Corporation

Case No.: 23-18993-MBK

Chapter: 11

Judge: Michael B. Kaplan

### ORDER DENYING MOTION FOR RELIEF FROM STAY

The relief set forth on the following pages is **ORDERED**.

**DATED: April 19, 2024**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

This matter comes before the Court on a Motion for Relief from the Automatic Stay (ECF No. 2282) by Plaintiff, Chuck Turner (the "Movant") seeking authority to continue to pursue personal injury claim against Debtors Rite Aid Headquarters Corporation and its co-defendants due to their "recklessness and carelessness in the ownership, operation, maintenance, management, and control of [the] motor vehicle" that the Movant claims caused his automotive accident (the "Motion"). The Movant filed his personal injury action in the New York State Supreme Court for Bronx County on September 13, 2016.

On April 10, 2024, Debtors filed an Omnibus Objection to Motions for Relief from the Automatic Stay (ECF No. 2709). Debtors highlighted that the Movant is an unsecured creditor who holds an unsecured debt subject to these bankruptcy proceedings.

The Court has considered the submissions of the parties and decides this matter without oral argument. At the outset, the Court notes that it has previously denied similar motions for relief in this case. In addition, the automatic stay serves to protect the bankruptcy estate from piecemeal claims and encourages the equal treatment of claims. To protect all unsecured creditors from unfair treatment, this Court will only grant relief from the automatic stay in extraordinary circumstances. *See In re Resorts Int'l, Inc.*, 145 B.R. 412, 455 (Bankr. D.N.J. 1990). Under 11 USCA §362(d) of the Bankruptcy Code, the automatic stay is one of the most fundamental protections for debtors because it protects certain creditors from gaining preferential treatment of their claims against a debtor. *Midlantic Nat. Bank v. New Jersey Dep't of Env't Prot.*, 474 U.S. 494, 503 (1986) (quoting S. Rep. 95-989, 54 (1978); H.R. Rep. 95–595, 340 (1977)).

The Court finds the Debtors' argument persuasive that the Movant offers no "cause" to lift the stay and that the factors to consider in deciding whether to lift the stay weigh against the Movant.

For the foregoing reasons, and for good cause it is hereby

ORDERED that the Motion (ECF No. 2282) is **DENIED**.