| | |
|---|---|
| **KIRKLAND & ELLIS LLP** | **COLE SCHOTZ P.C.** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Michael D. Sirota, Esq. |
| Edward O. Sassower, P.C. | Warren A. Usatine, Esq. |
| Joshua A. Sussberg, P.C. (admitted *pro hac vice*) | Felice R. Yudkin, Esq. |
| Aparna Yenamandra, P.C. (admitted *pro hac vice*) | Seth Van Aalten, Esq. (admitted *pro hac vice*) |
| Ross J. Fiedler (admitted *pro hac vice*) | Court Plaza North, 25 Main Street |
| Zachary R. Manning (admitted *pro hac vice*) | Hackensack, New Jersey 07601 |
| 601 Lexington Avenue | Telephone: (201) 489-3000 |
| New York, New York 10022 | msirota@coleschotz.com |
| Telephone: (212) 446-4800 | wusatine@coleschotz.com |
| Facsimile: (212) 446-4900 | fyudkin@coleschotz.com |
| esassower@kirkland.com | svanaalten@coleschotz.com |
| joshua.sussberg@kirkland.com | |
| aparna.yenamandra@kirkland.com | |
| ross.fiedler@kirkland.com | *Co-Counsel to the Debtors and* |
| zach.manning@kirkland.com | *Debtors in Possession* |

*Co-Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| RITE AID CORPORATION, *et al.*, | Case No. 23-18993 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF REJECTION OF**
**CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

**PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR LEASES ON <u>SCHEDULE 1</u> ATTACHED TO <u>EXHIBIT 1</u> TO THIS NOTICE AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

**PLEASE TAKE NOTICE** that on November 20, 2023, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors") (i) authorizing and approving procedures to reject, assume, or assume and assign executory contracts and unexpired leases and (ii) granting related relief [Docket No. 702] (the "Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on Schedule 1 (the "Rejection Schedule") annexed to the proposed form of order attached hereto as **Exhibit 1** is hereby rejected effective as of the date (the "Rejection Date") set forth on Schedule 1 or such other date to which the Debtors and the counterparty or counterparties to any such Contract agree. For unexpired leases, the rejection effective date shall be the later of (a) the proposed effective date set forth on the Rejection Notice; and (b) the date the Debtors relinquish control of the premises by (1) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and turning over keys, key codes, and security codes, if any, to the affected landlord or (2) notifying the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but that the landlord may rekey the leased premises.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is ***actually received*** by the following parties no later than ten days after the date that the Debtors filed and served this Notice:

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(a) the Debtors, Rite Aid Corporation, 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Aparna Yenamandra, P.C., Ross J. Fiedler, and Zachary R. Manning; (c) proposed co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street; Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Felice R. Yudkin, and Seth Van Aalten; (d) the applicable Rejection Counterparty; (e) counsel to the Ad Hoc Secured Noteholder Group, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 1001 Attn.: Andrew N. Rosenberg (arosenberg@paulweiss.com), Brian S. Hermann (bhermann@paulweiss.com) and Christopher Hopkins (chopkins@paulweiss.com); (f) counsel to the Ad Hoc Secured Noteholder Group, Fox Rothschild LLP, 49 Market Street, Morristown, New Jersey, 07960, Attn: Howard A. Cohen (hcohen@foxrothschild.com); Joseph J. DiPasquale (jdipasquale@foxrothschild.com) and Michael R. Herz (mherz@foxrothschild.com); (g) counsel to the DIP Agents, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola (jventola@choate.com); Jonathan D. Marshall (jmarshall@choate.com); and Mark D. Silva (msilva@choate.com) and Greenberg Traurig, LLP, 500 Campus Drive, Suite 400, Florham Park, New Jersey 07932, Attn: Alan J. Brody (brodya@gtlaw.com) and Oscar N. Pinkas (pinkaso@gtlaw.com) (h) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder (jeffrey.m.sponder@usdoj.gov) and Lauren Bielskie (lauren.bielskie@usdoj.gov); and (i) counsel to the Official Committee of Unsecured Creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Adam Rogoff (ARogoff@kramerlevin.com) and Nancy Bello

