Law Office of Shmuel Klein PA
Attorney for HVP2 LLC
113 Cedarhill Ave
Mahwah, NJ 07430
845-425-2510
Attorney ID 00851987
email:shmuel.klein@verizon.net

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

_____

In re:
RITE AID CORPORATION, *et al*.,
Debtors

_____

Chapter 11
Case No. 23-18993 (MBK)
(Jointly Administered)

TO: HONORABLE MICHAEL B. KAPLAN
Chief United States Bankruptcy Judge

### Certification in Opposition to Debtors Motion for Entry of an Order Authorizing and Approving Procedures for Exiting Certain Leased Real Property and Extending the Debtors Exclusivity Period

I, Shmuel Klein certify actual knowledge of the foregoing statements and they are true:

1.   This Certification is filed by HVP2 LLC, (hereinafter "HVP") in Opposition to the Debtor's duplicative motion to "exit", this time, 107 leases, (last time it was 270 leases then changed to 200) See Exhibit A.  HVP is one of the landlords of a lease of the consolidated Debtor, listed in the prior motion which the Court granted, and in the current motion presently before the Court.

2.   As stated in the Debtors' recent certification in support of its motion:

   "6. For clarity, this Motion solely concerns the Debtors' approximately 107 unexpired commercial real estate leases that (a) remain subject to the Initial 365(d)(4) Deadline and (b) are not included in a proposed assumption order filed under a certificate of no objection (or, if included in any such order, are marked as "adjourned") (the "Non-Extended Leases")."

3.   Unfortunately, it is not clear.   There is no "clarity".  The Debtor listed HVP in its motion. However, antithetically, it filed Doc 2349 on 03/12/24  a "NOTICE OF ASSUMPTION OF CERTAIN UNEXPIRED LEASES"  (see Exhibit B) where it represented to the Court, its creditors and its DIP Financiers that it would assume HVP's lease (and other leases) for the Debtors' stated goal  "to

implement a comprehensive financial and operational restructuring that preserves as many stores and jobs as possible, a key component of which is the rationalization of the Debtors' retail pharmacy store footprint."   The foot print continues to shrink and this Court should urgently inquire for the sake of the Creditors, landlords, and DIP financiers if this case is ever going anywhere or if it should be dismissed.  Alternatively, the Court should allow a separate creditors committee of landlords who can submit their own plan of reorganization to "to implement a comprehensive financial and operational restructuring that preserves as many stores and jobs as possible, a key component of which is the rationalization of the Debtors' retail pharmacy store footprint."

4. The Debtor also filed an "Assumed Lease Schedule" which was attached to the Debtor's "Plan Supplement for the Second Amended Joint Chapter 11 Plan of Rite Aid Corporation and its Debtor Affiliates", filed April 8, 2024 (the "Plan Supplement") [Dkt No. 2675], which includes (at page 97) the HVP lease as one that the Debtor is assuming, but it states that the cure claim is zero.  As stated in HVP's supplemental objection to the Notice to Assume Leases, the cure amount is not zero but instead must include Common Area Charges (CAM) for 2022 and 2023 from the strip mall owner together with the attorney's fees to date.

5. Now to add more to lack of "clarity", the Debtor also filed the next day, April 9, 2024, their "Notice of Filing of Amended Plan Supplement" [Dkt # 2681].  Exhibit A to the Amended Plan Supplement is the Schedule of Assumed Executory Contracts and Unexpired Leases.  The HVP Lease is included on Exhibit A as an assumed unexpired lease on page 101.

6. In furtherance of its representation that the Debtor would be assuming the HVP lease, the Debtor insisted that HVP agree to a confidentiality agreement to view documentation for the purpose of showing adequate assurance of it's ability to assume the lease.

7. HVP is not the only landlord raising the blatant inconsistent treatment by the Debtor.  Numerous other landlords are deeply concerned and confused about their treatment and whether the Debtors' "right hand knows what its left hand is doing".

8.      Otherwise, the Debtor is insulting the intelligence of this Court by not obeying the clear requirements of the Bankruptcy Code of the clear deadline imposed by Bankruptcy Code section 365(d)(4) for non-consensual assumption of an unexpired commercial real property lease.  The Debtors' possession and control of such unexpired real property leased premises should, after May 13, 2024, only occur as agreed by the lessor.  The proposed non-consensual extension of possession and control on shortened time comes at great cost to lessors such as HVP and other landlords, whose hands are tied regarding finding a suitable new tenant in these difficult financial times to re-rent the premises (as if the section 365(d)(4) deadline never existed) and for which a significant cure claim continues to accrue.  The Debtor continues to waste valuable Court time, Creditor time and otherwise bleeds the estate dry through duplicative motions like this one and needless "consulting fees," "professional fees," duplicative attorney fees, bonuses to the Debtors incompetent corporate principals and other fees.  This motion will result in an avalanche of administrative claims of creditor landlords.   The Debtor has consistently demonstrated no ability to file an adequate disclosure statement, plan or exit strategy.  The case should be dismissed.

9.      What is most worrisome is the fact that the Debtor's primary business is through its retail stores throughout the United States.   The Debtor's consistent representation to the Court, the creditor body and the DIP financiers is that its reorganization is based upon rejecting unprofitable stores and retaining profitable stores to reorganize as "RiteAid2.0".

