| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Edward O. Sassower, P.C.<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Aparna Yenamandra, P.C. (admitted *pro hac vice*)<br>Ross J. Fiedler (admitted *pro hac vice*)<br>Zachary R. Manning (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>esassower@kirkland.com<br>joshua.sussberg@kirkland.com<br>aparna.yenamandra@kirkland.com<br>ross.fiedler@kirkland.com<br>zach.manning@kirkland.com | **COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Seth Van Aalten, Esq. (admitted *pro hac vice*)<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br>svanaalten@coleschotz.com<br><br>*Co-Counsel to the Debtors and*<br>*Debtors in Possession* |
| *Co-Counsel to the Debtors and*<br>*Debtors in Possession* | |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>RITE AID CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-18993 (MBK)<br><br>(Jointly Administered) |

### NOTICE OF ASSUMPTION AND
### ASSIGNMENT OF CERTAIN UNEXPIRED LEASES

**PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 1 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

**PLEASE TAKE NOTICE** that on November 20, 2023, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors") (i) authorizing and approving procedures to reject, assume, or assume and assign executory contracts and unexpired leases and (ii) granting related relief [Docket No. 702] (the "Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Assumption Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that the Contracts set forth on **Schedule 1** attached hereto are hereby assumed and assigned, as applicable, effective as of the date (the "Assumption Date") set forth on **Schedule 1**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

**PLEASE TAKE FURTHER NOTICE** that on April 30, 2024, the Court entered the *Order (I) Approving the Debtors' Entry into the Sale Agreements, (II) Authorizing the Private Sale of Certain Real Property Pursuant to the Sale Agreements, Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief* [Docket No. 3288] and the *Order (I) Approving the Debtors' Entry into the Sale Agreements, (II) Authorizing the Private Sale of Certain Real Property Pursuant to the Sale Agreements, Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief* [Docket No. 3289] (together, the "Sale Orders") authorizing the Debtors, pursuant to section 363 of the Bankruptcy Code, to sell the properties related to the Contracts listed on **Schedule 1**.

**PLEASE TAKE FURTHER NOTICE** that each Assignee has the financial wherewithal to meet all future obligations under the applicable Contract, thereby demonstrating that such

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Assignee has the ability to comply with the requirements of adequate assurance of future performance. Evidence of such adequate assurance of future performance is included with this Assumption Notice.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed assumption or assumption and assignment of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is *actually received* by the following parties no later than ten days after the date that the Debtors filed and served this Notice: (a) the Debtors, Rite Aid Corporation, 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112; (b) counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Aparna Yenamandra, P.C., Ross J. Fiedler, and Zachary R. Manning; (c) co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street; Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Felice R. Yudkin, and Seth Van Aalten; (d) the applicable Assumption Counterparty; (e) counsel to the Ad Hoc Secured Noteholder Group, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 1001 Attn.: Andrew N. Rosenberg (arosenberg@paulweiss.com), Brian S. Hermann (bhermann@paulweiss.com) and Christopher Hopkins (chopkins@paulweiss.com); (f) counsel to the Ad Hoc Secured Noteholder Group, Fox Rothschild LLP, 49 Market Street, Morristown, New Jersey, 07960, Attn: Howard A. Cohen (hcohen@foxrothschild.com); Joseph J. DiPasquale (jdipasquale@foxrothschild.com) and Michael R. Herz (mherz@foxrothschild.com); (g) counsel to the DIP Agents, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: John F. Ventola (jventola@choate.com); Jonathan D. Marshall (jmarshall@choate.com); and Mark D. Silva (msilva@choate.com) and Greenberg Traurig, LLP, 500 Campus Drive, Suite 400, Florham Park,

