UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**Order Filed on September 10, 2024**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| | | |
|---|---|---|
| In Re: Rite Aid Corporation | Case No.: | 23-18993 |
| | Adv. No.: | |
| | Hearing Date: | |
| | Judge: | Michael B. Kaplan |

**STIPULATION AND CONSENT ORDER CONCERNING LIMITED RELIEF FROM THE AUTOMATIC STAY**

The relief set forth on the following page is hereby **ORDERED**.

**DATED: September 10, 2024**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

FORMAN HOLT
365 West Passaic Street, Suite 400
Rochelle Park, NJ 07662
Telephone: (201) 845-1000
Attorneys for Creditor
Jordan B. DeFlora
jdeflora@formanlaw.com

| | |
|---|---|
| In re:<br><br>RITE AID CORPORATION, *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 23-18993 (MBK)<br><br>Judge: Michael B. Kaplan |

**STIPULATION AND CONSENT ORDER CONCERNING LIMITED RELIEF FROM THE AUTOMATIC STAY**

**WHEREAS,** on October 15, 2023 (the "Petition Date"). Debtors, including Rite Aid Corporation ("Rite Aid"), commenced a voluntary case under Chapter 11;

**WHEREAS,** Creditor, Peggy J. Clark ("Clark") alleges that she has sustained personal injuries from the negligence of Rite Aid;

**WHEREAS,** Rite Aid has been named a party Defendant in *Clark v. Eckerd Corporation d/b/a/ Rite Aid, et al.*, filed in 2022 in the Virginia Beach Circuit Court, Case No. CL22000454-00 (the "Litigation");

**WHEREAS,** the claim held by Clark is currently contingent, unliquidated and/or disputed;

**WHEREAS,** in light of the Court's previous rulings and after discussions with counsel for the Debtors, Clark has agreed to pursue her claim against Rite Aid as part of the Bankruptcy, and she now seeks limited relief from the automatic stay to pursue her claim solely against (i) non-Debtor codefendants in the Litigation, who are not entitled to indemnification or insurance from the Debtors, and (ii) insurance carriers for the non-Debtor codefendants in the Litigation; and

**WHEREAS,** the Debtors have determined that this Stipulation and Consent Order resolving the issues which may be raised in any motion for relief from the automatic stay is in the best interest of the Debtors' estates.

NOW THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION THE PARTIES HERETO ACKNOWLEDGE RECEIVING, IT IS HEREBY STIPULATION, AGREED AND UPON ENTRY BY THE COURT, IT IS ORDERED AS FOLLOWS:

1. The automatic stay shall be deemed modified such that Clark may proceed with the Litigation against all non-debtor defendants.

2. The automatic stay shall otherwise remain in place for all other purposes as to the Litigation. For the avoidance of doubt, no parties to the Litigation shall seek discovery from the Debtors without first seeking modification of the automatic stay.

3. The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation.

4. Each of the Parties further acknowledges that it has been fully advised with respect to its rights and obligations under this Stipulation by counsel of its own choosing.

5. Nothing in this Stipulation or the relief sought herein shall constitute or be deemed:

(a) an allowance of any claim; (b) a release of any claim of Clark against the Debtors, including but not limited to Rite Aid, and Clark may pursue any and all claims including but not limited to filing a proof of claim in the captioned proceedings; (c) an admission as to the amount of, or basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (d) a waiver of the Debtors' the Official Committee of Tort Claimants', or the Official Committee of Unsecured Creditors' right to dispute any claim on any grounds; (e) a promise or requirement to pay any claim; or (f) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law.

6. No modification, amendment, or waiver of any of the terms or provisions of this Stipulation shall bind any Party unless such modification, amendment or waive is in writing, has been approved by the Court, and has been executed by a duly authorized representative of the Party against whom such modification, amendment or waiver is sought to be enforced.

7. This Stipulation may be executed in one or more counterparts.

8. No statement made or action taken in the negotiation of this Stipulation may be used by any Party for any purpose whatsoever.

[SIGNATURES TO FOLLOW ON NEXT PAGE]

RUTTER MILLS LLP
Attorneys for Peggy J. Clark

By: */s/ Adam H. Lotkin*
Adam H. Lotkin

By: */s/ Michael D. Sirota*

COLE SCHOTZ, P.C.
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Seth Van Aalten, Esq. (*pro hac vice)*
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email: msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
svanaalten@coleschotz.com

KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. *(pro hac vice)*
Aparna Yenamandra, P.C. *(pro hac vice)*
Ross J. Fiedler *(pro hac vice)*
Zachary R. Manning *(pro hac vice)*
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
*Co-Counsel for Debtors and*
*Debtors in Possession*