

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**U.S. COURTHOUSE**
**402 E. STATE STREET**
**TRENTON, NEW JERSEY 08608**

**Hon. Michael B. Kaplan**                                                          609-858-9360
**Chief Judge, United States Bankruptcy Court**

October 24, 2024

*All Counsel of Record*

        Re:    In re Rite Aid Corp., et al.
                  Case No.: 23-18993

Dear Counsel:

Presently before the Court is a Motion for Payment of Administrative Claims ("Motion") (ECF No. 4843) filed by ACV RAD Toledo, LLC ("Landlord"). The Landlord seeks an order compelling payment of Landlord's administrative claims pursuant to a commercial lease. Rite Aid ("Debtor") opposes the Motion (ECF No. 5215). The Court has fully considered the parties' submissions, as well as the argument set forth on the record during the October 15, 2024, hearing. For the reasons set forth below, Landlord's Motion will be **DENIED**.

**I.**    **Jurisdiction**

The Court has jurisdiction over this contested matter under 28 U.S.C. §§1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court. This matter is a core

proceeding within the meaning of 28 U.S.C. §157(b)(2)(A), (B)& (O). Venue is proper in this Court pursuant to 28 U.S.C. §1408.

**Background**

Debtor and Landlord are counterparties to an unexpired pre-petition lease (the "Lease") for real property located at 7225 Airport Highway, Holland, Ohio 43528 (the "Property"). The Lease was amended by agreement and effective April 23, 2024. Pursuant to the amended Lease: (i) beginning on the date the Debtor assumed the Lease and ending on December 31, 2028, the Debtor is obligated to pay rent, percentage rent, common area maintenance charges, taxes, insurance premiums, and all other additional rent payable under the Lease in the amount of $416,146.00 per annum and (ii) beginning on January 1, 2029 and ending on December 31, 2033, the Debtor is obligated to pay Base Rent in the amount of $457,761.00 per annum. On May 13, 2024, the Debtors filed and served a Third Amended Plan Supplement for the Plan (ECF No. 3420) which included a Schedule of Assumed Executory Contracts and Unexpired Leases (the "**Assumption Schedule**") scheduling the Lease for assumption. Landlord contends the Debtor assumed the Lease upon filing the Assumption Schedule, and, thereafter, rejected the lease on August 13, 2024 (the **"Rejection Notice"**), giving rise to an administrative expense claim pursuant to 11 U.S.C. § 365(g) and/or 11 U.S.C. § 503(b). The Debtor objects, stating Landlord incorrectly believes that the assumption occurred when the Debtors listed Landlord on the Schedule of Assumed Executory Contracts and Unexpired Leases (ECF No. 3420). For the reasons set forth below, the Court finds that Landlord's claim for administrative expenses does not fulfill the requirement of formal assumption under § 365 and lacks the necessary foundation under § 503(b).

## II. Discussion

Section 365(a) of the Bankruptcy Code affords a debtor-in-possession ("DIP") the ability to reject (or assume) any executory contract or unexpired lease of the debtor, thus providing the DIP with an opportunity to determine which of the prepetition contracts and leases are beneficial to the estate and which should be assumed or rejected. *See. e.g. In re LRP Mushrooms, Inc.*, No. 09-18529, 2010 WL 2772510 (Bankr. E.D. Pa. 2010). The decision to reject or assume must be made within sixty days of the filing of the bankruptcy petition, unless the court grants additional time, or it is automatically deemed rejected. *Id.*; *see also* 11 U.S.C. § 365(d)(4). This notification is significant, yet it is not sufficient for the formal assumption of an any executory contract or unexpired lease of the debtor. The actual assumption of the lease depends on court approval. *In re 1 Potato 2, Inc.*, 182 B.R. 540,543 (Bankr. D. Minn. 1995). This approval influences how any administrative claims are treated. Without the court's approval, the ability to claim administrative expenses under § 503(b) becomes limited.

In its Motion, Landlord cites 11 U.S.C. §365, which imposes a decision deadline with respect to the assumption or rejection of unexpired commercial real estate lease. The Landlord correctly identifies that Debtor was obligated to notify the court of its decision regarding the Lease within the deadline set by § 365(d)(4). However, it is important to clarify that §365, contemplates two distinct actions: the DIP decides whether to assume or reject, and the court must then approve that decision. The distinction is critical because, without court approval, formal assumption remains incomplete. *See*, *e.g.*, *In re 1 Potato 2, Inc.*, 182 B.R. at 543, (holding rejection of lease is not effective until court approves rejection).

Here, Debtor's filing of the Assumption Schedule constitutes timely notice, indicating Debtor's intention to assume the Lease. Section 365(d)(4) requires only that the debtor provide

notice of its assumption or rejection decision within the allotted time period. By filing and serving the Assumption Schedule, Debtor timely notified Landlord of the Debtors' decision to assume the Lease, thereby satisfying section § 365(d)(4). However, Landlord mistakenly conflates the filing of the Assumption Schedule with the formal assumption of an unexpired lease, claiming that "by filing and serving the Assumption Schedule, Debtor provided notice of their decision to assume the lease". *See Motion*, (ECF No. 4843). This misinterpretation blurs the difference between simply providing notice of an intention to assume a lease and the formal act of assuming the lease itself. The Court again emphasizes the distinction is crucial because it negates Landlord's argument that the filing of the Assumption Schedule constitutes a formal assumption of the lease. This Court never evaluated whether assumption of the Lease benefited the Bankruptcy estate or whether Debtor appropriately exercised its business judgement in so doing. As a result, it was deemed rejected, and Landlord is entitled only to an unsecured claim for rejection damages, consistent with § 502(b).

The Landlord further states to the extent it is not entitled to the administrative expenses claim pursuant to § 365(g)(2)(a), Landlord is entitled to an administrative expense claim under 11 U.S.C. § 503(b). Section 503(b)(7) classifies certain debts incurred under a nonresidential lease that have been assumed and subsequently rejected as administrative expenses; however, it is important to note that the Lease in question was never assumed as required by § 365(a). Therefore, Landlord's claims regarding the assumption of the Lease and entitlement to administrative expenses under § 503(b) are without merit, as, once again Debtor's notice of assumption does not equate to the formal act of assumption as required by § 365(a).

For the foregoing reasons, Landlord's Motion for Payment of Administrative Claims (ECF No. 4843) is **DENIED**. The Court will enter an appropriate Order.