NOT FOR PUBLICATION

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY **Caption in Compliance with D.N.J. LBR 9004-1(b)** In Re:       Rite Aid Corp.,               Debtors | Case No. 23-18993 (MBK) Hearing Date: October 30, 2024 Chapter 11 Judge: Michael B. Kaplan |

### MEMORANDUM OPINION

This matter comes before the Court on a Motion to Compel Rejection of Unexpired Real Estate Lease (the "Motion", ECF No. 4517) filed by Fair Oaks, LLC ("Fair Oaks"). Debtor Rite Aid Corporation and its affiliates (collectively, the "Reorganized Debtors" or "Debtors") oppose the Motion. The Court has fully considered the parties' submissions as well as the arguments raised during the hearing on October 30, 2024. For the reasons set forth below, the Court determines that the lease in question is not deemed rejected because the Debtors properly assumed the lease prior to the statutory deadline. Accordingly, Fair Oaks' Motion is DENIED.

    **I.**    **Jurisdiction**

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court. The claims review process is a statutory core proceeding and this Court has constitutional authority to enter a final

order. 28 U.S.C. § 157(b)(2)(A) & (M). Venue is proper in this Court pursuant to 28 U.S.C. §1408. The following constitutes the Court's finding of fact pursuant to FED. R. BANKR. P. 7052.[1]

## II. Background and Procedural History

The Debtors and Fair Oaks are counterparties to an unexpired pre-petition lease (the "Lease") for real property located at 2150 Roosevelt Avenue, Redwood City, California (the "Property"). Prior to the filing of the Bankruptcy Petitions, Debtors provided notice to Fair Oaks of its desire to extend and renew the lease for a second five-year extension period beginning November 3, 2023. In October 2023, however, Debtors filed for bankruptcy, which triggered 11 U.S.C. § 365(d)(4) and created a deadline by which Debtors had to assume or reject unexpired leases of non-residential property. On December 20, 2023, this Court entered an Order (ECF No. 1132) extending the time for the Debtors to assume or reject under § 365(d)(4) up to and including May 13, 2024 (the "Assumption Deadline").

On February 26, 2024, Debtors collectively issued a Notice of Assumption of Certain Unexpired Leases (ECF No. 2073) and attached as an Exhibit a list of locations and leases that Debtors intended to assume—including the Property and the Lease presently at issue. Fair Oaks filed an objection to the assumption of its lease agreement (ECF No. 2276), arguing that Debtors were in non-monetary default of its lease for failing to maintain the required level of Fire and Hazard Insurance as stipulated in the Lease. Thereafter, on March 6, 2024, the Court entered an Order (ECF No. 2279) confirming Debtors were permitted and required to vacate any lease not assumed by May 13, 2024. Shortly after, Debtors filed a Draft Schedule of Assumed Leases and Unexpired Leases to its Plan Supplement to its Second Amended Joint Chapter 11 Plan (ECF No.

---

[1] To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

2675). Fair Oaks' Lease was again included on the list of desired assumed leases. Subsequently, Debtors filed notices and/or motions relating to its deadlines for rejection and creditors' deadlines for the filing of objections to either assumption or assumption and assignment (ECF Nos. 2733, 3089). Nevertheless, the parties do not dispute—and the Court agrees—that the Assumption Deadline remained May 13, 2024.

On that date—prior to the expiration of the Assumption Deadline—the Debtors filed their Third Amended Plan Supplement (ECF No. 3420) and attached a Schedule of Assumed Executory Contracts and Unexpired Leases (the "Assumption Schedule") that again identified the Fair Oaks Lease as one of the leases Debtors decided to assume. However, Debtors undisputably did not file a formal motion to either extend the Assumption Deadline or to assume the Lease.

In the Motion Fair Oaks contends that Debtors' failure to file a motion to extend the Assumption Deadline means that the § 365(d)(4) deadline passed, and the Lease is deemed rejected. In contrast, the Debtors argue that they took the required action and timely satisfied the § 365(d)(4) deadline by filing the Assumption Schedule prior to the expiration of the Assumption Deadline.

### III. Analysis

The issue presently before the Court hinges on an interpretation of 11 U.S.C. § 365(d), which addresses a debtor-in-possession's ability to assume or reject certain leases. Subdivision (d)(4) establishes a deadline by which a lease must be assumed—otherwise, it is deemed rejected. That provision states—in relevant part—that

> an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected . . . if the trustee does not assume or reject the unexpired lease . . . by the earlier of--
>
> (i) the date that is 120 days after the date of the order for relief; or

(ii) the date of the entry of an order confirming a plan.

11 U.S.C. § 365(d)(4)(A). The following subsection—§ 365(d)(4)(B)—provides a mechanism by which the Court may extend the deadlines in § 365(d)(4)(A).

Here, it is undisputed that the deadline for the Debtors to assume the Lease was May 13, 2024 (the "Assumption Deadline"). Fair Oaks contends that Debtors failed to either timely assume the Lease or extend the deadline consistent with the statue, and Fair Oaks posits that the Lease is deemed rejected. In opposition, the Reorganized Debtors assert that they met the Assumption Deadline by filing and serving the Assumption Schedule on that date, which provided Fair Oaks with notice of their decision to assume the Lease. The Court agrees with Debtors.

