**TRENK ISABEL SIDDIQI
& SHAHDANIAN P.C.**
Richard D. Trenk, Esq.
Robert S. Roglieri, Esq.
Stephen M. Gengaro, Esq.
290 W. Mr. Pleasant Ave., Suite 2370 Livingston, New Jersey 07039
Telephone: (973) 533-1000
Email: rtrenk@trenkisabel.law
Email: rroglieri@trenkisabel.law
Email: sgengaro@trenkisabel.law

*Counsel to Creditor,*
*CRG FINANCIAL LLC.*

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Inre:<br><br>RITE AID CORPORATION, *et al.*,<br><br>Debtor. | Chapter 11<br><br>Case No. 23-18993 (MBK) |

### BRIEF IN SUPPORT OF MOTION OF CRG FINANCIAL LLC
### FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS

CRG Financial LLC ("CRG"), by its undersigned counsel, Trenk Isabel Siddiqi & Shahdanian P.C., files this brief in support of its *Motion for Allowance and Payment of Administrative Expense Claims* (the "Motion"). In support of the Motion, CRG respectfully represents as follows:

### PRELIMINARY STATEMENT

1. By this Motion, CRG seeks an order compelling and ordering payment by Rite Aid Corporation or its affiliated entities (collectively, the "Debtors") of administrative expense obligations arising from (i) goods delivered to the Debtors in the 20 days prior to the Petition

Date (the "503(b)(9) Goods"), and (ii) goods delivered to the Debtors post-petition (the "Post-Petition Goods" and, together with the 503(b)(9) Goods, the "Administrative Goods").

2. To date, the Debtors have failed to make payments to CRG with respect to the Administrative Goods in the aggregate amount of $96,346.60. Despite numerous requests for payment, the Debtors have failed to fulfill their obligations under the Bankruptcy Code and the Plan (as defined below) to make payments for the Admin Goods. The Debtors should be compelled to make immediate payment to CRG.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1409. The statutory basis for the relief is 11 U.S.C. § 503(b).

## BACKGROUND

4. On October 15, 2023 (the "Petition Date"), the Debtors each filed petitions for relief under Chapter 11 of the Bankruptcy Code. [ECF 1]. On October 17, 2023, this Court entered an Order directing the joint administration of Debtors' Chapter 11 cases. [ECF 92].

5. The Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

6. Prior to or after the Petition Date, the Debtors received the Administrative Goods from the following trade vendors (the "Original Creditors"), with respect to which the Original

2

Creditors were owed the following amounts, whose debt have been asserted pursuant to proofs of claim assigned the following claim numbers (the "Claims"):

| Original Creditors | Total Administrative Amount Owed | POC No's |
|---|---|---|
| All Pop Displays LLC | $31,840 | 7992, 8444 |
| Blue Orange Games | $34,188 | 7532, 7625, 7651, 7987, 7988, 7989, 8052, 8164, 8428, 8440 |
| Conifer Specialties Inc. dba Conifer Fair Scones | $2,436.36 | 2732 |
| Cuesta Springs Ice Company fka Glacier Ice Co. | $2,342.28 | 285 |
| Omnis Health | $12,000 | 35 |
| Scripture Candy Inc. | $13,539.96 | 6723 |
| TOTAL: | **$96,346.60** | |

7. CRG has acquired the Claims (solely with respect to the Administrative Expense portions) and has transferred the Claims on the Court's docket pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure. [ECF 4780-4783, 4789-4790, 4803-4811].

8. As of the date of this Motion, no payments have been made to CRG related to the Claims.

9. Numerous requests and demands for payment have been made but nothing has been forthcoming.

## LEGAL ARGUMENT

10. Section 503(b)(1) of the Bankruptcy Code provides an administrative priority for claims incurred for "the actual, necessary costs and expenses of preserving the estate ... " 11 U.S.C. § 507(b)(l)(A). Further, Section 503(b)(9) provides an administrative priority for claims incurred with respect to "the value of any goods received by the debtor within 20 days before the

3

date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 507(b)(9). Section 507(a) of the Bankruptcy Code provides that administrative expense claims allowed under § 503(b) of the Bankruptcy Code have first priority. 11 U.S.C. § 507(a)(1).

11. The Claims were incurred by each of the Original Creditors with respect to (i) goods delivered to the Debtors either within the 20 days prior to the Petition Date, or (ii) after the Petition Date in the ordinary course of the Debtor's business. Either way, they were an actual, necessary costs of preserving the estate and, pursuant to section 503(a)(1), the Claims are entitled to Administrative Expense priority. The Court should enter an order allowing the Claims as Administrative Claims and compelling payment of same.

**WHEREFORE**, CRG respectfully requests that this Court enter an Order: (i) allowing the Claims as an aggregated administrative claim against the Debtors in the amount of $96,346.60; (ii) compelling payment of such administrative claim; and (iii) granting such other and further relief as the Court deems appropriate.

                        **TRENK ISABEL SIDDIQI
                        & SHAHDANIAN P.C.**
                        *Attorneys for Creditor CRG Financial LLC*

                    By:      /s/ Richard D. Trenk
                            RICHARD D. TRENK

Dated: February 4, 2025