| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** | |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)* <br><br> WHITE AND WILLIAMS LLP <br> James C. Vandermark, Esq. <br> Jeremiah J. Vandermark, Esq. <br> 810 Seventh Ave, Suite 500 <br> New York, NY 10019 <br> Telephone: (212) 244-9500 <br> vandermarkj@whiteandwilliams.com <br> vandermarkjj@whiteandwilliams.com <br><br> *Attorneys for Google LLC* | |
| In re: <br><br> Rite Aid Corporation *et al.*,[1] <br><br>                      Debtors. | Chapter 11 <br> Case No. 23-18993 (MBK) <br> (Jointly Administered) <br><br> **Objection Deadline:** <br> **April 17, 2025 at 4:00 p.m. (ET)** <br><br> **Hearing Date:** <br> **April 24, 2025 at 1:00 p.m. (ET)** |

**NOTICE OF GOOGLE LLC'S MOTION FOR ENTRY OF AN ORDER
(I) SUSTAINING THE LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
GOOGLE LLC TO DEBTOR'S EIGHTH AMENDED PLAN SUPPLEMENT AND
(II) ALLOWING AND COMPELLING PAYMENT OF GOOGLE LLC'S REQUEST
FOR PAYMENT OF ADMINISTRATIVE EXPENSE[2]**

**PLEASE TAKE NOTICE** that on **April 24, 2025 at 1:00 p.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, Google LLC ("**Google**"), by and through its counsel, will move its (1) *Limited Objection and Reservation of Rights of Google LLC to Debtor's*

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and Debtors' service address in these Chapter 11 Cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

[2] Google is authorized to notice these hearings pursuant Section (B)(3)(a) of the Case Management Procedures approved by the *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures, and (II) Granting Related Relief* [ECF No. 149] and Article V(C) of the confirmed *Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and Its Debtor Affiliates (as Modified)* [ECF No. 3711].

34823039v.1

*Eighth Amended Plan Supplement* [ECF No. 4604] (the "**Limited Objection**"), and (2) *Request for Payment of Administrative Expense* [ECF No. 5022] before the Honorable Michael B. Kaplan, Chief United States Bankruptcy Judge, in Courtroom 8 of the United States Bankruptcy Court for the District of New Jersey, 402 East State Street, Trenton, NJ 08608 (the "**Court**"), for the entry of an order, substantially in the form submitted herewith (the "**Proposed Order**"), pursuant to sections 365(b)(1), 503(b)(1)(A) and 507(a)(2) of title 11 of the United States Code, sustaining Google's Limited Objection and directing the amount required to cure Google's executory contracts with the Debtors is no less than **$9,253,529.97** and allowing and compelling immediate payment of an administrative expense claim in an amount of no less than **$8,549,542.30** for post-petition services rendered to the above-captioned debtors (the "**Motion**");

**PLEASE TAKE FURTHER NOTICE** that relevant factual basis for the requested relief is set forth in *Limited Objection and Reservation of Rights of Google LLC to Debtors' Amended Plan Supplement and Second Amended Joint Chapter 11 Plan of Rite Aid Corporation and Its Debtor Affiliates* [ECF No. 2801], the Limited Objection, the Request for Payment of Administrative Expense and the declaration of counsel filed herewith. Google reserves the right to supplement and/or amend the Motion and to introduce evidence at any hearing related thereto;

**PLEASE TAKE FURTHER NOTICE** that any objections to the Motion must (a) be in writing, (b) comply with the Federal Rules of Bankruptcy Procedure, (c) set forth the factual and legal basis for the objections, (d) be filed with the Court, and (e) be served as to be received by 1010data Services, LLC c/o James C. Vandermark, White and Williams LLP, 810 Seventh Avenue, Suite 500, New York, NY 10019, **no later than April 17, 2025 at 4:00 p.m. (ET)**;

**PLEASE TAKE FURTHER NOTICE THAT IF YOU DO NOT RESPOND TO THE MOTION, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING**; and

**PLEASE TAKE FURTHER NOTICE** that notwithstanding the Motion, Google expressly reserves (and hereby expressly does not waive) (a) all rights, claims, counterclaims, defenses, interests, actions and/or other remedies (collectively, its "Rights") including, without limitation, the right to amend, modify, supplement and/or introduce evidence in support of (A) any proof of claim or request for payment already filed by Google and/or any other claim or proof of claim that may be filed in the future (collectively, the "Claims"), (B) the administrative expense claim asserted hereby and/or any further administrative expenses as may be asserted hereinafter (collectively, the "Administrative Expense Claims"), (C) a judicial determination of the amount(s) due and owing with regard to the Claims and/or the Administrative Expense Claims, (D) Google's Request for Payment of Administrative Expense in response to any submission by any party-in-interest including, without limitation, any objection to Google's Request for Payment of Administrative Expense or an amendment to it, (E) the right to immediately terminate the Cloud Platform Agreements and ancillary Cloud-related agreements, amendments, and addendums with Google if payment is not made in accordance therewith; and (F) the right to adopt any other pleadings filed by any other party related to the Claims, Google's Request for Payment of Administrative Expense, any other Administrative Expense Claims or any administrative expense requests as may be filed hereinafter (collectively, the "Reservation of Rights").

