**THIS FIRST OMNIBUS OBJECTION SEEKS TO DISALLOW CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 ATTACHED TO THE PROPOSED ORDER.**

Robert L. LeHane, Esq.
Dana P. Kane, Esq.
Connie Y. Choe, Esq.
**KELLEY DRYE & WARREN LLP**
7 Giralda Farms, Suite 340
Madison, NJ 07940
Tel: (973) 503-5900
Fax: (973) 503-5950
Email: rlehane@kelleydrye.com
dkane@kelleydrye.com
cchoe@kelleydrye.com

*Counsel to Thomas A. Pitta,*
*Trustee of RAD Sub-Trust A*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>RITE AID CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-18993 (MBK)<br><br>**Hearing Date:** **September 3, 2026**<br>**Hearing Time:** **10:00 a.m. (ET)**<br>**Response Deadline:** **August 27, 2026** |

**FIRST OMNIBUS OBJECTION OF RAD SUB-TRUST A**
**TO INSUFFICIENT DOCUMENTATION CLAIMS**

RAD Sub Trust-A (the "Trust"), by and through Thomas A. Pitta, solely in his capacity as trustee of the Trust (the "Trustee"), hereby submits this omnibus objection (this "Objection") and respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), disallowing and expunging each claim identified on **Schedule 1** to the Proposed Order (collectively, the "Insufficient Documentation Claims," and the

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

related claimants, the "Claimants"), because the Insufficient Documentation Claims were lacking necessary supporting documentation for the existence and/or amount of the underlying claim.[2] In support of this Objection, the Trust submits the *Declaration Thomas A. Pitta in Support of the First Omnibus Objection of RAD Sub Trust-A to Insufficient Documentation Claims* (the "Pitta Declaration"), attached hereto as **Exhibit B**. In further support of this Objection, the Trust states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). The Trust confirms its consent to the Court entering a final order in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief sought herein is section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-2 of the Local Rules of the United States

---

[2] The Trust's Objection is limited solely to the general unsecured portions of the claims identified on Schedule 1 to the Proposed Order. Nothing herein shall be deemed to waive, impair, or otherwise affect the Trust's right to object to any secured, administrative, or priority portion of any such claim, including, without limitation, any portion of a claim that is subsequently reclassified as a general unsecured claim.

Bankruptcy Court for the District of New Jersey (the "Local Rules"). This Objection complies in all respects with Local Rules 3007-1 and 3007-2.

## BACKGROUND

### A. Case Background

4. On October 15, 2023 (the "Petition Date"), Rite Aid Corporation and certain of its affiliates (collectively, the "Debtors" or the "Reorganized Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court and their Chapter 11 Cases were jointly administered pursuant to rule 1015(b) of the Bankruptcy Rules under caption titled *Rite Aid Corporation, et al.*, Case No. 23-18993 (MBK).[3]

5. On August 16, 2024, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the *Second Amended Joint Chapter 11 Plan of Reorganization of Rite Aid Corporation and Its Debtor Affiliates (With Further Modifications)* (the "Plan").[4] On August 30, 2024, the Effective Date of the Plan occurred.[5]

6. On the Effective Date, the Litigation Trust (the "RAD Master Trust")[6] was established under the Plan, together with RAD Sub-Trust A and RAD Sub-Trust B pursuant to the *Sub-Trust A Agreement and the RAD Sub-Trust B Agreement*, respectively (collectively, the "Trust Agreements"), and a trustee was appointed to each trust in accordance with its applicable Trust Agreement.[7]

---

[3] Docket No. 122.

[4] Docket No. 4532. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[5] Docket No. 4800.

[6] The substantially final form of the Master Trust Agreement was filed on August 31, 2024 as part of the Eleventh Amended Plan Supplement. Docket No. 4793.

[7] The substantially final form of the Sub-Trust A Agreement was filed on August 31, 2024 as part of the Eleventh Amended Plan Supplement. Docket No. 4793. The substantially final form of the Sub-Trust B Agreement was filed on August 31, 2024 as part of the Eleventh Amended Plan Supplement. Docket No. 4793.

