Caption in Compliance with D.N.J. LBR 9004-1(b)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In re:

RITE AID CORPORATION, *et al.*,

Debtors.

**Order Filed on October 29, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

Chapter 11

Case No. 23-18993 (MBK) (Jointly Administered)

# ORDER DENYING MOTION FOR STAY RELIEF

The relief set forth on the following page numbered two (2), is hereby **ORDERED.**

**DATED: October 29, 2026**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Presently before the Court is a Motion (ECF No. 7239) seeking Relief from the Automatic Stay filed by Karen Thompson ("Movant"). Specifically, Movant seeks relief to continue prosecution and liquidation of her pending personal injury action against Rite Aid Corporation and other parties in New York Supreme Court and, to the extent available, to pursue insurance proceeds. Movant asserts that relief is warranted because she seeks only to liquidate her claim and does not seek authority to execute against property of the bankruptcy estate absent further order of this Court. Alan D. Halperin, solely in his capacity as Trustee of the RAD Sub-Trust B (the "Trustee"), opposes the Motion.

At the outset, the Court notes that the Automatic Stay is no longer in effect. The Debtors' confirmed chapter 11 Plan became effective on August 30, 2024, at which time the Automatic Stay was replaced by the injunction established under the Plan (the "Plan Injunction"). Accordingly, the Court treats the Motion as a request for relief from the Plan Injunction. The Court further notes that Movant did not file a proof of claim in these cases. Notice of the General Bar Date was sent to Movant, but no proof of claim was filed by or on her behalf. Under the Bar Date Order and the confirmed Plan, Movant is barred from participating in any distribution on account of her prepetition claim. Thus, permitting Movant to expend time and resources liquidating a claim that she did not preserve would serve no proper purpose.

Movant's request to pursue available insurance proceeds does not alter the Court's conclusion. The relevant insurance rights and proceeds were transferred to the Trusts under the Plan and are to be administered in accordance with the Plan for the benefit of creditors who properly preserved their claims. Allowing Movant to pursue those proceeds notwithstanding her failure to file a proof of claim would prejudice other creditors and require the expenditure of limited Trust resources. Simply put, given the circumstances, the prejudice to the Trust and its creditors outweighs any hardship to Movant, and the record does not establish cause for relief from the Plan Injunction. For the foregoing reasons, it is hereby

**ORDERED** that Movant's Motion for Stay Relief (ECF No. 7239) is **DENIED** without prejudice.