(nbello@kramerlevin.com) and Kelley Drye & Warren LLP, One Jefferson Road, 2nd Floor, Parsippany, NJ 07054, Attn: Robert LeHane (rlehane@kelleydrye.com) and Connie Choe (cchoe@kelleydrye.com); (j) proposed counsel to the Official Committee of Tort Claimants, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Arik Preis (apreis@akingump.com), Mitchell P. Hurley (mhurley@akingump.com), Kate Doorley (kdoorley@akingump.com), Theodore James Salwen (jsalwen@akingump.com), and Brooks Barker (bbarker@akingump.com); and (k) Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., 457 Haddonfield Rd. #300, Cherry Hill, NJ 08002, Attn; Arthur J. Abramowitz (aabramowitz@shermansilverstein.com) and Ross Switkes (rswitkes@shermansilverstein.com).

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the Debtors shall file a Rejection Order under a certificate of no objection. The rejection of each Contract listed in this Rejection Notice shall become effective on the applicable Rejection Date set forth on Schedule 1 or such other date to which the Debtors and the counterparty or counterparties to such Contract agree.[3]

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the rejection of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates. If such objection is overruled or withdrawn, such Contract will only be deemed rejected upon entry by the Court of a consensual form of Rejection Order resolving the objection as between the objecting party and the Debtors or, if resolution is not reached and/or the objection is not withdrawn, upon

---

[3] An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract or lease listed in this Rejection Notice. Any objection to the rejection of any particular Contract listed in this Rejection must state with specificity the Contract to which it is directed. For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order.

further order of the Court and shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty agree, or as ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contracts otherwise agree.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtors that is listed and described on Schedule 1 shall be deemed abandoned as of the Rejection Date. With respect to unexpired leases, on the Rejection Date landlords may, in their sole discretion and without further notice or order of the Court, utilize and/or dispose of such property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay will be modified to allow such disposition.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim with respect to rejection of your Contract or Contracts, you must do so on or before the later of (a) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and, (b) thirty days after the later of (A) the date of entry of the Rejection Order approving rejection of the applicable Contract, and (b) the Rejection Date. IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN

THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

[*Remainder of page intentionally left blank*]

Dated: April 26, 2024

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:   msirota@coleschotz.com
         wusatine@coleschotz.com
         fyudkin@coleschotz.com
         svanaalten@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:   esassower@kirkland.com
         joshua.sussberg@kirkland.com
         aparna.yenamandra@kirkland.com
         ross.fiedler@kirkland.com
         zach.manning@kirkland.com

*Co-Counsel to the Debtors and
Debtors in Possession*

**<u>Exhibit 1</u>**

**Proposed Rejection Order**

Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re:<br><br>RITE AID CORPORATION, *et al.*,<br><br>                      Debtors.[1] | Chapter 11<br><br>Case No. 23-18993 (MBK)<br><br>(Jointly Administered) |

## THIRTEENTH ORDER APPROVING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES AND THE ABANDONMENT OF CERTAIN PERSONAL PROPERTY, IF ANY

The relief set forth on the following pages, numbered three (3) through five (5), is **ORDERED.**

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel to the Debtors and Debtors in Possession*

(Page | 3)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al.* |
| Case No. | 23-18993 (MBK) |
| Caption of Order: | Thirteenth Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any |

Upon the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* (the "Procedures Order")[1] [Docket No. 702] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having jurisdiction over this matter and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served a Rejection Notice on each applicable party as set forth in the Rejection Schedule, attached hereto as **Schedule 1**, in accordance with the terms of the Procedures Order; and no timely objections having been filed to the Rejection of such Contracts; and due and proper notice of the Procedures Order and the Rejection Notice having been provided to each applicable Rejection Counterparty as set forth in the Rejection Schedule and it appearing that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1. The Contracts listed on the Rejection Schedule attached hereto as **Schedule 1** are rejected under section 365 of the Bankruptcy Code effective as of the later of the Rejection Date listed on **Schedule 1** or such other date as the Debtors and the applicable Rejection Counterparty agrees; *provided*, that the Rejection Date for a rejection of a lease of nonresidential real property shall not occur until the later of (i) the Rejection Date set forth on **Schedule 1** and (ii) the date the

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Procedures Order.

3

Case 23-18993-MBK    Doc 3122    Filed 04/26/24    Entered 04/26/24 13:22:40    Desc Main
Document    Page 12 of 15

(Page | 4)
Debtors: RITE AID CORPORATION, *et al*.
Case No. 23-18993 (MBK)
Caption of Order: Thirteenth Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any

Debtors relinquish control of the premises by (A) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises.