10.     HVP is a landlord for one of the consolidated Debtor's retail stores.  The Debtor represented that the HVP store is profitable.  Instead, the Debtor's irrational approach to reorganization, has it "exiting" a lease  that is profitable and that it represented it would assume as part of the "RiteAid2.0" for its stated basis for reorganization.

11.     One of the consolidated Debtors is the tenant of 76 Vandenburgh Ave., Troy, NY which is a 14,578± sq.ft. stand alone block & steel frame drugstore w/drive-thru pharmacy, custom built for the Debtor, completed on or about early 2018.  The Debtor originally occupied a smaller space in a strip

mall adjacent to this site (not owned by HVP) but insisted that HVP take a $3.3M 20 year loan to build them a custom store for their unique operations. HVP and the Debtor entered into a lease dated April 24, 2017 which required HVP to construct the Debtor's custom built pharmacy. HVP relied on the Debtor's representations when it undertook the substantial loan and construction, that Debtor was solvent, that it would obey laws, not engage in acts which would subject it to civil, State and Federal Agency liability and conduct a lawful legitimate retail business. According to the lease the Debtor is responsible to keep and maintain repair and good condition the premises. The Debtor is also responsible to pay a proportionate share of the CAM charges. The Debtor pays directly to service providers for taxes, repairs & maintenance, and utilities. This new store is the only asset of HVP and the conjoined $3.3M 20 year loan is the only liability of HVP. The Debtor's lease payments allow for the payment of the loan. Rejecting the lease will result in a terrible hardship to HVP as it will not be able to pay the loan which the Debtor demanded HVP to undertake to build its store. The hardship is exacerbated by the fact that HVP declined offers the lease the premises when the Debtor represented it would assume the lease.

12. As a result of the Debtor's numerous representations (in its Notice to Assume, the Disclosure supplement and the Plan supplement and the confidentiality agreements) that it would assume the HVP lease, I also withdrew objections to the Debtor's Plan and Disclosure Statements. I relied on the Debtor's representations to my client's detriment. My client has suffered damages in the form of additional attorney fees in addition to numerous lost business opportunities for a replacement tenant as a result of the Debtor's fraudulent representations that it would assume the HVP lease. My client must be awarded its damages, attorney fees and the Debtor must honor its representations that it would assume the HVP lease and not "exit" the lease.

13. Prior to the instant motion, the Debtor represented it would only reject leases of under-performing stores. The present motion blatantly contradicts that representation to this Honorable Court. The fact that the Debtor filed its "Motion for Entry of an Order Authorizing and Approving

Procedures for Exiting Certain Leased Real Property" offers absolutely no business judgment basis whatsoever. The Debtor must show this Court that the stores it wishes to "exit" are under-performing. If the motion is granted, it actually may prevent the Debtor from having any exit strategy and confirming a plan as it represents in an alternate universe "RiteAid 2.0", because the listed stores are actually making money and not under-performing.

14.     Further, the HVP-Debtor lease requires the Debtor to give six months notice before termination of its lease. This bargained-for paragraph allows the Landlord time to replace a tenant. In the same sense Debtor wants TIME to reject more of its leases, the Landlord likewise needs TIME to replace its Tenant. Debtor must be obligated to the terms it agreed to in its amended lease and have its rejection date six months from the date this Court enters its order rejecting the lease, if at all.

15.     Debtor continues to occupy the HVP store and does a substantial business there. Debtor is not current in its post petition rent and is liable for CAM charges even though it continues to enjoy common area necessities to allow Debtor to continue its **profitable** business there.

16.     The Debtors' other several notices to assume other leases are now suspect. This motion calls into question whether it has assumed any of its leases, because notwithstanding the the few notices to assume the necessary leases, this motion wants to exit some of those very leases it represented it would assume. This is a fraud on the Court, the creditor body and the DIP financiers. The motion should be denied and the Debtor must adhere to its filed Notice to Assume Leases, the Disclosure supplement with assumed leases, the Plan supplement with assumed leases and the confidentiality agreements.

17.     In the event this Court allows the Debtor to breach its promises, any order must include language that those leases are rejected as of the date the Court grants the Debtor's motion to reject that specific lease and not retro-active to the date of the petition. The order should include language contained in the lease allowing six months from the date of the order to be effective. Further, the order must include language that there shall be no claim of any preference for payments made pre-petition or post-petition. Rejected Creditors should also be allowed to file or amend their proof of

claims to include pre and post petition amounts resulting from the breach of the lease and concomitant sums both administrative and unsecured amounts due.

18. Also troubling is the total absence of the Unsecured Creditor's Committee's (UCC) opposition to this motion. Clearly, the UCC provides ineffective assistance of counsel. The Lessors must be allowed to form their own committee and file their own plan of reorganization of this Debtor.

19. Alternatively, the Court should allow a creditors committee of landlords who can submit their own plan of reorganization to "to implement a comprehensive financial and operational restructuring that preserves as many stores and jobs as possible, a key component of which is the rationalization of the Debtors' retail pharmacy store footprint."

WHEREFORE it is respectfully requested Debtor's motion be denied and the case dismissed.

Dated: May 3, 2024      Law Office of Shmuel Klein PA
BY: /s/ Shmuel Klein
Shmuel Klein, Esq.
Attorney for HVP2 LLC