New Jersey 07932, Attn: Alan J. Brody (brodya@gtlaw.com) and Oscar N. Pinkas (pinkaso@gtlaw.com) (h) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, suite 2100, Newark, New Jersey 07102, Attn: Jeffrey M. Sponder (jeffrey.m.sponder@usdoj.gov) and Lauren Bielskie (lauren.bielskie@usdoj.gov); (i) counsel to the Official Committee of Unsecured Creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Adam Rogoff (ARogoff@kramerlevin.com) and Nancy Bello (nbello@kramerlevin.com) and Kelley Drye & Warren LLP, One Jefferson Road, 2nd Floor, Parsippany, NJ 07054, Attn: Robert LeHane (rlehane@kelleydrye.com) and Connie Choe (cchoe@kelleydrye.com); (j) counsel to the Official Committee of Tort Claimants, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Arik Preis (apreis@akingump.com), Mitchell P. Hurley (mhurley@akingump.com), Kate Doorley (kdoorley@akingump.com), Theodore James Salwen (jsalwen@akingump.com), and Brooks Barker (bbarker@akingump.com); (k) Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., 457 Haddonfield Rd. #300, Cherry Hill, NJ 08002, Attn; Arthur J. Abramowitz (aabramowitz@shermansilverstein.com) and Ross Switkes (rswitkes@shermansilverstein.com); and (l) the applicable Assignee.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed the Debtors shall file an Assumption Order under a certificate of no objection. The Contracts shall be assumed and assigned as of the Assumption Date set forth on **Schedule 1** or such other date as the Debtors and the Assumption Counterparties agree and the proposed cure amount shall be binding

on all counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes.[3]

**PLEASE TAKE FURTHER NOTICE** that, the proposed cure amount under the Contracts are set forth on **Schedule 1**. If a written objection to the proposed cure amount is not timely filed, then the cure amount shall be binding on all parties and no amount in excess thereof shall be paid for cure purposes.

**PLEASE TAKE FURTHER NOTICE** that if an objection to the assumption and assignment of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates. Such Contract will only be deemed assumed and assigned upon entry by the Court of a consensual form of Assumption Order resolving the objection as between the objecting party and the Debtors or, if resolution is not reached and/or the objection is not withdrawn, upon further order of the Court and shall be assumed and assigned as of the applicable Assumption Date set forth in **Schedule 1** or such other date to which the applicable Assumption Counterparty agree, or as ordered by the Court.

---

[3] An objection to the assumption and/or assignment of any particular Contract or cure amount listed in this Assumption Notice shall not constitute an objection to the assumption and/or assignment of any other contract or lease listed in this Assumption Notice. Any objection to the assumption and/or assignment of any particular Contract or cure amount listed in this Assumption Notice must state with specificity the Contract to which it is directed. For each particular Contract whose assumption and/or assignment is not timely or properly objected to, such assumption and/or assignment will be effective in accordance with this Assumption Notice and the Procedures Order.

Dated: May 3, 2024

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:    msirota@coleschotz.com
           wusatine@coleschotz.com
           fyudkin@coleschotz.com
           svanaalten@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        esassower@kirkland.com
              joshua.sussberg@kirkland.com
              aparna.yenamandra@kirkland.com
              ross.fiedler@kirkland.com
              zach.manning@kirkland.com

*Co-Counsel to the Debtors and*
*Debtors in Possession*

## Schedule 1

**Assumed Contracts**

| Assumption Counterparty | Debtor Party | Store Number | Store Address | Description of Contract[1] | Cure Amount | Assumption Date | Assignee |
|---|---|---|---|---|---|---|---|
| Gracie Barra Meridian LLC | Thrifty Payless, Inc. | 5412 | 1600 North Main Street, Meridian, ID | Unexpired Lease | $0 | Closing Date under applicable Sale Order | Legacy Commercial Group LLC |
| Events Done Bright *aka* Northern Sky Lighting | Rite Aid of Pennsylvania, LLC | 866 | 501 South 29th Street, Suite A, Harrisburg, PA | Unexpired Lease | $0 | Closing Date under applicable Sale Order | Legacy Commercial Group LLC |
| Domino's Pizza #4860 - *aka* PB&J Pizza- *aka* Assignor: Capital Projects, Inc. | Rite Aid of Pennsylvania, LLC | 866 | 501 South 29th Street, Suite A, Harrisburg, PA | Unexpired Lease | $0 | Closing Date under applicable Sale Order | Legacy Commercial Group LLC |
| Lewis Brothers, Inc. | Rite Aid of Pennsylvania, LLC | 866 | 501 South 29th Street, Suite A, Harrisburg, PA | Unexpired Lease | $0 | Closing Date under applicable Sale Order | Legacy Commercial Group LLC |
| King of Kings Christian Church, Inc. | Maxi Drug, Inc. | 10205 | 824 Purchase Street, New Bedford, MA | Unexpired Lease | $0 | Closing Date under applicable Sale Order | Greater New Bedford Community Health Center, Inc. |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