Fair Oaks' argument is two-fold. First, it asserts that Debtors failed to file a motion to extend the Assumption Deadline. In their view, the established deadline "came and passed and under the Bankruptcy Code . . . [the Lease] was and is deemed rejected effective May 13, 2024 requiring the Debtor to have vacated the premises by May 31, 2024." *Cert. of Counsel in Support of Fair Oaks' Motion* ¶ 33, ECF No. 4517-1. Next, Fair Oaks argues that no authority exists to support the notion that "a notice in lieu of a motion may be filed to extend the statutory deadline." *Id.* at ¶ 37. Fair Oaks further expands this argument and maintains that because Debtors filed only a "notice" of assumption (via the Assumption Schedule)—and not a formal "motion" to assume the Lease—Debtors failed to comply with the requirements of the Code and the Lease must be deemed rejected.

As an initial matter, the Court agrees with Fair Oaks that—in order to extend the Assumption Deadline—Debtors were obligated to file a formal motion. This conclusion is mandated by the express language of the Code. *See* 11 U.S.C. § 365(d)(4)(B) (stating that the court may extend the deadline, prior to its expiration "on the **motion** of the trustee") (emphasis added). Debtors here unquestionably did not seek an extension, and the Assumption Deadline remained

May 13, 2024.  However, as indicated during the hearing on October 30, 2024, Debtors' failure to seek an extension does not resolve the inquiry.  Rather, the question for this Court is whether Debtors complied with the statute and assumed the Lease prior to the Assumption Deadline by filing and serving the Assumption Schedule.  For the reasons that follow, the Court answers that question in the affirmative.

As Fair Oaks concedes, the "purpose of Section 365(d)(4) is to provide a landlord with certainty about the fate of its property[.]" *Cert. of Counsel in Support of Fair Oaks' Motion* ¶ 43, ECF No. 4517-1 (discussing *In re Sears Holdings Corp.*, 661 B.R. 298, 318 (S.D.N.Y. 2024)). Nevertheless, Fair Oaks maintains that Debtors must file a formal motion in order to provide that certainty.  This Court does not share that view.  Indeed, many of the cases cited by Debtors involve situations wherein the debtor-in-possession filed a formal motion to assume, which the reviewing court deemed sufficient to satisfy the requirements of § 365. *See, e.g.*, *In re Sears Holdings Corp.*, 661 B.R. at 318 ("Filing a motion to assume a lease is sufficient to satisfy the § 365(d)(4) deadline.") (collecting cases).  However, none of those cases stand for the proposition that the filing of a motion is the *only* way to effectuate assumption under § 365(d)(4).  Relying on the statutory language, its purpose, and persuasive case law, this Court determines that the deadline under § 365(d)(4) is met when a trustee or debtor in possession timely communicates a clear intention to assume.[2]

---

[2] Fair Oaks does not suggest that *Court approval* of assumption or rejection is required prior to the § 365(d)(4) deadline for the assumption or rejection to be timely; therefore, the Court will not address this argument in detail. For purposes of clarity, however, this Court agrees with the well-reasoned analyses of those courts that have concluded that it is the trustee's act of assumption—not a court's approval of same—that must be undertaken prior to the § 365(d)(4) deadline in order to be timely under the statute. *See, e.g.*, *In re Victoria Station, Inc.*, 840 F.2d 682, 684 (9th Cir. 1988); *In re Sears Holdings Corp.*, 661 B.R. 298, 318 (S.D.N.Y. 2024) (collecting cases); *In re Flying Star Cafes, Inc.*, 2016 WL 8115494, at *4 (Bankr. D.N.M. Dec. 23, 2016); *In re Simbaki, Ltd.*, 520 B.R. 241, 246 (Bankr. S.D. Tex. 2014).

First, the statute does not explicitly require the filing of a motion. Instead, it provides simply that a lease is deemed rejected "if the trustee does not assume or reject the unexpired lease" by the deadline. 11 U.S.C. § 365(d)(4)(A). If this Court were to equate the action of assumption with the filing of a motion to assume, it would effectively add words into the statute that are not there—essentially replacing the word "assume" with the phrase "file a motion to assume." This is an impermissible and unnecessary interpretation of the statute. *See Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54, 112 S. Ct. 1146, 117 L.Ed.2d 391 (1992) ("[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there."); *see also In re Philadelphia Newspapers, LLC*, 599 F.3d 298, 304 (3d Cir. 2010), as amended (May 7, 2010) ("It is the cardinal canon of statutory interpretation that a court must begin with the statutory language.").