Dated: April 3, 2025                                  **WHITE AND WILLIAMS LLP**

*/s/ Jeremiah J. Vandermark*
James C. Vandermark, Esq.
Jeremiah J. Vandermark, Esq.
810 Seventh Ave, Suite 500
New York, NY 10019
Telephone: (212) 244-9500
vandermarkj@whiteandwilliams.com
vandermarkjj@whiteandwilliams.com

4

34823039v.1

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** *Caption in Compliance with D.N.J. LBR 9004-1(b)* WHITE AND WILLIAMS LLP James C. Vandermark, Esq. Jeremiah J. Vandermark, Esq. 810 Seventh Ave, Suite 500 New York, NY 10019 Telephone: (212) 244-9500 vandermarkj@whiteandwilliams.com vandermarkjj@whiteandwilliams.com *Attorneys for Google LLC* | |
| In re: Rite Aid Corporation *et al.*,[1] Debtor. | Chapter 11 Case No. 23-18993 (MBK) (Jointly Administered) **Objection Deadline:** **April 17, 2025 at 4:00 p.m. (ET)** **Hearing Date:** **April 24, 2025 at 1:00 p.m. (ET)** |

**GOOGLE LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ENTRY OF AN ORDER (I) SUSTAINING THE LIMITED OBJECTION AND RESERVATION OF RIGHTS OF GOOGLE LLC TO DEBTOR'S EIGHTH AMENDED PLAN SUPPLEMENT AND (II) ALLOWING AND COMPELLING PAYMENT OF GOOGLE LLC'S REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE**

Google LLC ("**Google**"), by and through it undersigned counsel, hereby submits this memorandum of law in support of its motion (the "**Motion**") for the entry of an order, substantially in the form submitted herewith (the "**Proposed Order**"), pursuant to sections 365(b)(1), 503(b)(1)(A) and 507(a)(2) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), (i) sustaining the *Limited Objection and Reservation of Rights of Google*

---

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and Debtors' service address in these Chapter 11 Cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

34823039v.1

*LLC to Debtor's Eighth Amended Plan Supplement* [ECF No. 4604] (the "**Limited Objection**") and directing the amount required to cure Google's executory contracts with the Debtors is no less than **$9,253,529.97**, and (ii) allowing and compelling payment of the *Request for Payment of Administrative Expense* [ECF No. 5022] for services rendered post-petition to the above-captioned debtors and debtors in possession (the "**Debtors**") in an amount of no less than **$8,549,542.30**.

## JURISDICTION AND VENUE

1.      This United States Bankruptcy Court for the District of New Jersey (the "**Court**") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

## RELEVANT BACKGROUND

2.      On October 15, 2023 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in this Court.

3.      On October 18, 2023, the Court entered the *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures, and (II) Granting Related Relief* [ECF No. 149] approving certain notice, case management and administrative procedures (the "**Case Management Procedures**"). Section (B)(3)(a) of the Case Management Procedures provides that any request for relief may be scheduled by the filing party to be heard at any Omnibus Hearing.

4.      On April 2, 2024, the Debtors filed the *Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and Its Debtor Affiliates (as Modified)* [ECF No. 3711] (the "**Plan**"). Article V(C) of the Plan provides that if there is a dispute regarding any Cure Costs, the dispute shall be scheduled for hearing upon request of any affected counterparty, at the earliest convenience of the Court, and if the Court determines the Cure Cost is higher than scheduled, the

Debtors shall have the option to assume or reject the executory contract within 14 days of such determination.

5. On April 8, 2024, the Debtors filed their *Notice of Filing Amended Plan Supplement* [Docket No. 2681] (the "**First Amended Plan Supplement**").

6. On April 15, 2024, in response to the First Amended Plan Supplement, Google timely filed its *Limited Objection and Reservation of Rights of Google LLC to Debtors' Amended Plan Supplement and Second Amended Joint Chapter 11 Plan of Rite Aid Corporation and Its Debtor Affiliates* [ECF No. 2801] (the "**Initial Objection**"), asserting, *inter alia*, that in order to assume the Cloud Platform Agreements and ancillary Cloud-related agreements, amendments, and addendums with Google (collectively, the "**CPA**"), the Debtors must cure outstanding monetary defaults in an aggregate amount of not less than $4,578,939.68 as of April 15, 2024.