7. The Plan and Confirmation Order provided that the Reorganized Debtors, the Master Trust or the Trust, as applicable, have the exclusive authority to "[f]ile, settle, compromise, withdraw, or litigate to judgment any objections to Claims as permitted under the Plan."[8] In addition, the Reorganized Debtors were given the authority to "allow, disallow and reconcile General Unsecured Claims that are not Tort Claims" (the "Non-Tort General Unsecured Claims"), while the Master Trust or RAD Sub-Trust B have "exclusive authority to allow, disallow, or otherwise resolve Tort Claims."[9] Any distributions on account of General Unsecured Claims were to be administered by the Master Trust or any GUC Sub-Trust, and not by the Debtors.

8. On March 5, 2026, the Court approved the *Stipulation and Agreed Order Between the Wind-Down Debtor and RAD Sub-Trust A Regarding Reconciliation of the Non-Tort General Unsecured Claims Asserted in the 2023 Rite Aid Cases* (the "Claims Reconciliation Stipulation"),[10] which provides for, among other things, the Trust to assume sole authority and responsibility for the reconciliation of all Non-Tort General Unsecured Claims.[11]

## B. The Bar Dates

9. On November 20, 2023, the Bankruptcy Court entered an order establishing certain dates and deadlines for filing proofs of claim in these Chapter 11 Cases (the "Bar Date

---

8 Plan, § IX.A.

9 *Id.* As provided in the RAD Sub-Trust B Agreement and other Plan documents, certain Tort Sub-Trusts or creditor groups are treated as separate "sub-sub-trusts" and may have received funding on the Effective Date and/or may receive a portion of the proceeds of the Sub-Trust B Insurance Proceeds and/or Sub-Trust A-2 Interest which include a percentage of certain proceeds from Sub-Trust A Assigned Claim Proceeds and Insurance Proceeds. Most but not all such sub-sub-trusts and creditor groups maintain their own claims administration procedures. To the extent Sub-Trust B determines that additional procedures are necessary for claims not addressed by any such sub-sub-trust or creditor group established under Sub-Trust B, the RAD Sub-Trust B Trustee may seek Bankruptcy Court approval to adopt the procedures set forth herein or to implement alternative procedures.

10 New Rite Aid Cases, Docket No. 283, Ex. 1.

11 New Rite Aid Cases, Docket No. 299.

Order").[12] Specifically, the Bar Date Order established (i) January 12, 2024, as the general bar date applicable to all persons and entities asserting a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to the Petition Date (the "General Bar Date"); and (ii) April 12, 2024, as the deadline for all governmental agencies to file proofs of claim against the Debtors that arose on or prior to the Petition Date (the "Governmental Bar Date").[13]

10. The Bar Date Order also established the deadline for filing claims arising from the rejection of an executory contract or unexpired lease as the later of (a) the applicable Bar Date and (b) thirty (30) calendar days after the later of (i) the entry of the applicable order authorizing such rejection and (ii) the effective date of such rejection, unless otherwise ordered by the Bankruptcy Court.[14]

## C. Claims Reconciliation Process

11. As of the Effective Date, the register of claims (the "Claims Register") evidenced over 473,000 filed and scheduled claims totaling in excess of $3.2 trillion. Of that total, there are approximately 5,700 Non-Tort General Unsecured Claims within the Trust's purview asserting over $70 billion in alleged liabilities.

12. The Trust and its professionals have been reviewing and analyzing the Non-Tort General Unsecured Claims since the effective date of the Claims Reconciliation Stipulation. In connection therewith, the Trust sought and obtained approval of certain omnibus objection procedures (the "Claims Objection Procedures") intended to promote a Claims reconciliation

[12] Docket No. 703.

[13] *Id.*

[14] *Id.*

process that is conducted in a timely, efficient, and cost-effective manner.[15] This process includes identifying categories of Claims that may be targeted for disallowance and expungement, reduction and/or reclassification.

13. As part of its ongoing review of filed Claims, the Trust has reviewed each of the Insufficient Documentation Claims listed on **Schedule 1** to the Proposed Order, and has concluded that each such Claim should be disallowed, because each was filed without sufficient supporting documentation to establish the validity or amount of the asserted claim that would enable the Trust to appropriately review and reconcile the Claim.[16]

14. To reduce the number of Claims, and to avoid possible improper recovery by claimants, the Trust anticipates filing additional objections to Claims.