2. The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract; *provided*, *however*, that (i) nothing shall modify any requirement under applicable law with respect to the removal of any hazardous materials as defined under the applicable law from any of the Debtors' leased premises, (ii) to the extent the Debtors seek to abandon personal property that contains "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code (the "PII"), the Debtors shall remove the PII from such personal property before abandonment, and (iii) the Debtors shall not abandon any medications or medicines. The property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. For the avoidance of doubt, and absent any sustained objection as it relates to property at a particular premises, any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

(Page | 5)
Debtors: RITE AID CORPORATION, *et al.*
Case No. 23-18993 (MBK)
Caption of Order: Thirteenth Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any

3. Notwithstanding the foregoing, the Debtors' abandonment of their interests in any equipment or other Personal Property belonging to PepsiCo, Inc. its affiliates, or affiliated bottlers (collectively, the "Pepsi Entities") shall not sever or otherwise impact any ownership interest of the Pepsi Entities in any equipment or Personal Property being abandoned.

4. Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) thirty days after the later of (A) the date of entry of this Order approving rejection of the applicable Contract, and (b) the Rejection Date. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order and the rejection without further order from this Court.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Schedule 1**

**Rejected Contracts[1]**

---

[1] For the avoidance of doubt, the Contracts referenced herein include any ancillary documents, including guaranties or assignments thereof, and any amendments, modifications, subleases, or termination agreements related thereto.  The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

| No. | Non-Debtor Counterparty | Counterparty Address | Contract Description | Debtor Party | Store or Surplus # | Location Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|---|---|
| 1 | GARFIELD BUILDING, L.L.C. | 39533 WOODWARD AVE., #310, BLOOMFIELD HILLS, MI 48304 | UNEXPIRED LEASE | RITE AID OF MICHIGAN, INC. | 4595 | 4612 WOODWARD AVENUE, DETROIT, MI 48201 | 4/30/2024 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 2 | VISHWAJEET PURI | 9576 CRABAPPLE CT, PLAIN CITY, OH 43064 | UNEXPIRED LEASE | RITE AID OF OHIO, INC. | 256 | 1081 MOUNT VERNON AVENUE, MARION, OH 43302 | 4/30/2024 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 3 | PACIFIC REALTY ASSOCIATES, L.P. | 15350 SW SEQUOIA PARKWAY, SUITE 300, PORTLAND, OR 97224 | UNEXPIRED LEASE | THRIFTY PAYLESS, INC. | 6795 | 1670 GARNET AVE, SAN DIEGO, CA 92109 | 4/30/2024 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 4 | SHADRALL NEW BRUNSWICK LP | 50 TICE BLVD, STE 320, WOODCLIFF LAKE, NJ 07677 | UNEXPIRED LEASE | RITE AID OF NEW JERSEY, INC. | 407 | 366 GEORGE STREET, NEW BRUNSWICK, NJ 08901 | 4/30/2024 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 5 | LOS ALTOS XXXIII LP | 1201 N MAGNOLIA AVE ANAHEIM, CA 92618 | UNEXPIRED LEASE | THRIFTY PAYLESS, INC. | 5484 | 9715 OTIS STREET, SOUTHGATE, CA 90280 | 4/30/2024 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |
| 6 | 29555 SW BOONES FERRY ROAD, LLC[1] | 3347 MICHELSON DR, STE 200, IRVINE, CA 92612 | UNEXPIRED LEASE | THRIFTY PAYLESS, INC. | 80 | 29555 S.W. BOONES FERRY ROAD, WILSONVILLE, OR 97070 | 4/30/2024 | MISCELLANEOUS FF&E AND/OR RETAIL FIXTURES |

---

[1] The Debtors originally noticed this Contract for rejection on January 29, 2024 [Docket No. 1644]. A determination on the rejection of this Contract was subsequently adjourned pursuant to the *Amended Ninth Order Approving the Rejection of Certain Executory Contracts and/or Unexpired Leases and the Abandonment of Certain Personal Property, If Any* [Docket No. 2069]. Out of an abundance of caution, the Debtors have re-scheduled this Contract herein to effectuate rejection as of the Rejection Date.