| Assumption Counterparty | Debtor Party | Store Number | Store Address | Description of Contract[1] | Cure Amount | Assumption Date | Assignee |
|---|---|---|---|---|---|---|---|
| My City Nutrition, Inc. | Maxi Drug, Inc. | 10205 | 824 Purchase Street, New Bedford, MA | Unexpired Lease | $0 | Closing Date under applicable Sale Order | Greater New Bedford Community Health Center, Inc. |
| Backstage Dance Academy | Maxi Drug, Inc. | 10205 | 824 Purchase Street, New Bedford, MA | Unexpired Lease | $0 | Closing Date under applicable Sale Order | Greater New Bedford Community Health Center, Inc. |

# Exhibit 1

**Proposed Assumption Order**

Caption in Compliance with D.N.J. LBR 9004-1(b)

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| In re:<br><br>RITE AID CORPORATION, *et al.*,<br><br>　　　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 23-18993 (MBK)<br><br>(Jointly Administered) |

## ORDER APPROVING THE ASSUMPTION
## AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES

The relief set forth on the following pages, numbered three (3) through six (6), is **ORDERED.**

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
Ross J. Fiedler (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
esassower@kirkland.com
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com
ross.fiedler@kirkland.com
zach.manning@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

*Co-Counsel to the Debtors and Debtors in Possession*

(Page |3)
Debtors: RITE AID CORPORATION, *et al*.
Case No.: 23-18993-MBK
Caption of Order: Order Approving the Assumption and Assignment of Certain Unexpired Leases

Upon the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* (the "Procedures Order")[1] [Docket No. 702] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having jurisdiction over this matter and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served an Assumption Notice on each applicable party as set forth in the Assumption Schedule, attached hereto as **Exhibit 1**, in accordance with the terms of the Procedures Order; and no timely objections having been filed to the assumption or assumption and assignment of such Contracts; and due and proper notice of the Procedures Order and the Assumption Notice having been provided to each applicable Assumption Counterparty as set forth in the Assumption Schedule and it appearing that no other notice need be provided; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized to assume or assume and assign the Contracts listed on **Exhibit 1**. The Contracts, as amended with the prior consent and written agreement of the applicable Assumption Counterparty if applicable, are hereby deemed to be assumed or assumed and assigned by the Debtors pursuant to section 365(a) of the Bankruptcy Code.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Procedures Order.

(Page |4)
Debtors:            RITE AID CORPORATION, *et al*.
Case No.            23-18993-MBK
Caption of Order:   Order Approving the Assumption and Assignment of Certain Unexpired Leases

2. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of the Contracts listed on **Exhibit 1** shall: (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds of such assignment in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guarantees of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, transfer taxes, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s) (but only in connection with the assignment by the Debtor to the Assignee)); and (b) constitute a legal, valid, and effective transfer of such Contract(s) and vest the applicable Assignee with all rights, titles, and interests to the applicable Contract(s). For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

3. Subject to the other provisions of this Order, the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Assignee the applicable Contracts with any applicable Assignee being responsible only for the post-assignment liabilities or defaults under the applicable Contracts except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer any such Contract.

Case 23-18993-MBK    Doc 3336    Filed 05/03/24    Entered 05/03/24 20:52:41    Desc Main
Document    Page 14 of 18

(Page |5)
Debtors:         RITE AID CORPORATION, *et al*.
Case No.         23-18993-MBK
Caption of Order: Order Approving the Assumption and Assignment of Certain Unexpired Leases

4. The Assignees shall have no liability or obligation with respect to defaults relating to the applicable assigned Contracts arising, accruing, or relating to a period prior to the applicable Assumption Date except as otherwise agreed to between the Assignee and the Debtors.

5. The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments as set forth in the Assumption Notice.

6. The Debtors are authorized to execute and deliver all instruments and documents and take all additional actions necessary to effectuate the relief granted in this Order and the assumption without further order from this Court.