Moreover, as other courts addressing this issue have noted, the word "assume" appears in other subsections of § 365. For example, subsection (a) provides—in relevant part—that "the trustee, *subject to the court's approval*, may *assume* or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a) (emphasis added). If—as Fair Oaks suggests—the word "assume" in § 365 means "file a motion to assume," then subsection (a) translates to the following: "the trustee, *subject to the court's approval*, may *file a motion to assume* or reject any executory contract or unexpired lease of the debtor." As one bankruptcy court observed, "[r]equiring court approval of the filing of a motion is silly." *In re Casual Male Corp.*, 120 B.R. 256, 260 (Bankr. D. Mass. 1990). This Court agrees. "Nothing in subsection (d)(4) forces such a torturing of the statute." *Id.*

This Court additionally notes that, to the extent Congress intended to require a motion to effectuate assumption under § 365, it could have done so. Notably, a motion *is* required to obtain

an extension of the deadline in § 365(d)(4). As discussed, Congress expressly stated that the court may extend the deadline "on the **motion** of the trustee[.]" 11 U.S.C. § 365(d)(4)(B) (emphasis added). The fact that a motion requirement is included in one subsection but excluded in another indicates that the exclusion was intentional. This Court will not infer that Congress implied language that is absent, and Supreme Court guidance suggests that this Court cannot do so. *See Jama v. Immigration and Customs Enforcement*, 543 U.S. 335, 341, 125 S. Ct. 694, 160 L.Ed.2d 708 (2005) ("We do not lightly assume that Congress has omitted from its adopted text requirements that it nonetheless intends to apply, and our reluctance is even greater when Congress has shown elsewhere in the same statute that it knows how to make such a requirement manifest.").

Having determined that the statutory language is clear an unambiguous, this Court need not go further. *See In re Philadelphia Newspapers, LLC*, 599 F.3d at 304 ("Where the statutory language is unambiguous, the court should not consider statutory purpose or legislative history.") (citations omitted). Nevertheless, this Court points out that its ruling is consistent with the underlying purpose of § 365(d)(4), which is to provide a deadline by which a trustee or debtor-in-possession must take action. *See In re Channel Home Centers, Inc.*, 989 F.2d 682, 687 (3d Cir. 1993) (stating that the "evident purpose of § 365(d)(4) [is] to prevent trustees from taking too much time in deciding whether to assume unexpired nonresidential leases"); *In re Sears Holdings Corp.*, 661 B.R. at 318 ("The purpose of § 365(d)(4) is to provide the landlord with certainty about the fate of its property[.]"). This purpose is served when a trustee or debtor-in-possession "makes up his mind to [assume or reject] and communicates his decision in an appropriate manner[.]" *In re Fosko Markets, Inc.*, 74 B.R. 384, 387-88 (Bankr. S.D.N.Y. 1987) (quoting *In re By-Rite Distrib., Inc.*, 55 B.R. 740, 753 and collecting cases). While case law suggests that this communication can be made through a motion, neither the statutory text nor binding precedent

requires it to be done that way. *See* 11 U.S.C. § 365(d)(4); *see also, e.g. In re Treasure Isles HC, Inc.*, 462 B.R. 645, 650 (B.A.P. 6th Cir. 2011) ("Congress does not specify the manner in which the trustee is to announce the decision, although case law consistently holds that the **mere filing** of a motion to assume is sufficient.") (emphasis added); *In re By-Rite Distrib., Inc.*, 55 B.R. at 753 (stating that "once the landlord knows what the debtor-tenant intends to do with the lease, it has received all the protection to which the Code entitles it").

Accordingly, this Court finds that the filing of a motion is not a prerequisite to assumption under § 365. Rather, the Court holds that a trustee or debtor-in-possession may "assume" a lease under § 365 by any mechanism that clearly and unequivocally expresses an intention to assume. *See, e.g.*, *In re Rite Aid Corp., et al.* 2024 WL 4579158, at *2 (Bankr. D.N.J. Oct. 24, 2024) ("By filing and serving the Assumption Schedule, Debtor[s] timely notified Landlord of the Debtors' decision to assume the Lease, thereby satisfying section § 365(d)(4)."); *In re Buffets Restaurants Holdings, Inc.*, 2010 WL 11828322, at *1 (Bankr. D. Del. June 8, 2010) (specifying procedures and allowing filing and service of "a written notice . . . of the Debtors' intent to assume" leases to satisfy assumption under § 365); *In re Fosko Markets, Inc.*, 74 B.R. at 388 (collecting cases holding that "any unequivocal act manifesting an intention to assume is sufficient to constitute an assumption"); *In re Casual Male Corp.*, 120 B.R. 256; *In re By-Rite Distrib., Inc.*, 55 B.R. at 742 ("The court concludes that the trustee assumes or rejects the lease within the meaning of section 365(d)(4) when he makes up his mind to do so and communicates his decision in an appropriate manner, **such as** by filing a motion to assume.") (emphasis added).

Here, Debtors filed the Assumption Notice by the Assumption Deadline. The Assumption Notice clearly and unequivocally expressed to Fair Oaks the Debtors' intention to assume the Lease, thus satisfying the statutory requirements.

IV.     Conclusion

For the foregoing reasons, this Court finds that Debtors complied with the statute and assumed the Lease under § 365 before the Assumption Deadline expired. In as much as the Lease is not deemed rejected under § 365(d)(4)(A), Fair Oaks' motion fails. Debtors are directed to submit an Order consistent with this ruling.

Dated: November 6, 2024

*Honorable Michael B. Kaplan*
United States Bankruptcy Judge