7. On August 15, 2024, Debtors filed the Eighth Amended Plan Supplement for the Plan [ECF No. 4526].

8. On August 16, 2024, the Court entered an *Order Approving the Disclosure Statement and Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and Its Debtor Affiliates (With Further Modifications)* [ECF No. 4532] (the **"Confirmation Order"**), confirming the Plan.

9. On August 26, 2024, in response to the Eighth Amended Plan Supplement for the Plan, Google timely filed its *Limited Objection and Reservation of Rights of Google LLC to Debtors' Eighth Amended Plan Supplement* [ECF No. 4604] (the "**Limited Objection**"), asserting, *inter alia*, that in order to assume the CPA, the Debtors must cure outstanding monetary defaults in an aggregate amount of not less than $7,142,186.45 as of August 19, 2024. True and correct

3

copies of Initial Objection and the Limited Objection are attached as **Exhibit A** to the declaration of counsel submitted herewith.

10. On September 29, 2024, Google timely filed its *Request for Payment of Administrative Expense* [ECF No. 5022] seeking payment for services provided post-petition under the CPA in the aggregate amount of not less than $7,438,507.18.  A true and correct copy of Google's Request for Payment of Administrative Expense is attached as **Exhibit B** to the declaration of counsel submitted herewith.

11. On March 10, 2024, Google provided an updated account statement (the "**March 7, 2025 Account Statement**") to Debtors providing (i) an aggregate amount outstanding for post-petition services under the CPA of not less than $8,549,542.30 (the "**Administrative Expense Claim**") and (ii) an aggregate amount outstanding for prepetition and post-petition services under the CPA of not less than $9,253,529.97 (the "**Cure Amount**").  A true and correct copy of the March 7, 2025 Account Statement is attached as **Exhibit C** to the declaration of counsel submitted herewith.

12. Upon information and belief, Google continues to provide services to the Debtors under the CPA and outstanding amounts continue to accrue.

13. Google and the Debtors have been working in good faith to resolve the Limited Objection and Request for Payment of Administrative Expense and hope to amicably resolve these matters before the April 24, 2025 Omnibus Hearing.

## RELIEF REQUESTED

14. By this Motion, Google seeks entry of the Proposed Order (i) sustaining the Limited Objection and directing that the amount required to cure the defaults under the CPA, pursuant to sections 365(b)(1) of the Bankruptcy Code, is no less than **$9,253,529.97**, (ii) allowing, and

4

compelling the immediate payment of, an administrative expense claim, pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code, in an amount of no less than **$8,549,542.30**, and (iii) granting such other relief as is just and proper.

## BASIS FOR RELIEF REQUESTED

15. Section 503 of the Bankruptcy Code provides that "an entity may timely file a request for payment of an administrative expense" after notice and a hearing, for the "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b); *In re Marcal Paper Mills, Inc.*, 650 B.R. 311, 315 (3d Cir. 2011). It is appropriate for the Debtors to pay the full and ordinary cost of services that benefit the bankruptcy estate. *See id.* ("By giving priority to those claims that help keep the debtor-in-possession functioning, sections 503 and 507 advance the estate's interest in survival above all other financial goals.") (internal quotations omitted). The term "necessary costs" under Section 503(b)(1)(a) is broadly construed and "should include costs ordinarily incident to operation of a business, and not be limited to costs without which rehabilitation would be impossible." *Penn. Dept. of Env't Res. v. Tri-State Clinical Laboratories, Inc.*, 178 F.3d 685, 689 (3d Cir. 1999).

16. Section 503 was designed to induce entities to do business with a debtor after bankruptcy by ensuring that those entities receive payment for services rendered. *See In the Matter of Whistler Energy II, L.L.C.*, 931 F.3d 432, 443 (5th Cir. 2019) ("Absent full payment, creditors would have little incentive to do business with the debtor-in-possession."). "When third parties are induced to supply goods or services to the debtor-in-possession pursuant to a contract that has not been rejected, the purposes of administrative claims plainly require that their claims be afforded priority." *In re Goody's Family Clothing Inc.*, 610 F.3d 812, 818 (3d Cir. 2010) (quoting *Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart, Inc.)*, 536 F.2d 950, 954 (1st Cir. 1976)).

34823039v.1

17. Further, it is well-settled that "if a debtor in possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume a contract, the debtor in possession is obligated to pay for the reasonable value of those services." *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984). Accordingly, "a non-debtor party to an executory contract is entitled to an administrative expense claim equal to the value of any post-petition benefit conferred on the estate prior to assumption or rejection of that contract." *In re Waste Sys. Int'l, Inc.*, 280 B.R. 824, 826 (Bankr. D. Del. 2002) (citing *NLRB v. Bildisco*, 465 U.S. at 531).