## RELIEF REQUESTED

15. By this Objection and for the reasons described below, the Trust requests entry of the Proposed Order disallowing and expunging the Insufficient Documentation Claims identified on **Schedule 1** of the Proposed Order.

## BASIS FOR RELIEF

16. When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant.[17] To receive the benefit of *prima facie* validity, the proof of claim must "set forth facts necessary to

---

[15] *Order (I) Approving Omnibus Claims Objection Procedures; (II) Authorizing RAD Sub-Trust A to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007(c) and (d); (III) Waiving Compliance with Bankruptcy Rule 3007(e)(6); and (IV) Granting Related Relief* [Docket No. 7199].

[16] The Trust will review and consider additional documentation or information provided in response to this Objection by a holder of a claimant holding an Insufficient Document Claim.

[17] *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).

support the claim."[18] Where the claimant alleges sufficient facts to support its claim, the claim is afforded *prima facie* validity.[19]

17. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."[20] Thus, while a properly-filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party presents evidence to rebut a claim's *prima facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence.[21] The burden of persuasion with respect to the claim is always on the claimant.[22] The failure to allege facts and to provide sufficient support for a claim deprives the claim of *prima facie* validity.[23]

18. Bankruptcy Rule 3007, in turn, requires that an objection to a proof of claim be made in writing, and the claimant be provided with not less than thirty days' notice of the hearing to be held in respect of such objection.[24] Objections of up to one hundred claims may be joined in an omnibus objection if such objections are based on the grounds that the claims should be disallowed, in whole or in part, for any of eight enumerated reasons, including that they were presented in a form that does not comply with applicable rules and the objection states that the objector is therefore unable to determine a claim's validity.[25]

---

[18] *In re Stoecker*, 143 B.R. 879, 883 (N.D. Ill. 1992).

[19] *See In re Allegheny Int'l, Inc.*, 954 F.2d at 173.

[20] 11 U.S.C. § 502(a).

[21] *See In re Allegheny Int'l, Inc.*, 954 F.2d at 173–74.

[22] *See, e.g.*, *Biolitec, AG v. Cyganowski*, No. 13-cv-5864, 2013 WL 6795400, *3 (D.N.J. Dec. 16, 2013); *see also In re Allegheny Int'l, Inc.*, 954 F.2d at 173–74.

[23] *See, e.g., In re Jorczak*, 314 B.R. 474, 481–82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).

[24] *See* Fed. R. Bankr. P. 3007(a).

[25] Fed. R. Bankr. P. 3007(d). Pursuant to the Claim Objection Procedures, the Trust is authorized to object to more

19. Section 502(b)(1) of the Bankruptcy Code additionally provides, in part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."[26] Section 502(b)(9) further states that a claim shall not be allowed "to the extent that . . . proof of such claim is not timely filed . . . ."[27]

20. The Trust, having reviewed the Claims Register and the applicable filed proofs of claim, has determined that the claims identified on **Schedule 1** to the Proposed Order are Insufficient Documentation Claims that lack necessary supporting documentation for the existence and/or amount of the underlying claim. As such, each Insufficient Documentation Claim lacks *prima facie* validity.

21. The failure to disallow the Insufficient Documentation Claims could result in claimants receiving an unwarranted recovery from the Trust. The Trust, therefore, requests entry of an order expunging the Insufficient Documentation Claims identified on **Schedule 1** to the Proposed Order.

than 100 claims in a single Omnibus Objection on any of the bases set forth in Bankruptcy Rule 3007(d) and/or the Additional Grounds.

[26] 11 U.S.C. § 502(b)(1).

[27] 11 U.S.C. § 502(b)(9); *see also Berger* v. *Trans World Airlines, Inc.* (*In re Trans World Airlines, Inc.*), 96 F.3d 687, 690 (3d Cir. 1996) ("The bar date means just that; it is a 'drop-dead date' that bars all prepetition claimants who received the required notice").

## RESERVATION OF RIGHTS

22. The Trust hereby reserves the right to amend, modify, and supplement this Objection, prior to the hearing before the Court on this Objection, if any; *provided, however*, that nothing in this Objection shall affect the Trust's right to object to any Insufficient Documentation Claim identified on **Schedule 1** to the Proposed Order or any other proof of claim at a future date on a basis other than as set forth in this Objection as permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Rules or in the Proposed Order.