7. For the avoidance of doubt, with respect to an unexpired lease of nonresidential real property, such lease assumption or assumption and assignment shall not be free and clear of, and instead shall be subject to: (a) amounts that are unbilled or not yet due as of the Assumption Date, regardless of when such amounts accrued, such as common area maintenance, insurance, taxes, and similar charges; (b) any regular or periodic adjustment or reconciliation of charges that are not due or have not been determined as of the Assumption Date; (c) any percentage rent that may come due; (d) indemnification obligations; (e) any unpaid cure amount, calculated in accordance with the terms of any applicable amendment or other agreement of the Parties; and (f) agreements that run with the land such as REAs and COREAs; *provided, however*, that Assignee shall not be responsible for any indemnification obligations in connection with actions or omissions of the Debtor that occurred prior to the Closing Date.

8. The 14-day stay required of any assignment of any Contract pursuant to Bankruptcy Rule 6006(d) is hereby waived.

9. To the extent that there is any conflict between this Order and either the *Order*

(Page |6)

| | |
|---|---|
| Debtors: | RITE AID CORPORATION, *et al*. |
| Case No. | 23-18993-MBK |
| Caption of Order: | Order Approving the Assumption and Assignment of Certain Unexpired Leases |

*(I) Approving the Debtors' Entry into the Sale Agreements, (II) Authorizing the Private Sale of Certain Real Property Pursuant to the Sale Agreements, Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief* [Docket No. 3288] or the *Order (I) Approving the Debtors' Entry into the Sale Agreements, (II) Authorizing the Private Sale of Certain Real Property Pursuant to the Sale Agreements, Free and Clear of All Liens, Claims, Encumbrances, and Interests, and (III) Granting Related Relief* [Docket No. 3289] (each, a "Sale Order"), the applicable Sale Order shall control.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit 1</u>**

**Assumption Schedule**

**Assumed Contracts**

| Assumption Counterparty | Debtor Party | Store Number | Store Address | Description of Contract[1] | Cure Amount | Assumption Date | Assignee |
|---|---|---|---|---|---|---|---|
| Gracie Barra Meridian LLC | Thrifty Payless, Inc. | 5412 | 1600 North Main Street, Meridian, ID | Unexpired Lease | $0 | Closing Date under applicable Sale Order | Legacy Commercial Group LLC |
| Events Done Bright *aka* Northern Sky Lighting | Rite Aid of Pennsylvania, LLC | 866 | 501 South 29th Street, Suite A, Harrisburg, PA | Unexpired Lease | $0 | Closing Date under applicable Sale Order | Legacy Commercial Group LLC |
| Domino's Pizza #4860 - *aka* PB&J Pizza- *aka* Assignor: Capital Projects, Inc. | Rite Aid of Pennsylvania, LLC | 866 | 501 South 29th Street, Suite A, Harrisburg, PA | Unexpired Lease | $0 | Closing Date under applicable Sale Order | Legacy Commercial Group LLC |
| Lewis Brothers, Inc. | Rite Aid of Pennsylvania, LLC | 866 | 501 South 29th Street, Suite A, Harrisburg, PA | Unexpired Lease | $0 | Closing Date under applicable Sale Order | Legacy Commercial Group LLC |
| King of Kings Christian Church, Inc. | Maxi Drug, Inc. | 10205 | 824 Purchase Street, New Bedford, MA | Unexpired Lease | $0 | Closing Date under applicable Sale Order | Greater New Bedford Community Health Center, Inc. |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

| Assumption Counterparty | Debtor Party | Store Number | Store Address | Description of Contract[1] | Cure Amount | Assumption Date | Assignee |
|---|---|---|---|---|---|---|---|
| My City Nutrition, Inc. | Maxi Drug, Inc. | 10205 | 824 Purchase Street, New Bedford, MA | Unexpired Lease | $0 | Closing Date under applicable Sale Order | Greater New Bedford Community Health Center, Inc. |
| Backstage Dance Academy | Maxi Drug, Inc. | 10205 | 824 Purchase Street, New Bedford, MA | Unexpired Lease | $0 | Closing Date under applicable Sale Order | Greater New Bedford Community Health Center, Inc. |