18. Entitlement to an administrative claim under 503(b)(1)(a) is determined by a two-part test: "(1) the transaction must be between the creditor and the debtor; and (2) the estate must receive a benefit from the transaction." *In re Muma Servs.*, 279 B.R. 478, 489 (Bankr. D. Del. 2002) (citing *In re O'Brien Environmental Energy, Inc.*, 181 F.3d 527, 532-33 (3d Cir. 1999)).

19. Google's Request for Payment of Administrative Expense clearly satisfies Section 503(b)(1)(a). The CPA is between Google and the Debtors, and Google has been providing Cloud services to the Debtors' estate, which are services incident to the operation of the Debtors' business and helped preserve the estate.

20. The benefits received by the Debtors from Google's Cloud services are further evidenced by Debtors' efforts to assume the CPA.

21. Where (as in the case before the Court) the debtor has defaulted on an executory contract, the Bankruptcy Code prohibits the debtor from assuming the contract unless the debtor:

   A. cures, or provides adequate assurance that the [debtor] will promptly cure, such default . . . .

   B. compensates, or provides adequate assurance that the [debtor] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

6

34823039v.1

  C. provides adequate assurance of future performance under such contract or lease.

*See* 11 U.S.C. §365(b)(1)(A).

22. "Once an assumption order is entered, the creditor must perform in accordance with the terms of the assumed agreements. . . In other words, the debtor must cure all defaults, assure future performance, and make the other contracting party whole before it may be permitted to assume the agreement.". *In re Kiwi Intern. Air Lines, Inc.*, 344 F.3d 311, 318 (3rd Cir. 2003) (emphasis added); *In re Columbia Gas System Inc.*, 50 F.3d 233, 238–39 (3d Cir.1995) ("the Bankruptcy Code provides that the cost of performing the debtor's obligations is an administrative expense of the estate. . . .").

23. Google submits that, with respect to the CPA, the Debtors are obligated to cure all monetary defaults – that is, an amount no less than **$9,253,529.97**– in full, as a condition of assumption of the CPA pursuant to 11 U.S.C. §365(b)(1)(A).

24. Accordingly, Google's Administrative Expense Claim constitutes actual necessary costs and expenses of preserving the estate that should be allowed as administrative expenses under section 503(b)(1)(A) and should receive the highest priority in payment pursuant to section 507(a)(2). Moreover, the Cure Amount must be paid prior to the Debtors' assumption of the CPA in accordance with section 365(b)(1).

## **RESERVATION OF RIGHTS**

25. Notwithstanding its Motion, Google expressly reserves (and hereby expressly does not waive) (a) all rights, claims, counterclaims, defenses, interests, actions and/or other remedies (collectively, its "**Rights**") including, without limitation, the right to amend, modify, supplement and/or introduce evidence in support of (A) any proof of claim or request for payment already filed by Google and/or any other claim or proof of claim that may be filed in the future (collectively,

7

the "**Claims**"), (B) the Administrative Expense Claim asserted hereby and/or any further administrative expenses as may be asserted hereinafter (collectively, the "**Administrative Expense Claims**"), (C) a judicial determination of the amount(s) due and owing with regard to the Claims and/or the Administrative Expense Claims, (D) Google's Request for Payment of Administrative Expense in response to any submission by any party-in-interest including, without limitation, any objection to Google's Request for Payment of Administrative Expense or an amendment to it, (E) the right to immediately terminate the Cloud Platform Agreements and ancillary Cloud-related agreements, amendments, and addendums with Google if payment is not made in accordance therewith; and (F) the right to adopt any other pleadings filed by any other party related to the Claims, Google's Request for Payment of Administrative Expense, any other Administrative Expense Claims or any administrative expense requests as may be filed hereinafter (collectively, the "**Reservation of Rights**")

## CONCLUSION

WHEREFORE, Google respectfully requests the entry of an order, substantially in the form of the Proposed Order, sustaining the Limited Objection and allowing and compelling payment of the Administrative Expense Claim and for such other and further relief that is just and proper.

Dated: April 3, 2025                    Respectfully submitted,

                                                         **WHITE AND WILLIAMS LLP**

                                                         */s/ Jeremiah J. Vandermark*
                                                         James C. Vandermark, Esq.
                                                         Jeremiah J. Vandermark, Esq.
                                                         810 Seventh Ave, Suite 500
                                                         New York, NY 10019
                                                         Telephone: (212) 244-9500
                                                         vandermarkj@whiteandwilliams.com
                                                         vandermarkjj@whiteandwilliams.com

34823039v.1