23. Notwithstanding anything to the contrary herein, nothing contained in this Objection or any actions taken pursuant to any order granting the relief requested by this Objection is intended or should be construed as (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Trust's or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a modification of the assumption or rejection of any lease or executory contract as set forth in the Confirmation Order and Plan; or (f) a waiver or limitation of the Trust's, or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law.

## STATEMENT OF COMPLIANCE WITH LOCAL RULES

24. Counsel for the Trust has reviewed the requirements of Local Rule 3007-1 and certifies that this Objection substantially complies with such Local Rule. To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Trust believes such deviations are not material and respectfully request that any such requirement

be waived. The Trust, in compliance with Local Rule 3007-2, is concurrently filing the *Notice of Objection to Your Claim* in response to the Claimants' proofs of claim, attached hereto as **Exhibit C**, and will serve the same upon the Claimants listed in **Schedule 1** to the Proposed Order.

**NOTICE**

25. The Trust will provide notice of this Objection to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the Claimants; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Trust submits that, in light of the nature of the relief requested, no other or further notice need be given.

**CONCLUSION**

**WHEREFORE**, the Trust requests entry of an order, substantially in the form attached hereto as **Exhibit A**, granting (a) the relief requested herein, and (b) such other relief as the Court deems appropriate under the circumstances.

Dated: August 3, 2026

**KELLEY DRYE & WARREN LLP**

*/s/ Robert L. LeHane*
Robert L. LeHane, Esq.
Dana P. Kane, Esq.
Connie Y. Choe, Esq.
7 Giralda Farms, Suite 340
Madison, New Jersey 07940
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
Email: rlehane@kelleydrye.com
dkane@kelleydrye.com
cchoe@kelleydrye.com

*Counsel to Thomas A. Pitta, Trustee of RAD Sub-Trust A*

# Exhibit A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Robert L. LeHane, Esq.
Dana P. Kane, Esq.
Connie Y. Choe, Esq.
**KELLEY DRYE & WARREN LLP**
7 Giralda Farms, Suite 340
Madison, NJ 07940
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
Email: rlehane@kelleydrye.com
dkane@kelleydrye.com
cchoe@kelleydrye.com

*Counsel to Thomas A. Pitta,*
*Trustee of RAD Sub-Trust A*

In re:

RITE AID CORPORATION, *et al.*,

Debtors.[1]

Chapter 11

Case No. 23-18993 (MBK)

**ORDER SUSTAINING THE FIRST OMNIBUS OBJECTION OF**
**RAD SUB-TRUST A TO INSUFFICIENT DOCUMENTATION CLAIMS**

The relief set forth on the following pages, numbered two (2) through four (4), is **ORDERED**.

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

Upon the omnibus objection (the "Objection")[1] of the RAD Sub-Trust A (the "Trust"), requesting entry of an order (this "Order") disallowing and expunging the claims set forth in **Schedule 1** attached hereto, all as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* from the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Trust's notice of the Objection and opportunity for a hearing on the Objection were appropriate and no other notice need be provided; and this Court having reviewed the Objection and the Pitta Declaration and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Objection is sustained as set forth herein.

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

2. Each of the Insufficient Documentation Claims identified on **Schedule 1** attached to this Order is hereby disallowed and expunged in its entirety.

3. Kroll Restructuring Administration LLC, the claims and noticing agent appointed in these cases (the "Claims Agent"), is authorized and directed to modify the Claims Register in accordance with entry of the relief granted in this Order.

4. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Reorganized Debtors or the Trust under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Trust's, the Reorganized Debtors', or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Objection or this Order; (e) a modification of the assumption or rejection of any lease or executory contract as set forth in the Confirmation Order and Plan; or (f) a waiver or limitation of the Trust's, the Reorganized Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law.

5. Notice of the Objection as provided therein shall be deemed good and sufficient notice of such Objection and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

6. The Trust and the Claims Agent are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# Schedule 1

## Insufficient Documentation Claims

# Insufficient Documentation

| | Creditor | Claim # | Debtor | Date Filed | Claim amount and priority (1) |
|---|---|---|---|---|---|
| 1 | 235 South Main Street Associates, LP | 4041 | Maxi Drug, Inc. | 01/09/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$264,654.76 (U)<br>$264,654.76 (T) |
| 2 | Abaji, Amer | 2180 | Rite Aid Corporation | 12/26/2023 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$0.00 (T) |
| 3 | ACV RAD NNN, LLC, MDS LHS, LLC, AND TTM LHS, LLC | 5662 | Rite Aid of Delaware, Inc. | 01/11/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$419,572.63 (U)<br>$419,572.63 (T) |
| 4 | AHM Properties, LLC | 2578 | Rite Aid Corporation | 01/03/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$200,000.00 (U)<br>$200,000.00 (T) |
| 5 | Associated Terminals, LLC | 4993 | Elixir Rx Solutions, LLC (1427) | 01/10/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$75,000.00 (U)<br>$75,000.00 (T) |
| 6 | Associated Terminals, LLC | 4808 | Elixir Rx Solutions, LLC (0786) | 01/10/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$75,000.00 (U)<br>$75,000.00 (T) |
| 7 | Benecard | 2992 | Rite Aid Corporation | 01/04/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$1,833.94 (U)<br>$1,833.94 (T) |

(1) (S) Secured; (A) Administrative; (P) Priority; (U) Unsecured; (T) Total. The Trust's Objection does not pertain to the secured, administrative or priority portions of claims listed herein. The Trust shall have the right to object to any secured, administrative or priority portions of the claims listed herein to the extent reclassified as general unsecured claim amounts.

Insufficient Documentation

| | Creditor | Claim # | Debtor | Date Filed | Claim amount and priority (1) |
|---|---|---|---|---|---|
| 8 | Benecard PBF | 2966 | Rite Aid Corporation | 01/04/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$26,976.63 (U)<br>$26,976.63 (T) |
| 9 | Brighton Health Plan Solutions, LLC | 6937 | Elixir Rx Solutions, LLC (1427) | 01/12/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$116,150.00 (U)<br>$116,150.00 (T) |
| 10 | Brighton Health Plan Solutions, LLC | 6030 | Elixir Rx Solutions, LLC (0786) | 01/12/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$116,150.00 (U)<br>$116,150.00 (T) |
| 11 | City of North Muskegon | 2995 | Rite Aid Corporation | 01/04/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$747.08 (U)<br>$747.08 (T) |
| 12 | City of Stanwood | 3406 | Rite Aid Corporation | 01/08/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$174.40 (U)<br>$174.40 (T) |
| 13 | City of Stanwood | 3402 | Rite Aid Corporation | 01/08/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$189.36 (U)<br>$189.36 (T) |
| 14 | City of Stanwood | 3396 | Rite Aid Corporation | 01/08/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$1,212.43 (U)<br>$1,212.43 (T) |

(1) (S) Secured; (A) Administrative; (P) Priority; (U) Unsecured; (T) Total. The Trust's Objection does not pertain to the secured, administrative or priority portions of claims listed herein. The Trust shall have the right to object to any secured, administrative or priority portions of the claims listed herein to the extent reclassified as general unsecured claim amounts.

Insufficient Documentation

| | Creditor | Claim # | Debtor | Date Filed | Claim amount and priority (1) |
|---|---|---|---|---|---|
| 15 | City of Stanwood | 3393 | Rite Aid Corporation | 01/08/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$89.00 (U)<br>$89.00 (T) |
| 16 | ELLISON, ANGEL M | 2391 | Rite Aid Corporation | 12/29/2023 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$0.00 (T) |
| 17 | Geriatric Resource Consultants, LLC | 7042 | Elixir Rx Solutions, LLC (1427) | 01/12/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$458.03 (U)<br>$458.03 (T) |
| 18 | Geriatric Resource Consultants, LLC | 6102 | Elixir Rx Solutions, LLC (0786) | 01/12/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$458.03 (U)<br>$458.03 (T) |
| 19 | GRA-DEB REALTY | 2621 | Rite Aid of New York, Inc. | 12/27/2023 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$524,741.74 (U)<br>$524,741.74 (T) |
| 20 | GRA-DEB Realty | 2620 | Rite Aid Corporation | 12/27/2023 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$0.00 (T) |
| 21 | HARPELL CHEMISTS INC | 2444 | Elixir Rx Solutions, LLC (0786) | 01/02/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$9,350.00 (U)<br>$9,350.00 (T) |

(1) (S) Secured; (A) Administrative; (P) Priority; (U) Unsecured; (T) Total. The Trust's Objection does not pertain to the secured, administrative or priority portions of claims listed herein. The Trust shall have the right to object to any secured, administrative or priority portions of the claims listed herein to the extent reclassified as general unsecured claim amounts.

Insufficient Documentation

| | Creditor | Claim # | Debtor | Date Filed | Claim amount and priority (1) |
|---|---|---|---|---|---|
| 22 | Hope Home Care, LLC | 7081 | Elixir Rx Solutions, LLC (0786) | 01/12/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$181.19 (U)<br>$181.19 (T) |
| 23 | Hope Home Care, LLC | 7143 | Elixir Rx Solutions, LLC (1427) | 01/12/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$181.19 (U)<br>$181.19 (T) |
| 24 | Igodan, Osarumwense Princess | 4457 | Rite Aid Corporation | 12/20/2023 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$3,000.00 (U)<br>$3,000.00 (T) |
| 25 | Lakeshore Village Center, LLC | 438816 | Perry Drug Stores, Inc. | 10/17/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$426,300.00 (U)<br>$426,300.00 (T) |
| 26 | Landlord- 1998 Chen Family Trust (7.5%) and 170 San Mateo Road Partnership (25%) | 3613 | Rite Aid Corporation | 01/09/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$35,346.69 (U)<br>$35,346.69 (T) |
| 27 | Loumar Family, LP and/or Bell Enterprises, General Partnership | 7678 | Rite Aid of Pennsylvania, LLC | 01/12/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$36,459.37 (U)<br>$36,459.37 (T) |
| 28 | MacIntosh, Maryann | 6683 | Rite Aid Corporation | 01/12/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$0.00 (T) |

(1) (S) Secured; (A) Administrative; (P) Priority; (U) Unsecured; (T) Total. The Trust's Objection does not pertain to the secured, administrative or priority portions of claims listed herein. The Trust shall have the right to object to any secured, administrative or priority portions of the claims listed herein to the extent reclassified as general unsecured claim amounts.

Insufficient Documentation

| | Creditor | Claim # | Debtor | Date Filed | Claim amount and priority (1) |
|---|---|---|---|---|---|
| 29 | MCS Advantage, Inc. | 5985 | Elixir Puerto Rico, Inc. | 01/12/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$22,000,000.00 (U)<br>$22,000,000.00 (T) |
| 30 | MVPlaza Inc. | 1745 | Thrifty PayLess, Inc. | 12/12/2023 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$1,530.75 (U)<br>$1,530.75 (T) |
| 31 | MYTHIC VENTURES, LLC | 3365 | Rite Aid Corporation | 01/08/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$0.00 (T) |
| 32 | Napa River Park Center LLC | 492 | Thrifty PayLess, Inc. | 11/09/2023 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$61,679.56 (U)<br>$61,679.56 (T) |
| 33 | Pioneer Telephone Cooperative, Inc. Employee Benefits Plan | 4859 | Rite Aid Corporation | 01/10/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$0.00 (T) |
| 34 | R.A. Real Estate, Inc. | 6199 | Rite Aid Corporation | 01/11/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$0.00 (T) |
| 35 | Reyes, Dayana | 437030 | Rite Aid Corporation | 03/25/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$3,450,000,000.00 (U)<br>$3,450,000,000.00 (T) |

(1) (S) Secured; (A) Administrative; (P) Priority; (U) Unsecured; (T) Total. The Trust's Objection does not pertain to the secured, administrative or priority portions of claims listed herein.
The Trust shall have the right to object to any secured, administrative or priority portions of the claims listed herein to the extent reclassified as general unsecured claim amounts.

| | Creditor | Claim # | Debtor | Date Filed | Claim amount and priority (1) |
|---|---|---|---|---|---|
| 36 | Roche Pharmacy Inc | 438627 | Rite Aid Corporation | 09/17/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$0.00 (T) |
| 37 | RODRIGUES, HANNAH E | 469 | Rite Aid Corporation | 11/09/2023 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$3,450,000,000.00 (U)<br>$3,450,000,000.00 (T) |
| 38 | Schaefer, Mary Lee | 427088 | Rite Aid Corporation | 02/06/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$0.00 (T) |
| 39 | Schmids, Kelly | 7264 | Rite Aid Corporation | 01/08/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$0.00 (T) |
| 40 | SCHMIDS, KELLY A | 3244 | Rite Aid of Pennsylvania, LLC | 01/08/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$0.00 (T) |
| 41 | SP Lakeview, LLC | 3780 | Rite Aid of New Jersey, Inc. | 12/14/2023 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$356,439.00 (U)<br>$356,439.00 (T) |
| 42 | Swartz Creek, LLC | 438939 | Rite Aid Corporation | 01/15/2025 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$92,718.72 (U)<br>$92,718.72 (T) |

(1) (S) Secured; (A) Administrative; (P) Priority; (U) Unsecured; (T) Total. The Trust's Objection does not pertain to the secured, administrative or priority portions of claims listed herein.
The Trust shall have the right to object to any secured, administrative or priority portions of the claims listed herein to the extent reclassified as general unsecured claim amounts.

| | Creditor | Claim # | Debtor | Date Filed | Claim amount and priority (1) |
|---|---|---|---|---|---|
| 43 | Tanz Holdings, LLC | 438622 | Perry Drug Stores, Inc. | 09/13/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$282,699.96 (U)<br>$282,699.96 (T) |
| 44 | The Customer Center Management, Inc. | 6975 | Elixir Rx Solutions, LLC (0786) | 01/12/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$442.57 (U)<br>$442.57 (T) |
| 45 | The Customer Center Management, Inc. | 6978 | Elixir Rx Solutions, LLC (1427) | 01/12/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$442.57 (U)<br>$442.57 (T) |
| 46 | THE KANTER FAMILY LIMITED PARTNERSHIP | 3237 | Rite Aid Corporation | 01/08/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$0.00 (T) |
| 47 | TW Commercial Holdings LLC | 2921 | Rite Aid Corporation | 01/03/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$0.00 (U)<br>$0.00 (T) |
| 48 | TW Commercial Holdings LLC | 2886 | Rite Aid of New York, Inc. | 01/03/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$901,442.37 (U)<br>$901,442.37 (T) |
| 49 | Westgate, LLC | 6293 | Eckerd Corporation | 01/12/2024 | $0.00 (S)<br>$0.00 (A)<br>$0.00 (P)<br>$6,536.79 (U)<br>$6,536.79 (T) |
| | **Claims To Be Expunged Totals** | **Count: 49** | | | **$6,926,038,158.76** |

(1) (S) Secured; (A) Administrative; (P) Priority; (U) Unsecured; (T) Total. The Trust's Objection does not pertain to the secured, administrative or priority portions of claims listed herein.
The Trust shall have the right to object to any secured, administrative or priority portions of the claims listed herein to the extent reclassified as general unsecured claim amounts.

# **Exhibit B**

**Pitta Declaration**

Robert L. LeHane, Esq.
Dana P. Kane, Esq.
Connie Y. Choe, Esq.
**KELLEY DRYE & WARREN LLP**
7 Giralda Farms, Suite 340
Madison, New Jersey 07940
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
Email: rlehane@kelleydrye.com
dkane@kelleydrye.com
cchoe@kelleydrye.com

*Counsel to Thomas A. Pitta,*
*Trustee of RAD Sub-Trust A*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| RITE AID CORPORATION, *et al.*, | Case No. 23-18993 (MBK) |
| Debtors.[1] | |

**DECLARATION OF THOMAS A. PITTA IN SUPPORT OF THE FIRST OMNIBUS OBJECTION OF RAD SUB-TRUST A TO INSUFFICIENT DOCUMENTATION CLAIMS**

I, Thomas A. Pitta, hereby declare as follows pursuant to 28 U.S.C. § 1746:

1. I am the Trustee of RAD Sub-Trust A (the "Trust") and Co-Trustee of the RAD Master Trust, established in the above-captioned chapter 11 cases.

2. I submit this declaration (the "Declaration") for all permissible purposes under the Bankruptcy Rules, the Federal Rules of Civil Procedure, and the Federal Rules of

[1] The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

Evidence in support of the *First Omnibus Objection of RAD Sub-Trust A to Insufficient Documentation Claims* (the "Objection").[2]

3. As part of my current position in assisting with Trust's responsibilities under the Plan and the GUC Trust Agreement, I am responsible for certain claims management and reconciliation matters.

4. I have read the Objection and am directly, or by and through the Trust's advisors, familiar with the information contained therein and the schedules attached thereto.

5. I am authorized to submit this Declaration in support of the Objection. All matters set forth in this Declaration are based on: (a) my personal knowledge; (b) my review of relevant documents; (c) information supplied to me by the Trust's advisors and by others at the Trust's request; or (d) as to matters involving United States bankruptcy law or rules or other applicable laws, my reliance upon the advice of counsel or other advisors to the Trust. If called upon to testify, I could and would testify competently to the facts set forth herein.

6. To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry, considerable time, and resources have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed against the Debtors in these cases.

7. In evaluating the Insufficient Documentation Claims, I reviewed the Objection and confirmed that the Trust's professionals reviewed the relevant proofs of claim, and any supporting materials submitted therewith. Based on that review, the Trust determined that the claims identified on **Schedule 1** to the Proposed Order should be disallowed and expunged because

---

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Objection.

the Insufficient Documentation Claims were lacking necessary supporting documentation for the existence and/or amount of the underlying claim.

8. Failure to disallow and expunge the Insufficient Documentation Claims identified above could result in claimants receiving an unwarranted recovery against the estates, to the detriment of other creditors. Accordingly, I believe it is appropriate for the Court to disallow and expunge the Insufficient Documentation Claims.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: August 3, 2026

*/s/ Thomas A. Pitta*
Thomas A. Pitta

# Exhibit C

## Claim Objection Notice

| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Robert L. LeHane, Esq.<br>Dana P. Kane, Esq.<br>Connie Y. Choe, Esq.<br>**KELLEY DRYE & WARREN LLP**<br>7 Giralda Farms, Suite 340<br>Madison, NJ 07940<br>Telephone: (973) 503-5900<br>Facsimile: (973) 503-5950<br>Email: rlehane@kelleydrye.com<br>dkane@kelleydrye.com<br>cchoe@kelleydrye.com<br><br>*Counsel to Thomas A. Pitta,*<br>*Trustee of RAD Sub-Trust A* |

| | |
|---|---|
| In re:<br><br>RITE AID CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-18993 (MBK) |

**<u>NOTICE OF OBJECTION TO YOUR CLAIM</u>**

**TO: THE HOLDERS OF CLAIMS AND THEIR COUNSEL (IF ANY) SET FORTH ON EXHIBIT A HERETO**

The RAD Sub-Trust A (the "<u>Trust</u>") has filed the enclosed *First Omnibus Objection of RAD Sub-Trust A to Insufficient Documentation Claims* [Docket No. [______]] (the "<u>Objection</u>") which seeks to alter your rights by disallowing and expunging your claim as set forth in the Objection.

---

1 The last four digits of Debtor Rite Aid Corporation's tax identification number are 4034. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/RiteAid. The location of Debtor Rite Aid Corporation's principal place of business and the Debtors' service address in these chapter 11 cases is 1200 Intrepid Avenue, 2nd Floor, Philadelphia, Pennsylvania 19112.

If you disagree with the Objection, you must file a response to the Objection with the Clerk of the Bankruptcy Court at the address below on or before **August 27, 2026**.

At the same time, you must also serve a copy of the response upon the Trust's attorneys:

Robert L. LeHane
Dane P. Kane
Connie Y. Choe
**KELLEY DRYE & WARREN LLP**
7 Giralda Farms, Suite 340
Madison, New Jersey 07940
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
Email: rlehane@kelleydrye.com
dkane@kelleydrye.com
cchoe@kelleydrye.com

If you file a response, you or your attorney must appear at a hearing on the objection that will be held before the Honorable Judge Michael B. Kaplan on **September 3, 2026 at 10:00 a.m. (ET)** at the United States Bankruptcy Court for the District of New Jersey, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, Courtroom #8.

**IF YOU DO NOT RESPOND TO THE OBJECTION, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING**.